Apply Online File Copy

**Federal Family Education Loan Program (FFELP)**

# Federal Stafford Loan
# Master Promissory Note

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines, imprisonment, or both, under the United States Criminal Code and 20 U.S.C. 1097

Guarantor, Program, or Lender Identification

RETURN TO:

KEY
PO BOX 55057
BOSTON, MA 02205-8029

OMB No. 1845-0006
Form approved
Exp. date 9-30-2005

## Borrower Information

*Please print neatly or type. Read the instructions carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | |

| 3. Permanent Street Address (If P.O. Box, see instructions.) | | 4. Home Area Code/Telephone Number | 5. Date of Birth (Month/Day/Year) |
|---|---|---|---|

| City | State | Zip Code | 6. Driver's License State and Number | 7. E-mail Address |
|---|---|---|---|---|
| | | | S | |

| 8. Lender Name | City | State | Zip Code | 9. Lender Code, if known |
|---|---|---|---|---|
| KEYBANK NA | BOSTON | MA | 02111-2735 | 813760 |

**10. References:** You must provide two separate references with different U.S. addresses. The first reference should be a parent (if living) or legal guardian. Both references must be completed in full.

Name
Permanent Address
City, State, Zip Code
E-mail Address
Area Code/Telephone Number
Relationship to Borrower

**11. Requested Loan Amount:** I request a total amount of subsidized and unsubsidized loans under this Master Promissory Note not to exceed the allowable maximums under the Higher Education Act. My school will notify me of the type(s) and amount(s) of loan(s) that I am eligible to receive. I may cancel my loan or request a lower amount by contacting my lender or school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and Disclosure Statements that have been or will be provided to me.

**12. Interest Payments (Optional):**
☐ I want to pay unsubsidized interest while I am in school.

## Borrower Certifications and Authorizations

*Read carefully before signing below.*

**13.** Under penalty of perjury I certify that:
**A.** The information I have provided on this Master Promissory Note and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
**B.** I will immediately repay any loan proceeds that cannot be attributed to educational expenses for attendance on at least a half-time basis at the school that certified my loan eligibility.
**C.** (I) I do not now owe an overpayment on a Federal Pell Grant, Supplemental Educational Opportunity Grant, or a Leveraging Educational Assistance Partnership Grant (formerly State Student Incentive Grant); or, if I owe an overpayment, I have made repayment arrangements with the holder to repay the amount owed. (II) I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement); or (III) I am in default on a loan, and I have made satisfactory arrangements with the holder of the defaulted loan.
**14.** For all subsidized and unsubsidized Federal Stafford Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this Master Promissory Note, and for certain other loans as described below, I make the following authorizations:
**A.** I authorize my school to certify my eligibility for loans under this Master Promissory Note.
**B.** I authorize my school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my student account.

**C.** I authorize my school to pay to the lender any refund that may be due up to the full amount of the loan(s).
**D.** I authorize the lender, the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.
**E.** I request and authorize my lender to: (I) during the in-school and grace periods of any loans made under this Master Promissory Note, defer and align the repayment of principal on all of my FFELP loans that are in repayment status; and (II) add unpaid interest that accrues on all FFELP loans to the principal balance of such loans ("capitalization") including such loans made under this Master Promissory Note, during forbearance periods, and for unsubsidized loans, during in-school, grace, and deferment periods as provided under the Act. "Capitalization" will increase the principal balance on my loans and the total amount of interest charges I must pay.
**F.** I authorize the release of information pertinent to my loans: (i) by the school, the lender, and the guarantor, or their agents, to the references on the applicable loans and to members of my immediate family; and, (ii) by and among my schools, lenders, guarantors, the Department of Education, and their agents.
**G.** So that the loans requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to the school, the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

## Promise to Pay
*In this Master Promissory Note (MPN), "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**15.** I promise to pay to the order of the lender all loan amounts disbursed under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. I understand that multiple loans may be made to me under this MPN. I understand that by accepting any disbursements issued at any time under this MPN, I agree to repay the loans. I understand that, within certain time frames, I may cancel or reduce the loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my unsubsidized loans during in-school, grace, and deferment periods will be added as provided under the Act to the principal balance of such loans. If I do not make any payment on any loan made under this MPN when it is due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Certifications and Authorizations printed above, the Notice About Subsequent Loans Made Under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN, AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

| 16. Borrower's Signature | Electronic Signature on file | 17. Today's Date (Month/Day/Year) | 03/06/2006 |
|---|---|---|---|

Sch:02246000-ROSS UNIVERSITY-SCHOOL OF MEDICINE Serv:SLMA

*Additional MPN provisions follow*

Exhibit 2
Page 1

# Master Promissory Note *(continued)*

### Disclosure of Loan Terms

This MPN applies to both subsidized and unsubsidized Federal Stafford Loans described in the Interest section below. I agree that the lender may sell or assign this MPN and/or my loans and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN. Loans disbursed under this MPN are subject to the annual and aggregate loan limits specified in the Higher Education Act of 1965, as amended, 20 U.S.C. 1070, et seq., and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). Under this MPN, the principal amount that I owe, and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan under this MPN after my loan eligibility is determined by the school where I am enrolled on at least a half-time basis. At or before the time of the first disbursement for each loan, a disclosure statement will be sent to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds for my educational costs (up to the annual and aggregate loan limits). If my school determines that I am eligible for any additional or adjusted loan amount, my school may certify such amount. My eligibility for subsidized and/or unsubsidized loans may change based on changes in my financial circumstances. My school will notify me of any changes in my eligibility. I will be notified of any changes or additions to my subsidized and/or unsubsidized loans in a separate disclosure statement.

### Loan Cancellation

I may pay back all or a part of a disbursement within timeframes set by the Act, as explained in the Borrower's Rights and Responsibilities Statement or other disclosure statement I receive at or before disbursement. In such case, the origination fee and guarantee fee will be reduced or eliminated in proportion to the amount of the disbursement returned within those timeframes. I will not have to pay interest charges if I return the full loan amount as provided in the Act.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loans are those specified in the Act. The interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate is presented in a disclosure statement that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the loan is paid in full. I agree to pay all interest charges on my subsidized Federal Stafford Loans except interest payable by the federal government under the Act. I agree to pay all interest charges on my unsubsidized Federal Stafford Loans. If I fail to make required payments of interest before the beginning or resumption of principal repayment, or during a period of deferment or forbearance, I agree that the lender may capitalize such interest as provided under the Act. There is no federal interest subsidy on unsubsidized loans, so the total amount of interest I am required to repay on unsubsidized loans will be higher than on subsidized loans.

### Origination Fee and Guarantee Fee

For each subsidized and unsubsidized loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency(ies) that guarantee(s) my loan(s) (in each case, the "guarantor") may charge a per loan guarantee fee to not exceed a maximum amount specified in the Act. I will pay these fees, as

identified in the disclosure statement, which will be deducted proportionably from each disbursement of my loans. I understand the origination and guarantee fees may be refundable only to the extent permitted by the Act.

### Late Charges and Collection Costs

The lender may collect from me: **(i)** a late charge for each late installment payment if I fail to make any part of a required installment payment within 15 days after it becomes due, and **(ii)** any other charges and fees that are permitted by the Act for the collection of my loans. If I default on any loans, I will pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I must repay the full amount of the loans made under this MPN and accrued interest. Federal Stafford Loans have a repayment grace period, which will be disclosed in my disclosure statement. I will repay the principal of each loan in periodic installments during a repayment period that begins on the day immediately following the end of the applicable grace period. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount.

I understand that the school's certification of my loan eligibility determines whether my loans must be repaid as subsidized and/or unsubsidized loans.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. My lender must provide me with a choice of repayment plans consistent with the provisions of the Act.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called forbearance. The lender may align payment dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon repayment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

### Acceleration and Default

At the option of the lender, the entire unpaid balance of the applicable loan(s) made under this MPN will become immediately due and payable, (this is called "acceleration"), upon the occurrence of any one of the following events: **(i)** I fail to enroll as at least a half-time student at the school that certified my loan eligibility, **(ii)** I fail to use the proceeds of the loan solely for educational expenses, **(iii)** I make a false representation(s) that results in my receiving a loan for which I am not eligible, or **(iv)** I default on the loan.

The following events shall constitute a default on my loan: **(i)** I fail to pay the entire unpaid balance of the applicable loans after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; **(ii)** I fail to make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or **(iii)** I fail to comply with other terms of the loans, and the lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loans and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, the default will be reported to all national credit bureaus and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, the loans may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this MPN will be interpreted in accordance with the applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

If a particular loan under this MPN is made by the school, or if the proceeds of a particular loan made under this MPN are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any lender holding such loan is subject to all claims and defenses that I could assert against the school with respect to such loan. My recovery under this provision shall not exceed the amount I paid on such loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loans in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an electronic address that I have provided. I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term on this MPN shall not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions shall remain in force.

### Notice About Subsequent Loans Made Under this Master Promissory Note

This Master Promissory Note authorizes the lender to disburse multiple loans during the multi-year term of this MPN upon my request and upon the school's certification of my loan eligibility. Subsequent loans may be made under this MPN for the same or subsequent periods of enrollment only at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loans will be made under this MPN after the earliest of the following dates: **(i)** the date my lender receives my written notice that no further loans may be disbursed under the MPN; **(ii)** one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or **(iii)** ten years after the date of my signature on this MPN or the date the lender receives this MPN.

Any amendment to the Act governs the terms of any loans disbursed on or after the effective date of such amendment, and such amended terms are hereby incorporated into this MPN.

Exhibit 2
Page 2

# Borrower's Rights and Responsibilities Statement

**Important Notice:** The Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of loans you receive under the Federal Stafford Loan Master Promissory Note (MPN). Please keep a copy of this statement because it applies to present and subsequent loans received under the MPN. You may contact your lender at any time for another copy of this statement.

The Federal Family Education Loan Program (FFELP) includes the following loans:

- Subsidized Federal Stafford Loan (formerly known as Guaranteed Student Loan [GSL]),
- Unsubsidized Federal Stafford Loan,
- Federal Insured Student Loan (FISL),
- Federal Supplemental Loans for Students (SLS), also known as ALAS,
- Federal PLUS (parent) Loan,
- Federal Consolidation Loan.

The FFELP is authorized by Title IV, Part B of the Higher Education Act of 1965, as amended.

**1. Governing Law** – Loans disbursed under this Master Promissory Note (MPN) are subject to the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), and applicable U. S. Department of Education regulations (collectively referred to as the "Act"). **NOTE: Any change to the Act applies to the terms of any loans made on or after the effective date of the change.**

**2. Use of this MPN** – I may receive more than one loan under this MPN over a period of up to ten years. Whether I may receive loans under this MPN for only one academic period, or for multiple academic periods, depends on the school I am attending. I may receive loans under this MPN from the original lender, or a lender who assumes the right to offer loans under this MPN, even if I change my school (provided the school is authorized to certify subsequent loans under this MPN) and even if the guaranty agency changes. I must sign a new MPN if I wish to receive loans from a lender other than my original lender, or a lender who assumes the right to offer me loans under this MPN.

**3. Subsidized and Unsubsidized Loans** – There are two types of Federal Stafford Loans that I may be eligible for under this MPN: subsidized and unsubsidized. The subsidized Federal Stafford Loan is based on need. If I qualify, the government pays the lender the interest due on my subsidized loans while I am in school and during grace and deferment periods ("lender" refers to the original lender and its successors, including any subsequent holder of this MPN). I am otherwise responsible for interest that accrues on my subsidized Federal Stafford Loan. The unsubsidized Federal Stafford Loan is not based on need. I am responsible for all interest that accrues on my unsubsidized loans.

**4. Maximum Program Loan Amounts** – Under the Federal Stafford Loan Program (including both subsidized and unsubsidized loans), I may borrow amounts under this MPN up to and including the dollar amounts shown in the chart on this page (Federal Stafford Loan Maximums).

I am subject to the limits on these loan amounts on the basis of the following:

| Federal Stafford Loan Maximums[1] | | |
|---|---|---|
| **DEPENDENT UNDERGRADUATES**[2] | **Subsidized** | **Total** (Subsidized & Unsubsidized)[3] |
| First Year | $2,625 | $2,625 |
| Second Year | $3,500 | $3,500 |
| Third Year and Beyond | $5,500 | $5,500 |
| **INDEPENDENT UNDERGRADUATES** (and dependents whose parents are unable to borrow under the PLUS program) | | |
| First Year | $2,625 | $6,625 |
| Second Year | $3,500 | $7,500 |
| Third Year and Beyond | $5,500 | $10,500 |
| **GRADUATE AND PROFESSIONAL STUDENTS** | $8,500 | $18,500 |
| **AGGREGATE LIMITS**[3] | | |
| **DEPENDENT UNDERGRADUATES** | $23,000 | $23,000 |
| **INDEPENDENT UNDERGRADUATES** (and dependents whose parents are unable to borrow under the PLUS program) | $23,000 | $46,000 |
| **GRADUATE AND PROFESSIONAL STUDENTS** | $65,500 | $138,500 |

1  Certain health professions students may qualify for higher limits.
2  All undergraduate annual loan limits are subject to proration.
3  If the borrower does not have financial need for a subsidized Federal Stafford Loan using expected family contribution (EFC), or has reached the aggregate limit in subsidized Federal Stafford Loans, the borrower may receive up to and including this entire amount in unsubsidized Federal Stafford Loans assuming he or she has remaining eligibility for the loan.

- My academic level (freshman, sophomore, etc.),
- My status as a dependent student or independent student,
- The length of the academic program in which I am enrolled,
- The length of the remainder of my undergraduate program of study if it is less than one academic year, and
- As otherwise authorized by the Act.

**5. Maximum Individual Loan Limits** – For each academic period, my school determines the maximum loan amount I am eligible to receive by considering the factors in Section 4 above and other factors such as my Cost of Attendance, Expected Family Contribution, and other financial aid awarded to me. If my school awards both subsidized Federal Stafford Loans and unsubsidized Federal Stafford Loans, it is required to determine my eligibility for a subsidized Federal Stafford Loan before determining my eligibility for an unsubsidized Federal Stafford Loan.

If I have received student loans from more than one lender or from other federal student loan programs, I am responsible for informing my school and my lender of my other student loans. In some cases, I may not be eligible for loans for which I have applied.

**6. Use of Loan Money** – I must use the loan money for authorized educational expenses for attendance at the school that certified my eligibility for the time period shown on my disclosure statement. Authorized expenses include the following:

- Tuition,
- Room,
- Board,
- Institutional fees,
- Books,
- Supplies,
- Equipment,
- Dependent child care,
- Transportation,
- Commuting expenses,
- Rental or purchase of a personal computer,
- Origination fee and guarantee fee, and/or
- Other documented, authorized costs.

**7. Loan Fees** – I may be charged an origination fee and/or a guarantee fee for each loan made under this MPN. Neither fee may exceed the rate as specified in the Act. The amount of these fees will be deducted proportionately from each disbursement.

**8. Disbursement of Loan Money** – Generally, my loan money will be disbursed to my school in multiple installments based on the academic terms at my school. If my school does not have academic terms, my loan money will generally be disbursed in at least two installments, one at the beginning and one at the midpoint of my enrollment period for the applicable loans.

Exhibit 2
Page 3

If I am enrolled in a foreign school, or in a study abroad program through a school in the U.S. (home institution), the disbursement requirements stated above do not apply and:

■ The loan money may be sent in one installment directly to me, or
■ I may provide my foreign school or home institution, as applicable, a written authorization designating an individual not affiliated with the foreign school or home institution as my power-of-attorney to negotiate any loan disbursements on my behalf.

Loan money may be credited to my account at my school or disbursed by a check or other means made payable to me.

If this is my first student loan under either the Direct Loan Program or the FFELP, I must receive entrance counseling before the first disbursement of my subsidized or unsubsidized Federal Stafford Loan can be made.

**9. Change of Status –** I must notify my school and/or lender of certain changes.

I must notify my school's financial aid office if any of the following events take place:

■ I reduce my enrollment status to less than half time,
■ I withdraw from school,
■ I stop attending classes,
■ I fail to re-enroll for any term,
■ I have a change in my expected graduation date, and/or
■ I change my name, local address, permanent address, or e-mail address.

Shortly before my enrollment ends, I must participate in exit counseling with my school, during which I will update my loan records about my:

■ Permanent address,
■ E-mail address,
■ Telephone number,
■ Future employer, and
■ References.

I must notify the lender of a particular loan if I fail to enroll with respect to such loan:

■ At least half time for the loan period certified, or
■ At the school that certified my eligibility.

I must promptly notify my lender(s) if any of the following events occur before loans held by my lender(s) are repaid:

■ I change my address, telephone number, or e-mail address
■ I change my name (for example, maiden name to married name),
■ I withdraw from school or begin attending less than half time,
■ I transfer from one school to another school,
■ I change my employer or my employer's address or telephone number changes, and/or
■ I have any other change in status that would affect my

loan (for example, the loss of eligibility for an unemployment deferment by obtaining a job).

**10. Effect of Loans on Other Student Aid –** Federal law requires that before receiving a Federal Stafford Loan, my school must receive a determination of my Pell Grant eligibility. Also, because an unsubsidized loan is more expensive to borrow than a subsidized loan, my school must determine my subsidized loan eligibility before I am offered an unsubsidized loan.

**11. Grace Period –** I will receive a 6-month grace period before the first payment of my Federal Stafford Loan must be made. The grace period begins the day after I cease to be enrolled at least half time at an eligible school.

My grace period does not include any period up to 3 years during which I am called or ordered to active duty for more than 30 days from a reserve component of the Armed Forces of the United States, including the period necessary for me to resume enrollment at the next available regular enrollment period.

**12. Repayment –** All of my loans made under this MPN must be repaid.

The repayment period for my loans begins the day after my 6-month grace period ends. My lender will notify me of the date my first payment is due.

I must make payments on my loans even if I do not receive a bill or repayment notice. Billing information is sent to me as a convenience, and I am obligated to make payments even if I do not receive any notice. My minimum annual payment required on all my FFELP loans will not, unless the lender otherwise agrees, be less than $600, except as provided in a graduated or income-sensitive repayment plan. Notwithstanding the preceding sentence, my minimum annual payment will never be less than the amount of interest due and payable.

My repayment period for each loan lasts at least 5 years but may not exceed 10 years (except under an extended repayment plan) from the day after the grace period ends.

I will be given the opportunity to choose one of the following repayment plans (for the following repayment plans, the time limits shown do not include periods of deferment and forbearance):

■ **Standard Repayment Plan –** Under this plan, I will make fixed monthly payments and repay my loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment. Payments must be at least $50 a month and will be more, if necessary, to repay the loan within the required time period.
■ **Graduated Repayment Plan –** Under this plan, I will usually make lower monthly payments at first, and my payments will increase over time. No single payment will be more than three times greater than any other payment.
■ **Extended Repayment Plan –** Under this plan, I will make monthly payments based on fixed annual or graduated repayment amounts over a period not to exceed 25 years. Payments must be at least $50 a

month and will be more, if necessary, to repay the loan within the required time period. I am only eligible for this plan if **(i)** at the time I obtain a loan under this MPN I have no outstanding balance on a FFELP loan made before October 7, 1998, and **(ii)** I accumulate outstanding FFELP Program loans exceeding $30,000.
■ **Income-Sensitive Repayment Plan –** If I choose this plan, my monthly payments will be adjusted annually, based on my expected total monthly gross income from all sources. I may call my lender at any time for more information about this repayment plan option.

Under each plan, the number or amount of the payments may need to be adjusted to reflect annual changes in the variable interest rate.

These repayment plans will be explained in more detail during my exit counseling session. If I do not choose an income-sensitive, graduated, or extended repayment plan within 45 days after notification of my repayment choices, or if I choose an income-sensitive repayment plan but do not provide the required documentation within the lender-specified time frame, my lender will require that I repay the loan under a standard repayment plan. I may change the repayment plan on my loan(s) once a year.

There will be no penalty for prepaying any portion of my loans.

All payments and prepayments may be applied in the following order: late charges, fees, and collection costs first, outstanding interest second, and outstanding principal last.

If I fail to make any part of an installment payment within 15 days after it becomes due, I may owe a late charge. This charge may not exceed six cents for each dollar of each late installment.

**13. Interest Rates –** The interest rate on a Federal Subsidized Stafford Loan and a Federal Unsubsidized Stafford Loan is a variable rate that is based on a formula established in the Act. The interest rate may be adjusted each year on July 1. As a result, my interest rate may change annually, but it will never exceed 8.25 percent. After reviewing the actual interest rate, I may cancel or reduce any loan obtained under this MPN in accordance with the "Loan Cancellation" section that follows.

**14. Payment of Interest –** My lender will, during the in-school, grace, and deferment periods and during any period in which I am on active-duty military service, defer and pay principal payments on my outstanding FFELP loans. Interest that accrues on all my subsidized FFELP loans during authorized forbearance periods, and on all my unsubsidized FFELP loans during periods when I am not making regularly scheduled payments may, unless precluded by the Act, be capitalized (added to the principal of my loans) — unless I pay the interest as it accrues.

Except for interest charges the federal government pays on my behalf for subsidized Federal Stafford

Exhibit 2
Page 4

Loans (while I am in school at least half time, for up to 3 years during active duty service in the Armed Forces as described in the Grace Period section above, during the grace period after I leave school, or during any period of authorized deferment), it is my responsibility to pay interest on the principal amount of my loans from the date of disbursement until the loans are paid in full. For all other periods and for unsubsidized Federal Stafford Loans, it is my responsibility to pay interest on my loans.

If I inform my lender that I wish to pay interest as it accrues, but I do not submit the payments, my lender may capitalize that interest.

Capitalized interest increases the principal balance of my loans and the total amount of interest charges I must pay. Interest will be capitalized on my loans as provided under the Act. Generally, capitalization may occur no more frequently than quarterly. However interest that accrues on my unsubsidized Federal Stafford Loans during in-school, grace or deferment periods may only be capitalized at the end of such periods. In addition, interest may not be capitalized if my lender grants an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, or consolidation. (See the chart entitled, "Capitalization of Federal Stafford Loan Interest," for further information on capitalization.)

The charts entitled Repaying Your Loans allow me to estimate the cost of capitalization and estimate the effect of capitalization on my monthly payments. If necessary, I must add two or more estimates of my payments together to approximate more closely the total monthly payment.

I may be able to claim a federal income tax deduction for interest payments I make on my FFELP loans. For further information, I may refer to the IRS Publication 970, which is available at http://www.irs.ustreas.gov.

**15. Loan Cancellation –** I understand that the terms of a full or partial loan cancellation depend on when I request the cancellation.

At any time before my loan money is disbursed, I may decline all or part of my loan money by notifying my school or lender. No origination fee, guarantee fee or interest will be charged on the amount of the loan that is cancelled.

■ If my school credits my loan to my student account, **I may cancel all or a part of my loan by informing my school within 14 days** after the date my school sends me a disbursement notice, or by the first day of the school's payment period, whichever is later. (My school can tell me the first day of the payment period.) If I cancel all or a portion of my loan as described in this paragraph, my school will return to my lender the cancelled amount of the loan money and the loan fees will be reduced or eliminated in proportion to the amount returned.

■ At any time within 120 days of disbursement, I may pay back all or a part of my loan. The loan fees will be reduced or eliminated in proportion to the amount returned.

**16. Sale or Transfer of Loans –** The lender may sell or otherwise transfer one or all of my loans without my consent. Should ownership of a loan be transferred, I will be notified of the name, address, and telephone number of the new lender if the address to which I make my payments changes. Sale or transfer of my loans does not affect my rights and responsibilities under such loans. If the lender sells my loans to another originating lender, the lender may also transfer the right to offer subsequent loans under the MPN to such purchaser. I always have the right to terminate a lender's ability to make loans to me under this MPN by written notice to the lender.

**17. Loan Discharge –** My loans will be discharged if documentation of my death is submitted to my lender. My loan(s) may also be discharged if a physician certifies that I am totally and permanently disabled as defined by the Act. In addition, I must meet certain income requirements and may not receive any additional FFELP, Direct, or Federal Perkins Loans during a 3-year conditional discharge period. I may not receive a discharge due to total and permanent disability based on a condition that existed before I applied for that loan, unless a physician certifies that the condition substantially deteriorated after the loan was made.

My loan will not automatically be discharged in bankruptcy. In order to discharge a loan in bankruptcy, I must prove undue hardship in an adversary proceeding before the bankruptcy court.

In certain cases, the Act provides for loan discharge for borrowers who are unable to complete a course of study because the institution closes, or borrowers whose loan eligibility was falsely certified by the institution. The Act also provides for loan discharge in the amount of any required refund that my school failed to make to my lender on my behalf.

Neither the lender, the guarantor, nor the Department of Education vouch for the quality or suitability of the academic programs offered by participating schools. Unless I qualify for loan discharge under the Act, I must repay the loans even if I do not complete my education, I am unable to obtain employment in my field of study, or I am dissatisfied with, or do not receive, the education I paid for with the loans.

For additional information, I should contact my lender or guarantor.

**18. Consequences of Default –** Default is defined in detail in my MPN. If I default, the entire unpaid balance and any accrued collection fees on the applicable loans will become immediately due and payable. Failure to repay loans made under this MPN may result in any or all of the following:
■ Loss of federal and state income tax refunds,
■ Loss of other federal or state payments,
■ Legal action against me,

## Capitalization of Federal Stafford Loan Interest

**What Is Capitalization?**

Capitalization is a process whereby a lender adds unpaid interest to the principal balance of a loan. You are responsible for paying the interest due on your loan as described in Item 3 of this Rights and Responsibilities Statement.

If you fail to make required interest payments before the beginning or resumption of principal repayment, or if you are granted a deferment (on an unsubsidized Federal Stafford Loan) or forbearance, your lender may capitalize such interest as provided under the Act. The principal balance of your loan will increase each time your lender capitalizes unpaid interest. As a result, you will pay more interest charges over the life of the loan. When you leave school and begin repaying your loan, your monthly payment amount will be higher or, if your loan is subject to the $50 minimum payment, you will make more payments.

This chart compares the monthly payments on unsubsidized Federal Stafford Loans where interest is paid while the borrower is in school and loans where the interest is capitalized. This example uses the maximum interest rate for Federal Stafford Loans, 8.25%. This is an estimate only. The actual interest capitalized will depend on factors such as disbursement date, number of disbursements, and the variable interest rate.

| Treatment of Interest | Loan Amount | Capitalized Interest for 12 months | Principal to be Repaid | Monthly Payment | Number of Payments | Total Amount Repaid |
|---|---|---|---|---|---|---|
| When you pay the interest | $15,000 | $    0 | $15,000 | $184 | 120 | $23,315* |
| When you don't pay the interest | $15,000 | $1,238 | $16,238 | $199 | 120 | $23,900 |

*Total amount repaid includes $1,238 of interest paid by the borrower before the borrower entered repayment.

**Result:** During repayment, you pay $15 less per month and $585 less over the lifetime of your loan(s) when you pay the interest as it is charged.

*Contact your lender if you have questions or need more information.*

Exhibit 2
Page 5

■ Collection charges (including attorney fees) being assessed against me,
■ Loss of my professional license,
■ An increase in my interest rate,
■ Loss of eligibility for other student aid and assistance under most federal benefit programs,
■ Loss of eligibility for loan deferments,
■ Negative credit reports to credit bureaus, and/or
■ My employer withholding part of my wages to give them to my guarantor (administrative wage garnishment).

**19. Credit Bureau Notification** – Information concerning the amount, disbursement, and repayment status (current or delinquent) of loans will be reported to one or more national credit bureau organizations on a regular basis. If I default on any loans made under this MPN, that default also will be reported to all national credit bureaus. Before any guaranty agency reports such a default, I will be given at least 30 days notice that default information will be disclosed to the credit bureaus unless I enter into repayment arrangements within 30 days of the date on the notice. The guarantor will give me a chance to ask for a review of the debt(s) before the default is reported. My lender and guarantor must provide a timely response to a request from any credit organization regarding objections I might raise with that organization about the accuracy and completeness of information reported by the lender or guarantor.

**20. Special Repayment Arrangements** –
■ A Federal Consolidation Loan Program is available under which I (or my spouse and I jointly) may consolidate (combine) into one debt federal education loans received from different lenders and/or under different education loan programs. Depending on the amount I borrow, this program may result in an extension of my repayment period. Consolidation permits multiple debts to be combined into one monthly payment. For additional information, I should contact my lender or guarantor.
■ Under certain circumstances, military personnel may have their educational loans repaid by the Secretary of Defense. Questions should be addressed to the local service recruiter. This is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.
■ In addition, volunteers who complete service in an approved national or community service project can earn an educational award. The award can be used to repay a Federal Stafford Loan. If I receive an educational award, I am responsible for providing my lender with information and documentation regarding my term of service and the award.
■ If I have no outstanding loan balance on a FFEL or Direct Loan Program loan on October 1, 1998, or if I have no outstanding loan balance on the date I obtain a loan after October 1, 1998, I may be eligible for teacher loan forgiveness. The Department of Education will repay a fixed amount of my subsidized and unsubsidized Federal Stafford Loans if I have worked as a full-time teacher for five consecutive

school years, and if I meet all other eligibility requirements under the Act. If I am in default on a FFELP loan or a Direct loan, I am not eligible for forgiveness on that loan(s) unless I have made satisfactory repayment arrangements.
■ If I am a full-time child care provider and I had no outstanding balance on a FFELP loan or a Direct loan on October 7, 1998, or I had no outstanding balance on a FFELP loan on the date I obtained a loan after October 7, 1998, I may qualify for loan forgiveness under a demonstration program set forth in the Act. I understand that I must meet other eligibility requirements under the Act and that this program requires annual federal funding.

**21. Deferments** – Under certain circumstances, I have a right to defer (postpone) repayment. The types of deferments that are available to me depend on when I first obtained a FFELP loan. Upon request, my lender will provide me with a deferment application that explains the eligibility requirements. If I am in default on my loan(s), I am not eligible for a deferment.

If all of my outstanding FFELP loans were made on or after July 1, 1993, and when my first FFELP loan was made on or after July 1, 1993, I had no outstanding FFELP loans that were made before July 1, 1993, a deferment is available to me while I am:

■ Enrolled at least half time at an eligible school,
■ Engaged in a full-time course of study in a graduate fellowship program,
■ Engaged in a full-time rehabilitation training program for individuals with disabilities (if the program is approved by the Department of Education),
■ Conscientiously seeking, but unable to find, full-time employment (for up to three years),
■ Experiencing an economic hardship as determined by federal law (for up to three years).

My lender will process an in-school deferment based on **(i)** my request along with documentation verifying my eligibility, or **(ii)** the lender's receipt of a school certification of eligibility in connection with a new loan, or **(iii)** the lender's receipt of student status information indicating that I am enrolled on at least a half-time basis.

In all other cases, I must provide my lender with a deferment request and evidence that verifies my eligibility.

If at the time I obtain a loan under this MPN I have an outstanding FFELP loan disbursed before July 1, 1993, information on applicable deferment opportunities will be found in my earlier promissory note materials.

**22. Forbearance** – If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called a forbearance. Interest charges continue to accrue during a forbearance period. The lender may grant me a forbearance in the following circumstances:

■ Financial hardship, and/or
■ Illness.

My lender is generally not required to grant a forbearance and may require me to provide my reasons for the request and other information. The lender may grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled installment payments. My lender may grant me an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, or consolidation.

Circumstances that require my lender to grant me a forbearance include:

■ Serving in a medical or dental internship or residency program, if I meet certain criteria.
■ Serving in a national service position for which I receive a national service education award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service.
■ Qualifying for partial repayment of my loans under the Student Loan Repayment Program, as administered by the Department of Defense.
■ Qualifying for loan forgiveness under the Teacher Loan Forgiveness Program, if I meet certain criteria (for up to five years).
■ Qualifying for loan forgiveness under the Child Care Provider Loan Forgiveness Program (for up to five years).
■ Having a monthly debt burden for Title IV loans that collectively equals or exceeds 20% of my total monthly gross income (for up to three years).

Upon request, my lender will provide me with forbearance information and a forbearance request form.

**Repayment information follows**

*Important Notice: Please retain this statement because it applies to present and subsequent loans received under the Master Promissory Note.*

Exhibit 2
Page 6

Exhibit 2
Page 7

# Federal Family Education Loan Program (FFELP)
# Federal PLUS Loan
# Application and Master Promissory Note

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines, imprisonment, or both, under the United States Criminal Code and 20 U.S.C. 1097.

| Guarantor, Program, or Lender Identification | |
|---|---|
| 800 | OMB No.1845-0069<br>Form approved<br>Exp. date 03/31/2008 |
| United States Aid Funds, Inc. - 800 | |
| 0224600000B033092 | 02246000 |

## Borrower (Parent) Section
*Please print neatly in ink or type. Read the instructions carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | ▮▮▮▮▮ |

| 3. Permanent Street Address (If P.O. Box, see instructions.) | | | 4. Home Area Code/Telephone Number |
|---|---|---|---|
| ▮▮▮▮▮ | | | ( ▮▮ ) ▮▮▮▮▮ |

| City | State | Zip Code | 5. Date of Birth (Month/Day/Birth Year) |
|---|---|---|---|
| ▮▮▮▮ | | | ▮▮▮▮ |

| 6. E-mail Address | 7. Driver's License State and Number |
|---|---|
| ▮▮▮▮ | State ▮▮   # ▮▮▮▮ |

**8.** U.S. Citizenship Status (Check a or b, and if b is checked, list Registration No.)
[X] a. Citizen/National   [ ] b. Permanent Resident/Other Eligible Non-Citizen   If "b", Alien Registration No.

| 9. Lender Name | City | State | Zip Code | 10. Lender Code, if known |
|---|---|---|---|---|
| AMS ED LN TRUST, BK ONE NA 333471 (333471) | | | | 333471 |

| 11. Employer (Name, Address, City, State, Zip) | 12. Employer Telephone Number |
|---|---|
| N/A | ( 111 ) 1111111 |

**13.** Borrower References: You must provide two separate references **with different U.S. addresses** who have known you for at least three years. Both references must be completed in full. Do not list the the student as a reference.

| | |
|---|---|
| Name | ▮▮▮▮ |
| Permanent Address | |
| City, State, Zip Code | |
| E-mail Address | |
| Area Code/Telephone Number | |
| Relationship to Borrower | |

## Student Information Section

| 14. Last Name | First Name | MI |
|---|---|---|
| PEREIRA | SERGIO | F |

| 15. Social Security Number | 16. Date of Birth (Month/Day/Birth Year) |
|---|---|
| ▮▮▮▮ | ▮▮▮▮ |

## Borrower Request, Certifications, and Authorizations
*Read carefully before signing below.*

**17. Requested Loan Amount:** This is an Application and Master Promissory Note (hereafter, "MPN") for one or more Federal PLUS Loans. I request a Federal PLUS Loan under this MPN in an amount not to exceed the annual cost of attendance for the student identified in the Student Information Section of this MPN, minus other financial aid that the student receives each academic year. For each loan, the school will notify me of the loan amount that I am eligible to receive. I may cancel my loan or request a lower amount by contacting my lender or the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me. If I have an adverse credit history and obtain an endorser to receive a PLUS Loan, only one loan may be made under this MPN.

**18.** Under penalty of perjury, I certify for any loan I receive under this MPN that:
**A.** The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
**B.** I am: **(i)** the biological or adoptive parent; or **(ii)** the spouse of a parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA) or would be reported if a FAFSA were filed.
**C.** Loan proceeds will be used for authorized educational costs incurred by the dependent student named in the Student Information Section and that I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half time basis at the school that certified my loan eligibility.
**D. (i)** I do not now owe an overpayment on a Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, or Leveraging Educational Assistance Partnership Grant (formerly State Student Incentive Grant); or, if I owe an overpayment, I have made repayment arrangements with the holder to repay the amount owed, **(ii)** I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement); or I am in default on a loan and I have made satisfactory repayment arrangements with the holder of the defaulted loan.

**19.** For all Federal PLUS Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, and for certain other loans as described below, I make the following authorizations:
**A.** I authorize the school to certify my eligibility for Federal PLUS Loans under this MPN.
**B.** I authorize the lender, the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.
**C.** I authorize the school to pay to the lender any refund that may be due up to the full amount of the loan(s).
**D.** I authorize the school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my dependent student's account at the school.
**E.** I may tell my lender that I want to pay the interest that accrues. However, in all cases, unless I pay the interest, my lender will add the unpaid interest that accrues during forbearance and deferment and other periods on each PLUS Loan made under this MPN to the principal balance of that loan ("capitalization") as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest costs I must pay.
**F.** I authorize the release of information pertinent to my loan(s): **(i)** by the school, the lender, and the guarantor, or their agents, to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and **(ii)** by and among the schools, lenders, guarantors, the U.S. Department of Education (the Department), and their agents.
**G.** So that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under its control, including information from the FAFSA, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.
**H.** I authorize my lender to defer repayment of principal on my loan(s) based on my in school status.

## Promise to Pay
*In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**20.** I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this Application and Master Promissory Note (hereafter "MPN"), plus interest and other charges and fees that may become due as provided in this MPN. **I understand that multiple loans may be made to me under this MPN for the dependent identified in the Student Information Section.** I understand that by accepting any disbursements issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan(s) during deferment or forbearance periods or other periods will be added as provided under the Act to the principal balance of such loan(s). If I fail to make any payment on any loan made under this MPN when due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, and Authorizations printed above, the Notice About Subsequent Loans Made Under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

| 21. Parent Borrower's Signature | 22. Today's Date *(Month/Day/Year)* |
|---|---|
| Sergio F Pereira | 07/31/2006 |
| 01.01.01   85FA7CD4F389885522CA0E8B5283596B | |

*Additional MPN provisions follow*

Exhibit 2
Page 8

# Federal PLUS Loan Master Promissory Note *(continued)*

**Disclosure of Loan Terms**

Loans disbursed under this MPN are subject to the loan limits specified in the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). Under this MPN, the principal amount that I owe and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan to me under this MPN after my loan eligibility is determined by my dependent's school. At or before the time of the first disbursement for each loan, a disclosure statement will be issued to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds to pay for my dependent's educational costs. The school will determine my eligibility and notify the lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN.

**Loan Cancellation**

I may pay back all or a portion of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure statement I receive at or before disbursement. In such case, the origination fee and guarantee fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

**Interest**

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act.  Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. This includes interest accruing during any period of deferment or forbearance. I agree to pay all interest charges on my loan(s).

I will begin paying interest upon disbursement of my loan. If I do not make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

**Origination Fee and Guarantee Fee**

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency(ies) that guarantee(s) my loan(s) (in each case, the "guarantor") may charge a per loan guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees may be refundable only to the extent permitted by the Act.

**Late Charges and Collection Costs**

The lender may collect from me: **(i)** a late charge for each late installment payment if I fail to make any part of a required installment payment within 15 days after the date it becomes due, and **(ii)** any other charges and fees that are permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

**Repayment**

I must repay the full amount of the loan(s) made under this MPN and the accrued interest.  I will repay the principal of each loan in periodic installments during a repayment period that begins on the day of the final disbursement for that loan.

My lender must provide me with a choice of repayment plans consistent with the provisions of the Act. My principal repayment period for each loan, exclusive of any period(s) of deferment or forbearance, generally lasts five years but may not exceed 10 years unless I am eligible for an extended repayment plan.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. I agree that the lender may align payment dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon repayment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

**Acceleration and Default**

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs: **(i)** the dependent for whom I am borrowing fails to enroll as at least a half time student at the school that certified my loan eligibility, **(ii)** I fail to use the proceeds of the loan(s) solely for educational costs of the dependent student for whom I am borrowing, **(iii)** I make a false representation(s) that results in my receiving any loan(s) for which I am not eligible, or **(iv)** I default on the loan(s).

The following events will constitute a default on my loan(s): **(i)** I fail to pay the entire unpaid balance of the applicable loan(s) after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; **(ii)** I fail to make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or **(iii)** I fail to comply with other terms of the loan(s), and the lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, this will be reported to all national credit bureaus and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement.

Following default, the loan(s) may be subject to income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

**Governing Law and Notices**

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

If a particular loan under this MPN is made by the school, or if the proceeds of a particular loan made under this MPN are used to pay tuition and charges at a for profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any lender holding such loan is subject to all claims and defenses that I could assert against the school with respect to such loan. My recovery under this provision shall not exceed the amount I paid on such loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided.  I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term on this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions shall remain in force.

---

**Notice About Subsequent Loans Made Under This MPN**

This Master Promissory Note authorizes the lender to disburse multiple loans to pay the educational costs of the dependent student identified in the Student Information Section during the multi year term of this MPN upon my request and upon the school's certification of my loan eligibility.  Subsequent loans for this dependent may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: **(i)** the date my lender receives my written notice that no further loans may be disbursed under the MPN; **(ii)** one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or **(iii)** ten years after the date of my signature on this MPN; or the date the lender receives this MPN.

Any amendment to the Act governs the terms of any loan(s) disbursed on or after the effective date of such amendment, and such amended terms are hereby incorporated into this Master Promissory Note.

Exhibit 2
Page 9

**Addendum to the Federal PLUS Loan Application and Master Promissory Note and Endorser Addendum**
**Federal Family Education Loan Program**

The Higher Education Reconciliation Act of 2005 (HERA) changed some of the terms of Federal PLUS Loans made under the Federal Family Education Loan Program (FFELP). As a result, certain terms of the loan(s) you receive under the accompanying Federal PLUS Loan Application and Master Promissory Note (MPN) or endorse under the accompanying Endorser Addendum to Federal PLUS Loan Application and Master Promissory Note (Endorser Addendum) differ from the terms in the MPN, Endorser Addendum, and Borrower's Rights and Responsibilities Statement.

This Addendum describes the changes made to the loan terms by the HERA. Your loan is subject to those changes. The changes set forth in this Addendum are incorporated into and made a part of the accompanying MPN or Endorser Addendum that you sign and the Borrower's Rights and Responsibilities Statement.

- **Graduate and Professional Students May Borrow PLUS Loans.** *Effective for loans certified on or after July 1, 2006,* a graduate or professional student may borrow a Federal PLUS Loan. Before applying for a Federal PLUS Loan, a graduate or professional student must first complete the Free Application for Federal Student Aid (FAFSA) and must have been determined eligible for his or her maximum loan amount under the Federal Subsidized and Unsubsidized Stafford Loan Program. Except as provided in this Addendum, the terms and conditions of the Federal PLUS Loan as described in the accompanying MPN and Borrower's Rights and Responsibilities Statement apply regardless of whether the borrower is a parent or a graduate or professional student.

*The following changes apply only to graduate or professional student Federal PLUS Loan borrowers and to endorsers of Federal PLUS Loans made to graduate or professional student borrowers:*

- **General Changes.** If you are a graduate or professional student, all references to "student," "dependent student," "dependent" or "parent" throughout the MPN refer to you. If you are an endorser for a graduate/professional student Federal PLUS Loan borrower, all references to "student," "dependent student," or "parent" throughout the Endorser Addendum refer to the student borrower.

- **MPN: Borrower (Parent) Section and Student Information Section.** If you are a graduate or professional student, provide information about yourself in both the "Borrower (Parent) Section" and the "Student Information Section" of the MPN. Do not leave any items blank.

- **Endorser Addendum: Section B, Loan Description.** If you are an endorser for a graduate or professional student Federal PLUS Loan borrower, provide information about the student in both the parent borrower items (12, 13 and 15) and the student items (16 and 17).

- **MPN: Borrower Request, Certifications, and Authorizations.** If you are a graduate or professional student, paragraph 18.B. does not apply, and paragraph 18.C. is revised to read as follows: "Loan proceeds will be used for authorized educational costs, and I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half-time basis at the school that certified my loan eligibility."

- **MPN: Promise to Pay.** If you are a graduate or professional student, the second sentence of paragraph 20 is revised to read as follows: "**I understand that multiple loans may be made to me under this MPN.**"

*The following changes apply to all Federal PLUS Loan borrowers:*

- **MPN: Borrower Request, Certifications, and Authorizations.** *Effective for MPNs signed on or after July 1, 2006,* by signing your MPN you are certifying, under penalty of perjury, that if you have been convicted of, or have pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, you have completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

  If you are a parent applying for a Federal PLUS Loan for a dependent undergraduate student, you are not eligible for a Federal PLUS Loan if that student has been convicted of, or has pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, unless that student has completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

- **Borrower's Rights and Responsibilities Statement: Item 5, Loan Fees.** *Effective for loans for which the date of guarantee of principal is on or after July 1, 2006, this item is revised to read as follows:* "5. **Loan Fees -** I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate as specified in the Act. If I am charged these fees, they will be deducted proportionately from each disbursement. **NOTE:** Any reference to a guarantee fee in the MPN is deemed to be a reference to the federal default fee.

- **Borrower's Rights and Responsibilities Statement: Item 6, Disbursement of Loan Money.** *Effective July 1, 2006,* loan money for students enrolled in foreign schools must be sent to the school, and generally must be disbursed in multiple installments.

- **Borrower's Rights and Responsibilities Statement: Item 9, Interest Rates.** *Effective for loans first disbursed on or after July 1, 2006,* a Federal PLUS Loan has a fixed interest rate.

- **Borrower's Rights and Responsibilities Statement: Item 14, Loan Discharge.** *Effective July 1, 2006,* a loan is also eligible for discharge if it is determined that the borrower's eligibility for the loan was falsely certified as a result of a crime of identity theft.

- **Borrower's Rights and Responsibilities Statement: Item 17, Special Repayment Arrangements.** *Effective for consolidation applications received on or after July 1, 2006,* a married couple may no longer borrow a Federal Consolidation Loan as joint borrowers.

- **Borrower's Rights and Responsibilities Statement: Item 18, Deferments.** *Effective July 1, 2006, for loans with a first disbursement made on or after July 1, 2001,* a deferment is available for a period of up to three years during which a borrower is serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency.

Exhibit 2
Page 10

Exhibit 2
Page 11

**Federal Family Education Loan Program (FFELP)**

# Federal PLUS Loan
## Application and Master Promissory Note

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines, imprisonment, or both, under the United States Criminal Code and 20 U.S.C. 1097.

Guarantor, Program, or Lender Identification

800

United Student Aid Funds, Inc. - 800

OMB No.1845-0069
Form approved
Exp. date 03/31/2008

0224600000B066334          02246000

## Borrower (Parent) Section
*Please print neatly in ink or type. Read the instructions carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | |

**3. Permanent Street Address (If P.O. Box, see instructions.)**

**4. Home Area Code/Telephone Number** ( )

| City | State | Zip Code | **5. Date of Birth (Month/Day/Birth Year)** |
|---|---|---|---|

**6. E-mail Address**

**7. Driver's License State and Number**  State   #

**8. U.S. Citizenship Status (Check a or b, and if b is checked, list Registration No.)**
☒ a. Citizen/National   ☐ b. Permanent Resident/Other Eligible Non-Citizen   If "b", Alien Registration No.

| 9. Lender Name | City | State | Zip Code | **10. Lender Code, if known** |
|---|---|---|---|---|
| AMS ED LN TRUST, BK ONE NA 333471 (333471) | | | | 333471 |

**11. Employer (Name, Address, City, State, Zip)** N/A
N/A        NA        NA        11111

**12. Employer Telephone Number**
( 111 ) 1111111

**13. Borrower References:** You must provide two separate references **with different U.S. addresses** who have known you for at least three years. Both references must be completed in full. Do not list the the student as a reference.

Name
Permanent Address
City, State, Zip Code
E-mail Address
Area Code/Telephone Number
Relationship to Borrower

## Student Information Section

| 14. Last Name | First Name | MI |
|---|---|---|
| PEREIRA | SERGIO | F |

**15. Social Security Number**

**16. Date of Birth (Month/Day/Birth Year)**

## Borrower Request, Certifications, and Authorizations
*Read carefully before signing below.*

**17. Requested Loan Amount:** This is an Application and Master Promissory Note (hereafter, "MPN") for one or more Federal PLUS Loans. I request a Federal PLUS Loan under this MPN in an amount not to exceed the annual cost of attendance for the student identified in the Student Information Section of this MPN, minus other financial aid that the student receives each academic year. For each loan, the school will notify me of the loan amount that I am eligible to receive. I may cancel my loan or request a lower amount by contacting my lender or the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me. If I have an adverse credit history and obtain an endorser to receive a PLUS Loan, only one loan may be made under this MPN.

**18.** Under penalty of perjury, I certify for any loan I receive under this MPN that:
**A.** The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
**B.** I am: **(i)** the biological or adoptive parent; or **(ii)** the spouse of a parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA) or would be reported if a FAFSA were filed.
**C.** I will immediately repay any loan proceeds that cannot be attributed to educational costs incurred by the dependent student named in the Student Information Section and that I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half time basis at the school that certified my loan eligibility.
**D. (i)** I do not now owe an overpayment on a Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, or Leveraging Educational Assistance Partnership Grant (formerly State Student Incentive Grant); or, if I owe an overpayment, I have made repayment arrangements with the holder to repay the amount owed, **(ii)** I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement); or I am in default on a loan and I have made satisfactory repayment arrangements with the holder of the defaulted loan.

**19.** For all Federal PLUS Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, and for certain other loans as described below, I make the following authorizations:
**A.** I authorize the school to certify my eligibility for Federal PLUS Loans under this MPN.
**B.** I authorize the lender, the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.
**C.** I authorize the school to pay to the lender any refund that may be due up to the full amount of the loan(s).
**D.** I authorize the school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my dependent student's account at the school.
**E.** I may tell my lender that I want to pay the interest that accrues. However, in all cases, unless I pay the interest, my lender will add the unpaid interest that accrues during forbearance and deferment and other periods on each PLUS Loan made under this MPN to the principal balance of that loan ("capitalization") as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest costs I must pay.
**F.** I authorize the release of information pertinent to my loan(s): **(i)** by the school, the lender, and the guarantor, or their agents, to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and **(ii)** by and among the schools, lenders, guarantors, the U.S. Department of Education (the Department), and their agents.
**G.** So that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under my control, including information from the FAFSA, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.
**H.** I authorize my lender to defer repayment of principal on my loan(s) based on my in school status.

## Promise to Pay
*In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**20.** I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this Application and Master Promissory Note (hereafter "MPN"), plus interest and other charges and fees that may become due as provided in this MPN. **I understand that multiple loans may be made under this MPN for the dependent identified in the Student Information Section.** I understand that by accepting any disbursements issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan(s) during deferment or forbearance periods or other periods will be added as provided under the Act to the principal balance of such loan(s). If I fail to make any payment on any loan made under this MPN when due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, and Authorizations printed above, the Notice About Subsequent Loans Made Under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

**21. Parent Borrower's Signature** SERGIO F PEREIRA
01.01.01    L59 E19ADB2D311686B2273A3F3272C9DD7A

**22. Today's Date (Month/Day/Year)** 10/15/2008

*Additional MPN provisions follow*

Exhibit 2
Page 12

# Federal PLUS Loan Master Promissory Note *(continued)*

**Disclosure of Loan Terms**

Loans disbursed under this MPN are subject to the loan limits specified in the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). Under this MPN, the principal amount that I owe and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan to me under this MPN after my loan eligibility is determined by my dependent's school. At or before the time of the first disbursement for each loan, a disclosure statement will be issued to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds to pay for my dependent's educational costs. The school will determine my eligibility and notify the lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN.

**Loan Cancellation**

I may pay back all or a portion of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure statement I receive at or before disbursement. In such case, the origination fee and guarantee fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

**Interest**

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act. Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. This includes interest accruing during any period of deferment or forbearance. I agree to pay all interest charges on my loan(s).

I will begin paying interest upon disbursement of my loan. If I do not make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

**Origination Fee and Guarantee Fee**

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency(ies) that guarantee(s) my loan(s) (in each case, the "guarantor") may charge a per loan guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees may be refundable only to the extent permitted by the Act.

**Late Charges and Collection Costs**

The lender may collect from me: **(i)** a late charge for each late installment payment if I fail to make any part of a required installment payment within 15 days after the date it becomes due, and **(ii)** any other charges and fees that are permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

**Repayment**

I must repay the full amount of the loan(s) made under this MPN and the accrued interest. I will repay the principal of each loan in periodic installments during a repayment period that begins on the day of the final disbursement for that loan.

My lender must provide me with a choice of repayment plans consistent with the provisions of the Act. My principal repayment period for each loan, exclusive of any period(s) of deferment or forbearance, generally lasts five years but may not exceed 10 years unless I am eligible for an extended repayment plan.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. I agree that the lender may align payment dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon repayment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

**Acceleration and Default**

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs: **(i)** the dependent for whom I am borrowing fails to enroll as at least a half time student at the school that certified my loan eligibility, **(ii)** I fail to use the proceeds of the loan(s) solely for educational costs of the dependent student for whom I am borrowing, **(iii)** I make a false representation(s) that results in my receiving any loan(s) for which I am not eligible, or **(iv)** I default on the loan(s).

The following events will constitute a default on my loan(s): **(i)** I fail to pay the entire unpaid balance of the applicable loan(s) after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; **(ii)** I fail to make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or **(iii)** I fail to comply with other terms of the loan(s), and the lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, this will be reported to all national credit bureaus and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement.

Following default, the loan(s) may be subject to income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

**Governing Law and Notices**

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

If a particular loan under this MPN is made by the school, or if the proceeds of a particular loan made under this MPN are used to pay tuition and charges at a for profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any lender holding such loan is subject to all claims and defenses that I could assert against the school with respect to such loan. My recovery under this provision shall not exceed the amount I paid on such loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided. I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term on this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions shall remain in force.

---

**Notice About Subsequent Loans Made Under This MPN**

This Master Promissory Note authorizes the lender to disburse multiple loans to pay the educational costs of the dependent student identified in the Student Information Section during the multi year term of this MPN upon my request and upon the school's certification of my loan eligibility. Subsequent loans for this dependent may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: **(i)** the date my lender receives my written notice that no further loans may be disbursed under the MPN; **(ii)** one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or **(iii)** ten years after the date of my signature on this MPN; or the date the lender receives this MPN.

Any amendment to the Act governs the terms of any loan(s) disbursed on or after the effective date of such amendment, and such amended terms are hereby incorporated into this Master Promissory Note.

Exhibit 2
Page 13

**Addendum to the Federal PLUS Loan Application and Master Promissory Note and Endorser Addendum**
**Federal Family Education Loan Program**

The Higher Education Reconciliation Act of 2005 (HERA) and the College Cost Reduction and Access Act of 2007 (CCRAA) changed some of the terms of Federal PLUS Loans made under the Federal Family Education Loan Program (FFELP). As a result, certain terms of the loan(s) you receive under the accompanying Federal PLUS Loan Application and Master Promissory Note (MPN) or endorse under the accompanying Endorser Addendum to Federal PLUS Loan Application and Master Promissory Note (Endorser Addendum) differ from the terms in the MPN, Endorser Addendum, and Borrower's Rights and Responsibilities Statement. This Addendum describes the changes made to the loan terms by the HERA and CCRAA. Your loan is subject to those changes. The changes set forth in this Addendum are incorporated into and made a part of the accompanying MPN or Endorser Addendum that you sign and the Borrower's Rights and Responsibilities Statement.

- **Graduate and Professional Students May Borrow PLUS Loans.** *Effective for loans certified on or after July 1, 2006,* a graduate or professional student may borrow a Federal PLUS Loan. Before applying for a Federal PLUS Loan, a graduate or professional student must first complete the Free Application for Federal Student Aid (FAFSA) and must have been determined eligible for his or her maximum loan amount under the Federal Subsidized and Unsubsidized Stafford Loan Program. Except as provided in this Addendum, the terms and conditions of the Federal PLUS Loan as described in the accompanying MPN and Borrower's Rights and Responsibilities Statement apply regardless of whether the borrower is a parent or a graduate or professional student.

*The following changes apply only to graduate or professional student Federal PLUS Loan borrowers and to endorsers of Federal PLUS Loans made to graduate or professional student borrowers:*

- **General Changes.** If you are a graduate or professional student, all references to "student," "dependent student," "dependent" or "parent" throughout the MPN refer to you. If you are an endorser for a graduate or professional student Federal PLUS Loan borrower, all references to "student," "dependent student," or "parent" throughout the Endorser Addendum refer to the student borrower.

- **MPN: Borrower (Parent) Section and Student Information Section.** If you are a graduate or professional student, provide information about yourself in both the "Borrower (Parent) Section" and the "Student Information Section" of the MPN. Do not leave any items blank.

- **Endorser Addendum: Section B., Loan Description.** If you are an endorser for a graduate or professional student Federal PLUS Loan borrower, provide information about the student in both the parent borrower items (12, 13 and 15) and the student items (16 and 17).

- **MPN: Borrower Request, Certifications, and Authorizations.** If you are a graduate or professional student, paragraph 18.B. does not apply, and paragraph 18.C. is revised to read as follows: "Loan proceeds will be used for authorized educational costs, and I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half-time basis at the school that certified my loan eligibility."

- **MPN: Promise to Pay.** If you are a graduate or professional student, the second sentence of paragraph 20 is revised to read as follows: "**I understand that multiple loans may be made to me under this MPN.**"

- **Borrower's Rights and Responsibilities Statement: Item 12, Repayment.** *Effective July 1, 2009,* an Income-Based Repayment Plan is available for Federal PLUS Loans made to graduate or professional student borrowers. Under this plan, the required monthly payment amount will be based on a borrower's income during any period when the borrower has a partial financial hardship. The maximum repayment period under this plan may exceed 10 years. Eligible borrowers who meet certain requirements over a specified period of time may qualify for cancellation of any outstanding balance on their loans.

*The following changes apply to all Federal PLUS Loan borrowers:*

- **MPN: Borrower Request, Certifications, and Authorizations.** *Effective for MPNs signed on or after July 1, 2006,* by signing your MPN you are certifying, under penalty of perjury, that if you have been convicted of, or have pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, you have completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

  If you are a parent applying for a Federal PLUS Loan for a dependent undergraduate student, you are not eligible for a Federal PLUS Loan if that student has been convicted of, or has pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, unless that student has completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

- **Borrower's Rights and Responsibilities Statement: Item 5, Loan Fees.** *Effective for loans for which the date of guarantee of principal is on or after July 1, 2006, this item is revised to read as follows:* "**5. Loan Fees -** I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate as specified in the Act. If I am charged these fees, they will be deducted proportionally from each disbursement." **NOTE:** Any reference to a guarantee fee in the MPN is deemed to be a reference to the federal default fee.

- **Borrower's Rights and Responsibilities Statement: Item 6, Disbursement of Loan Money.** *Effective July 1, 2006,* loan money for students enrolled in foreign schools must be sent to the school, and generally must be disbursed in multiple installments.

- **Borrower's Rights and Responsibilities Statement: Item 9, Interest Rates.** *Effective for loans first disbursed on or after July 1, 2006,* a Federal PLUS Loan has a fixed interest rate.

- **Borrower's Rights and Responsibilities Statement: Item 14, Loan Discharge.** *Effective July 1, 2006,* a loan is also eligible for discharge if it is determined that the borrower's eligibility for the loan was falsely certified as a result of a crime of identity theft.

- **Borrower's Rights and Responsibilities Statement: Item 17, Special Repayment Arrangements.** *Effective for consolidation applications received on or after July 1, 2006,* a married couple may no longer borrow a Federal Consolidation Loan as joint borrowers. *Effective July 1, 2008,* a borrower may consolidate his or her FFELP loans into the William D. Ford Federal Direct Loan (Direct Loan) Program to take advantage of the public service loan forgiveness program. This program provides for the cancellation of the remaining balance due on eligible Direct Loan Program loans after the borrower has made 120 payments (after October 1, 2007) on those Direct Loans under certain repayment plans while the borrower is employed in certain public service jobs.

- **Borrower's Rights and Responsibilities Statement: Item 18, Deferments.** *Effective July 1, 2006,* a deferment is available for a period during which a borrower is serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency, and if the borrower is serving on or after October 1, 2007, for the 180-day period following the demobilization date for the qualifying service. *Effective October 1, 2007,* a borrower who is a member of the National Guard or other reserve component of the U. S. Armed Forces (current or retired) and who is called or ordered to active duty while enrolled at an eligible school, or within 6 months after having been enrolled, is eligible for a deferment during the 13 months following the conclusion of the active duty service, or until the date the borrower returns to enrolled student status, whichever is earlier.

Exhibit 2
Page 15

**Federal Family Education Loan Program (FFELP)**

# Federal Stafford Loan
## Master Promissory Note (MPN)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

| Guarantor, Program, or Lender Identification |
|---|
| 800 |

OMB No. 1845-0006
Form approved
Exp. date 07/31/2011

United Student Aid Funds, Inc.    800

0224600000B084622                    02246000

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW LOAN ACCOUNT:** To help the government fight the funding of terrorism and money laundering activities, federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens a loan account. **What this means for you:** Your name, address, date of birth, and other information collected in this form will be used to verify your identity. You may also be asked to provide your driver's license or other identifying documents.

**Borrower Information**    *Print using a dark ink ballpoint pen or type. Read the instructions on page 3 carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | ▮▮▮▮▮ |

| 3. Permanent Address (See instructions.) | 4. Area Code/Telephone Number | 5. Date of Birth (mm-dd-yyyy) |
|---|---|---|
| ▮▮▮▮ | ( ▮▮▮ ) ▮▮▮▮ | ▮▮▮▮ |

| City | State | Zip Code | 6. Driver's License State and Number | 7. E-mail Address |
|---|---|---|---|---|
| ▮▮▮ | ▮ | ▮▮ | State ▮ # | ▮▮▮▮ |

| 8. Lender Name | City | State | Zip Code | 9. Lender Code, if known |
|---|---|---|---|---|
| AMS ED LN TRUST, BK ONE NA 333471 (333471) | | | | 333471 |

**10. References:** You must provide two separate adult references with different U.S. addresses who have known you for at least three years. The first reference should be a parent (if living) or legal guardian. Both references must be completed in full.

Name

Permanent Address

City, State, Zip Code

E-mail Address

Area Code/Telephone Number

Relationship to Borrower

**11. Requested Loan Amount:** I request a total amount of subsidized and/or unsubsidized loans under this MPN not to exceed the annual and aggregate loan limits authorized under the Higher Education Act of 1965, as amended. My school will notify me of the type(s) and amount(s) of loan(s) that I am eligible to borrow. I may cancel any loan or request a lower amount by contacting my lender or school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me.

**12. Interest Payments (Optional):**

☐ If I receive any unsubsidized Federal Stafford Loan(s) under this MPN, I want to pay the interest on the loan(s) while I am in school.

**Borrower Certifications and Authorizations**    *Read carefully before signing below.*

**13.** Under penalty of perjury, I certify for any loan I receive under this MPN that:

**A.** The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

**B.** Loan proceeds will be used for authorized educational costs that I incur. I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance for at least a half time basis at the school that certified my loan eligibility.

**C.** If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science and Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements with the holder to repay the amount owed.

**D.** If I am in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement), I have made satisfactory arrangements with the holder to repay the amount owed.

**E.** If I have been convicted of, or pled *nolo contendere* (no contest) or guilty to, a crime involving fraud in obtaining funds under Title IV of the Higher Education Act of 1965, as amended, I have completed the repayment of such funds to the U.S. Department of Education (the Department), or to the loan holder in the case of a Title IV federal student loan.

**14.** For all subsidized and unsubsidized Federal Stafford Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, I make the following authorizations:

**A.** I authorize my school to certify my eligibility for loans under this MPN.

**B.** I authorize the lender, the guarantor, or their agents to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.

**C.** I authorize my school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my student account at the school.

**D.** I authorize my school to pay to the lender any refund that may be due up to the full loan amount.

**E.** I request and authorize my lender to: **(i)** during the in school and grace periods of any loans made under this MPN, defer and align the repayment of principal on all of my Federal Stafford Loans held by the lender that are in repayment status; and **(ii)** add the unpaid interest that accrues on any Federal Stafford Loan to the principal balance of the loan (capitalization) during forbearance periods and, for unsubsidized loans, during in school, grace, and deferment periods as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest I must pay.

**F.** I authorize the school, the lender, the guarantor, the Department, and their respective agents and contractors to contact me regarding my loan request(s) or my loan(s), including repayment of my loan(s), at the current or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.

**G.** I authorize the release of information pertinent to my loan(s): **(i)** by the school(s), the lender, and the guarantor(s), or their agents to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and **(ii)** by and among my school(s), lender(s), guarantor(s), the Department, and their agents.

**H.** To verify information I provide and so that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.

**Promise to Pay**    *In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**15.** I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. **I understand that, if I qualify, more than one loan may be made to me under this MPN.** I understand that by accepting any disbursements issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my unsubsidized loan(s) during in school, grace, deferment, forbearance, and other periods may be added as provided under the Act to the principal balance of such loan(s). If I do not make any payment on any loan made under this MPN when it is due, I will also pay reasonable collection costs including, but not limited to, attorney fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to a copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Certifications and Authorizations printed above, the Notice about Subsequent Loans Made under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

| 16. Borrower Signature | 17. Today's Date (mm-dd-yyyy) |
|---|---|
| SERGIO F PEREIRA | 10/27/2009 |

01.01.01    Q1R F44E0D856A4AEAF08A0BB6764FD29705    *Additional MPN provisions follow*

Exhibit 2
Page 16

# Federal Stafford Loan Master Promissory Note (MPN) *(continued)*

**Governing Law**

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (the Department's) regulations, as they may be amended in accordance with their effective date, and other applicable federal statutes and regulations (collectively referred to as the "Act"), and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

**Disclosure of Terms**

This MPN applies to both subsidized and unsubsidized Federal Stafford Loans. Loans disbursed under this MPN are subject to the loan limits specified in the Act. Under this MPN, the principal amount that I owe, and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan under this MPN after my eligibility is determined by the school. At or before the time of the first disbursement for each loan, a disclosure statement will be provided to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN. If the information in this MPN conflicts with information in the disclosure, the specific terms and information in the disclosure apply to my loan.

I may request additional loan funds for my educational costs, up to the annual and aggregate loan limits as specified in the Act. The school will determine my eligibility and notify my lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN. I understand that my lender may use a servicer to handle billing and other communications related to my loan.

**Loan Cancellation**

I may pay back all or a part of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure I receive at or before disbursement. In such case, any origination fee and federal default fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

**Interest**

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act. Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate for each loan is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my subsidized Federal Stafford Loan(s) except interest payable by the federal government under the Act. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan(s). If I do not make required payments of interest before the beginning or resumption of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

**Origination Fee and Federal Default Fee**

An origination fee and a federal default fee may be charged for each loan made under this MPN. The Act specifies the maximum amount of each fee and authorizes both fees to

be deducted from my loan amount. The fee(s) I am charged, as identified in the disclosure statement, will be deducted proportionately from each disbursement of my loan(s). I understand the origination and federal default fees may be refundable only to the extent permitted by the Act.

**Late Charges and Collection Costs**

The lender may collect from me: (i) a late charge for each late installment payment if I do not make any part of a required installment payment within 15 days after the date it becomes due, and (ii) any other charges and fees that are specifically permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

**Repayment**

I must repay the full amount of the loan(s) made under this MPN and accrued interest. Federal Stafford Loans have a repayment grace period, which will be disclosed in my disclosure statement. I will repay the principal of each loan in periodic installments during a repayment period that begins on the day immediately following the end of the 6 month grace period.

I understand that the school's certification of my loan eligibility determines whether my loans are subsidized and/or unsubsidized loans.

I will have a choice of repayment plans as provided in the Act. My repayment period for each loan generally lasts at least 5 years but may not exceed 10 years (except under an extended or income based repayment plan). The maximum period for repaying a loan does not include periods of deferment or forbearance.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount, except during periods of repayment under an income based repayment plan, when payments will be applied first to interest due, then to fees due, and then to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. The lender may align payment due dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon payment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

**Acceleration and Default**

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs regarding that loan: (i) I do not enroll as at least a half time student at the school that certified my loan eligibility, (ii) I do not use the proceeds of the loan solely for my educational costs, (iii) I make a false representation that results in my receiving a loan for which I am not eligible, or (iv) I default on the loan.

The following events will constitute a default on a loan: (i) I do not pay the entire unpaid balance of the applicable loan after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; (ii) I do not make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or (iii) I do not comply with other terms of the loan, and the

lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, the default will be reported to all national consumer reporting agencies and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, the loan(s) may be subject to income based or income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

**Legal Notices**

Any lender holding a loan made under this MPN is subject to all claims and defenses that I could assert against the school with respect to that loan if (i) the loan was made by the school or a school affiliated organization, (ii) the lender who made the loan provided an improper inducement (as defined by the Act) to the school or to any other party in connection with the making of the loan, (iii) the school refers loan applicants to the lender, or (iv) the school is affiliated with the lender by common control, contract, or business arrangement. My recovery under this provision will not exceed the amount I paid on the loan.

Information about my loan(s) will be submitted to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific purposes as authorized by the Department.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided. I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term of this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions remain in force.

---

**Notice about Subsequent Loans Made under This MPN**

This MPN authorizes the lender to disburse multiple loans to pay my educational costs during the multi year term of this MPN. Such loans will be made only upon my request and upon the school's certification of my loan eligibility. Subsequent loans may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: (i) the date my lender receives my written notice that no further loans may be disbursed under the MPN; (ii) one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or (iii) ten years after either the date of my signature on this MPN, or the date the lender receives this MPN.

Any change to the Act applies to loans in accordance with the effective date of the change.

Exhibit 2
Page 17

| Federal Family Education Loan Program (FFELP) | Guarantor, Program, or Lender Identification |
|---|---|
| **Federal Stafford Loan Master Promissory Note (MPN) Instructions and Notices** | United Student Aid Funds, Inc. - 800<br><br>800<br>0224600000B084622                    02246000 |

*This is an MPN under which you may receive multiple subsidized and unsubsidized Federal Stafford Loans over a maximum 10-year period. Except for interest the federal government pays on your behalf on subsidized Federal Stafford Loans while you are in school, during your grace and deferment periods, and for a limited period during income-based repayment, you are responsible for paying the principal amount of your loan(s) and all interest that accrues from the date of disbursement until the loan(s) is paid in full.*

Print using a dark ink ballpoint pen or type. Do not complete this form in pencil. If an item has been completed for you and it is incorrect, cross out the incorrect information and print the correct information. Enter dates as month day year (mm dd yyyy). Use only numbers. Example: June 24 1982 = 06 24 1982. Incorrect, incomplete, or illegible information may cause your loan to be delayed.

**Item 1:** Enter or correct your last name, first name, and middle initial.

**Item 2:** Enter or correct your Social Security Number. Your loan(s) cannot be processed without a Social Security Number. **Read the Privacy Act and Financial Privacy Act Notices in these instructions before completing this item.**

**Item 3:** Enter your permanent address (number, street, apartment number) or rural route number and box number, then city, state, and zip code. If your mailing address is a post office box or general delivery, you must list both your mailing address and your street address or your rural route number and box number. If you do not have a permanent street address or rural route number and box number, provide the physical location of your residence. A temporary school address is not acceptable.

**Item 4:** Enter the area code and telephone number at which you can most easily be reached. If you do not have a telephone, enter N/A.

**Item 5:** Enter the date of your birth. Be careful not to enter the current year.

**Item 6:** Enter the two letter abbreviation for the state that issued your driver's license followed by the driver's license number. If you do not have a driver's license, enter N/A.

**Item 7:** Enter your preferred e mail address for receiving communications. You are not required to provide this information. If you do, the lender or holder of your loan(s) may use your e mail address to communicate with you. If you do not have an e mail address or do not wish to provide it, enter N/A.

**Item 8:** Enter the name and address of the lender from which you wish to borrow. If you do not have a lender, contact the school's financial aid office, a bank or other financial institution, or the guarantor or program listed on this form for information on lenders willing to make Federal Stafford Loans.

**Item 9:** Enter the lender code, if known. Otherwise, leave this item blank.

**Item 10:** Enter reference information for two adults with different addresses who have known you for at least three years. The first reference should be a parent (if living), legal guardian, or an adult relative. References with addresses

outside the U.S. are not acceptable. If a reference does not have a telephone number or e mail address, or does not wish to provide an e mail address for a reference, the lender or holder of your loan(s) may use it to communicate with the reference. All items must be completed or your loan will be delayed.

**Item 11:** Each time you request Federal Stafford Loan funds, the school will notify you of the amount of funds you are eligible to borrow. You may decline a loan or request a lower amount by contacting your lender or the school. You should apply only for what you will need to pay your educational costs each year. Additional information is included under "Loan Cancellation" in the Borrower's Rights and Responsi bilities Statement.

**Item 12:** Check this box only if you want to make interest payments while in school.

**Items 13 and 14:** *Read these items carefully.*

**Item 15:** Read the entire MPN carefully. Then complete Items 16 and 17.

**Item 16:** Sign your legal name, including your first name, middle initial, and last name.

**Item 17:** Enter the date you are signing this MPN.

---

**Important Notices**

**Privacy Act Notice**

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §421 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1071 et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §484(a)(4) of the HEA (20 U.S.C. 1091(a) (4)) and 31 U.S.C. 7701(b). Participating in the Federal Family Education Loan Program (FFELP) and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the FFELP, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) becomes delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case by case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to enforce the terms of the loan(s), to investigate possible fraud and to

verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

**Financial Privacy Act Notice**

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401 3421), the U.S. Department of Education will have access to financial records in your student loan file maintained by the lender in compliance with the administration of the Federal Family Education Loan Program.

**Paperwork Reduction Notice**

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845 0006. The time required to complete this information is estimated to average 0.75 hours (45 minutes) per response, including the time to review instructions, search existing data resources, gather and maintain the data needed, and complete and review the information collection. **If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to:**

U.S. Department of Education
Washington, DC 20202 4537

**If you have any comments or concerns regarding the status of your individual submission of this form, contact the lender, guarantor, or program identified in the upper right-hand corner of this form.**

Exhibit 2
Page 18

# Borrower's Rights and Responsibilities Statement

*Important Notice: The Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of loans you receive under the Federal Stafford Loan Master Promissory Note (MPN). Please keep a copy of this statement because it applies to present and subsequent loans received under the MPN. You may contact your lender at any time for another copy of this statement.*

The following types of loans are currently available under the Federal Family Education Loan Program (FFELP):

■ Subsidized Federal Stafford Loan,
■ Unsubsidized Federal Stafford Loan,
■ Federal PLUS Loan,
■ Federal Consolidation Loan.

The FFELP is authorized by Title IV, Part B of the Higher Education Act of 1965, as amended.

I must complete a Free Application for Federal Student Aid (FAFSA) before I receive a subsidized or unsubsidized Federal Stafford Loan.

**1. Governing Law**   Loans disbursed under this MPN are subject to the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.) and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). **NOTE: Any change to the Act applies to loans in accordance with the effective date of the change.**

**2. Use of This MPN**   I may receive more than one loan under this MPN over a period not to exceed 10 years. I may receive loans under this MPN from the original lender or from a lender who assumes the right to offer loans under this MPN, even if I change schools and even if the guarantor changes. I may request in writing that no further loans be disbursed under my MPN. If I wish to use a new lender, I must sign a new MPN. I must also sign a new MPN before receiving a new loan if requested to do so by my lender.

**3. Subsidized and Unsubsidized Loans**   There are two types of Federal Stafford Loans that I may be eligible for under this MPN: subsidized and unsubsidized. The subsidized Federal Stafford Loan is based on need. If I qualify, the government pays the lender the interest due on my subsidized loans while I am in school at least half time and during grace and deferment periods ("lender" refers to the original lender and its successors, including any subsequent holder of this MPN). I am otherwise responsible for interest that accrues on my subsidized loan. The unsubsidized Federal Stafford Loan is not based on need. I am responsible for all interest that accrues on my unsubsidized loans.

**4. Loan Limits**   The charts on this page show the maximum Stafford Loan amounts (subsidized and unsubsidized) that I may borrow under the FFELP and the William D. Ford Federal Direct Loan (Direct Loan) Program combined for a single academic year (annual loan limits) and the maximum amounts I may borrow in total for undergraduate and graduate study (aggregate loan limits). The annual and aggregate loan limits for independent undergraduates also apply to dependent undergraduates whose parents are unable to borrow under the PLUS program. If I am enrolled in certain health professions programs, I may qualify for higher annual and aggregate loan limits on unsubsidized Federal Stafford Loans.

The actual loan amount I receive for an academic year may be less than the annual loan limits shown in the Federal Stafford Loan Annual Limits chart and will be determined by my school, based on my academic level (freshman, sophomore, etc.), dependency status, and other factors, such as:

■ The length of the program or the remaining portion of the program in which I am enrolled, if it is less than a full academic year;
■ My cost of attendance;
■ My expected family contribution;
■ Other financial aid I receive;
■ My remaining eligibility under the annual and aggregate loan limits; and
■ Other provisions authorized by the Act.

If I am an undergraduate student, my school must determine my eligibility for a Federal Pell Grant before I receive a Federal Stafford Loan. My school must determine my eligibility for a subsidized Federal Stafford Loan before determining my eligibility for an unsubsidized Federal Stafford Loan. If I do not qualify for a subsidized Federal Stafford Loan, I may receive up to the maximum annual loan limit in an unsubsidized Federal Stafford Loan.

If I have received federal student loans from more than one lender or from other federal student loan programs, I am responsible for informing my school and my lender(s) of my other student loans. In some cases, I may not be eligible for loans for which I have applied.

| Federal Stafford Loan Annual Limits | |
|---|---|
| **Dependent Undergraduates** *(except students whose parents are unable to borrow a PLUS loan)* | |
| First Year Total (maximum $3,500 subsidized) | $5,500 |
| Second Year Total (maximum $4,500 subsidized) | $6,500 |
| Third Year and Beyond Total (each year) (maximum $5,500 subsidized) | $7,500 |
| **Independent Undergraduates** *(and dependent undergraduates whose parents are unable to borrow a PLUS loan)* | |
| First Year Total (maximum $3,500 subsidized) | $9,500 |
| Second Year Total (maximum $4,500 subsidized) | $10,500 |
| Third Year and Beyond Total (each year) (maximum $5,500 subsidized) | $12,500 |
| **Graduate and Professional Students** | |
| Total Amount (each year) (maximum $8,500 subsidized) | $20,500 |

| Federal Stafford Loan Aggregate Limits | |
|---|---|
| **Dependent Undergraduates** *(except students whose parents are unable to borrow a PLUS loan)* | |
| Total Amount Cumulative (maximum $23,000 subsidized) | $31,000 |
| **Independent Undergraduates** *(and dependent undergraduates whose parents are unable to borrow a PLUS loan)* | |
| Total Amount Cumulative (maximum $23,000 subsidized) | $57,500 |
| **Graduate and Professional Students** | |
| Total Amount Cumulative (maximum $65,500 subsidized; includes Stafford Loans received for undergraduate study) | $138,500 |

**5. Use of Loan Money**   I must use the loan money for authorized educational costs incurred for attendance at the school that certified my eligibility for the time period shown on my disclosure statement. Authorized costs include the following:

■ Tuition,
■ Room,
■ Board,
■ School fees,
■ Books,
■ Supplies,
■ Equipment,
■ Dependent child care,
■ Transportation,
■ Commuting costs,
■ Rental or purchase of a personal computer,
■ Origination fee and federal default fee, and/or
■ Other documented, authorized costs.

**6. Loan Fees**   I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate specified in the Act. If I am charged these fees, they will be deducted proportionately from each disbursement.

**7. Disbursement of Loan Money**   My loan money will be disbursed to the school by electronic funds transfer (EFT), master check (one check covering multiple students), or individual check. If my loan money is disbursed by individual check, the check will be sent to the school and may be copayable to me and the school or payable to me.

Generally, my loan money will be disbursed in multiple installments based on the academic terms at my school. If my school does not have academic terms or does not have academic terms that meet certain requirements, my loan money will generally be disbursed in at least two installments, one at the beginning and one at the midpoint of my enrollment period for the applicable loan.

If my loan money exceeds the amount owed to the school, my school will forward the remainder of my loan money to me, unless I authorize the school to hold the remainder as a credit balance.

If I am enrolled in a study abroad program through a school in the U.S. (home school), the loan money will be disbursed to my home school or, if I request, directly to me. I may provide the home school a written authorization designating an individual not affiliated with the home school as my power of attorney to negotiate any loan disbursements on my behalf.

If I am enrolled in a foreign school, my loan money will be disbursed to the foreign school or, if the foreign school requests, directly to me.

If this is my first Stafford Loan under either the FFELP or the Federal Direct Loan Program, I must receive entrance counseling before my school delivers the first disbursement of my subsidized or unsubsidized Federal Stafford Loan.

Exhibit 2
Page 19

**8. Change of Status**   I must notify my school and/or lender or any subsequent holder of my loan(s) of certain changes.

I must notify my school's financial aid office if any of the following occurs:
■ I reduce my enrollment status to less than half time,
■ I withdraw from school,
■ I stop attending classes,
■ I do not re enroll for any term,
■ I have a change in my expected graduation date, and/or
■ I change my name, local address, permanent address, or e mail address.

Shortly before my enrollment ends, I must participate in exit counseling with my school, during which I will update my loan records about my:
■ Permanent address,
■ E mail address,
■ Telephone number,
■ Future employer, and
■ References.

I must notify the lender of a particular loan if I do not enroll with respect to such loan:
■ At least half time for the loan period certified, or
■ At the school that certified my eligibility.

I must notify my lender or any subsequent holder of my loan(s) if any of the following occurs before my loan(s) is repaid:
■ I change my address, telephone number, or e mail address,
■ I change my name (for example, maiden name to married name),
■ I withdraw from school or begin attending less than half time,
■ I transfer to another school,
■ I change my employer or my employer's address or telephone number changes, and/or
■ I have any other change in status that would affect my loan (for example, the loss of eligibility for an unemployment deferment by obtaining a job).

**9. Effect of Federal Loans on Other Student Aid**   Receipt of a Federal Stafford Loan may affect my eligibility for other financial aid. Therefore, it may be beneficial for me to contact my school to discuss other types of student assistance that may be available.

**10. Grace Period**   I will receive a 6 month grace period before the first payment of my Federal Stafford Loan must be made. The grace period begins the day after I cease to be enrolled at least half time at an eligible school.

My grace period does not include any period of up to 3 years during which I am called or ordered to active duty for more than 30 days from a reserve component of the Armed Forces of the United States, including the period necessary for me to resume enrollment at the next available regular enrollment period.

**11. Interest Rates**   The interest rate on a Federal Stafford Loan (subsidized or unsubsidized) will be a fixed rate. Different fixed interest rates may apply to separate loans made under this MPN depending on whether the loan is subsidized or unsubsidized, when the loan is first disbursed, and whether I am an undergraduate or graduate student. The actual interest rate applicable to each of my loans will be disclosed to me. After reviewing the actual interest rate, I may cancel or reduce any loan obtained under this MPN

in accordance with the "Loan Cancellation" section of this Borrower's Rights and Responsibilities Statement. If I qualify under the Servicemembers Civil Relief Act, the interest rate on my loans obtained prior to military service may be limited to 6% during my military service. To receive this benefit, I must contact my loan holder for information about the documentation I must provide to show that I qualify.

**12. Payment of Interest**   I am responsible for payment of all interest that accrues on the unpaid principal amount of my Federal Stafford Loan(s) from the date of disbursement until the loan(s) is paid in full, except for interest on my subsidized Federal Stafford Loan(s) the government pays on my behalf while I am in school at least half time, for up to 3 years during active duty service in the Armed Forces as described in the "Grace Period" section of this Borrower's Rights and Responsibilities Statement, during the grace period after I leave school, during any period of authorized deferment, or (effective July 1, 2009) for a limited period during income based repayment if I choose that plan and am eligible for that plan.

My lender will, during the in school, grace, and deferment periods and during any periods in which I am on active duty military service, defer and align principal payments on my subsidized and unsubsidized Federal Stafford Loans.

Interest that accrues on all my subsidized FFELP loans during authorized forbearance periods, and on all my unsubsidized FFELP loans during periods when I am not making regularly scheduled payments (for example, during deferment) may, unless precluded by the Act, be capitalized (added to the principal of my loans)   unless I pay the interest as it accrues. If I inform my lender that I wish to pay interest as it accrues (for example, during an in school deferment), but I do not submit the payments, my lender may capitalize that interest. Capitalized interest increases the principal balance of my loan(s) and the total amount of interest I must pay.

Interest will be capitalized on my loan(s) as provided under the Act. Generally, capitalization may occur no more frequently than quarterly. However, interest that accrues on my unsubsidized Federal Stafford Loan(s) during in school, grace, or deferment periods may only be capitalized at the end of such periods. In addition, interest may not be capitalized if my lender grants an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, or consolidation. See the "Interest Capitalization" section of this Borrower's Rights and Responsibilities Statement for further information on capitalization.

The charts entitled "Repaying Your Loans" at the end of the Borrower's Rights and Responsibilities Statement allow me to estimate the cost of capitalization and the effect it will have on my monthly payments. If my loan amount is not shown on the charts, I understand I must add two or more amounts together to estimate more closely my monthly interest and my monthly payment.

I may be able to claim a federal income tax deduction for interest payments I make on my FFELP loans. For further information, I may refer to IRS Publication 970, available at http://www.irs.gov.

**13. Interest Capitalization**   Capitalization is a process whereby a lender adds unpaid interest to the principal balance of a loan.

If I do not pay the interest that is due on my Federal Stafford Loan(s) as described in the "Subsidized and Unsubsidized Loans" section of this Borrower's Rights and Responsibilities Statement, my lender may capitalize that interest as provided under the Act.

The principal balance of my loan(s) will increase each time my lender capitalizes unpaid interest. As a result, I will pay more interest over the life of my loan(s) than if I paid the interest as it accrued, and my monthly payment amount may be higher or more monthly payments may be required.

I should contact my lender if I have any questions or need more information.

The chart below compares the monthly payments that result for subsidized or unsubsidized Federal Stafford Loans in forbearance status when the borrower pays accrued interest and when the interest is capitalized. This example uses a fixed interest rate of 6.8% and an outstanding loan balance of $15,000. The interest capitalized in this example is based on capitalization at the end of a 12 month forbearance period and is an estimate only. Actual interest capitalized for a period of forbearance will depend on the frequency of capitalization. The final payment may be more or less than the calculated monthly payment. In this example, I would pay $11 less per month and $389 less over the lifetime of my loans when I pay the interest as it is charged during a 12 month forbearance period.

| | When I pay accrued interest | When I don't pay accrued interest and it is capitalized |
|---|---|---|
| Loan principal | $15,000 | $15,000 |
| Interest for 12 months at an interest rate of 6.8%) | $1,020 (paid as accrued) | $1,020 (unpaid and capitalized) |
| Principal to be repaid | $15,000 | $16,020 |
| Monthly payment amount (standard repayment plan) | $173 | $184 |
| Number of payments | 120 | 120 |
| Total amount repaid | $21,734 | $22,123 |

**14. Loan Cancellation**   I understand that the terms of a full or partial loan cancellation depend on when I request the cancellation.
■ At any time before my loan money is disbursed, I may decline all or part of my loan money by notifying my lender or the school. No origination fee, federal default fee, or interest will be charged on the loan amount that I decline.
■ If my school receives the money by EFT or master check and has obtained my written confirmation of the types and amounts of federal student loans that I want to receive before crediting the loan funds to my account, I may cancel all or a part of that loan by informing the school within 14 days after the date the school notifies me of my right to cancel the loan, or by the first day of the school's payment period, whichever is later. (My school can tell me the first day of the payment period.) If my school has not obtained

Exhibit 2
Page 20

my written confirmation of the loans I want to receive, I may cancel all or a part of the loan by informing the school within 30 days of the date the school notifies me of my right to cancel the loan. If I cancel all or a portion of a loan as described in this paragraph, my school will return the cancelled amount to my lender, and the loan fees will be eliminated or reduced in proportion to the amount returned.

- At any time within 120 days of disbursement, I may pay back all or a part of my loan. The loan fees will be reduced or eliminated in proportion to the amount returned.

**15. Repayment**   All loans made under this MPN must be repaid.

The repayment period for each loan made under this MPN begins the day after my 6 month grace period on that loan ends. My lender will notify me of the date my first payment is due.

I am obligated to make payments on my loan(s) even if I do not receive a billing statement or repayment notice. My minimum annual payment required on all my FFELP loans will not, unless the lender otherwise agrees, be less than $600, except during a portion of the repayment period as provided in a graduated or income sensitive repayment plan, in an extended repayment plan with graduated payments, or in an income based repayment plan. Notwithstanding the preceding sentence, my minimum annual scheduled payments will not be less than the amount of interest due and payable, except as provided under an income based repayment plan.

My repayment period for each loan generally lasts at least 5 years but may not exceed 10 years from the day after the grace period ends (except under an extended or income based repayment plan). The maximum period for repaying a loan does not include periods of deferment or forbearance.

I will be given the opportunity to choose one of the following repayment plans:

- **Standard Repayment Plan**   If I choose this plan, I will make fixed monthly payments and repay my loan(s) in full within 10 years from the date the loan(s) entered repayment. Payments must be at least $50 a month and will be more if necessary to repay the loan(s) within the required time period.
- **Graduated Repayment Plan**   If I choose this plan, I will usually make lower monthly payments at first, and my payments will increase over time. No single payment will be more than three times greater than any other payment. I will repay my loan(s) in full within 10 years from the date the loan(s) entered repayment.
- **Extended Repayment Plan**   If I choose this plan, I will make monthly payments based on fixed annual or graduated repayment amounts over a period not to exceed 25 years. If I make fixed payments, payments must be at least $50 a month and will be more if necessary to repay the loan(s) within the required time period. I am only eligible for this plan if **(i)** at the time I obtain a loan under this MPN I have no outstanding balance on a FFELP loan made before October 7, 1998, and **(ii)** I accumulate outstanding FFELP loans exceeding $30,000.
- **Income-Sensitive Repayment Plan**   If I choose this plan, my monthly payments will be adjusted annually, based on my expected total monthly gross income from all sources. I may call my lender at any time for more information about this repayment plan option.
- **Income-Based Repayment Plan** (effective July 1, 2009)   If I choose this plan, my required monthly

payment amount will be based on my income during any period when I have a partial financial hardship. My monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If I choose this plan and meet certain requirements over a 25 year period, I may qualify for cancellation of any outstanding balance on my loans. I may contact my lender at any time for more information about this repayment plan.

Under each plan, the number or amount of the payments may need to be adjusted to reflect capitalized interest and/or new loans made to me.

These repayment plans will be explained in more detail during my exit counseling session. If I do not choose an income sensitive, income based, graduated, or extended repayment plan within 45 days after notification of my repayment choices, or if I choose an income sensitive repayment plan but do not provide the required documentation within the lender specified time frame, my lender will require that I repay the loan(s) under a standard repayment plan. If I choose an income based repayment plan but do not provide the required documentation within the time frame specified by the lender, I will be required to repay the loan(s) under a schedule provided by the lender in accordance with the Act. I may change the repayment plan on my loan(s) once a year, except I may end an income based repayment plan at any time to repay under the standard repayment plan.

There will be no penalty for prepaying any portion of my loan(s).

Except as provided by the Act for payments made under the income based repayment plan, all payments and prepayments may be applied in the following order: late charges, fees, and collection costs authorized by the Act first, outstanding accrued interest second, and outstanding principal last.

If I do not make any part of an installment payment within 15 days after it becomes due, I may owe a late charge. This charge may not exceed six cents for each dollar of each late installment.

**16. Sale or Transfer of Loan(s)**   The lender may sell or otherwise transfer one or all of my loans without my consent. If ownership of a loan is transferred and the entity to which I must make payments changes, I will be notified of that entity's name, address and telephone number, the effective date of the sale or transfer, and the date when I must begin sending payments to that entity. Sale or transfer of my loan(s) does not affect my rights and responsibilities under such loan(s). If the lender sells my loan(s) to another originating lender, the lender may also transfer the right to offer subsequent loans under the MPN to such purchaser. I always have the right to terminate a lender's ability to make loans to me under this MPN by written notice to the lender that holds my MPN. The holder of my loan(s) can help me identify the lender that holds my MPN.

**17. Loan Discharge**   My loan(s) will be discharged if acceptable documentation of my death is submitted to my lender.

My loan(s) may also be discharged if I become totally and permanently disabled as defined by the Act and meet certain other requirements.

My loan(s) will not automatically be discharged in bankruptcy. To discharge a loan(s) in bankruptcy, I must prove undue hardship in an adversary proceeding before the bankruptcy court.

In certain cases, the Act provides for loan discharge if I could not complete a course of study because the school closed, if my loan eligibility was falsely certified by the school, or if a loan in my name was falsely certified as a result of a crime of identity theft. The Act also provides for loan discharge in the amount of any required refund that the school did not make to my loan holder on my behalf.

Neither the lender, the guarantor, nor the Department of Education vouches for the quality or suitability of the academic programs offered by participating schools. Unless I qualify for loan discharge under the Act, I must repay the loan(s) even if I do not complete the education paid for with the loan(s), am unable to obtain employment in the field of study for which the school provided training, or am dissatisfied with, or do not receive, the education paid for with the loan(s).

For additional information, I should contact my lender or guarantor.

**18. Consequences of Default**   Default is defined in detail in my MPN. If I default, the entire unpaid balance and collection fees on the applicable loan(s) will become immediately due and payable. Failure to repay any loan made under this MPN may result in any or all of the following:

- Loss of federal and state income tax refunds,
- Loss of other federal or state payments,
- Legal action against me,
- Collection charges (including attorney fees) assessed against me,
- Denial or loss of a professional license,
- An increase in my interest rate,
- Loss of eligibility for other student aid and assistance under most federal benefit programs,
- Loss of eligibility for loan deferments,
- Negative credit reports to consumer reporting agencies,
- Assignment of my loan to the Department, and/or
- My employer withholding part of my wages to give to my guarantor or the Department (administrative wage garnishment).

**19. Consumer Reporting Agency Notification** Information concerning the amount, disbursement, and repayment status (current or delinquent) of my loan(s) will be reported by my lender to national consumer reporting agencies on a regular basis. My loan(s) will be identified as an education loan(s). If I default on any loan(s) made under this MPN, the default will also be reported by the guarantor to all national consumer reporting agencies. Before any guarantor reports such a default, it will give me at least 30 days notice that default information will be disclosed to the consumer reporting agencies unless I enter into a repayment arrangement within 30 days of the date on the notice. The guarantor will give me a chance to ask for a review of the debt(s) before the default is reported. My lender or guarantor, as applicable, must provide a timely response to a request from any consumer reporting agency regarding objections I might raise with that agency about the accuracy and completeness of information reported by the lender or guarantor.

Exhibit 2
Page 21

**20. Special Repayment Arrangements** – A Federal Consolidation Loan Program is available under which I may consolidate federal education loans received from different lenders, the same lender, and/or under different federal education loan programs into one loan. Depending on the amount I borrow, this program may result in an extension of my repayment period. Consolidation permits multiple debts to be combined into one monthly payment. For additional information, I should contact my lender or guarantor.

I may consolidate my FFELP loan(s) into the Direct Loan Program to take advantage of the public service loan forgiveness program. This program provides for the cancellation of the remaining balance due on eligible Direct Loan Program loans after I have made 120 payments (after October 1, 2007) on those loans under certain repayment plans while employed in certain public service jobs.

I may also consolidate my FFELP loans first disbursed on or after October 1, 2008 (including Federal Consolidation Loans that repaid FFELP or Direct Loan Program loans first disbursed on or after October 1, 2008) into the Direct Loan Program to take advantage of the no accrual of interest benefit for active duty service members. No interest will be charged on the portion of my Direct Consolidation Loan that repaid FFELP or Direct Loan Program loans first disbursed on or after October 1, 2008 during periods of qualifying active duty military service (for up to 60 months).

The Act may provide for certain loan forgiveness or repayment benefits on my loans in addition to the benefits described in this MPN. If other forgiveness or repayment options become available, my loan holder will provide information about these benefits.

In addition, volunteers who complete service in an approved national or community service project can earn an educational award. The award can be used to repay a Federal Stafford Loan. If I receive an educational award, I am responsible for providing my lender with information and documentation regarding my term of service and the award.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. I should contact the agency's human resources department for more information.

Under certain circumstances, military personnel may have their federal education loan(s) repaid by the Secretary of Defense. I should address any questions to the local service recruiter. This is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

If I did not have an outstanding balance on a FFEL or Direct Loan Program loan on October 1, 1998, or if I did not have an outstanding balance on the date I obtained a loan after October 1, 1998, I may be eligible for teacher loan forgiveness. The Department of Education will repay a fixed amount of my subsidized and unsubsidized Federal Stafford loans if I have worked as a full time teacher for five consecutive school years,

and if I meet all other eligibility requirements under the Act. If I am in default on a FFELP loan or a Direct Loan, I am not eligible for forgiveness on that loan(s) unless I have made satisfactory repayment arrangements.

**21. Deferments**   Under certain circumstances, I have a right to defer (postpone) repayment. The types of deferments that are available to me generally depend on when I first obtained a FFELP loan. Upon request, my lender will provide me with information about the eligibility requirements for each deferment. If I am in default on a loan, I am not eligible for a deferment on that loan.

Deferment of repayment for loans made under this MPN is available while I am:

■ Enrolled at least half time at an eligible school,

■ Engaged in a full time course of study in a graduate fellowship program,

■ Engaged in a full time rehabilitation training program for individuals with disabilities (if the program is approved by the Department of Education),

■ Conscientiously seeking, but unable to find, full time employment (for up to three years),

■ Experiencing an economic hardship as determined by federal law (for up to three years),

■ Serving on active duty during a war or other military operation or national emergency or performing qualifying National Guard duty during a war or other military operation or national emergency and, if I was serving on or after October 1, 2007, for an additional 180 day period following the demobilization date for my qualifying service, or

■ If I am a member of the National Guard or other reserve component of the U.S. Armed Forces (current or retired) and I am called or ordered to active duty while I am enrolled at least half time at an eligible school or within 6 months of having been enrolled at least half time, a deferment is available during the 13 months following the conclusion of my active duty service, or until I return to enrolled student status on at least a half time basis, whichever is earlier.

For in school deferments, my lender will process the deferment based on **(i)** my request along with documentation verifying my eligibility, or **(ii)** the lender's receipt of a school certification of eligibility in connection with a new loan, or **(iii)** the lender's receipt of student status information indicating that I am enrolled on at least a half time basis. If my lender processes a deferment based on **(ii)** or **(iii)**, I will be notified of the deferment and will have the option of canceling the deferment and continuing to make payments on my loans.

For all other deferments, I must provide my lender with a deferment request (or, for a deferment based on active duty or qualifying National Guard duty during a war or other military operation or national emergency, a representative may request the deferment on my behalf). I must also provide information and documentation that establishes my eligibility, except in certain circumstances when my lender may establish my eligibility by confirming that I have received a deferment on another FFELP loan or on a Direct Loan.

**NOTE:** If at the time I obtain a loan under this MPN I have an outstanding balance on a FFELP loan disbursed before July 1, 1993, information on deferment conditions that apply will be found in my earlier promissory note materials.

**22. Forbearance**   If I am unable to make any scheduled loan payment(s), the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called a forbearance. Interest continues to accrue during a forbearance period.

The lender may grant me forbearance due to poor health or other acceptable reasons.

My lender is generally not required to grant a forbearance and may require me to provide my reasons for the request and other information.

The lender may grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled installment payments. My lender may grant me an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, consolidation, or discharge.

Circumstances that require my lender to grant me a forbearance, if I provide appropriate documentation, include:

■ Serving in a medical or dental internship or residency program, if I meet certain criteria.

■ Serving in a national service position for which I receive a national service education award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service.

■ Qualifying for partial repayment of my loans under the Student Loan Repayment Program, as administered by the Department of Defense.

■ Qualifying for loan forgiveness under the Teacher Loan Forgiveness Program, if I meet certain criteria (for up to five years).

■ Having a monthly debt burden for Title IV loans that collectively equals or exceeds 20% of my total monthly gross income (for up to three years).

■ Being called to active duty in the U.S. Armed Forces.

For additional information, I should contact my lender.

*Repayment information follows*

Exhibit 2
Page 22

**Repaying Your Loans**

Follow these steps to estimate your loan payment.

## Step 1: Calculate Your Monthly Interest Charges

Round your Federal Stafford Loan balance up to the nearest $500. If your loan amount is not on the table, follow the example below to estimate your monthly accrued interest.

**Example:**
Federal Stafford Loan of $5,479 at 6.8% interest.
Round up to nearest $500 = $5,500.

$5,000 = $28.33/month
+ 500 =    2.83/month
$5,500 = $31.16/month

Your monthly interest $ _____.

### Approximate Monthly Interest

| Loan Amount | 6.80% | 6.00% | 5.00% | 4.00% | 3.40% |
|---|---|---|---|---|---|
| $    500 | $   2.83 | $   2.50 | $   2.08 | $   1.67 | $   1.42 |
| $ 1,000 | $   5.67 | $   5.00 | $   4.17 | $   3.33 | $   2.83 |
| $ 3,000 | $ 17.00 | $ 15.00 | $ 12.50 | $ 10.00 | $   8.50 |
| $ 5,000 | $ 28.33 | $ 25.00 | $ 20.83 | $ 16.67 | $ 14.17 |
| $ 6,000 | $ 34.00 | $ 30.00 | $ 25.00 | $ 20.00 | $ 17.00 |
| $ 7,000 | $ 39.67 | $ 35.00 | $ 29.17 | $ 23.33 | $ 19.83 |
| $ 9,000 | $ 51.00 | $ 45.00 | $ 37.50 | $ 30.00 | $ 25.50 |
| $10,000 | $ 56.67 | $ 50.00 | $ 41.67 | $ 33.34 | $ 28.34 |
| $15,000 | $ 85.00 | $ 75.00 | $ 62.50 | $ 50.00 | $ 42.50 |
| $20,000 | $113.33 | $100.00 | $ 83.33 | $ 66.67 | $ 56.67 |
| $25,000 | $141.67 | $125.00 | $104.17 | $ 83.33 | $ 70.83 |

## Step 2: Estimate Your Capitalized Interest

Complete this step only if you will not pay accrued interest for which you are responsible on a Federal Stafford Loan. *This is an estimate only.* Actual interest capitalized will depend on factors such as disbursement dates, number of disbursements, and the frequency of capitalization.

|  | Monthly Interest (From Step One) | Number of Months in Deferment or Forbearance | Estimate of Capitalized Interest |
|---|---|---|---|
| Example | $   31.16   X | 22 | = $   685.52 |
| Your capitalized interest | $ _____   X | _____ | = $ _____ |

## Step 3: Estimate Your Monthly Payment

Round your loan balance up to the nearest $500. If your principal amount is not on the table, follow the example below to estimate your monthly payment. If you previously had interest capitalized, add it to the outstanding loan amount to get the new principal amount.

**Example:**
Federal Stafford Loan of $6,185.52 ($5,500 + $685.52) at 6.8% interest.
Round up to nearest $500 = $6,500.

$6,000 = $69.05/month
+ 500 =    5.75/month
$6,500 = $74.80/month

Estimated monthly payment = $74.80

**Note:** Minimum monthly payment = $50 or amount of interest accruing each month.

### Estimated Monthly Payments (10-Year Term)

| Loan Amount | 6.80% | 6.00% | 5.00% | 4.00% | 3.40% |
|---|---|---|---|---|---|
| $    500 | $   5.75 | $   5.55 | $   5.30 | $   5.06 | $   4.92 |
| $ 1,000 | $ 11.51 | $ 11.10 | $ 10.61 | $ 10.12 | $   9.84 |
| $ 3,000 | $ 34.52 | $ 33.31 | $ 31.82 | $ 30.37 | $ 29.53 |
| $ 5,000 | $ 57.54 | $ 55.51 | $ 53.03 | $ 50.62 | $ 49.21 |
| $ 6,000 | $ 69.05 | $ 66.61 | $ 63.64 | $ 60.75 | $ 59.05 |
| $ 7,000 | $ 80.56 | $ 77.71 | $ 74.25 | $ 70.87 | $ 68.89 |
| $ 9,000 | $103.57 | $ 99.92 | $ 95.46 | $ 91.12 | $ 88.58 |
| $10,000 | $115.08 | $111.02 | $106.07 | $101.25 | $ 98.42 |
| $15,000 | $172.62 | $166.53 | $159.10 | $151.87 | $147.62 |
| $20,000 | $230.16 | $222.04 | $212.13 | $202.49 | $196.84 |
| $25,000 | $287.70 | $277.55 | $265.16 | $253.11 | $246.05 |

|  | Loan Amount | Estimate of Capitalized Interest (From Step Two) | New Principal Balance | Estimated Monthly Payment |
|---|---|---|---|---|
| Example | $   5,500 | + $   685.52 | = $   6,185.52 | $   74.80 |
| Your Monthly Payment | $ _____ | + $ _____ | = $ _____ | $ _____ |

Exhibit 2
Page 23

Exhibit 2
Page 24

**Federal Family Education Loan Program (FFELP)**

# Federal PLUS Loan
## Application and Master Promissory Note (MPN)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

| Guarantor, Program, or Lender Identification | OMB No. 1845-0069 Form approved Exp. date 08/31/2010 |
|---|---|
| 800 | |
| | United Student Aid Funds, Inc. – 800 |
| 0224600000B084629 | 02246000 |

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW LOAN ACCOUNT:** To help the government fight the funding of terrorism and money laundering activities, federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens a loan account. **What this means for you:** Your name, address, date of birth, and other information collected in this form will be used to verify your identity. You may also be asked to provide your driver's license or other identifying information.

**Borrower Section**    *Print using a dark ink ballpoint pen or type. Read the instructions carefully.*

**CHECK ONE: I am a** ☒ **Graduate or Professional Student**    ☐ **Parent of a Dependent Undergraduate Student**

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | |

| 3. Permanent Address (See instructions.) | | | 4. Area Code/Telephone Number |
|---|---|---|---|
| | | | ( ) |

| City | State | Zip Code | 5. Date of Birth (mm-dd-yyyy) |
|---|---|---|---|
| | | | |

| 6. E-mail Address | 7. Driver's License State and Number |
|---|---|
| | State ___  # ___ |

**8. U.S. Citizenship Status (Check a or b, and if b is checked, list Registration Number.)**
☒ a. Citizen/National    ☐ b. Permanent Resident/Other Eligible Non-Citizen    If "b," Alien Registration Number ___

| 9. Lender Name | City | State | Zip Code | 10. Lender Code, if known |
|---|---|---|---|---|
| AMS ED LN TRUST, BK ONE NA 333471 (333471) | | | | 333471 |

| 11. Employer Name, Address, City, State, Zip Code   N/A | 12. Work Area Code/Telephone Number |
|---|---|
| N/A       NA       NA       11111 | ( 111 ) 1111111 |

**13. References:** You must provide two separate references with different U.S. addresses who do not live with you and who have known you for at least three years. If you are a parent borrower, do not list the student as a reference.

| | |
|---|---|
| Name | |
| Permanent Address | |
| City, State, Zip Code | |
| E-mail Address | |
| Area Code/Telephone Number | |
| Relationship to Borrower | |

**Student Information Section**    *Complete this section only if you are a parent borrowing for a dependent undergraduate student.*

| 14. Last Name | First Name | MI | 15. Social Security Number | 16. Date of Birth (mm-dd-yyyy) |
|---|---|---|---|---|
| PEREIRA | SERGIO | F | | |

**Borrower Request, Certifications, and Authorizations**    *Read carefully before signing below.*

**17. Requested Loan Amount:** This is an offer for one or more Federal PLUS Loans. I request a Federal PLUS Loan under this MPN in an amount not to exceed the annual cost of attendance minus other financial aid received for each academic year. For each loan, the lender will notify me of the loan amount that I am eligible to borrow. I may cancel my loan or request a lower amount by contacting my lender or the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me. If I have an adverse credit history and obtain an endorser so that I may receive a PLUS Loan, only one loan may be made to me under this MPN.

**18.** Under penalty of perjury, I certify for any loan I receive under this MPN that:
**A.** The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
**B.** I am: **(i)** a graduate or professional student, **(ii)** the biological or adoptive parent of the dependent undergraduate student identified in the Student Information Section, or **(iii)** the spouse of a parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA) or would be reported if a FAFSA were filed.
**C.** Loan proceeds will be used for authorized educational costs incurred by me or by the student identified above. I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance at a least a half-time basis at the school that certified my loan eligibility.
**D.** If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science and Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements with the holder to repay the amount owed.
**E.** If I am in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement), I have made satisfactory arrangements with the holder to repay the amount owed.
**F.** If I have been convicted of, or pled nolo contendere (no contest) or guilty to, a crime involving fraud in obtaining funds under Title IV of the Higher Education Act (HEA) of 1965, as amended, I have completed the repayment of such funds to the U.S. Department of Education (the Department), or to the loan holder in the case of a Title IV federal student loan. If I am a parent applying for a Federal PLUS Loan for a dependent undergraduate student, and if that student has been convicted of, or pled nolo contendere or guilty to, a

crime involving fraud in obtaining funds under Title IV of the HEA, as amended, the student has completed the repayment of such funds to the Department, or to the loan holder in the case of a Title IV federal student loan.

**19.** For all PLUS loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, I make the following authorizations:
**A.** I authorize the school to certify my eligibility for loans under this MPN.
**B.** I authorize the lender, the guarantor, or their agents to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.
**C.** I authorize the school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my account at the school (if I am the student) or to the student's account at the school (if I am a parent).
**D.** I authorize the school to pay to the lender any refund that may be due up to the full loan amount.
**E.** I may tell my lender that I want to pay the interest that accrues, including interest that accrues during an in-school deferment. However, in all cases, unless I pay the interest, my lender will add the unpaid interest that accrues during forbearance and deferment and other periods on each PLUS Loan made under this MPN to the principal balance of that loan (capitalization) as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest costs I pay.
**F.** I authorize the release of information pertinent to my loan(s): (i) by the school(s), the lender(s), and the guarantor(s), or their agents to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and (ii) by and among the school(s), lender(s), guarantor(s), the Department, and their agents.
**G.** To verify information I provide and so that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under its control, including information from the FAFSA, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.
**H.** I authorize the school, the lender, the guarantor, the Department, and their respective agents and contractors to contact me regarding my loan request(s) or my loan(s), including repayment of my loan(s), at the current or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.
**I.** I authorize my lender to defer repayment of principal on my loan(s) based on my enrollment on at least a half-time basis and, if I am a graduate or professional student, for the 6-month period after I cease to be enrolled at least half time.

**Promise to Pay**    *In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**20.** I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. I understand that, if I qualify, more than one loan may be made to me under this MPN for myself or for the student identified in the Student Information Section. I understand that by accepting any disbursement issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan(s) during deferment, forbearance, and other periods may be added as provided under the Act to the principal balance of such loan(s). If I do not make any payment on any loan made under this MPN when it is due, I will also pay reasonable collection costs including, but not limited to, attorney fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to a copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies that I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, and Authorizations printed above, the Notice about Subsequent Loans Made under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I understand that I may receive one or more loans under this MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

| 21. Borrower Signature   SERGIO F PEREIRA | 22. Today's Date (mm-dd-yyyy) 10/27/2009 |
|---|---|
| 01.01.01    41W C7BCDCA77D71E2A408BD5767AAB3891C | *Additional MPN provisions follow* |

Exhibit 2
Page 25

# Federal PLUS Loan Application and Master Promissory Note (MPN) *(continued)*

**Governing Law**

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (the Department's) regulations, as they may be amended in accordance with their effective date, and other applicable federal statutes and regulations (collectively referred to as the "Act"), and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

**Disclosure of Terms**

Loans disbursed under this MPN are subject to the loan limits specified in the Act. Under this MPN, the principal amount that I owe and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan under this MPN after my eligibility is determined by the school. At or before the time of the first disbursement for each loan, a disclosure statement will be provided to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN. If the information in this MPN conflicts with information in the disclosure, the specific terms and information in the disclosure apply to my loan.

I may request additional loan funds for my or the student's educational costs. The school will determine my eligibility and notify the lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN. I understand that my lender may use a servicer to handle billing and other communications related to my loan.

**Loan Cancellation**

I may pay back all or a part of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure I receive at or before disbursement. In such case, any origination fee and federal default fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

**Interest**

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act. Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate for each loan is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. This includes interest accruing during any period of deferment or forbearance. I agree to pay all interest charges on my loan(s).

I will begin paying interest upon disbursement of my loan. If I do not make required payments of interest before the beginning or resumption of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

**Origination Fee and Federal Default Fee**

An origination fee is charged and a federal default fee may be charged for each loan made under this MPN. The Act specifies the maximum amount of each fee and

authorizes both fees to be deducted from my loan amount. The fee(s) I am charged, as identified in the disclosure statement, will be deducted proportionately from each disbursement of my loan(s). I understand the origination and federal default fees may be refundable only to the extent permitted by the Act.

**Late Charges and Collection Costs**

The lender may collect from me: (i) a late charge for each late installment payment if I do not make any part of a required installment payment within 15 days after the date it becomes due, and (ii) any other charges and fees that are permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

**Repayment**

I must repay the full amount of the loan(s) made under this MPN and accrued interest. I will repay the principal of each loan in periodic installments during a repayment period that begins on the day of the final disbursement for that loan.

My lender must provide me with a choice of repayment plans consistent with the provisions of the Act. My repayment period for each loan generally lasts at least 5 years but may not exceed 10 years (except under an extended or income based repayment plan). The maximum period for repaying a loan does not include periods of deferment or forbearance.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount, except during periods of repayment under an income based repayment plan, when payments will be applied first to interest due, then to fees due, and then to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. The lender may align payment due dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon payment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

**Acceleration and Default**

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs regarding that loan: (i) I (or the student) do not enroll as at least a half time student at the school that certified my loan eligibility, (ii) I do not use the proceeds of the loan solely for my or the student's educational costs, (iii) I make a false representation that results in my receiving a loan for which I am not eligible, or (iv) I default on the loan.

The following events will constitute a default on a loan: (i) I do not pay the entire unpaid balance of the applicable loan after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; (ii) I do not make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or (iii) I do not comply with other terms of the loan, and the lender or guarantor reasonably

concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, the default will be reported to all national consumer reporting agencies and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, the loan(s) may be subject to income based or income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

**Legal Notices**

Any lender holding a loan made under this MPN is subject to all claims and defenses that I could assert against the school with respect to that loan if (i) the loan was made by the school or a school affiliated organization, (ii) the lender who made the loan provided an improper inducement (as defined by the Act) to the school or to any other party in connection with the making of the loan, (iii) the school refers loan applicants to the lender, or (iv) the school is affiliated with the lender by common control, contract, or business arrangement. My recovery under this provision will not exceed the amount I paid on the loan.

Information about my loan(s) will be submitted to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific purposes as authorized by the Department.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided. I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term of this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions remain in force.

---

**Notice about Subsequent Loans Made under This MPN**

This MPN authorizes the lender to disburse multiple loans to pay my or the student's educational costs during the multi year term of this MPN. Such loans will be made only upon my request and upon the school's certification of my loan eligibility. Subsequent loans for me or on behalf of the student named on this MPN may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: (i) the date my lender receives my written notice that no further loans may be disbursed under the MPN; (ii) one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or (iii) ten years after the date of my signature on this MPN, or the date the lender receives this MPN.

Any change to the Act applies to loans in accordance with the effective date of the change.

---

Exhibit 2
Page 26

| Federal Family Education Loan Program (FFELP) | Guarantor, Program, or Lender Identification |
|---|---|
| **Federal PLUS Loan Application and Master Promissory Note (MPN) Instructions and Notices** | United Student Aid Funds, Inc. – 800 |

United Student Aid Funds, Inc. – 800

0224600000B084629

800

02246000

*This is an MPN under which you may receive multiple Federal PLUS Loans for either yourself or for the same dependent student over a maximum 10-year period. A Federal PLUS Loan is available to graduate or professional students or parents of dependent undergraduate students ("dependent" is defined in the Act and is different from the definition used by the Internal Revenue Service) attending participating postsecondary schools. In this MPN, if you are the parent of a dependent undergraduate student, all references to "student" mean the student identified in the Student Information Section. You are responsible for paying the principal amount of your loan(s) and all interest that accrues from the date of disbursement until the loan(s) is paid in full.*

*Your lender will perform a credit check with a national consumer reporting agency before approving each loan. As required under federal law, if your lender determines you have an adverse credit history, you may not borrow a Federal PLUS Loan unless: 1) you provide information to your lender's satisfaction that there are extenuating circumstances related to the adverse credit, or 2) you obtain an endorser who does not have an adverse credit history. An endorser is someone who agrees to repay the loan if you fail to do so. The endorser may not be the student on whose behalf the loan is being made.*

*This form is to be completed by the graduate or professional student borrower or the parent borrower. Print using a dark ink ballpoint pen or type. Do not complete this form in pencil. If an item has been completed for you and it is incorrect, cross out the incorrect information and print the correct information. Enter dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: June 24, 1982    06-24-1982. Incorrect, incomplete, or illegible information may cause your loan to be delayed.*

**Borrower Section**

*Check the appropriate box to indicate whether you are a graduate or professional student borrower or a parent borrower **before** completing the Borrower Section.*

**Item 1:** Enter or correct your last name, first name, and middle initial.

**Item 2:** Enter or correct your Social Security Number. Your loan(s) cannot be processed without a Social Security Number. **Read the Privacy Act and Financial Privacy Act Notices in these instructions before completing this item.**

**Item 3:** Enter your permanent address (number, street, apartment number) or rural route number and box number, then city, state, and zip code. If your mailing address is a post office box or general delivery, you must list both your mailing address and your street address or your rural route number and box number. If you do not have a permanent street address or rural route number and box number, provide the physical location of your residence. A temporary school address is not acceptable.

**Item 4:** Enter the area code and telephone number at which you can most easily be reached. (Do not list your work telephone number here.) If you do not have a telephone, enter N/A.

**Item 5:** Enter the date of your birth. Be careful not to enter the current year.

**Item 6:** Enter your preferred e–mail address for receiving communications. You are not required to provide this information. If you do, the lender or holder of your loan(s) may use your e-mail address to communicate with you. If you do not have an e-mail address or do not wish to provide it, enter N/A.

**Item 7:** Enter the two–letter abbreviation for the state that issued your driver's license followed by the driver's license number. If you do not have a driver's license, enter N/A.

**Item 8:** Indicate your U.S. citizenship status. Contact the school's financial aid office if you are unsure of your eligibility.

**Item a:** Check this box if you are a U.S. citizen or U.S. national. A U.S. citizen includes citizens of the 50 states, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Northern Mariana Islands. A U.S. national includes all U.S. citizens and citizens of American Samoa and Swain's Island.

**Item b:** Check this box if you are a permanent resident/other eligible non-citizen. Write in your eight- or nine-digit Alien Registration Number. "Permanent Resident" means someone who can provide documentation of this status from the U.S. Citizenship and Immigration Services (USCIS). "Other Eligible Non-Citizen" includes individuals who can provide documentation from the USCIS that they are in the U.S. for a purpose that is not temporary, with the intention of becoming a citizen or permanent resident. This category includes refugees, persons granted asylum, Cuban-Haitian entrants, temporary residents under the Immigration Reform and Control Act of 1986, and others.

**NOTE:** If your citizenship status is not one of the categories described above, you are not eligible to receive a Federal PLUS Loan.

**Item 9:** Enter the name and address of the lender from which you wish to borrow. If you do not have a lender, contact the school's financial aid office, a bank or other financial institution, or the guarantor or program listed on this form for information on lenders willing to make Federal PLUS Loans.

**Item 10:** Enter the lender code, if known. Otherwise, leave this item blank.

**Item 11:** *It is important that the lender is able to reach you during the process of making your loan and during repayment.* Enter your employer's name and address (including number, street, suite number, city, state, and zip code). If you are self-employed, enter the name and address of your business. If you are not employed, enter N/A.

**Item 12:** Enter your work telephone number (or the number of your work cellular telephone or other wireless device). If you are self-employed, enter the telephone number of your business (or the number of your business cellular telephone or other wireless device). If you are not employed, enter N/A.

**Item 13:** Enter reference information for two adults with different addresses who do not live with you

and who have known you for at least three years. References with addresses outside the U.S. are not acceptable. If you are a parent borrower, do not list the student as a reference. If a reference does not have a telephone number or e-mail address or does not wish to provide an e-mail address, enter N/A. If you provide an e-mail address for a reference, the lender or holder of your loan(s) may use it to communicate with the reference. All items must be completed or your loan will be delayed.

**Student Information Section**

***Complete this section only if you are a parent borrowing for a dependent undergraduate student.***

**Item 14:** Enter the student's last name, first name, and middle initial.

**Item 15:** Enter the student's Social Security Number.

**Item 16:** Enter the date of the student's birth. Be careful not to enter the current year.

**Borrower Request, Certifications, and Authorizations**

**Item 17:** Each time you request Federal PLUS Loan funds, the school will notify you of the amount of funds you are eligible to borrow. You may decline a loan or request a lower amount by contacting your lender or the school. You should apply only for what you will need to pay your or the student's educational costs each year. Additional information is included under "Loan Cancellation" in the Borrower's Rights and Responsibilities Statement.

**Items 18 and 19:** *Read these items carefully.*

**Promise to Pay**

**Item 20:** Read the entire MPN carefully. Then complete Items 21 and 22.

**Item 21:** Sign your legal name, including your first name, middle initial, and last name.

**Item 22:** Enter the date you are signing this MPN.

Exhibit 2
Page 27

**Important Notices**

**Privacy Act Notice**

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §421 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1071 et seq.), and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the Federal Family Education Loan Program (FFELP) and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the FFELP, to permit the servicing of your loan(s) and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) becomes delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

**Financial Privacy Act Notice**

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401-3421), the U.S. Department of Education will have access to financial records in your student loan file maintained by the lender in compliance with the administration of the Federal Family Education Loan Program.

**Paperwork Reduction Notice**

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845-0069. The time required to complete this information is estimated to average 1.0 hours (60 minutes) per response, including the time to review instructions, search existing data resources, gather and maintain the data needed, and complete and review the information collection. **If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to:**

U.S. Department of Education
Washington, DC 20202-4537

**If you have any comments or concerns regarding the status of your individual submission of this form, contact the lender, guarantor, or program identified in the upper right-hand corner of this form.**

Exhibit 2
Page 28

# Borrower's Rights and Responsibilities Statement

*Important Notice: The Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of loans you receive under the Federal PLUS Loan Application and Master Promissory Note (MPN). Please keep a copy of this statement because it applies to present and subsequent loans received under the MPN. You may contact your lender at any time for another copy of this statement.*

The Federal Family Education Loan Program (FFELP) includes the following loans:

■ Subsidized Federal Stafford Loan (formerly known as Guaranteed Student Loan [GSL]),
■ Unsubsidized Federal Stafford Loan,
■ Federal Insured Student Loan (FISL),
■ Federal Supplemental Loans for Students (SLS), also known as ALAS,
■ Federal PLUS Loan,
■ Federal Consolidation Loan.

The FFELP is authorized by Title IV, Part B of the Higher Education Act of 1965, as amended.

**1. Governing Law** — Loans disbursed under this MPN are subject to the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.) and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). **NOTE: Any change to the Act applies to loans in accordance with the effective date of the change.**

**2. Use of This MPN** — I may receive more than one loan under this MPN over a period not to exceed 10 years. If I am a graduate or professional student, I may receive loans under this MPN for myself. If I am a parent, I may receive loans for the dependent student identified on the MPN. I may receive loans under this MPN from the original lender or from a lender who assumes the right to offer loans under this MPN, even if I (or the student) change schools and even if the guarantor changes. I may request in writing that no further loans be disbursed under my MPN. If I wish to use a new lender, I must sign a new MPN. I must also sign a new MPN before receiving a new loan, if requested to do so by my lender.

**3. Maximum Program Loan Amounts** — I may borrow amounts under this MPN not to exceed the cost of attendance minus any financial aid that has been or will be awarded for the period of enrollment. The school determines the cost of attendance based on federal guidelines.

**4. Use of Loan Money** — I must use the loan money for authorized educational costs incurred by me or, if I am a parent borrower, by the student for attendance at the school that certified my eligibility for the time period shown on my disclosure statement. Authorized costs include the following:

■ Tuition,
■ Room,
■ Board,
■ School fees,
■ Books,
■ Supplies,
■ Equipment,
■ Dependent child care,
■ Transportation,
■ Commuting costs,
■ Rental or purchase of a personal computer,
■ Origination fee and federal default fee, and/or
■ Other documented, authorized costs.

**5. Loan Fees** — I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate specified in the Act. If I am charged these fees, they will be deducted proportionately from each disbursement.

**6. Disbursement of Loan Money** — My loan money will be disbursed to the school by electronic funds transfer (EFT), master check (one check covering multiple students), or individual check. If my loan money is disbursed by individual check, the check will be copayable to me and the school and sent to the school.

Generally, my loan money will be disbursed in multiple installments based on the academic terms at the school. If the school does not have academic terms or does not have academic terms that meet certain requirements, my loan money will generally be disbursed in at least two installments, one at the beginning and one at the midpoint of the enrollment period for the applicable loan.

If my loan money exceeds the amount owed to the school, the school will forward the remainder of my loan money to me. If I am a parent borrower, I may authorize the school to forward the remainder to the student.

If I (or the student) am enrolled in a foreign school, the loan money will be disbursed directly to the foreign school by a check made copayable to me and the foreign school.

If I am a graduate or professional student and I have not previously received a Federal PLUS Loan or Direct PLUS Loan, I must receive entrance counseling before the school delivers the first disbursement of my Federal PLUS Loan.

**7. Change of Status** — I must notify my lender or any subsequent holder of my loan(s) if any of the following occurs:

■ I change my address, telephone number, or e-mail address,
■ I change my name (for example, maiden name to married name),
■ I (or the student) fail to enroll at least half time for the loan period at the school that certified my eligibility for a PLUS Loan,
■ I (or the student) withdraw from school or begin attending less than half time,
■ I (or the student) transfer to another school,
■ I (or the student) graduate, or the expected graduation date changes,
■ I change my employer or my employer's address or telephone number changes, or
■ I have any other change in status that would affect my loan status (for example, the loss of eligibility for an unemployment deferment by obtaining a job).

**8. Effect of Federal Loans on Other Student Aid** — Receipt of a Federal PLUS Loan may affect eligibility for other financial aid. Therefore, it may be beneficial to contact the school to determine eligibility for grants, work-study funds, subsidized loans, and other forms of student assistance before applying for a Federal PLUS Loan(s). A graduate or professional student must complete a Free Application for Federal Student Aid (FAFSA) and the school must determine the student's eligibility for the maximum annual amount of a Federal Stafford Loan (subsidized and unsubsidized) before the student applies for a Federal PLUS Loan.

**9. Interest Rates** — The interest rate on a Federal PLUS Loan is a fixed rate of 8.5 percent. If I qualify under the Servicemembers Civil Relief Act, the interest rate on my loans obtained prior to military service may be limited to 6% during my military service. To receive this benefit, I must contact my

loan holder for information about the documentation I must provide to show that I qualify.

**10. Payment of Interest** — I am responsible for payment of all interest that accrues on the unpaid principal amount of my loan(s) from the date of disbursement until the loan(s) is paid in full.

Under certain circumstances (for example, during deferment) I will not be required to make principal payments, but interest on my Federal PLUS Loan(s) will accrue. I may pay this interest as it accrues (for example, during an in-school deferment), or it may be capitalized (added to the principal of my loan(s)). If I inform my lender that I wish to pay interest as it accrues, but I do not submit the payments, my lender may capitalize that interest. If I inform my lender that I do not wish to pay interest as it accrues, my lender may capitalize that interest.

Capitalized interest increases the principal balance of my loan(s) and the total amount of interest I must pay.

Interest on my loan(s) may be capitalized to the extent permitted by the Act. Generally, capitalization may occur no more frequently than quarterly. (See the chart entitled, "Capitalization of Federal PLUS Loan Interest," for further information on capitalization.) The charts entitled, "Repaying Your Loans" allow me to estimate the cost of capitalization and the effect it will have on my monthly payments. If my loan amount is not shown on the charts, I understand I must add two or more amounts together to estimate more closely my monthly interest and my monthly payment.

I may be able to claim a federal income tax deduction for interest payments I make on my FFELP loans. For further information, I may refer to the IRS Publication 970, available at http://www.irs.gov.

**11. Loan Cancellation** — I understand that the terms of a full or partial loan cancellation depend on when I request the cancellation.

■ At any time before my loan money is disbursed, I may decline all or part of my loan money by notifying my lender or the school. No origination fee, federal default fee, or interest will be charged on the loan amount that is declined.

■ If the school receives the money by EFT or master check and has obtained my written confirmation of the types and amounts of federal student loans that I want to receive before crediting the loan funds to my or the student's account, I may cancel all or a part of that loan by informing the school within 14 days after the date the school notifies me of my right to cancel the loan, or by the first day of the school's payment period, whichever is later. (The school can tell me the first day of the payment period.) If my school has not obtained my written confirmation of the loans I want to receive, I may cancel all or part of the loan by informing the school within 30 days of the date the school notifies me of my right to cancel the loan. If I cancel all or a portion of a loan as described in this paragraph, the school will return the cancelled amount to my lender, and the loan fees will be eliminated or reduced in proportion to the amount returned.

■ At any time within 120 days of disbursement, I may pay back all or a part of that loan. The loan

Exhibit 2
Page 29

fees will be reduced or eliminated in proportion to the amount returned.

**12. Repayment** — All of my loans made under this MPN must be repaid.

The repayment period for each loan made under this MPN begins on the date of the final disbursement for that loan. This means that each loan I receive under this MPN will start repayment on a different date. Unless I receive a deferment or forbearance, the first payment on each loan will be due within 60 days of the final disbursement of that loan. My lender will notify me of the date my first payment is due. My repayment schedule may include all of my FFELP loans that are owned by the lender.

I am obligated to make payments on my loan(s) even if I do not receive a billing statement or repayment notice. My minimum annual payment required on all my FFELP loans will not, unless the lender otherwise agrees, be less than $600, except during a portion of the repayment period as provided in a graduated or income□sensitive repayment plan, in an extended repayment plan with graduated payments, or in an income-based repayment plan. Notwithstanding the preceding sentence, my minimum annual scheduled payments will not be less than the amount of interest due and payable, except as provided under an income-based repayment plan.

My repayment period for each loan generally lasts at least 5 years but may not exceed 10 years (except under an extended or income-based repayment plan). The maximum period for repaying a loan does not include periods of deferment or forbearance.

I will be given the opportunity to choose one of the following repayment plans:

■ **Standard Repayment Plan** — If I choose this plan, I will make fixed monthly payments and repay my loan(s) in full within 10 years from the date the loan(s) entered repayment. Payments must be at least $50 a month and will be more if necessary to repay the loan(s) within the required time period.

■ **Graduated Repayment Plan** — If I choose this plan, I will usually make lower monthly payments at first, and my payments will increase over time. No single payment will be more than three times greater than any other payment.

■ **Extended Repayment Plan** — If I choose this plan, I will make monthly payments based on fixed annual or graduated repayment amounts over a period not to exceed 25 years. If I make fixed

payments, payments must be at least $50 a month and will be more if necessary to repay the loan(s) within the required time period. I am only eligible for this plan if **(i)** at the time I obtain a loan under this MPN I have no outstanding balance on a FFELP loan made before October 7, 1998, and **(ii)** I accumulate outstanding FFELP loans exceeding $30,000.

■ **Income□Sensitive Repayment Plan** — If I choose this plan, my monthly payments will be adjusted annually, based on my expected total monthly gross income from all sources. I may contact my lender at any time for more information about this repayment plan option.

■ **Income□Based Repayment Plan** (effective July 1, 2009; for graduate and professional student PLUS borrowers only) — If I choose this plan, my required monthly payment amount will be based on my income during any period when I have a partial financial hardship. My monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If I choose this plan and meet certain requirements over a 25-year period, I may qualify for cancellation of any outstanding balance on my loans. I may contact my lender at any time for more information about this repayment plan.

If I am a graduate or professional student, these repayment plans will be explained in more detail during my exit counseling session.

Under each plan, the number or amount of payments may need to be adjusted to reflect capitalized interest and/or new loans made to me.

If I do not choose an income□sensitive, income-based, graduated, or extended repayment plan within 45 days after notification of my repayment choices, or if I choose an income□sensitive repayment plan but do not provide the required documentation within the lender□specified time frame, my lender will require that I repay the loan(s) under a standard repayment plan. If I choose an income-based repayment plan but do not provide the required documentation within the time frame specified by the lender, I will be required to repay the loan(s) under a schedule provided by the lender in accordance with the Act. I may change the repayment plan on my loan(s) once a year, except that I may end an income-based repayment plan at any time to repay under the standard repayment plan.

There will be no penalty for prepaying any portion of my loan(s).

Except as provided by the Act for payments made under the income-based repayment plan, all payments and prepayments may be applied in the following order: late charges, fees, and collection costs first, outstanding accrued interest second, and outstanding principal last.

If I fail to make any part of an installment payment within 15 days after it becomes due, I may owe a late charge. This charge may not exceed six cents for each dollar of each late installment.

**13. Sale or Transfer of Loan(s)** — The lender may sell or otherwise transfer one or all of my loans without my consent. If ownership of a loan is transferred and the entity to which I must make payments changes, I will be notified of that entity's name, address and telephone number, the effective date of the sale or transfer, and the date when I must begin sending payments to that entity. Sale or transfer of my loan(s) does not affect my rights and responsibilities under such loan(s). If the lender sells my loan(s) to another originating lender, the lender may also transfer the right to offer subsequent loans under the MPN to such purchaser. I always have the right to terminate a lender's ability to make loans to me under this MPN by written notice to the lender.

**14. Loan Discharge** — My loan(s) will be discharged if acceptable documentation of my death or the death of the student for whom I acquired a loan is submitted to my lender.

My loan(s) may also be discharged if I become totally and permanently disabled as defined by the Act and meet certain other requirements.

My loan(s) will not automatically be discharged in bankruptcy. In order to discharge a loan(s) in bankruptcy, I must prove undue hardship in an adversary proceeding before the bankruptcy court.

In certain cases, the Act provides for loan discharge if I (or the student) could not complete a course of study because the school closed, if my loan eligibility was falsely certified by the school, or if a loan in my name was falsely certified as a result of a crime of identity theft. The Act also provides for loan discharge in the amount of any required refund that the school did not make to my loan holder on my behalf.

Neither the lender, the guarantor, nor the Department of Education vouches for the quality or suitability of the academic programs offered by participating schools. Unless I qualify for loan discharge under the Act, I must repay the loan(s) even if I (or the student)

---

**Capitalization of Federal PLUS Loan Interest**

**What is Capitalization?**

Capitalization is a process whereby a lender adds unpaid interest to the principal balance of a loan(s). I am responsible for paying the interest due on my Federal PLUS Loan(s) from the date the lender disburses the loan funds until the loan(s) is paid in full.

If I am granted a deferment or forbearance and I choose to defer and capitalize interest charges, the principal balance of my loan(s) will increase each time my lender capitalizes unpaid interest. As a result, I will pay more interest charges over the life of the loan(s). When I resume repaying my loan(s), my monthly payment amount may be higher or, if my loan(s) is subject to the $50 minimum payment, I may be required to make more payments.

I should contact my lender if I have any questions or need more information.

This chart compares the monthly payments on a loan(s) where interest is paid while the loan is in a deferment or forbearance status and a loan(s) where the interest is capitalized. This example uses an interest rate of 8.5% and represents the loan amount outstanding when the borrower first enters repayment. This is an estimate only. The actual interest capitalized will depend on factors such as disbursement date, number of disbursements, and the frequency of capitalization. The estimate of interest capitalized in these examples is based on quarterly capitalization over a 12-month period.

| Treatment of Interest | Loan Amount | Capitalized Interest for 12 Months | Principal to Be Repaid | Monthly Payment | Number of Payments | Total Amount Repaid |
|---|---|---|---|---|---|---|
| When you pay the interest | $15,000 | $0 | $15,000 | $186 | 120 | $23,593* |
| When you don't pay the interest | $15,000 | $1,316 | $16,316 | $202 | 120 | $24,276 |

\* Total amount repaid includes $1,275 of interest paid by the borrower during the 12-month period of deferment or forbearance.

**Results:** During repayment, you may pay $16 less per month and $683 less over the lifetime of your loan(s) when you pay the interest as it is charged.

Exhibit 2
Page 30

do not complete the education paid for with the loan(s), am unable to obtain employment in the field of study for which the school provided training, or am dissatisfied with, or do not receive, the education paid for with the loan(s).

For additional information, I should contact my lender or guarantor.

**15. Consequences of Default** — Default is defined in detail in my MPN. If I default, the entire unpaid balance and collection fees on the applicable loan(s) will become immediately due and payable. Failure to repay any loan made under this MPN may result in any or all of the following:

■ Loss of federal and state income tax refunds,
■ Loss of other federal or state payments,
■ Legal action against me,
■ Collection charges (including attorney fees) being assessed against me,
■ Loss of my professional license,
■ An increase in my interest rate,
■ Loss of eligibility for other student aid and assistance under most federal benefit programs,
■ Loss of eligibility for loan deferments,
■ Negative credit reports to consumer reporting agencies,
■ Assignment of my loan to the Department, and/or
■ My employer withholding part of my wages to give them to my guarantor or the Department (administrative wage garnishment).

**16. Consumer Reporting Agency Notification** — Information concerning the amount, disbursement, and repayment status (current or delinquent) of my loan(s) will be reported by my lender to one or more national consumer reporting agencies on a regular basis. My loan(s) will be identified as an education loan(s). If I default on any loan(s) made under this MPN, the default will also be reported by the guarantor to all national consumer reporting agencies. Before any guarantor reports such a default, it will give me at least 30 days notice that default information will be disclosed to the consumer reporting agencies unless I enter into a repayment arrangement within 30 days of the date on the notice. The guarantor will give me a chance to ask for a review of the debt(s) before the default is reported. My lender or guarantor, as applicable, must provide a timely response to a request from any consumer reporting agency regarding objections I might raise with that agency about the accuracy and completeness of information reported by the lender or guarantor.

**17. Special Repayment Arrangements** — A Federal Consolidation Loan Program is available under which I may consolidate federal education loans received from different lenders, the same lender, and/or under different federal education loan programs into one loan. Depending on the amount I borrow, this program may result in an extension of my repayment period. Consolidation permits multiple debts to be combined into one monthly payment. For additional information, I should contact my lender or guarantor.

I may consolidate my FFELP loans into the Direct Loan Program to take advantage of the public service loan forgiveness program.  This program provides for the cancellation of the remaining balance due on eligible Direct Loan Program loans after I have made 120 payments (after October 1, 2007) on those loans under certain repayment plans while employed in certain public service jobs.

I may also consolidate my FFELP loans first disbursed on or after October 1, 2008 (including Federal Consolidation Loans that repaid FFELP or Direct Loan Program loans first disbursed on or after

October 1, 2008) into the Direct Loan Program to take advantage of the no accrual of interest benefit for active duty service members. No interest will be charged on the portion of my Direct Consolidation Loan that repaid FFELP or Direct Loan Program loans first disbursed on or after October 1, 2008 during periods of qualifying active duty military service (for up to 60 months).

The Act may provide for certain loan forgiveness or repayment benefits on my loans in addition to the benefits described in this MPN. If other forgiveness or repayment options become available, my loan holder will provide information about these benefits.

Under certain circumstances, military personnel may have their federal education loan(s) repaid by the Secretary of Defense. This address any questions to the local service recruiter. This is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. I should contact the agency's human resources department for more information.

**18. Deferments** — Under certain circumstances, I have a right to defer (postpone) repayment. The types of deferments that are available to me generally depend on when I first obtained a FFELP loan. Upon request, my lender will provide me with a deferment application that explains the eligibility requirements. If I am in default on a loan, I am not eligible for a deferment on that loan.

Deferment of repayment for loans made under this MPN is available:

■ While I am enrolled at least half time at an eligible school,
■ During the 6-month period after I cease to be enrolled at least half time,
■ While the student for whom I obtained a loan is enrolled at least half time at an eligible school,
■ During the 6-month period after the student for whom I obtained a loan ceases to be enrolled at least half time,
■ While I am engaged in a full-time course of study in a graduate fellowship program,
■ While I am engaged in a full-time rehabilitation training program for individuals with disabilities (if the program is approved by the Department of Education),
■ While I am conscientiously seeking, but unable to find, full-time employment (for up to three years),
■ While I am experiencing an economic hardship as determined by federal law (for up to three years),
■ While I am serving on active duty during a war or other military operation or national emergency or performing qualifying National Guard duty during a war or other military operation or national emergency and, if I was serving on or after October 1, 2007, for an additional 180-day period following the demobilization date for my qualifying service, or
■ If I am a member of the National Guard or other reserve component of the U.S. Armed Forces (current or retired) and I am called or ordered to active duty while I am enrolled at least half time at an eligible school or within 6 months of having been enrolled at least half time, during the 13 months following the conclusion of my active duty service, or until I return to enrolled student status on at least a half-time basis, whichever is earlier.

For in-school deferments based on my enrollment status and (if I am a graduate or professional student) for the 6-month period after I cease to be

enrolled at least half time, my lender will process the deferment based on **(i)** my request along with documentation verifying my eligibility, or **(ii)** the lender's receipt of a school certification of eligibility in connection with a new loan, or **(iii)** the lender's receipt of student status information indicating that I am enrolled on at least a half-time basis. If my lender processes a deferment based on **(ii)** or **(iii)**, I will be notified of the deferment and will have the option of canceling the deferment and continuing to make payments on my loan(s).

For all other deferments, I must provide my lender with a deferment request (or, for a deferment based on active duty or qualifying National Guard duty during a war or other military operation or national emergency, a representative may request the deferment on my behalf). I must also provide information and documentation that establishes my eligibility, except in certain circumstances when my lender may establish my eligibility by confirming I have received a deferment on another FFELP loan or on a Direct Loan.

**NOTE:** If at the time I obtain a loan under this MPN I have an outstanding balance on a FFELP loan disbursed before July 1, 1993, information on deferment conditions that apply will be found in my earlier promissory note materials.

**19. Forbearance** — If I am unable to make any scheduled loan payment(s), the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called a forbearance. Interest continues to accrue during a forbearance period.

The lender may grant me a forbearance due to poor health or other acceptable reasons.

My lender is generally not required to grant a forbearance and may require me to provide my reasons for the request and other information.

The lender may grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled installment payments. My lender may grant me an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, consolidation, or discharge.

Circumstances that require my lender to grant me a forbearance, if I provide appropriate documentation, include:

■ Serving in a medical or dental internship or residency program, if I meet certain criteria.
■ Serving in a national service position for which I receive a national service education award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service.
■ Qualifying for partial repayment of my loans under the Student Loan Repayment Program, as administered by the Department of Defense.
■ Having a monthly debt burden for Title IV loans that collectively equals or exceeds 20% of my total monthly gross income (for up to three years).
■ Being called to active duty in the U.S. Armed Forces.

For additional information, I should contact my lender.

*Repayment information follows*

Exhibit 2
Page 31

**Repaying Your Loans**

Follow these steps to estimate your loan payment.

---

**Step 1: Calculate Your Monthly Interest Charges**

Round your Federal PLUS Loan balance up to the nearest $500. If your loan amount is not on the table, follow the example below to estimate your monthly accrued interest.

**Example:**
Federal PLUS Loan of $5,479 at 8.5% interest.
Round up to nearest $500   $5,500.

| | |
|---|---|
| $5,000 | $35.42/month |
| + 500 | $ 3.54/month |
| $5,500 | $38.96/month* |

Your monthly interest   $

**Approximate Monthly Interest**

| Loan Amount | 8.5% |
|---|---|
| $   500 | $   3.54 |
| $ 1,000 | $   7.08 |
| $ 3,000 | $ 21.25 |
| $ 5,000 | $ 35.42 |
| $ 6,000 | $ 42.50 |
| $ 7,000 | $ 49.58 |
| $ 9,000 | $ 63.75 |
| $10,000 | $ 70.83 |
| $15,000 | $106.25 |
| $20,000 | $141.67 |
| $25,000 | $177.08 |

---

**Step 2: Estimate Your Capitalized Interest**

Complete this step only if you will capitalize interest on a Federal PLUS Loan. *This is an estimate only.* Actual interest capitalized will depend on factors such as disbursement dates, number of disbursements, and the frequency of capitalization.

| | Monthly Interest (From Step One) | | Number of Months in Deferment or Forbearance | | Estimate of Capitalized Interest |
|---|---|---|---|---|---|
| Example | $   38.96 | X | 22 | | $   857.12 |
| Your capitalized interest | $ | X | | | $ |

---

**Step 3: Estimate Your Monthly Payment**

Round your loan balance up to the nearest $500. If your principal amount is not on the table, follow the example below to estimate your monthly payment. If you previously had interest capitalized, add it to the outstanding loan amount to get the new principal amount.

**Example:**
Federal PLUS Loan of $6,357.12 ($5,500.00 + $857.12) at 8.5% interest.
Round up to nearest $500   $6,500.

| | |
|---|---|
| $6,000 | $74.39/month |
| + 500 | $ 6.20/month |
| $6,500 | $80.59/month |

Estimated monthly payment   $80.59

*Minimum monthly payment   $50 or amount of interest accruing each month.

**Estimated Monthly Payments (10-Year Term)**

| Loan Amount | 8.5% |
|---|---|
| $   500 | $   6.20 |
| $ 1,000* | $ 12.40 |
| $ 3,000* | $ 37.20 |
| $ 5,000 | $ 61.99 |
| $ 6,000 | $ 74.39 |
| $ 7,000 | $ 86.79 |
| $ 9,000 | $111.59 |
| $10,000 | $123.99 |
| $15,000 | $185.98 |
| $20,000 | $247.97 |
| $25,000 | $309.96 |

---

| | Loan Amount | | Estimate of Capitalized Interest (From Step Two) | | New Principal Balance | | Estimated Monthly Payment |
|---|---|---|---|---|---|---|---|
| Example | $   5,500 | + | $   857.12 | | $   6,357.12 | | $   80.59 |
| Your Monthly Payment | $ | + | $ | | $ | | $ |

Exhibit 2
Page 32

Exhibit 2
Page 33

**Federal Family Education Loan Program (FFELP)**

# Federal PLUS Loan
## Application and Master Promissory Note

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines, imprisonment, or both, under the United States Criminal Code and 20 U.S.C. 1097.

Guarantor, Program, or Lender Identification

800

United Student Aid Funds, Inc. - 800

OMB No.1845-0069
Form approved
Exp. date 03/31/2008

0224600000B066334                    02246000

## Borrower (Parent) Section
*Please print neatly in ink or type. Read the instructions carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | ▮▮▮▮▮ |

**3. Permanent Street Address** (If P.O. Box, see instructions.)

**4. Home Area Code/Telephone Number**
( ▮▮▮ ) ▮▮▮▮▮▮▮

| City | State | Zip Code | 5. Date of Birth (Month/Day/Birth Year) |
|---|---|---|---|
| LYNDHURST | NJ | 07071 | ▮▮▮▮▮ |

**6. E-mail Address**

**7. Driver's License State and Number**
State ▮▮  # ▮▮▮▮▮▮▮

**8. U.S. Citizenship Status** (Check a or b, and if b is checked, list Registration No.)
[8] a. Citizen/National   [ ] b. Permanent Resident/Other Eligible Non-Citizen   If "b", Alien Registration No.

| 9. Lender Name | City | State | Zip Code | 10. Lender Code, if known |
|---|---|---|---|---|
| AMS ED LN TRUST, BK ONE NA 333471 (333471) | | | | 333471 |

**11. Employer** (Name, Address, City, State, Zip)  N/A
N/A
NA           NA      11111

**12. Employer Telephone Number**
( 111 ) 1111111

**13. Borrower References:** You must provide two separate references **with different U.S. addresses** who have known you for at least three years. Both references must be completed in full. Do not list the the student as a reference.

Name
Permanent Address
City, State, Zip Code
E-mail Address
Area Code/Telephone Number
Relationship to Borrower

## Student Information Section

| 14. Last Name | First Name | MI |
|---|---|---|
| PEREIRA | SERGIO | F |

| 15. Social Security Number | 16. Date of Birth (Month/Day/Birth Year) |
|---|---|
| ▮▮▮▮▮ | ▮▮▮▮▮ |

## Borrower Request, Certifications, and Authorizations
*Read carefully before signing below.*

**17. Requested Loan Amount:** This is an Application and Master Promissory Note (hereafter, "MPN") for one or more Federal PLUS Loans. I request a Federal PLUS Loan in an amount not to exceed the annual cost of attendance for the student identified in the Student Information Section of this MPN, minus other financial aid that the student receives each academic year. For each loan, the school will notify me of the loan amount that I am eligible to receive. I may cancel my loan or request a lower amount by contacting my lender or the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me. If I have an adverse credit history and obtain an endorser to receive a PLUS Loan, only one loan may be made under this MPN.

**18.** Under penalty of perjury, I certify for any loan I receive under this MPN that:
**A.** The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
**B.** I am: **(i)** the biological or adoptive parent; or **(ii)** the spouse of a parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA) or will be reported if a FAFSA were filed.
**C.** I authorize the school to use any loan funds I receive under this MPN to satisfy authorized educational costs incurred by the dependent student named in the Student Information Section and that I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half time basis at the school that certified my loan eligibility.
**D. (i)** I do not now owe an overpayment on a Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, or Leveraging Educational Assistance Partnership Grant (formerly State Student Incentive Grant); or, if I owe an overpayment, I have made repayment arrangements with the holder to repay the amount owed, **(ii)** I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement); or I am in default on a loan and I have made satisfactory repayment arrangements with the holder of the defaulted loan.

**19.** For all Federal PLUS Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, and for certain other loans as described below, I make the following authorizations:
**A.** I authorize the school to certify my eligibility for Federal PLUS Loans under this MPN.
**B.** I authorize the lender, the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.
**C.** I authorize the school to pay to the lender any refund that may be due up to the full amount of the loan(s).
**D.** I authorize the school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my dependent student's account at the school.
**E.** I may tell my lender that I want to pay the interest that accrues. However, in all cases, unless I pay the interest, my lender will add the unpaid interest that accrues during forbearance and deferment and other periods on each PLUS Loan made under this MPN to the principal balance of that loan ("capitalization") as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest costs I must pay.
**F.** I authorize the release of information pertinent to my loan(s): **(i)** by the school, the lender, and the guarantor, or their agents, to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and **(ii)** by and among the schools, lenders, guarantors, the U.S. Department of Education (the Department), and their agents.
**G.** So that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under its control, including information from the FAFSA, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.
**H.** I authorize my lender to defer repayment of principal on my loan(s) based on my in school status.

## Promise to Pay
*In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**20.** I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this Application and Master Promissory Note (hereafter "MPN"), plus interest and other charges and fees that may become due as provided in this MPN. **I understand that multiple loans may be made to me under this MPN for the dependent identified in the Student Information Section.** I understand that by accepting any disbursements issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan(s) during deferment or forbearance periods or other periods will be added as provided under the Act to the principal balance of such loan(s). If I fail to make any payment on any loan made under this MPN when due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, and Authorizations printed above, the Notice About Subsequent Loans Made Under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

**21. Parent Borrower's Signature**  SERGIO F PEREIRA
01.01.01   L59 E19ADB2D311686B2273A3F3272C9DD7A

**22. Today's Date** *(Month/Day/Year)*  10/15/2008

*Additional MPN provisions follow*

Exhibit 2
Page 34

# Federal PLUS Loan Master Promissory Note *(continued)*

### Disclosure of Loan Terms

Loans disbursed under this MPN are subject to the loan limits specified in the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). Under this MPN, the principal amount that I owe and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan to me under this MPN after my loan eligibility is determined by my dependent's school. At or before the time of the first disbursement for each loan, a disclosure statement will be issued to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds to pay for my dependent's educational costs. The school will determine my eligibility and notify the lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN.

### Loan Cancellation

I may pay back all or a portion of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure statement I receive at or before disbursement. In such case, the origination fee and guarantee fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act.  Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. This includes interest accruing during any period of deferment or forbearance. I agree to pay all interest charges on my loan(s).

I will begin paying interest upon disbursement of my loan. If I do not make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency(ies) that guarantee(s) my loan(s) (in each case, the "guarantor") may charge a per loan guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees may be refundable only to the extent permitted by the Act.

### Late Charges and Collection Costs

The lender may collect from me: **(i)** a late charge for each late installment payment if I fail to make any part of a required installment payment within 15 days after the date it becomes due, and **(ii)** any other charges and fees that are permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I must repay the full amount of the loan(s) made under this MPN and the accrued interest.  I will repay the principal of each loan in periodic installments during a repayment period that begins on the day of the final disbursement for that loan.

My lender must provide me with a choice of repayment plans consistent with the provisions of the Act. My principal repayment period for each loan, exclusive of any period(s) of deferment or forbearance, generally lasts five years but may not exceed 10 years unless I am eligible for an extended repayment plan.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. I agree that the lender may align payment dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon repayment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

### Acceleration and Default

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs: **(i)** the dependent for whom I am borrowing fails to enroll as at least a half time student at the school that certified my loan eligibility, **(ii)** I fail to use the proceeds of the loan(s) solely for educational costs of the dependent student for whom I am borrowing, **(iii)** I make a false representation(s) that results in my receiving any loan(s) for which I am not eligible, or **(iv)** I default on the loan(s).

The following events will constitute a default on my loan(s): **(i)** I fail to pay the entire unpaid balance of the applicable loan(s) after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; **(ii)** I fail to make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or **(iii)** I fail to comply with other terms of the loan(s), and the lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, this will be reported to all national credit bureaus and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement.

Following default, the loan(s) may be subject to income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

If a particular loan under this MPN is made by the school, or if the proceeds of a particular loan made under this MPN are used to pay tuition and charges at a for profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any lender holding such loan is subject to all claims and defenses that I could assert against the school with respect to such loan. My recovery under this provision shall not exceed the amount I paid on such loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided.  I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term on this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions shall remain in force.

---

### Notice About Subsequent Loans Made Under This MPN

This Master Promissory Note authorizes the lender to disburse multiple loans to pay the educational costs of the dependent student identified in the Student Information Section during the multi year term of this MPN upon my request and upon the school's certification of my loan eligibility.  Subsequent loans for this dependent may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: **(i)** the date my lender receives my written notice that no further loans may be disbursed under the MPN; **(ii)** one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or **(iii)** ten years after the date of my signature on this MPN; or the date the lender receives this MPN.

Any amendment to the Act governs the terms of any loan(s) disbursed on or after the effective date of such amendment, and such amended terms are hereby incorporated into this Master Promissory Note.

Exhibit 2
Page 35

**Addendum to the Federal PLUS Loan Application and Master Promissory Note and Endorser Addendum**
**Federal Family Education Loan Program**

The Higher Education Reconciliation Act of 2005 (HERA) and the College Cost Reduction and Access Act of 2007 (CCRAA) changed some of the terms of Federal PLUS Loans made under the Federal Family Education Loan Program (FFELP).  As a result, certain terms of the loan(s) you receive under the accompanying Federal PLUS Loan Application and Master Promissory Note (MPN) or endorse under the accompanying Endorser Addendum to Federal PLUS Loan Application and Master Promissory Note (Endorser Addendum) differ from the terms in the MPN, Endorser Addendum, and Borrower's Rights and Responsibilities Statement.  This Addendum describes the changes made to the loan terms by the HERA and CCRAA.  Your loan is subject to those changes.  The changes set forth in this Addendum are incorporated into and made a part of the accompanying MPN that you sign and the Borrower's Rights and Responsibilities Statement.

- **Graduate and Professional Students May Borrow PLUS Loans.**  *Effective for loans certified on or after July 1, 2006,* a graduate or professional student may borrow a Federal PLUS Loan.  Before applying for a Federal PLUS Loan, a graduate or professional student must first complete the Free Application for Federal Student Aid (FAFSA) and must have been determined eligible for his or her maximum loan amount under the Federal Subsidized and Unsubsidized Stafford Loan Program.  Except as provided in this Addendum, the terms and conditions of the Federal PLUS Loan as described in the accompanying MPN and Borrower's Rights and Responsibilities Statement apply regardless of whether the borrower is a parent or a graduate or professional student.

***The following changes apply only to graduate or professional student Federal PLUS Loan borrowers and to endorsers of Federal PLUS Loans made to graduate or professional student borrowers:***

- **General Changes.**  If you are a graduate or professional student, all references to "student," "dependent student," "dependent" or "parent" throughout the MPN refer to you.  If you are an endorser for a graduate or professional student Federal PLUS Loan borrower, all references to "student," "dependent student," or "parent" throughout the Endorser Addendum refer to the student borrower.

- **MPN: Borrower (Parent) Section and Student Information Section.**  If you are a graduate or professional student, provide information about yourself in both the "Borrower (Parent) Section" and the "Student Information Section" of the MPN.  Do not leave any items blank.

- **Endorser Addendum: Section B., Loan Description.**  If you are an endorser for a graduate or professional student Federal PLUS Loan borrower, provide information about the student in both the parent borrower items (12, 13 and 15) and the student items (16 and 17).

- **MPN: Borrower Request, Certifications, and Authorizations.**  If you are a graduate or professional student, paragraph 18.B. does not apply, and paragraph 18.C. is revised to read as follows: "Loan proceeds will be used for authorized educational costs, and I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half-time basis at the school that certified my loan eligibility."

- **MPN: Promise to Pay.**  If you are a graduate or professional student, the second sentence of paragraph 20 is revised to read as follows:  "**I understand that multiple loans may be made to me under this MPN.**"

- **Borrower's Rights and Responsibilities Statement: Item 12, Repayment.**  *Effective July 1, 2009,* an Income-Based Repayment Plan is available for Federal PLUS Loans made to graduate or professional student borrowers.  Under this plan, the required monthly payment amount will be based on a borrower's income during any period when the borrower has a partial financial hardship.  The maximum repayment period under this plan may exceed 10 years.  Eligible borrowers who meet certain requirements over a specified period of time may qualify for cancellation of any outstanding balance on their loans.

*The following changes apply to all Federal PLUS Loan borrowers:*

- **MPN: Borrower Request, Certifications, and Authorizations.**  *Effective for MPNs signed on or after July 1, 2006,* by signing your MPN you are certifying, under penalty of perjury, that if you have been convicted of, or have pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, you have completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

  If you are a parent applying for a Federal PLUS Loan for a dependent undergraduate student, you are not eligible for a Federal PLUS Loan if that student has been convicted of, or has pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, unless that student has completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

- **Borrower's Rights and Responsibilities Statement: Item 5, Loan Fees.**  *Effective for loans for which the date of guarantee of principal is on or after July 1, 2006, this item is revised to read as follows:*  "**5. Loan Fees -** I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate as specified in the Act. If I am charged these fees, they will be deducted proportionately from each disbursement."  **NOTE:**  Any reference to a guarantee fee in the MPN is deemed to be a reference to the federal default fee.

- **Borrower's Rights and Responsibilities Statement: Item 6, Disbursement of Loan Money.**  *Effective July 1, 2006,* loan money for students enrolled in foreign schools must be sent to the school, and generally must be disbursed in multiple installments.

- **Borrower's Rights and Responsibilities Statement: Item 9, Interest Rates.**  *Effective for loans first disbursed on or after July 1, 2006,* a Federal PLUS Loan has a fixed interest rate.

- **Borrower's Rights and Responsibilities Statement: Item 14, Loan Discharge.**  *Effective July 1, 2006,* a loan is also eligible for discharge if it is determined that the borrower's eligibility for the loan was falsely certified as a result of a crime of identity theft.

- **Borrower's Rights and Responsibilities Statement: Item 17, Special Repayment Arrangements.**  *Effective for consolidation applications received on or after July 1, 2006,* a married couple may no longer borrow a Federal Consolidation Loan as joint borrowers. *Effective July 1, 2008,* a borrower may consolidate his or her FFELP loans into the William D. Ford Federal Direct Loan (Direct Loan) Program to take advantage of the public service loan forgiveness program.  This program provides for the cancellation of the remaining balance due on eligible Direct Loan Program loans after the borrower has made 120 payments (after October 1, 2007) on those Direct Loans under certain repayment plans while the borrower is employed in certain public service jobs.

- **Borrower's Rights and Responsibilities Statement: Item 18, Deferments.**  *Effective July 1, 2006,* a deferment is available for a period during which a borrower is serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency, and if the borrower is serving on or after October 1, 2007, for the 180-day period following the demobilization date for the qualifying service. *Effective October 1, 2007,* a borrower who is a member of the National Guard or other reserve component of the U. S. Armed Forces (current or retired) and who is called or ordered to active duty while enrolled at an eligible school, or within 6 months after having been enrolled, is eligible for a deferment during the 13 months following the conclusion of the active duty service, or until the date the borrower returns to enrolled student status, whichever is earlier.

Exhibit 2
Page 37

**Federal Family Education Loan Program (FFELP)**

# Federal PLUS Loan
## Application and Master Promissory Note

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines, imprisonment, or both, under the United States Criminal Code and 20 U.S.C. 1097.

| Guarantor, Program, or Lender Identification | OMB No.1845-0069 Form approved Exp. date 03/31/2008 |
|---|---|
| 800 | |
| United States Aid Funds, Inc. - 800 | |
| 0224600000B066334 | 02246000 |

## Borrower (Parent) Section
*Please print neatly in ink or type. Read the instructions carefully.*

**1. Last Name** PEREIRA  **First Name** SERGIO  **MI** F  **2. Social Security Number**

**3. Permanent Street Address (If P.O. Box, see instructions.)**  **4. Home Area Code/Telephone Number** ( )

**City**  **State**  **Zip Code**  **5. Date of Birth (Month/Day/Birth Year)**

**6. E-mail Address**  **7. Driver's License State and Number**  State  #

**8. U.S. Citizenship Status (Check a or b, and if b is checked, list Registration No.)**
[8] a. Citizen/National  [ ] b. Permanent Resident/Other Eligible Non-Citizen  If "b", Alien Registration No.

**9. Lender Name** AMS ED LN TRUST, BK ONE NA 333471 (333471)  **City**  **State**  **Zip Code**  **10. Lender Code, if known** 333471

**11. Employer (Name, Address, City, State, Zip)** N/A  NA  NA  11111  **12. Employer Telephone Number** ( 111 ) 1111111

**13. Borrower References:** You must provide two separate references **with different U.S. addresses** who have known you for at least three years. Both references must be completed in full. Do not list the the student as a reference.

Name

Permanent Address

City, State, Zip Code

E-mail Address

Area Code/Telephone Number

Relationship to Borrower

## Student Information Section

**14. Last Name** PEREIRA  **First Name** SERGIO  **MI** F

**15. Social Security Number**  **16. Date of Birth (Month/Day/Birth Year)**

## Borrower Request, Certifications, and Authorizations
*Read carefully before signing below.*

**17. Requested Loan Amount:** This is an Application and Master Promissory Note (hereafter, "MPN") for one or more Federal PLUS Loans. I request a Federal PLUS Loan under this MPN in an amount not to exceed the annual cost of attendance for the student identified in the Student Information Section of this MPN, minus other financial aid that the student receives each academic year. For each loan, the school will notify me of the loan amount that I am eligible to receive. I may cancel my loan or request a lower amount by contacting my lender or the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me. If I have an adverse credit history and obtain an endorser to receive a PLUS Loan, only one loan may be made under this MPN.

**18.** Under penalty of perjury, I certify for any loan I receive under this MPN that:
**A.** The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
**B.** I am: **(i)** the biological or adoptive parent; or **(ii)** the spouse of a parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA) or would be reported if a FAFSA were filed.
**C.** The loan proceeds will be used for authorized educational costs incurred by the dependent student named in the Student Information Section and that I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half time basis at the school that certified my loan eligibility.
**D. (i)** I do not now owe an overpayment on a Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, or Leveraging Educational Assistance Partnership Grant (formerly State Student Incentive Grant); or, if I owe an overpayment, I have made repayment arrangements with the holder to repay the amount owed, **(ii)** I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement); or I am in default on a loan and I have made satisfactory repayment arrangements with the holder of the defaulted loan.

**19.** For all Federal PLUS Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, and for certain other loans as described below, I make the following authorizations:
**A.** I authorize the school to certify my eligibility for Federal PLUS Loans under this MPN.
**B.** I authorize the lender, the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.
**C.** I authorize the school to pay to the lender any refund that may be due up to the full amount of the loan(s).
**D.** I authorize the school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my dependent student's account at the school.
**E.** I may tell my lender that I want to pay the interest that accrues. However, in all cases, unless I pay the interest, my lender will add the unpaid interest that accrues during forbearance and deferment and other periods on each PLUS Loan made under this MPN to the principal balance of that loan ("capitalization") as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest costs I must pay.
**F.** I authorize the release of information pertinent to my loan(s): **(i)** by the school, the lender, and the guarantor, or their agents, to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and **(ii)** by and among the schools, lenders, guarantors, the U.S. Department of Education (the Department), and their agents.
**G.** So that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under its control, including information from the FAFSA, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.
**H.** I authorize my lender to defer repayment of principal on my loan(s) based on my in school status.

## Promise to Pay
*In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**20.** I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this Application and Master Promissory Note (hereafter "MPN"), plus interest and other charges and fees that may become due as provided in this MPN. **I understand that multiple loans may be made under this MPN for the dependent identified in the Student Information Section.** I understand that by accepting disbursements issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan(s) during deferment or forbearance periods or other periods will be added as provided under the Act to the principal balance of such loan(s). If I fail to make any payment on any loan made under this MPN when due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, and Authorizations printed above, the Notice About Subsequent Loans Made Under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

**21. Parent Borrower's Signature** SERGIO F PEREIRA  **22. Today's Date (Month/Day/Year)** 10/15/2008

01.01.01    L59 E19ADB2D311686B2273A3F3272C9DD7A

*Additional MPN provisions follow*

Exhibit 2
Page 38

# Federal PLUS Loan Master Promissory Note *(continued)*

**Disclosure of Loan Terms**

Loans disbursed under this MPN are subject to the loan limits specified in the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). Under this MPN, the principal amount that I owe and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan to me under this MPN after my loan eligibility is determined by my dependent's school. At or before the time of the first disbursement for each loan, a disclosure statement will be issued to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds to pay for my dependent's educational costs. The school will determine my eligibility and notify the lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN.

**Loan Cancellation**

I may pay back all or a portion of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure statement I receive at or before disbursement. In such case, the origination fee and guarantee fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

**Interest**

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act.  Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. This includes interest accruing during any period of deferment or forbearance. I agree to pay all interest charges on my loan(s).

I will begin paying interest upon disbursement of my loan. If I do not make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

**Origination Fee and Guarantee Fee**

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency(ies) that guarantee(s) my loan(s) (in each case, the "guarantor") may charge a per loan guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees may be refundable only to the extent permitted by the Act.

**Late Charges and Collection Costs**

The lender may collect from me: **(i)** a late charge for each late installment payment if I fail to make any part of a required installment payment within 15 days after the date it becomes due, and **(ii)** any other charges and fees that are permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

**Repayment**

I must repay the full amount of the loan(s) made under this MPN and the accrued interest.  I will repay the principal of each loan in periodic installments during a repayment period that begins on the day of the final disbursement for that loan.

My lender must provide me with a choice of repayment plans consistent with the provisions of the Act. My principal repayment period for each loan, exclusive of any period(s) of deferment or forbearance, generally lasts five years but may not exceed 10 years unless I am eligible for an extended repayment plan.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. I agree that the lender may align payment dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon repayment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

**Acceleration and Default**

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs: **(i)** the dependent for whom I am borrowing fails to enroll as at least a half time student at the school that certified my loan eligibility, **(ii)** I fail to use the proceeds of the loan(s) solely for educational costs of the dependent student for whom I am borrowing, **(iii)** I make a false representation(s) that results in my receiving any loan(s) for which I am not eligible, or **(iv)** I default on the loan(s).

The following events will constitute a default on my loan(s): **(i)** I fail to pay the entire unpaid balance of the applicable loan(s) after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; **(ii)** I fail to make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or **(iii)** I fail to comply with other terms of the loan(s), and the lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, this will be reported to all national credit bureaus and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement.

Following default, the lender(s) may be subject to income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

**Governing Law and Notices**

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

If a particular loan under this MPN is made by the school, or if the proceeds of a particular loan made under this MPN are used to pay tuition and charges at a for profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any lender holding such loan is subject to all claims and defenses that I could assert against the school with respect to such loan. My recovery under this provision shall not exceed the amount I paid on such loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided.  I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term on this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions shall remain in force.

---

**Notice About Subsequent Loans Made Under This MPN**

This Master Promissory Note authorizes the lender to disburse multiple loans to pay the educational costs of the dependent student identified in the Student Information Section during the multi year term of this MPN upon my request and upon the school's certification of my loan eligibility.  Subsequent loans for this dependent may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: **(i)** the date my lender receives my written notice that no further loans may be disbursed under the MPN; **(ii)** one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or **(iii)** ten years after the date of my signature on this MPN; or the date the lender receives this MPN.

Any amendment to the Act governs the terms of any loan(s) disbursed on or after the effective date of such amendment, and such amended terms are hereby incorporated into this Master Promissory Note.

Exhibit 2
Page 39

**Addendum to the Federal PLUS Loan Application and Master Promissory Note and Endorser Addendum**
**Federal Family Education Loan Program**

The Higher Education Reconciliation Act of 2005 (HERA) and the College Cost Reduction and Access Act of 2007 (CCRAA) changed some of the terms of Federal PLUS Loans made under the Federal Family Education Loan Program (FFELP). As a result, certain terms of the loan(s) you receive under the accompanying Federal PLUS Loan Application and Master Promissory Note (MPN) or endorse under the accompanying Endorser Addendum to Federal PLUS Loan Application and Master Promissory Note (Endorser Addendum) differ from the terms in the MPN, Endorser Addendum, and Borrower's Rights and Responsibilities Statement. This Addendum describes the changes made to the loan terms by the HERA and CCRAA. Your loan is subject to those changes. The changes set forth in this Addendum are incorporated into and made a part of the accompanying MPN or Endorser Addendum that you sign and the Borrower's Rights and Responsibilities Statement.

- **Graduate and Professional Students May Borrow PLUS Loans.** *Effective for loans certified on or after July 1, 2006,* a graduate or professional student may borrow a Federal PLUS Loan. Before applying for a Federal PLUS Loan, a graduate or professional student must first complete the Free Application for Federal Student Aid (FAFSA) and must have been determined eligible for his or her maximum loan amount under the Federal Subsidized and Unsubsidized Stafford Loan Program. Except as provided in this Addendum, the terms and conditions of the Federal PLUS Loan as described in the accompanying MPN and Borrower's Rights and Responsibilities Statement apply regardless of whether the borrower is a parent or a graduate or professional student.

*The following changes apply only to graduate or professional student Federal PLUS Loan borrowers and to endorsers of Federal PLUS Loans made to graduate or professional student borrowers:*

- **General Changes.** If you are a graduate or professional student, all references to "student," "dependent student," "dependent" or "parent" throughout the MPN refer to you. If you are an endorser for a graduate or professional student Federal PLUS Loan borrower, all references to "student," "dependent student," or "parent" throughout the Endorser Addendum refer to the student borrower.

- **MPN: Borrower (Parent) Section and Student Information Section.** If you are a graduate or professional student, provide information about yourself in both the "Borrower (Parent) Section" and the "Student Information Section" of the MPN. Do not leave any items blank.

- **Endorser Addendum: Section B., Loan Description.** If you are an endorser for a graduate or professional student Federal PLUS Loan borrower, provide information about the student in both the parent borrower items (12, 13 and 15) and the student items (16 and 17).

- **MPN: Borrower Request, Certifications, and Authorizations.** If you are a graduate or professional student, paragraph 18.B. does not apply, and paragraph 18.C. is revised to read as follows: "Loan proceeds will be used for authorized educational costs, and I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half-time basis at the school that certified my loan eligibility."

- **MPN: Promise to Pay.** If you are a graduate or professional student, the second sentence of paragraph 20 is revised to read as follows: "**I understand that multiple loans may be made to me under this MPN.**"

- **Borrower's Rights and Responsibilities Statement: Item 12, Repayment.** *Effective July 1, 2009,* an Income-Based Repayment Plan is available for Federal PLUS Loans made to graduate or professional student borrowers. Under this plan, the required monthly payment amount will be based on a borrower's income during any period when the borrower has a partial financial hardship. The maximum repayment period under this plan may exceed 10 years. Eligible borrowers who meet certain requirements over a specified period of time may qualify for cancellation of any outstanding balance on their loans.

*The following changes apply to all Federal PLUS Loan borrowers:*

- **MPN: Borrower Request, Certifications, and Authorizations.** *Effective for MPNs signed on or after July 1, 2006,* by signing your MPN you are certifying, under penalty of perjury, that if you have been convicted of, or have pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, you have completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

  If you are a parent applying for a Federal PLUS Loan for a dependent undergraduate student, you are not eligible for a Federal PLUS Loan if that student has been convicted of, or has pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, unless that student has completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

- **Borrower's Rights and Responsibilities Statement: Item 5, Loan Fees.** *Effective for loans for which the date of guarantee of principal is on or after July 1, 2006, this item is revised to read as follows:* "5. **Loan Fees -** I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate as specified in the Act. If I am charged these fees, they will be deducted proportionately from each disbursement." **NOTE:** Any reference to a guarantee fee in the MPN is deemed to be a reference to the federal default fee.

- **Borrower's Rights and Responsibilities Statement: Item 6, Disbursement of Loan Money.** *Effective July 1, 2006,* loan money for students enrolled in foreign schools must be sent to the school, and generally must be disbursed in multiple installments.

- **Borrower's Rights and Responsibilities Statement: Item 9, Interest Rates.** *Effective for loans first disbursed on or after July 1, 2006,* a Federal PLUS Loan has a fixed interest rate.

- **Borrower's Rights and Responsibilities Statement: Item 14, Loan Discharge.** *Effective July 1, 2006,* a loan is also eligible for discharge if it is determined that the borrower's eligibility for the loan was falsely certified as a result of a crime of identity theft.

- **Borrower's Rights and Responsibilities Statement: Item 17, Special Repayment Arrangements.** *Effective for consolidation applications received on or after July 1, 2006,* a married couple may no longer borrow a Federal Consolidation Loan as joint borrowers. *Effective July 1, 2008,* a borrower may consolidate his or her FFELP loans into the William D. Ford Federal Direct Loan (Direct Loan) Program to take advantage of the public service loan forgiveness program. This program provides for the cancellation of the remaining balance due on eligible Direct Loan loans after the borrower has made 120 payments (after October 1, 2007) on those Direct Loans under certain repayment plans while the borrower is employed in certain public service jobs.

- **Borrower's Rights and Responsibilities Statement: Item 18, Deferments.** *Effective July 1, 2006,* a deferment is available for a period during which a borrower is serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency, and if the borrower is serving on or after October 1, 2007, for the 180-day period following the demobilization date for the qualifying service. *Effective October 1, 2007,* a borrower who is a member of the National Guard or other reserve component of the U. S. Armed Forces (current or retired) and who is called or ordered to active duty while enrolled at an eligible school, or within 6 months after having been enrolled, is eligible for a deferment during the 13 months following the conclusion of the active duty service, or until the date the borrower returns to enrolled student status, whichever is earlier.

*REVISED 12-14-2007*

Exhibit 2
Page 40

Exhibit 2
Page 41

Federal Family Education Loan Program (FFELP)

# Federal Stafford Loan
# Master Promissory Note (MPN)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

| Guarantor, Program, or Lender Identification | |
|---|---|
| 800 | OMB No. 1845-0006<br>Form approved<br>Exp. date 07/31/2011 |
| United Student Aid Funds, Inc.    800 | |

0224600000B084622                                02246000

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW LOAN ACCOUNT:** To help the government fight the funding of terrorism and money laundering activities, federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens a loan account. **What this means for you:** Your name, address, date of birth, and other information collected in this form will be used to verify your identity. You may also be asked to provide your driver's license or other identifying documents.

## Borrower Information                                    *Print using a dark ink ballpoint pen or type. Read the instructions on page 3 carefully.*

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | |

| 3. Permanent Address (See instructions.) | 4. Area Code/Telephone Number | 5. Date of Birth (mm-dd-yyyy) |
|---|---|---|
| | (    ) | |
| City                  State          Zip Code | 6. Driver's License State and Number | 7. E-mail Address |
| | State      # | |

| 8. Lender Name | City | State | Zip Code | 9. Lender Code, if known |
|---|---|---|---|---|
| AMS ED LN TRUST, BK ONE NA 333471 (333471) | | | | 333471 |

10. **References:** You must provide two separate adult references with different U.S. addresses who have known you for at least three years.  The first reference should be a parent (if living) or legal guardian.  Both references must be completed in full.

Name

Permanent Address

City, State, Zip Code

E-mail Address

Area Code/Telephone Number

Relationship to Borrower

11. **Requested Loan Amount:** I request a total amount of subsidized and/or unsubsidized loans under this MPN not to exceed the annual and aggregate loan limits authorized under the Higher Education Act of 1965, as amended. My school will notify me of the type(s) and amount(s) of loan(s) that I am eligible to borrow. I may cancel my loan or request a lower amount by contacting my lender or school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me.

12. **Interest Payments (Optional):**

☐ If I receive any unsubsidized Federal Stafford Loan(s) under this MPN, I want to pay the interest on the loan(s) while I am in school.

## Borrower Certifications and Authorizations                                    *Read carefully before signing below.*

13. Under penalty of perjury, I certify for any loan I receive under this MPN that:
   A. The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
   B. Loan proceeds will be used for authorized educational costs that I incur. I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half time basis at the school that certified my loan eligibility.
   C. If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science and Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements with the holder to repay the amount owed.
   D. If I am in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement), I have made satisfactory arrangements with the holder to repay the amount owed.
   E. If I have been convicted of, or pled *nolo contendere* (no contest) or guilty to, a crime involving fraud in obtaining funds under Title IV of the Higher Education Act of 1965, as amended, I have completed the repayment of such funds to the U.S. Department of Education (the Department), or to the loan holder in the case of a Title IV federal student loan.

14. For all subsidized and unsubsidized Federal Stafford Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, I make the following authorizations:
   A. I authorize my school to certify my eligibility for loans under this MPN.
   B. I authorize the lender, the guarantor, or their agents to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.

   C. I authorize my school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my student account at the school.
   D. I authorize my school to pay to the lender any refund that may be due up to the full loan amount.
   E. I request and authorize my lender to: **(i)** during the in school and grace periods of any loans made under this MPN, defer and align the repayment of principal on all of my Federal Stafford Loans held by the lender that are in repayment status; and **(ii)** add the unpaid interest that accrues on any Federal Stafford Loan to the principal balance of the loan (capitalization) during forbearance periods and, for unsubsidized loans, during in school, grace, and deferment periods as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest I must pay.
   F. I authorize the school, the lender, the guarantor, the Department, and their respective agents and contractors to contact me regarding my loan request(s) or my loan(s), including repayment of my loan(s), at the current or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.
   G. I authorize the release of information pertinent to my loan(s): **(i)** by the school(s), the lender, and the guarantor(s), or their agents to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and **(ii)** by and among my school(s), lender(s), guarantor(s), the Department, and their agents.
   H. To verify information I provide and so that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.

## Promise to Pay        *In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

15. I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. **I understand that, if I qualify, more than one loan may be made to me under this MPN.** I understand that by accepting any disbursements issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my unsubsidized loan(s) during in school, grace, deferment, forbearance, and other periods may be added as provided under the Act to the principal balance of such loan(s). If I do not make any payment on any loan made under this MPN when it is due, I will also pay reasonable collection costs including, but not limited to, attorney fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to a copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Certifications and Authorizations printed above, the Notice about Subsequent Loans Made under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

| 16. Borrower Signature   SERGIO F PEREIRA | 17. Today's Date (mm-dd-yyyy)   10/27/2009 |
|---|---|
| 01.01.01       Q1R F44E0D856A4AEAF08A0BB6764FD29705 | *Additional MPN provisions follow* |

Exhibit 2
Page 42

# Federal Stafford Loan Master Promissory Note (MPN) *(continued)*

**Governing Law**

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (the Department's) regulations, as they may be amended in accordance with their effective date, and other applicable federal statutes and regulations (collectively referred to as the "Act"), and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

**Disclosure of Terms**

This MPN applies to both subsidized and unsubsidized Federal Stafford Loans. Loans disbursed under this MPN are subject to the loan limits specified in the Act. Under this MPN, the principal amount that I owe, and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan under this MPN after my eligibility is determined by the school. At or before the time of the first disbursement for each loan, a disclosure statement will be provided to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN. If the information in this MPN conflicts with information in the disclosure, the specific terms and information in the disclosure apply to my loan.

I may request additional loan funds for my educational costs, up to the annual and aggregate loan limits as specified in the Act. The school will determine my eligibility and notify my lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN. I understand that my lender may use a servicer to handle billing and other communications related to my loan.

**Loan Cancellation**

I may pay back all or a part of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure I receive at or before disbursement. In such case, any origination fee and federal default fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

**Interest**

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act. Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate for each loan is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my subsidized Federal Stafford Loan(s) except interest payable by the federal government under the Act. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan(s). If I do not make required payments of interest before the beginning or resumption of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

**Origination Fee and Federal Default Fee**

An origination fee and a federal default fee may be charged for each loan made under this MPN. The Act specifies the maximum amount of each fee and authorizes both fees to

be deducted from my loan amount. The fee(s) I am charged, as identified in the disclosure statement, will be deducted proportionately from each disbursement of my loan(s). I understand the origination and federal default fees may be refundable only to the extent permitted by the Act.

**Late Charges and Collection Costs**

The lender may collect from me: (i) a late charge for each late installment payment if I do not make any part of a required installment payment within 15 days after the date it becomes due, and (ii) any other charges and fees that are specifically permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

**Repayment**

I must repay the full amount of the loan(s) made under this MPN and accrued interest. Federal Stafford Loans have a repayment grace period, which will be disclosed in my disclosure statement. I will repay the principal of each loan in periodic installments during a repayment period that begins on the day immediately following the end of the 6 month grace period.

I understand that the school's certification of my loan eligibility determines whether my loans are subsidized and/or unsubsidized loans.

I will have a choice of repayment plans as provided in the Act. My repayment period for each loan generally lasts at least 5 years but may not exceed 10 years (except under an extended or income based repayment plan). The maximum period for repaying a loan does not include periods of deferment or forbearance.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount, except during periods of repayment under an income based repayment plan, when payments will be applied first to interest due, then to fees due, and then to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. The lender may align payment due dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon payment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

**Acceleration and Default**

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs regarding that loan: (i) I do not enroll as at least a half time student at the school that certified my loan eligibility, (ii) I do not use the proceeds of the loan solely for my educational costs, (iii) I make a false representation that results in my receiving a loan for which I am not eligible, or (iv) I default on the loan.

The following events will constitute a default on a loan: (i) I do not pay the entire unpaid balance of the applicable loan after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; (ii) I do not make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or (iii) I do not comply with other terms of the loan, and the

lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, the default will be reported to all national consumer reporting agencies and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, the loan(s) may be subject to income based or income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

**Legal Notices**

Any lender holding a loan made under this MPN is subject to all claims and defenses that I could assert against the school with respect to that loan if (i) the loan was made by the school or a school affiliated organization, (ii) the lender who made the loan provided an improper inducement (as defined by the Act) to the school or to any other party in connection with the making of the loan, (iii) the school refers loan applicants to the lender, or (iv) the school is affiliated with the lender by common control, contract, or business arrangement. My recovery under this provision will not exceed the amount I paid on the loan.

Information about my loan(s) will be submitted to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific purposes as authorized by the Department.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided. I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term of this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions remain in force.

---

**Notice about Subsequent Loans Made under This MPN**

This MPN authorizes the lender to disburse multiple loans to pay my educational costs during the multi year term of this MPN. Such loans will be made only upon my request and upon the school's certification of my loan eligibility. Subsequent loans may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: (i) the date my lender receives my written notice that no further loans may be disbursed under the MPN; (ii) one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or (iii) ten years after either the date of my signature on this MPN, or the date the lender receives this MPN.

Any change to the Act applies to loans in accordance with the effective date of the change.

Exhibit 2
Page 43

Federal Family Education Loan Program (FFELP)

# Federal Stafford Loan
# Master Promissory Note (MPN)
# Instructions and Notices

Guarantor, Program, or Lender Identification

United Student Aid Funds, Inc. - 800

800
0224600000B084622                              02246000

*This is an MPN under which you may receive multiple subsidized and unsubsidized Federal Stafford Loans over a maximum 10-year period. Except for interest the federal government pays on your behalf on subsidized Federal Stafford Loans while you are in school, during your grace and deferment periods, and for a limited period during income-based repayment, you are responsible for paying the principal amount of your loan(s) and all interest that accrues from the date of disbursement until the loan(s) is paid in full.*

Print using a dark ink ballpoint pen or type. Do not complete this form in pencil. If an item has been completed for you and it is incorrect, cross out the incorrect information and print the correct information. Enter dates as month day year (mm dd yyyy). Use only numbers. Example: June 24, 1982 = 06 24 1982. Incorrect, incomplete, or illegible information may cause your loan to be delayed.

**Item 1:** Enter or correct your last name, first name, and middle initial.

**Item 2:** Enter or correct your Social Security Number. Your loan(s) cannot be processed without a Social Security Number. **Read the Privacy Act and Financial Privacy Act Notices in these instructions before completing this item.**

**Item 3:** Enter your permanent address (number, street, apartment number) or rural route number and box number, then city, state, and zip code. If your mailing address is a post office box or general delivery, you must list both your mailing address and your street address or your rural route number and box number. If you do not have a permanent street address or rural route number and box number, provide the physical location of your residence. A temporary school address is not acceptable.

**Item 4:** Enter the area code and telephone number at which you can most easily be reached. If you do not have a telephone, enter N/A.

**Item 5:** Enter the date of your birth. Be careful not to enter the current year.

**Item 6:** Enter the two letter abbreviation for the state that issued your driver's license followed by the driver's license number. If you do not have a driver's license, enter N/A.

**Item 7:** Enter your preferred e mail address for receiving communications. You are not required to provide this information. If you do, the lender or holder of your loan(s) may use your e mail address to communicate with you. If you do not have an e mail address or do not wish to provide it, enter N/A.

**Item 8:** Enter the name and address of the lender from which you wish to borrow. If you do not have a lender, contact the school's financial aid office, a bank or other financial institution, or the guarantor or program listed on this form for information on lenders willing to make Federal Stafford Loans.

**Item 9:** Enter the lender code, if known. Otherwise, leave this item blank.

**Item 10:** Enter reference information for two adults with different addresses who have known you for at least three years. The first reference should be a parent (if living), legal guardian, or an adult relative. References with addresses

outside the U.S. are not acceptable. If a reference does not have a telephone number or e mail address, or does not wish to provide an e mail address for a reference, the lender or holder of your loan(s) may use it to communicate with the reference. All items must be completed or your loan will be delayed.

**Item 11:** Each time you request Federal Stafford Loan funds, the school will notify you of the amount of funds you are eligible to borrow. You may decline a loan or request a lower amount by contacting your lender or the school. You should apply only for what you will need to pay your educational costs each year. Additional information is included under "Loan Cancellation" in the Borrower's Rights and Responsibilities Statement.

**Item 12:** Check this box only if you want to make interest payments while in school.

**Items 13 and 14:** *Read these items carefully.*

**Item 15:** Read the entire MPN carefully. Then complete Items 16 and 17.

**Item 16:** Sign your legal name, including your first name, middle initial, and last name.

**Item 17:** Enter the date you are signing this MPN.

---

**Important Notices**

**Privacy Act Notice**

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §421 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1071 et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §484(a)(4) of the HEA (20 U.S.C. 1091(a) (4)) and 31 U.S.C. 7701(b). Participating in the Federal Family Education Loan Program (FFELP) and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the FFELP, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) becomes delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case by case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to enforce the terms of the loan(s), to investigate possible fraud and to

verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

**Financial Privacy Act Notice**

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401 3421), the U.S. Department of Education will have access to financial records in your student loan file maintained by the lender in compliance with the administration of the Federal Family Education Loan Program.

**Paperwork Reduction Notice**

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845 0006. The time required to complete this information is estimated to average 0.75 hours (45 minutes) per response, including the time to review instructions, search existing data resources, gather and maintain the data needed, and complete and review the information collection. **If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to:**

U.S. Department of Education
Washington, DC 20202 4537

**If you have any comments or concerns regarding the status of your individual submission of this form, contact the lender, guarantor, or program identified in the upper right-hand corner of this form.**

Exhibit 2
Page 44

# Borrower's Rights and Responsibilities Statement

*Important Notice: The Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of loans you receive under the Federal Stafford Loan Master Promissory Note (MPN). Please keep a copy of this statement because it applies to present and subsequent loans received under the MPN. You may contact your lender at any time for another copy of this statement.*

The following types of loans are currently available under the Federal Family Education Loan Program (FFELP):

- Subsidized Federal Stafford Loan,
- Unsubsidized Federal Stafford Loan,
- Federal PLUS Loan,
- Federal Consolidation Loan.

The FFELP is authorized by Title IV, Part B of the Higher Education Act of 1965, as amended.

I must complete a Free Application for Federal Student Aid (FAFSA) before I receive a subsidized or unsubsidized Federal Stafford Loan.

**1. Governing Law**   Loans disbursed under this MPN are subject to the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.) and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). **NOTE: Any change to the Act applies to loans in accordance with the effective date of the change.**

**2. Use of This MPN**   I may receive more than one loan under this MPN over a period not to exceed 10 years. I may receive loans under this MPN from the original lender or from a lender who assumes the right to offer loans under this MPN, even if I change schools and even if the guarantor changes. I may request in writing that no further loans be disbursed under my MPN. If I wish to use a new lender, I must sign a new MPN. I must also sign a new MPN before receiving a new loan if requested to do so by my lender.

**3. Subsidized and Unsubsidized Loans**   There are two types of Federal Stafford Loans that I may be eligible for under this MPN: subsidized and unsubsidized. The subsidized Federal Stafford Loan is based on need. If I qualify, the government pays the lender the interest due on my subsidized loans while I am in school at least half time and during grace and deferment periods ("lender" refers to the original lender and its successors, including any subsequent holder of this MPN). I am otherwise responsible for interest that accrues on my subsidized loan. The unsubsidized Federal Stafford Loan is not based on need. I am responsible for all interest that accrues on my unsubsidized loans.

**4. Loan Limits**   The charts on this page show the maximum Stafford Loan amounts (subsidized and unsubsidized) that I may borrow under the FFELP and the William D. Ford Federal Direct Loan (Direct Loan) Program combined for a single academic year (annual loan limits) and the maximum amounts I may borrow in total for undergraduate and graduate study (aggregate loan limits). The annual and aggregate loan limits for independent undergraduates also apply to dependent undergraduates whose parents are unable to borrow under the PLUS program. If I am enrolled in certain health professions programs, I may qualify for higher annual and aggregate loan limits on unsubsidized Federal Stafford Loans.

The actual loan amount I receive for an academic year may be less than the annual loan limits shown in the Federal Stafford Loan Annual Limits chart and will be determined by my school, based on my academic level (freshman, sophomore, etc.), dependency status, and other factors, such as:

- The length of the program or the remaining portion of the program in which I am enrolled, if it is less than a full academic year;
- My cost of attendance;
- My expected family contribution;
- Other financial aid I receive;
- My remaining eligibility under the annual and aggregate loan limits; and
- Other provisions authorized by the Act.

If I am an undergraduate student, my school must determine my eligibility for a Federal Pell Grant before I receive a Federal Stafford Loan. My school must determine my eligibility for a subsidized Federal Stafford Loan before determining my eligibility for an unsubsidized Federal Stafford Loan. If I do not qualify for a subsidized Federal Stafford Loan, I may receive up to the maximum annual loan limit in an unsubsidized Federal Stafford Loan.

If I have received federal student loans from more than one lender or from other federal student loan programs, I am responsible for informing my school and my lender(s) of my other student loans. In some cases, I may not be eligible for loans for which I have applied.

### Federal Stafford Loan Annual Limits

| | |
|---|---|
| **Dependent Undergraduates** *(except students whose parents are unable to borrow a PLUS loan)* | |
| First Year Total (maximum $3,500 subsidized) | $5,500 |
| Second Year Total (maximum $4,500 subsidized) | $6,500 |
| Third Year and Beyond Total (each year) (maximum $5,500 subsidized) | $7,500 |
| **Independent Undergraduates** *(and dependent undergraduates whose parents are unable to borrow a PLUS loan)* | |
| First Year Total (maximum $3,500 subsidized) | $9,500 |
| Second Year Total (maximum $4,500 subsidized) | $10,500 |
| Third Year and Beyond Total (each year) (maximum $5,500 subsidized) | $12,500 |
| **Graduate and Professional Students** | |
| Total Amount (each year) (maximum $8,500 subsidized) | $20,500 |

### Federal Stafford Loan Aggregate Limits

| | |
|---|---|
| **Dependent Undergraduates** *(except students whose parents are unable to borrow a PLUS loan)* | |
| Total Amount Cumulative (maximum $23,000 subsidized) | $31,000 |
| **Independent Undergraduates** *(and dependent undergraduates whose parents are unable to borrow a PLUS loan)* | |
| Total Amount Cumulative (maximum $23,000 subsidized) | $57,500 |
| **Graduate and Professional Students** | |
| Total Amount Cumulative (maximum $65,500 subsidized; includes Stafford Loans received for undergraduate study) | $138,500 |

**5. Use of Loan Money**   I must use the loan money for authorized educational costs incurred for attendance at the school that certified my eligibility for the time period shown on my disclosure statement. Authorized costs include the following:

- Tuition,
- Room,
- Board,
- School fees,
- Books,
- Supplies,
- Equipment,
- Dependent child care,
- Transportation,
- Commuting costs,
- Rental or purchase of a personal computer,
- Origination fee and federal default fee, and/or
- Other documented, authorized costs.

**6. Loan Fees**   I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate specified in the Act. If I am charged these fees, they will be deducted proportionately from each disbursement.

**7. Disbursement of Loan Money**   My loan money will be disbursed to the school by electronic funds transfer (EFT), master check (one check covering multiple students), or individual check. If my loan money is disbursed by individual check, the check will be sent to the school and may be copayable to me and the school or payable to me.

Generally, my loan money will be disbursed in multiple installments based on the academic terms at my school. If my school does not have academic terms or does not have academic terms that meet certain requirements, my loan money will generally be disbursed in at least two installments, one at the beginning and one at the midpoint of my enrollment period for the applicable loan.

If my loan money exceeds the amount owed to the school, my school will forward the remainder of my loan money to me, unless I authorize the school to hold the remainder as a credit balance.

If I am enrolled in a study abroad program through a school in the U.S. (home school), the loan money will be disbursed to my home school or, if I request, directly to me. I may provide the home school a written authorization designating an individual not affiliated with the home school as my power of attorney to negotiate any loan disbursements on my behalf.

If I am enrolled in a foreign school, my loan money will be disbursed to the foreign school or, if the foreign school requests, directly to me.

If this is my first Stafford Loan under either the FFELP or the Federal Direct Loan Program, I must receive entrance counseling before my school delivers the first disbursement of my subsidized or unsubsidized Federal Stafford Loan.

Exhibit 2
Page 45

**8. Change of Status** I must notify my school and/or lender or any subsequent holder of my loan(s) of certain changes.

I must notify my school's financial aid office if any of the following occurs:

- I reduce my enrollment status to less than half time,
- I withdraw from school,
- I stop attending classes,
- I do not re enroll for any term,
- I have a change in my expected graduation date, and/ or
- I change my name, local address, permanent address, or e mail address.

Shortly before my enrollment ends, I must participate in exit counseling with my school, during which I will update my loan records about my:

- Permanent address,
- E mail address,
- Telephone number,
- Future employer, and
- References.

I must notify the lender of a particular loan if I do not enroll with respect to such loan:

- At least half time for the loan period certified, or
- At the school that certified my eligibility.

I must notify my lender or any subsequent holder of my loan(s) if any of the following occurs before my loan(s) is repaid:

- I change my address, telephone number, or e mail address,
- I change my name (for example, maiden name to married name),
- I withdraw from school or begin attending less than half time,
- I transfer to another school,
- I change my employer or my employer's address or telephone number changes, and/or
- I have any other change in status that would affect my loan (for example, the loss of eligibility for an unemployment deferment by obtaining a job).

**9. Effect of Federal Loans on Other Student Aid** Receipt of a Federal Stafford Loan may affect my eligibility for other financial aid. Therefore, it may be beneficial to contact my school to discuss other types of student assistance that may be available.

**10. Grace Period** I will receive a 6 month grace period before the first payment of my Federal Stafford Loan must be made. The grace period begins the day after I cease to be enrolled at least half time at an eligible school.

My grace period does not include any period of up to 3 years during which I am called or ordered to active duty for more than 30 days from a reserve component of the Armed Forces of the United States, including the period necessary for me to resume enrollment at the next available regular enrollment period.

**11. Interest Rates** The interest rate on a Federal Stafford Loan (subsidized or unsubsidized) will be a fixed rate. Different fixed interest rates may apply to separate loans made under this MPN depending on whether the loan is subsidized or unsubsidized, when the loan is first disbursed, and whether I am an undergraduate or graduate student. The actual interest rate applicable to each of my loans will be disclosed to me. After reviewing the actual interest rate, I may cancel or reduce any loan obtained under this MPN

in accordance with the "Loan Cancellation" section of this Borrower's Rights and Responsibilities Statement. If I qualify under the Servicemembers Civil Relief Act, the interest rate on my loans obtained prior to military service may be limited to 6% during my military service. To receive this benefit, I must contact my loan holder for information about the documentation I must provide to show that I qualify.

**12. Payment of Interest** I am responsible for payment of all interest that accrues on the unpaid principal amount of my Federal Stafford Loan(s) from the date of disbursement until the loan(s) is paid in full, except for interest on my subsidized Federal Stafford Loan(s) the government pays on my behalf while I am in school at least half time, for up to 3 years during active duty service in the Armed Forces as described in the "Grace Period" section of this Borrower's Rights and Responsibilities Statement, during the grace period after I leave school, during any period of authorized deferment, or (effective July 1, 2009) for a limited period during income based repayment if I choose that plan and am eligible for that plan.

My lender will, during the in school, grace, and deferment periods and during any periods in which I am on active duty military service, defer and align principal payments on my subsidized and unsubsidized Federal Stafford Loans.

Interest that accrues on all my subsidized FFELP loans during authorized forbearance periods, and on all my unsubsidized FFELP loans during periods when I am not making regularly scheduled payments (for example, during deferment) may, unless precluded by the Act, be capitalized (added to the principal of my loans) unless I pay the interest as it accrues. If I inform my lender that I wish to pay interest as it accrues (for example, during an in school deferment), but I do not submit the payments, my lender may capitalize that interest. Capitalized interest increases the principal balance of my loan(s) and the total amount of interest I must pay.

Interest will be capitalized on my loan(s) as provided under the Act. Generally, capitalization may occur no more frequently than quarterly. However, interest that accrues on my unsubsidized Federal Stafford Loan(s) during in school, grace, or deferment periods may only be capitalized at the end of such periods. In addition, interest may not be capitalized if my lender grants an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, or consolidation. See the "Interest Capitalization" section of this Borrower's Rights and Responsibilities Statement for further information on capitalization.

The charts entitled "Repaying Your Loans" at the end of the Borrower's Rights and Responsibilities Statement allow me to estimate the cost of capitalization and the effect it will have on my monthly payments. If my loan amount is not shown on the charts, I understand I must add two or more amounts together to estimate more closely my monthly interest and my monthly payment.

I may be able to claim a federal income tax deduction for interest payments I make on my FFELP loans. For further information, I may refer to IRS Publication 970, available at http://www.irs.gov.

**13. Interest Capitalization** Capitalization is a process whereby a lender adds unpaid interest to the principal balance of a loan.

If I do not pay the interest that is due on my Federal Stafford Loan(s) as described in the "Subsidized and Unsubsidized Loans" section of this Borrower's Rights and Responsibilities Statement, my lender may capitalize that interest as provided under the Act.

The principal balance of my loan(s) will increase each time my lender capitalizes unpaid interest. As a result, I will pay more interest over the life of my loan(s) than if I paid the interest as it accrued, and my monthly payment amount may be higher or more monthly payments may be required.

I should contact my lender if I have any questions or need more information.

The chart below compares the monthly payments that result for subsidized or unsubsidized Federal Stafford Loans in forbearance status when the borrower pays accrued interest and when the interest is capitalized. This example uses a fixed interest rate of 6.8% and an outstanding loan balance of $15,000. The interest capitalized in this example is based on capitalization at the end of a 12 month forbearance period and is an estimate only. Actual interest capitalized for a period of forbearance will depend on the frequency of capitalization. The final payment may be more or less than the calculated monthly payment. In this example, I would pay $11 less per month and $389 less over the lifetime of my loans when I pay the interest as it is charged during a 12 month forbearance period.

| | When I pay accrued interest | When I don't pay accrued interest and it is capitalized |
|---|---|---|
| **Loan principal** | $15,000 | $15,000 |
| **Interest for 12 months (at an interest rate of 6.8%)** | $1,020 (paid as accrued) | $1,020 (unpaid and capitalized) |
| **Principal to be repaid** | $15,000 | $16,020 |
| **Monthly payment amount (standard repayment plan)** | $173 | $184 |
| **Number of payments** | 120 | 120 |
| **Total amount repaid** | $21,734 | $22,123 |

**14. Loan Cancellation** I understand that the terms of a full or partial loan cancellation depend on when I request the cancellation.

- At any time before my loan money is disbursed, I may decline all or part of my loan money by notifying my lender or the school. No origination fee, federal default fee, or interest will be charged on the loan amount that I decline.
- If my school receives the money by EFT or master check and has obtained my written confirmation of the types and amounts of federal student loans that I want to receive before crediting the loan funds to my account, I may cancel all or a part of that loan by informing the school within 14 days after the date the school notifies me of my right to cancel the loan, or by the first day of the school's payment period, whichever is later. (My school can tell me the first day of the payment period.) If my school has not obtained

Exhibit 2
Page 46

my written confirmation of the loans I want to receive, I may cancel all or a part of the loan by informing the school within 30 days of the date the school notifies me of my right to cancel the loan. If I cancel all or a portion of a loan as described in this paragraph, my school will return the cancelled amount to my lender, and the loan fees will be eliminated or reduced in proportion to the amount returned.

■ At any time within 120 days of disbursement, I may pay back all or a part of my loan. The loan fees will be reduced or eliminated in proportion to the amount returned.

**15. Repayment**   All loans made under this MPN must be repaid.

The repayment period for each loan made under this MPN begins the day after my 6 month grace period on that loan ends. My lender will notify me of the date my first payment is due.

I am obligated to make payments on my loan(s) even if I do not receive a billing statement or repayment notice. My minimum annual payment required on all my FFELP loans will not, unless the lender otherwise agrees, be less than $600, except during a portion of the repayment period as provided in a graduated or income sensitive repayment plan, in an extended repayment plan with graduated payments, or in an income based repayment plan. Notwithstanding the preceding sentence, my minimum annual scheduled payments will not be less than the amount of interest due and payable, except as provided under an income based repayment plan.

My repayment period for each loan generally lasts at least 5 years but may not exceed 10 years from the day after the grace period ends (except under an extended or income based repayment plan). The maximum period for repaying a loan does not include periods of deferment or forbearance.

I will be given the opportunity to choose one of the following repayment plans:

■ **Standard Repayment Plan**   If I choose this plan, I will make fixed monthly payments and repay my loan(s) in full within 10 years from the date the loan(s) entered repayment. Payments must be at least $50 a month and will be more if necessary to repay the loan(s) within the required time period.

■ **Graduated Repayment Plan**   If I choose this plan, I will usually make lower monthly payments at first, and my payments will increase over time. No single payment will be more than three times greater than any other payment. I will repay my loan(s) in full within 10 years from the date the loan(s) entered repayment.

■ **Extended Repayment Plan**   If I choose this plan, I will make monthly payments based on fixed annual or graduated repayment amounts over a period not to exceed 25 years. If I make fixed payments, payments must be at least $50 a month and will be more if necessary to repay the loan(s) within the required time period. I am only eligible for this plan if **(i)** at the time I obtain a loan under this MPN I have no outstanding balance on a FFELP loan made before October 7, 1998, and **(ii)** I accumulate outstanding FFELP loans exceeding $30,000.

■ **Income-Sensitive Repayment Plan**   If I choose this plan, my monthly payments will be adjusted annually, based on my expected total monthly gross income from all sources. I may call my lender at any time for more information about this repayment plan option.

■ **Income-Based Repayment Plan** (effective July 1, 2009)   If I choose this plan, my required monthly

payment amount will be based on my income during any period when I have a partial financial hardship. My monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If I choose this plan and meet certain requirements over a 25 year period, I may qualify for cancellation of any outstanding balance on my loans. I may contact my lender at any time for more information about this repayment plan.

Under each plan, the number or amount of the payments may need to be adjusted to reflect capitalized interest and/or new loans made to me.

These repayment plans will be explained in more detail during my exit counseling session. If I do not choose an income sensitive, income based, graduated, or extended repayment plan within 45 days after notification of my repayment choices, or if I choose an income sensitive repayment plan but do not provide the required documentation within the lender specified time frame, my lender will require that I repay the loan(s) under a standard repayment plan. If I choose an income based repayment plan but do not provide the required documentation within the time frame specified by the lender, I will be required to repay the loan(s) under a schedule provided by the lender in accordance with the Act. I may change the repayment plan on my loan(s) once a year, except I may end an income based repayment plan at any time to repay under the standard repayment plan.

There will be no penalty for prepaying any portion of my loan(s).

Except as provided by the Act for payments made under the income based repayment plan, all payments and prepayments may be applied in the following order: late charges, fees, and collection costs authorized by the Act first, outstanding accrued interest second, and outstanding principal last.

If I do not make any part of an installment payment within 15 days after it becomes due, I may owe a late charge. This charge may not exceed six cents for each dollar of each late installment.

**16. Sale or Transfer of Loan(s)**   The lender may sell or otherwise transfer one or all of my loans without my consent. If ownership of a loan is transferred and the entity to which I must make payments changes, I will be notified of that entity's name, address and telephone number, the effective date of the sale or transfer, and the date when I must begin sending payments to that entity. Sale or transfer of my loan(s) does not affect my rights and responsibilities under such loan(s). If the lender sells my loan(s) to another originating lender, the lender may also transfer the right to offer subsequent loans under the MPN to such purchaser. I always have the right to terminate a lender's ability to make loans to me under this MPN by written notice to the lender that holds my MPN. The holder of my loan(s) can help me identify the lender that holds my MPN.

**17. Loan Discharge**   My loan(s) will be discharged if acceptable documentation of my death is submitted to my lender.

My loan(s) may also be discharged if I become totally and permanently disabled as defined by the Act and meet certain other requirements.

My loan(s) will not automatically be discharged in bankruptcy. To discharge a loan(s) in bankruptcy, I must prove undue hardship in an adversary proceeding before the bankruptcy court.

In certain cases, the Act provides for loan discharge if I could not complete a course of study because the school closed, if my loan eligibility was falsely certified by the school, or if a loan in my name was falsely certified as a result of a crime of identity theft. The Act also provides for loan discharge in the amount of any required refund that the school did not make to my lender on my behalf.

Neither the lender, the guarantor, nor the Department of Education vouches for the quality or suitability of the academic programs offered by participating schools. Unless I qualify for loan discharge under the Act, I must repay the loan(s) even if I do not complete the education paid for with the loan(s), am unable to obtain employment in the field of study for which the school provided training, or am dissatisfied with, or do not receive, the education paid for with the loan(s).

For additional information, I should contact my lender or documentation.

**18. Consequences of Default**   Default is defined in detail in my MPN. If I default, the entire unpaid balance and collection fees on the applicable loan(s) will become immediately due and payable. Failure to repay any loan made under this MPN may result in any or all of the following:

■ Loss of federal and state income tax refunds,
■ Loss of other federal or state payments,
■ Legal action against me,
■ Collection charges (including attorney fees) assessed against me,
■ Denial or loss of a professional license,
■ An increase in my interest rate,
■ Loss of eligibility for other student aid and assistance under most federal benefit programs,
■ Loss of eligibility for loan deferments,
■ Negative credit reports to consumer reporting agencies,
■ Assignment of my loan to the Department, and/or
■ My employer withholding part of my wages to give to my guarantor or the Department (administrative wage garnishment).

**19. Consumer Reporting Agency Notification**
Information concerning the amount, disbursement, and repayment status (current or delinquent) of my loan(s) will be reported by my lender to national consumer reporting agencies on a regular basis. My loan(s) will be identified as an education loan(s). If I default on any loan(s) made under this MPN, the default will also be reported by the guarantor to all national consumer reporting agencies. Before any guarantor reports such a default, it will give me at least 30 days notice that default information will be disclosed to the consumer reporting agencies unless I enter into a repayment arrangement within 30 days of the date on the notice. The guarantor will give me a chance to ask for a review of the debt(s) before the default is reported. My lender or guarantor, as applicable, must provide a timely response to a request from any consumer reporting agency regarding objections I might raise with that agency about the accuracy and completeness of information reported by the lender or guarantor.

Exhibit 2
Page 47

**20. Special Repayment Arrangements** – A Federal Consolidation Loan Program is available under which I may consolidate federal education loans received from different lenders, the same lender, and/or under different federal education loan programs into one loan. Depending on the amount I borrow, this program may result in an extension of my repayment period. Consolidation permits multiple debts to be combined into one monthly payment. For additional information, I should contact my lender or guarantor.

I may consolidate my FFELP loan(s) into the Direct Loan Program to take advantage of the public service loan forgiveness program. This program provides for the cancellation of the remaining balance due on eligible Direct Loan Program loans after I have made 120 payments (after October 1, 2007) on those loans under certain repayment plans while employed in certain public service jobs.

I may also consolidate my FFELP loans first disbursed on or after October 1, 2008 (including Federal Consolidation Loans that repaid FFELP or Direct Loan Program loans first disbursed on or after October 1, 2008) into the Direct Loan Program to take advantage of the no accrual of interest benefit for active duty service members. No interest will be charged on the portion of my Direct Consolidation Loan that repaid FFELP or Direct Loan Program loans first disbursed on or after October 1, 2008 during periods of qualifying active duty military service (for up to 60 months).

The Act may provide for certain loan forgiveness or repayment benefits on my loans in addition to the benefits described in this MPN. If other forgiveness or repayment options become available, my loan holder will provide information about these benefits.

In addition, volunteers who complete service in an approved national or community service project can earn an educational award. The award can be used to repay a Federal Stafford Loan. If I receive an educational award, I am responsible for providing my lender with information and documentation regarding my term of service and the award.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. I should contact the agency's human resources department for more information.

Under certain circumstances, military personnel may have their federal education loan(s) repaid by the Secretary of Defense. I should address any questions to the local service recruiter. This is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

If I did not have an outstanding balance on a FFEL or Direct Loan Program loan on October 1, 1998, or if I did not have an outstanding balance on the date I obtained a loan after October 1, 1998, I may be eligible for teacher loan forgiveness. The Department of Education will repay a fixed amount of my subsidized and unsubsidized Federal Stafford loans if I have worked as a full time teacher for five consecutive school years,

and if I meet all other eligibility requirements under the Act. If I am in default on a FFELP loan or a Direct loan, I am not eligible for forgiveness on that loan(s) unless I have made satisfactory repayment arrangements.

**21. Deferments**   Under certain circumstances, I have a right to defer (postpone) repayment. The types of deferments that are available to me generally depend on when I first obtained a FFELP loan. Upon request, my lender will provide me with information about the eligibility requirements for each deferment. If I am in default on a loan, I am not eligible for a deferment on that loan.

Deferment of repayment for loans made under this MPN is available while I am:

■ Enrolled at least half time at an eligible school,

■ Engaged in a full time course of study in a graduate fellowship program,

■ Engaged in a full time rehabilitation training program for individuals with disabilities (if the program is approved by the Department of Education),

■ Conscientiously seeking, but unable to find, full time employment (for up to three years),

■ Experiencing an economic hardship as determined by federal law (for up to three years),

■ Serving on active duty during a war or other military operation or national emergency or performing qualifying National Guard duty during a war or other military operation or national emergency and, if I was serving on or after October 1, 2007, for an additional 180 day period following the demobilization date for my qualifying service, or

■ If I am a member of the National Guard or other reserve component of the U.S. Armed Forces (current or retired) and I am called or ordered to active duty while I am enrolled at least half time at an eligible school or within 6 months of having been enrolled at least half time, a deferment is available during the 13 months following the conclusion of my active duty service, or until I return to enrolled student status on at least a half time basis, whichever is earlier.

For in school deferments, my lender will process the deferment based on **(i)** my request along with documentation verifying my eligibility, or **(ii)** the lender's receipt of a school certification of eligibility in connection with a new loan, or **(iii)** the lender's receipt of student status information indicating that I am enrolled on at least a half time basis. If my lender processes a deferment based on **(ii)** or **(iii)**, I will be notified of the deferment and will have the option of canceling the deferment and continuing to make payments on my loans.

For all other deferments, I must provide my lender with a deferment request (or, for a deferment based on active duty or qualifying National Guard duty during a war or other military operation or national emergency, a representative may request the deferment on my behalf). I must also provide information and documentation that establishes my eligibility, except in certain circumstances when my lender may establish my eligibility by confirming that I have received a deferment on another FFELP loan or on a Direct Loan.

**NOTE:** If at the time I obtain a loan under this MPN I have an outstanding balance on a FFELP loan disbursed before July 1, 1993, information on deferment conditions that apply will be found in my earlier promissory note materials.

**22. Forbearance**   If I am unable to make any scheduled loan payment(s), the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called a forbearance. Interest continues to accrue during a forbearance period.

The lender may grant me forbearance due to poor health or other acceptable reasons.

My lender is generally not required to grant a forbearance and may require me to provide my reasons for the request and other information.

The lender may grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled installment payments. My lender may grant me an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, consolidation, or discharge.

Circumstances that require my lender to grant me a forbearance, if I provide appropriate documentation, include:

■ Serving in a medical or dental internship or residency program, if I meet certain criteria.

■ Serving in a national service position for which I receive a national service education award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service.

■ Qualifying for partial repayment of my loans under the Student Loan Repayment Program, as administered by the Department of Defense.

■ Qualifying for loan forgiveness under the Teacher Loan Forgiveness Program, if I meet certain criteria (for up to five years).

■ Having a monthly debt burden for Title IV loans that collectively equals or exceeds 20% of my total monthly gross income (for up to three years).

■ Being called to active duty in the U.S. Armed Forces.

For additional information, I should contact my lender.

*Repayment information follows*

Exhibit 2
Page 48

**Repaying Your Loans**

Follow these steps to estimate your loan payment.

## Step 1: Calculate Your Monthly Interest Charges

Round your Federal Stafford Loan balance up to the nearest $500. If your loan amount is not on the table, follow the example below to estimate your monthly accrued interest.

**Example:**
Federal Stafford Loan of $5,479 at 6.8% interest.
Round up to nearest $500 = $5,500.

$5,000 = $28.33/month
+ 500 =    2.83/month
$5,500 = $31.16/month

Your monthly interest $ _____.

### Approximate Monthly Interest

| Loan Amount | 6.80% | 6.00% | 5.00% | 4.00% | 3.40% |
|---|---|---|---|---|---|
| $   500 | $  2.83 | $  2.50 | $  2.08 | $  1.67 | $  1.42 |
| $ 1,000 | $  5.67 | $  5.00 | $  4.17 | $  3.33 | $  2.83 |
| $ 3,000 | $ 17.00 | $ 15.00 | $ 12.50 | $ 10.00 | $  8.50 |
| $ 5,000 | $ 28.33 | $ 25.00 | $ 20.83 | $ 16.67 | $ 14.17 |
| $ 6,000 | $ 34.00 | $ 30.00 | $ 25.00 | $ 20.00 | $ 17.00 |
| $ 7,000 | $ 39.67 | $ 35.00 | $ 29.17 | $ 23.33 | $ 19.83 |
| $ 9,000 | $ 51.00 | $ 45.00 | $ 37.50 | $ 30.00 | $ 25.50 |
| $10,000 | $ 56.67 | $ 50.00 | $ 41.67 | $ 33.34 | $ 28.34 |
| $15,000 | $ 85.00 | $ 75.00 | $ 62.50 | $ 50.00 | $ 42.50 |
| $20,000 | $113.33 | $100.00 | $ 83.33 | $ 66.67 | $ 56.67 |
| $25,000 | $141.67 | $125.00 | $104.17 | $ 83.33 | $ 70.83 |

## Step 2: Estimate Your Capitalized Interest

Complete this step only if you will not pay accrued interest for which you are responsible on a Federal Stafford Loan. *This is an estimate only.* Actual interest capitalized will depend on factors such as disbursement dates, number of disbursements, and the frequency of capitalization.

| | Monthly Interest (From Step One) | | Number of Months in Deferment or Forbearance | | Estimate of Capitalized Interest |
|---|---|---|---|---|---|
| Example | $   31.16 | X | 22 | = | $   685.52 |
| Your capitalized interest | $ _____ | X | _____ | = | $ _____ |

## Step 3: Estimate Your Monthly Payment

Round your loan balance up to the nearest $500. If your principal amount is not on the table, follow the example below to estimate your monthly payment. If you previously had interest capitalized, add it to the outstanding loan amount to get the new principal amount.

**Example:**
Federal Stafford Loan of $6,185.52 ($5,500 + $685.52) at 6.8% interest.
Round up to nearest $500 = $6,500.

$6,000 = $69.05/month
+ 500 =    5.75/month
$6,500 = $74.80/month

Estimated monthly payment = $74.80

**Note:** Minimum monthly payment = $50 or amount of interest accruing each month.

### Estimated Monthly Payments (10-Year Term)

| Loan Amount | 6.80% | 6.00% | 5.00% | 4.00% | 3.40% |
|---|---|---|---|---|---|
| $   500 | $  5.75 | $  5.55 | $  5.30 | $  5.06 | $  4.92 |
| $ 1,000 | $ 11.51 | $ 11.10 | $ 10.61 | $ 10.12 | $  9.84 |
| $ 3,000 | $ 34.52 | $ 33.31 | $ 31.82 | $ 30.37 | $ 29.53 |
| $ 5,000 | $ 57.54 | $ 55.51 | $ 53.03 | $ 50.62 | $ 49.21 |
| $ 6,000 | $ 69.05 | $ 66.61 | $ 63.64 | $ 60.75 | $ 59.05 |
| $ 7,000 | $ 80.56 | $ 77.71 | $ 74.25 | $ 70.87 | $ 68.89 |
| $ 9,000 | $103.57 | $ 99.92 | $ 95.46 | $ 91.12 | $ 88.58 |
| $10,000 | $115.08 | $111.02 | $106.07 | $101.25 | $ 98.42 |
| $15,000 | $172.62 | $166.53 | $159.10 | $151.87 | $147.62 |
| $20,000 | $230.16 | $222.04 | $212.13 | $202.49 | $196.84 |
| $25,000 | $287.70 | $277.55 | $265.16 | $253.11 | $246.05 |

| | Loan Amount | | Estimate of Capitalized Interest (From Step Two) | | New Principal Balance | | Estimated Monthly Payment |
|---|---|---|---|---|---|---|---|
| Example | $   5,500 | + | $   685.52 | = | $   6,185.52 | | $   74.80 |
| Your Monthly Payment | $ _____ | + | $ _____ | = | $ _____ | | $ _____ |

Exhibit 2
Page 49

Exhibit 2
Page 50

| Federal Family Education Loan Program (FFELP) | Guarantor, Program, or Lender Identification | OMB No.1845-0069 Form approved Exp. date 03/31/2008 |
|---|---|---|

# Federal Family Education Loan Program (FFELP)
# Federal PLUS Loan
# Application and Master Promissory Note

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines, imprisonment, or both, under the United States Criminal Code and 20 U.S.C. 1097.

Guarantor, Program, or Lender Identification

800

United Student Aid Funds, Inc. - 800

02246000

## Borrower (Parent) Section
*Please print neatly in ink or type. Read the instructions carefully.*

**1.** Last Name PEREIRA    First Name SERGIO    MI F    **2.** Social Security Number

**3.** Permanent Street Address (If P.O. Box, see instructions.)

**4.** Home Area Code/Telephone Number ( )

City    State    Zip Code    **5.** Date of Birth (Month/Day/Birth Year)

**6.** E-mail Address

**7.** Driver's License State and Number  State  #

**8.** U.S. Citizenship Status (Check a or b, and if b is checked, list Registration No.)
☒ a. Citizen/National  ☐ b. Permanent Resident/Other Eligible Non-Citizen  If "b", Alien Registration No.

**9.** Lender Name AMS ED LN TRUST, BK ONE NA 33347 (333471)    City    State    Zip Code    **10.** Lender Code, if known 333471

**11.** Employer (Name, Address, City, State, Zip) N/A    **12.** Employer Telephone Number ( )

**13.** Borrower References: You must provide two separate references **with different U.S. addresses** who have known you for at least three years. Both references must be completed in full. Do not list the the student as a reference.

Name
Permanent Address
City, State, Zip Code
E-mail Address
Area Code/Telephone Number
Relationship to Borrower

## Student Information Section

**14.** Last Name PEREIRA    First Name SERGIO    MI F

**15.** Social Security Number    **16.** Date of Birth (Month/Day/Birth Year)

## Borrower Request, Certifications, and Authorizations
*Read carefully before signing below.*

**17.** **Requested Loan Amount:** This is an Application and Master Promissory Note (hereafter, "MPN") for one or more Federal PLUS Loans. I request a Federal PLUS Loan under this MPN in an amount not to exceed the annual cost of attendance for the student identified in the Student Information Section of this MPN, minus other financial aid that the student receives each academic year. For each loan, the school will notify me of the loan amount that I am eligible to receive. I may cancel my loan or request a lower amount by contacting my lender or the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me. If I have an adverse credit history and obtain an endorser to receive a PLUS Loan, only one loan may be made to me under this MPN.

**18.** Under penalty of perjury, I certify for any loan I receive under this MPN that:
**A.** The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
**B.** I am: **(i)** the biological or adoptive parent; or **(ii)** the spouse of a parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA) or would be reported if a FAFSA were filed.
**C.** Loan proceeds will be used for authorized educational costs incurred by the dependent student named in the Student Information Section and that I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half time basis at the school that certified my loan eligibility.
**D. (i)** I do not now owe an overpayment on a Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, or Leveraging Educational Assistance Partnership Grant (formerly State Student Incentive Grant); or, if I owe an overpayment, I have made repayment arrangements with the holder to repay the amount owed, **(ii)** I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement); or I am in default on a loan and I have made satisfactory payment arrangements with the holder of the defaulted loan.

**19.** For all Federal PLUS Loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, and for certain other loans as described below, I make the following authorizations:
**A.** I authorize the school to certify my eligibility for Federal PLUS Loans under this MPN.
**B.** I authorize the lender, the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.
**C.** I authorize the school to pay to the lender any refund that may be due up to the full amount of the loan(s).
**D.** I authorize the school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my dependent student's account at the school.
**E.** I may tell my lender that I want to pay the interest that accrues. However, in all cases, unless I pay the interest, my lender will add the unpaid interest that accrues during forbearance and deferment and other periods on each PLUS Loan made under this MPN to the principal balance of that loan ("capitalization") as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest costs I must pay.
**F.** I authorize the release of information pertinent to my loan(s): **(i)** by the school, the lender, and the guarantor, or their agents, to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and **(ii)** by and among the schools, lenders, guarantors, the U.S. Department of Education (the Department), and their agents.
**G.** So that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under its control, including information from the FAFSA, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.
**H.** I authorize my lender to defer repayment of principal on my loan(s) based on my in school status.

## Promise to Pay
*In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**20.** I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this Application and Master Promissory Note (hereafter "MPN"), plus interest and other charges and fees that may become due as provided in this MPN. **I understand that multiple loans may be made to me under this MPN for the dependent identified in the Student Information Section.** I understand that by accepting any disbursements issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan(s) during deferment or forbearance periods or other periods will be added as provided under the Act to the principal balance of such loan(s). If I fail to make any payment on any loan made under this MPN when due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, and Authorizations printed above, the Notice About Subsequent Loans Made Under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

**21.** Parent Borrower's Signature  *Sergio F Pereira*    **22.** Today's Date *(Month/Day/Year)* 07/11/2007
01.01.01    5AA3A3294C1A3256B5AC2C92A152BB5F

*Additional MPN provisions follow*

Exhibit 2
Page 51

# Federal PLUS Loan Master Promissory Note *(continued)*

### Disclosure of Loan Terms

Loans disbursed under this MPN are subject to the loan limits specified in the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). Under this MPN, the principal amount that I owe and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan to me under this MPN after my loan eligibility is determined by my dependent's school. At or before the time of the first disbursement for each loan, a disclosure statement will be issued to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds to pay for my dependent's educational costs. The school will determine my eligibility and notify the lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN.

### Loan Cancellation

I may pay back all or a portion of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure statement I receive at or before disbursement. In such case, the origination fee and guarantee fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act.  Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. This includes interest accruing during any period of deferment or forbearance. I agree to pay all interest charges on my loan(s).

I will begin paying interest upon disbursement of my loan. If I do not make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency(ies) that guarantee(s) my loan(s) (in each case, the "guarantor") may charge a per loan guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees may be refundable only to the extent permitted by the Act.

### Late Charges and Collection Costs

The lender may collect from me: **(i)** a late charge for each late installment payment if I fail to make any part of a required installment payment within 15 days after the date it becomes due, and **(ii)** any other charges and fees that are permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I must repay the full amount of the loan(s) made under this MPN and the accrued interest.  I will repay the principal of each loan in periodic installments during a repayment period that begins on the day of the final disbursement for that loan.

My lender must provide me with a choice of repayment plans consistent with the provisions of the Act. My principal repayment period for each loan, exclusive of any period(s) of deferment or forbearance, generally lasts five years but may not exceed 10 years unless I am eligible for an extended repayment plan.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. I agree that the lender may align payment dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon repayment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

### Acceleration and Default

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs: **(i)** the dependent for whom I am borrowing fails to enroll as at least a half time student at the school that certified my loan eligibility, **(ii)** I fail to use the proceeds of the loan(s) solely for educational costs of the dependent student for whom I am borrowing, **(iii)** I make a false representation(s) that results in my receiving any loan(s) for which I am not eligible, or **(iv)** I default on the loan(s).

The following events will constitute a default on my loan(s): **(i)** I fail to pay the entire unpaid balance of the applicable loan(s) after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; **(ii)** I fail to make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or **(iii)** I fail to comply with other terms of the loan(s), and the lender or guarantor reasonably concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, this will be reported to all national credit bureaus and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement.

Following default, the loan(s) may be subject to income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070, et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

If a particular loan under this MPN is made by the school, or if the proceeds of a particular loan made under this MPN are used to pay tuition and charges at a for profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any lender holding such loan is subject to all claims and defenses that I could assert against the school with respect to such loan. My recovery under this provision shall not exceed the amount I paid on such loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided.  I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term on this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions shall remain in force.

---

### Notice About Subsequent Loans Made Under This MPN

This Master Promissory Note authorizes the lender to disburse multiple loans to pay the educational costs of the dependent student identified in the Student Information Section during the multi year term of this MPN upon my request and upon the school's certification of my loan eligibility.  Subsequent loans for this dependent may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: **(i)** the date my lender receives my written notice that no further loans may be disbursed under the MPN; **(ii)** one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or **(iii)** ten years after the date of my signature on this MPN; or the date the lender receives this MPN.

Any amendment to the Act governs the terms of any loan(s) disbursed on or after the effective date of such amendment, and such amended terms are hereby incorporated into this Master Promissory Note.

Exhibit 2
Page 52

**Addendum to the Federal PLUS Loan Application and Master Promissory Note and Endorser Addendum**
**Federal Family Education Loan Program**

The Higher Education Reconciliation Act of 2005 (HERA) changed some of the terms of Federal PLUS Loans made under the Federal Family Education Loan Program (FFELP). As a result, certain terms of the loan(s) you receive under the accompanying Federal PLUS Loan Application and Master Promissory Note (MPN) or endorse under the accompanying Endorser Addendum to Federal PLUS Loan Application and Master Promissory Note (Endorser Addendum) differ from the terms in the MPN, Endorser Addendum, and Borrower's Rights and Responsibilities Statement.

This Addendum describes the changes made to the loan terms by the HERA. Your loan is subject to those changes. The changes set forth in this Addendum are incorporated into and made a part of the accompanying MPN or Endorser Addendum that you sign and the Borrower's Rights and Responsibilities Statement.

- **Graduate and Professional Students May Borrow PLUS Loans.** *Effective for loans certified on or after July 1, 2006,* a graduate or professional student may borrow a Federal PLUS Loan. Before applying for a Federal PLUS Loan, a graduate or professional student must first complete the Free Application for Federal Student Aid (FAFSA) and must have been determined eligible for his or her maximum loan amount under the Federal Subsidized and Unsubsidized Stafford Loan Program. Except as provided in this Addendum, the terms and conditions of the Federal PLUS Loan as described in the accompanying MPN and Borrower's Rights and Responsibilities Statement apply regardless of whether the borrower is a parent or a graduate or professional student.

***The following changes apply only to graduate or professional student Federal PLUS Loan borrowers and to endorsers of Federal PLUS Loans made to graduate or professional student borrowers:***

- **General Changes.** If you are a graduate or professional student, all references to "student," "dependent student," "dependent" or "parent" throughout the MPN refer to you. If you are an endorser for a graduate/professional student Federal PLUS Loan borrower, all references to "student," "dependent student," or "parent" throughout the Endorser Addendum refer to the student borrower.

- **MPN: Borrower (Parent) Section and Student Information Section.** If you are a graduate or professional student, provide information about yourself in both the "Borrower (Parent) Section" and the "Student Information Section" of the MPN. Do not leave any items blank.

- **Endorser Addendum: Section B, Loan Description.** If you are an endorser for a graduate or professional student Federal PLUS Loan borrower, provide information about the student in both the parent borrower items (12, 13 and 15) and the student items (16 and 17).

- **MPN: Borrower Request, Certifications, and Authorizations.** If you are a graduate or professional student, paragraph 18.B. does not apply, and paragraph 18.C. is revised to read as follows: "Loan proceeds will be used for authorized educational costs, and I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance on at least a half-time basis at the school that certified my loan eligibility."

- **MPN: Promise to Pay.** If you are a graduate or professional student, the second sentence of paragraph 20 is revised to read as follows: "**I understand that multiple loans may be made to me under this MPN.**"

***The following changes apply to all Federal PLUS Loan borrowers:***

- **MPN: Borrower Request, Certifications, and Authorizations.** *Effective for MPNs signed on or after July 1, 2006,* by signing your MPN you are certifying, under penalty of perjury, that if you have been convicted of, or have pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, you have completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.
  If you are a parent applying for a Federal PLUS Loan for a dependent undergraduate student, you are not eligible for a Federal PLUS Loan if that student has been convicted of, or has pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student assistance under Title IV of the Higher Education Act of 1965, as amended, unless that student has completed the repayment of such funds to the U.S. Department of Education, or to the loan holder in the case of a Title IV federal student loan.

- **Borrower's Rights and Responsibilities Statement: Item 5, Loan Fees.** *Effective for loans for which the date of guarantee of principal is on or after July 1, 2006, this item is revised to read as follows:* "5. **Loan Fees -** I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate as specified in the Act. If I am charged these fees, they will be deducted proportionately from each disbursement." **NOTE:** Any reference to a guarantee fee in the MPN is deemed to be a reference to the federal default fee.

- **Borrower's Rights and Responsibilities Statement: Item 6, Disbursement of Loan Money.** *Effective July 1, 2006,* loan money for students enrolled in foreign schools must be sent to the school, and generally must be disbursed in multiple installments.

- **Borrower's Rights and Responsibilities Statement: Item 9, Interest Rates.** *Effective for loans first disbursed on or after July 1, 2006,* a Federal PLUS Loan has a fixed interest rate.

- **Borrower's Rights and Responsibilities Statement: Item 14, Loan Discharge.** *Effective July 1, 2006,* a loan is also eligible for discharge if it is determined that the borrower's eligibility for the loan was falsely certified as a result of a crime of identity theft.

- **Borrower's Rights and Responsibilities Statement: Item 17, Special Repayment Arrangements.** *Effective for consolidation applications received on or after July 1, 2006,* a married couple may no longer borrow a Federal Consolidation Loan as joint borrowers.

- **Borrower's Rights and Responsibilities Statement: Item 18, Deferments.** *Effective July 1, 2006, for loans with a first disbursement made on or after July 1, 2001,* a deferment is available for a period of up to three years during which a borrower is serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency.

Exhibit 2
Page 53

Exhibit 2
Page 54

**Federal Family Education Loan Program (FFELP)**

# Federal PLUS Loan
## Application and Master Promissory Note (MPN)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

| Guarantor, Program, or Lender Identification | |
|---|---|
| 800 | OMB No. 1845-0069<br>Form approved<br>Exp. date 08/31/2010 |
| 0224600000B084629 | United States Aid Funds, Inc. - 800<br><br>02246000 |

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW LOAN ACCOUNT:** To help the government fight the funding of terrorism and money laundering activities, federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens a loan account. **What this means for you:** Your name, address, date of birth, and other information collected in this form will be used to verify your identity. You may also be asked to provide your driver's license or other identifying documents.

**Borrower Section** — *Print using a dark ink ballpoint pen or type. Read the instructions carefully.*

**CHECK ONE: I am a** ☒ **Graduate or Professional Student** ☐ **Parent of a Dependent Undergraduate Student**

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | |

| 3. Permanent Address (See instructions.) | | | 4. Area Code/Telephone Number |
|---|---|---|---|
| | | | ( ) |

| City | State | Zip Code | 5. Date of Birth (mm-dd-yyyy) |
|---|---|---|---|
| | | | |

| 6. E-mail Address | 7. Driver's License State and Number |
|---|---|
| | State # |

**8. U.S. Citizenship Status** (Check a or b, and if b is checked, list Registration Number.)
☒ a. Citizen/National   ☐ b. Permanent Resident/Other Eligible Non-Citizen   If "b," Alien Registration Number

| 9. Lender Name | City | State | Zip Code | 10. Lender Code, if known |
|---|---|---|---|---|
| AMS ED LN TRUST, BK ONE NA 333471 (333471) | | | | 333471 |

| 11. Employer Name, Address, City, State, Zip Code   N/A | 12. Work Area Code/Telephone Number |
|---|---|
| N/A            NA            NA            11111 | ( 111 ) 1111111 |

**13. References:** You must provide two separate references with different U.S. addresses who do not live with you and who have known you for at least three years. If you are a parent borrower, do not list the student as a reference.

| Name | |
|---|---|
| Permanent Address | |
| City, State, Zip Code | |
| E-mail Address | |
| Area Code/Telephone Number | |
| Relationship to Borrower | |

**Student Information Section** — *Complete this section only if you are a parent borrowing for a dependent undergraduate student.*

| 14. Last Name | First Name | MI | 15. Social Security Number | 16. Date of Birth (mm-dd-yyyy) |
|---|---|---|---|---|
| PEREIRA | SERGIO | F | | |

**Borrower Request, Certifications, and Authorizations** — *Read carefully before signing below.*

**17. Requested Loan Amount:** This is an MPN for one or more Federal PLUS Loans. I request a Federal PLUS Loan under this MPN in an amount not to exceed the annual cost of attendance minus other financial aid received for each academic year. For each such loan, the school will notify me of the loan amount that I am eligible to borrow. I may cancel my loan or request a lower amount by contacting my lender or the school. Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and disclosure statements that have been or will be provided to me. If I have an adverse credit history and obtain an endorser so that I may receive a PLUS Loan, only one loan may be made to me under this MPN.

**18.** Under penalty of perjury, I certify for any loan I receive under this MPN that:
**A.** The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.
**B.** I am: **(i)** a graduate or professional student, **(ii)** the biological or adoptive parent of the dependent undergraduate student identified in the Student Information Section, or **(iii)** the spouse of a parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA) or would be reported if a FAFSA were filed.
**C.** Loan proceeds will be used for authorized educational costs incurred by me or by the student identified above. I will immediately repay any loan proceeds that cannot be attributed to educational costs for attendance at a least a half-time basis at the school that certified my loan eligibility.
**D.** If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science and Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements with the holder to repay the amount owed.
**E.** If I am in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program ("FFELP" as defined in the Borrower's Rights and Responsibilities Statement), I have made satisfactory arrangements with the holder to repay the amount owed.
**F.** If I have been convicted of, or pled nolo contendere (no contest) or guilty to, a crime involving fraud in obtaining funds under Title IV of the Higher Education Act (HEA) of 1965, as amended, I have completed the repayment of such funds to the U.S. Department of Education (the Department), or to the loan holder in the case of a Title IV federal student loan. If I am a parent applying for a Federal PLUS Loan for a dependent undergraduate student, and if that student has been convicted of, or pled nolo contendere or guilty to, a

crime involving fraud in obtaining funds under Title IV of the HEA, as amended, the student has completed the repayment of such funds to the Department, or to the loan holder in the case of a Title IV federal student loan.

**19.** For all PLUS loans (as described in the additional MPN provisions and the Borrower's Rights and Responsibilities Statement) I receive under this MPN, I make the following authorizations:
**A.** I authorize the school to certify my eligibility for loans under this MPN.
**B.** I authorize the lender, the guarantor, or their agents to investigate my credit record and report information concerning my loan status to persons and organizations permitted by law to receive such information.
**C.** I authorize the school to transfer loan proceeds received by electronic funds transfer (EFT) or master check to my account at the school (if I am the student) or to the student's account at the school (if I am a parent).
**D.** I authorize the school to pay to the lender any refund that may be due up to the full loan amount.
**E.** I authorize my lender that I want to pay the interest that accrues, including interest that accrues during an in-school deferment. However, in all cases, unless I pay the interest, my lender will add the unpaid interest that accrues during forbearance and deferment and other periods on each PLUS Loan made under this MPN to the principal balance of that loan (capitalization) as provided under the Act. Capitalization will increase the principal balance on my loan(s) and the total amount of interest costs I must pay.
**F.** I authorize the release of information pertinent to my loan(s): (i) by the school(s), the lender(s), and the guarantor(s), or their agents to the references on the applicable loan(s) and to members of my immediate family unless I submit written directions otherwise; and (ii) by and among the school(s), lender(s), guarantor(s), the Department, and their agents.
**G.** To verify information I provide and so that the loan(s) requested can be approved, I authorize the Department to send any information about me that is under its control, including information from the FAFSA, to the school, to the lender, and to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. I understand that information reported on this MPN may be shared with the Department, and that the Department has the authority to verify that information with other federal agencies.
**H.** I authorize the school, the lender, the guarantor, the Department, and their respective agents and contractors to contact me regarding my loan request(s) or my loan(s), including repayment of my loan(s), at the current or any future number that I provide for my cellular telephone or other wireless device using automated telephone dialing equipment or artificial or prerecorded voice or text messages.
**I.** I authorize my lender to defer repayment of principal on my loan(s) based on my enrollment on at least a half-time basis and, if I am a graduate or professional student, for the 6-month period after I cease to be enrolled at least half time.

**Promise to Pay** — *In this MPN, "lender" refers to, and this MPN benefits, the original lender and its successors and assigns, including any subsequent holder of this MPN.*

**20.** I promise to pay to the order of the lender all loan amounts disbursed (hereafter "loan" or "loans") under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. **I understand that, if I qualify, more than one loan may be made to me under this MPN for myself or for the student identified in the Student Information Section.** I understand that by accepting any disbursement issued at any time under this MPN, I agree to repay the loan(s). I understand that, within certain time frames, I may cancel or reduce the amount of any loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan(s) during deferment, forbearance, and other periods may be added as provided under the Act to the principal balance of such loan(s). If I do not make any payment on any loan made under this MPN when it is due, I will also pay reasonable collection costs including, but not limited to, attorney fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to a copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, and Authorizations printed above, the Notice about Subsequent Loans Made under This MPN, and the Borrower's Rights and Responsibilities Statement.

**I understand that I may receive one or more loans under this MPN AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

| 21. Borrower Signature  SERGIO F PEREIRA | 22. Today's Date (mm-dd-yyyy) 10/27/2009 |
|---|---|
| 01.01.01     41W C7BCDCA77D71E2A408BD5767AAB3891C | *Additional MPN provisions follow* |

Exhibit 2
Page 55

# Federal PLUS Loan Application and Master Promissory Note (MPN) *(continued)*

**Governing Law**

The terms of this MPN will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (the Department's) regulations, as they may be amended in accordance with their effective date, and other applicable federal statutes and regulations (collectively referred to as the "Act"), and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

**Disclosure of Terms**

Loans disbursed under this MPN are subject to the loan limits specified in the Act. Under this MPN, the principal amount that I owe and am required to repay, will be the sum of all disbursements issued (unless I reduce or cancel any disbursements as provided below).

My lender will determine whether to make any loan under this MPN after my eligibility is determined by the school. At or before the time of the first disbursement for each loan, a disclosure statement will be provided to me identifying the amount of the loan and additional terms of the loan. Important additional information is also disclosed in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN. If the information in this MPN conflicts with information in the disclosure, the specific terms and information in the disclosure apply to my loan.

I may request additional loan funds for my or the student's educational costs. The school will determine my eligibility and notify the lender. I will be notified of any increase or other change in the amount of my loan(s).

I agree that the lender may sell or assign this MPN and/or my loan(s) and acknowledge that any loan may be assigned independently of any other loan to which this MPN applies. I agree that each loan is separately enforceable based on a true and exact copy of this MPN. I understand that my lender may use a servicer to handle billing and other communications related to my loan.

**Loan Cancellation**

I may pay back all or a part of a disbursement within time frames set by the Act and explained in the Borrower's Rights and Responsibilities Statement or other disclosure I receive at or before disbursement. In such case, any origination fee and federal default fee will be reduced or eliminated in proportion to the amount of the disbursement returned. I will not incur interest charges if I return the full loan amount as provided in the Act.

**Interest**

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) is that specified in the Act. Interest rate information is presented in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The interest rate for each loan is presented in a disclosure that is issued to me.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. This includes interest accruing during any period of deferment or forbearance. I agree to pay all interest charges on my loan(s).

I will begin paying interest upon disbursement of my loan. If I do not make required payments of interest before the beginning or resumption of principal repayment, or during a period of authorized deferment or forbearance, I agree that the lender may capitalize such interest to the extent permitted by the Act.

**Origination Fee and Federal Default Fee**

An origination fee is charged and a federal default fee may be charged for each loan made under this MPN. The Act specifies the maximum amount of each fee and

authorizes both fees to be deducted from my loan amount. The fee(s) I am charged, as identified in the disclosure statement, will be deducted proportionately from each disbursement of my loan(s). I understand the origination and federal default fees may be refundable only to the extent permitted by the Act.

**Late Charges and Collection Costs**

The lender may collect from me: (i) a late charge for each late installment payment if I do not make any part of a required installment payment within 15 days after the date it becomes due, and (ii) any other charges and fees that are permitted by the Act for the collection of my loan(s). If I default on any loan(s), I will pay reasonable collection fees and costs, plus court costs and attorney fees.

**Repayment**

I must repay the full amount of the loan(s) made under this MPN and accrued interest. I will repay the principal of each loan in periodic installments during a repayment period that begins on the day of the final disbursement for that loan.

My lender must provide me with a choice of repayment plans consistent with the provisions of the Act. My repayment period for each loan generally lasts at least 5 years but may not exceed 10 years (except under an extended or income based repayment plan). The maximum period for repaying a loan does not include periods of deferment or forbearance.

The lender will provide me with a repayment schedule that identifies my payment amounts and due dates. Except as otherwise provided in the Act, the minimum annual payment required on all my FFELP loans is $600 or the amount of interest due and payable, whichever is larger. Payments submitted by me or on my behalf (exclusive of refunds) may be applied first to charges and collection costs that are due, then to accrued interest that has not been capitalized, and finally to the principal amount, except during periods of repayment under an income based repayment plan, when payments will be applied first to interest due, then to fees due, and then to the principal amount.

If I am unable to make my scheduled loan payments, the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called forbearance. The lender may align payment due dates on my loans or grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loan(s) at any time without penalty. If I do not specify which loan(s) I am prepaying, the lender will determine how to apply the prepayment in accordance with the Act. Upon payment in full of each loan under this MPN, I agree to accept written notification of such loan payoff in place of receiving the original MPN.

**Acceleration and Default**

At the option of the lender, the entire unpaid balance of a loan made under this MPN will become immediately due and payable if any one of the following events occurs regarding that loan: (i) I (or the student) do not enroll as at least a half time student at the school that certified my loan eligibility, (ii) I do not use the proceeds of the loan solely for my or the student's educational costs, (iii) I make a false representation that results in my receiving a loan for which I am not eligible, or (iv) I default on the loan.

The following events will constitute a default on a loan: (i) I do not pay the entire unpaid balance of the applicable loan after the lender has exercised its option under items (i), (ii), or (iii) in the preceding paragraph; (ii) I do not make installment payments when due, provided my failure has persisted for at least 270 days for payments due monthly or 330 days for payments due less frequently than monthly; or (iii) I do not comply with other terms of the loan, and the lender or guarantor reasonably

concludes I no longer intend to honor my repayment obligation. If I default, the guarantor may purchase my loan(s) and capitalize all outstanding interest into a new principal balance. The new principal balance and collection fees will become immediately due and payable.

If I default, the default will be reported to all national consumer reporting agencies and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, the loan(s) may be subject to income based or income contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

**Legal Notices**

Any lender holding a loan made under this MPN is subject to all claims and defenses that I could assert against the school with respect to that loan if (i) the loan was made by the school or a school affiliated organization, (ii) the lender who made the loan provided an improper inducement (as defined by the Act) to the school or to any other party in connection with the making of the loan, (iii) the school refers loan applicants to the lender, or (iv) the school is affiliated with the lender by common control, contract, or business arrangement. My recovery under this provision will not exceed the amount I paid on the loan.

Information about my loan(s) will be submitted to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific purposes as authorized by the Department.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce the applicable loan(s) in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if sent by first class mail to the latest address the lender has for me or by electronic means to an address that I have provided. I will immediately notify the lender of any change of address or status as specified in the Borrower's Rights and Responsibilities Statement. Failure by the lender to enforce or insist on compliance with any term of this MPN will not be a waiver of any right of the lender. No provision of this MPN may be modified or waived except in writing. If any provision of this MPN is determined to be unenforceable, the remaining provisions remain in force.

---

**Notice about Subsequent Loans Made under This MPN**

This MPN authorizes the lender to disburse multiple loans to pay my or the student's educational costs during the multi year term of this MPN. Such loans will be made only upon my request and upon the school's certification of my loan eligibility. Subsequent loans for me or on behalf of the student named on this MPN may be made for the same or subsequent periods of enrollment at schools designated by the Secretary of the U.S. Department of Education.

I understand that no subsequent loan(s) will be made under this MPN after the earliest of the following dates: (i) the date my lender receives my written notice that no further loans may be disbursed under the MPN; (ii) one year after the date of my signature on this MPN if no disbursement is made during such twelve month period; or (iii) ten years after either the date of my signature on this MPN, or the date the lender receives this MPN.

Any change to the Act applies to loans in accordance with the effective date of the change.

Exhibit 2
Page 56

| Federal Family Education Loan Program (FFELP)<br><br>**Federal PLUS Loan Application and Master Promissory Note (MPN) Instructions and Notices** | Guarantor, Program, or Lender Identification<br>United Student Aid Funds, Inc. – 800<br><br>0224600000B084629 | 800<br><br>02246000 |
|---|---|---|

*This is an MPN under which you may receive multiple Federal PLUS Loans for either yourself or for the same dependent student over a maximum 10-year period. A Federal PLUS Loan is available to graduate or professional students or parents of dependent undergraduate students ("dependent" is defined in the Act and is different from the definition used by the Internal Revenue Service) attending participating postsecondary schools. In this MPN, if you are the parent of a dependent undergraduate student, all references to "student" mean the student identified in the Student Information Section. You are responsible for paying the principal amount of your loan(s) and all interest that accrues from the date of disbursement until the loan(s) is paid in full.*

*Your lender will perform a credit check with a national consumer reporting agency before approving each loan. As required under federal law, if your lender determines you have an adverse credit history, you may not borrow a Federal PLUS Loan unless: 1) you provide information to your lender's satisfaction that there are extenuating circumstances related to the adverse credit, or 2) you obtain an endorser who does not have an adverse credit history. An endorser is someone who agrees to repay the loan if you fail to do so. The endorser may not be the student on whose behalf the loan is being made.*

*This form is to be completed by the graduate or professional student borrower or the parent borrower. Print using a dark ink ballpoint pen or type. Do not complete this form in pencil. If an item has been completed for you and it is incorrect, cross out the incorrect information and print the correct information. Enter dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: June 24, 1982   06-24-1982. Incorrect, incomplete, or illegible information may cause your loan to be delayed.*

**Borrower Section**

*Check the appropriate box to indicate whether you are a graduate or professional student borrower or a parent borrower **before** completing the Borrower Section.*

**Item 1:** Enter or correct your last name, first name, and middle initial.

**Item 2:** Enter or correct your Social Security Number. Your loan(s) cannot be processed without a Social Security Number. **Read the Privacy Act and Financial Privacy Act Notices in these instructions before completing this item.**

**Item 3:** Enter your permanent address (number, street, apartment number) or rural route number and box number, then city, state, and zip code. If your mailing address is a post office box or general delivery, you must list both your mailing address and your street address or your rural route number and box number. If you do not have a permanent street address or rural route number and box number, provide the physical location of your residence. A temporary school address is not acceptable.

**Item 4:** Enter the area code and telephone number at which you can most easily be reached. (Do not list your work telephone number here.) If you do not have a telephone, enter N/A.

**Item 5:** Enter the date of your birth. Be careful not to enter the current year.

**Item 6:** Enter your preferred e⬚mail address for receiving communications. You are not required to provide this information. If you do, the lender or holder of your loan(s) may use your e-mail address to communicate with you. If you do not have an e-mail address or do not wish to provide it, enter N/A.

**Item 7:** Enter the two⬚letter abbreviation for the state that issued your driver's license followed by the driver's license number. If you do not have a driver's license, enter N/A.

**Item 8:** Indicate your U.S. citizenship status. Contact the school's financial aid office if you are unsure of your eligibility.

**Item a:** Check this box if you are a U.S. citizen or U.S. national. A U.S. citizen includes citizens of the 50 states, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Northern Mariana Islands. A U.S. national includes all U.S. citizens and citizens of American Samoa and Swain's Island.

**Item b:** Check this box if you are a permanent resident/other eligible non-citizen. Write in your eight- or nine-digit Alien Registration Number. "Permanent Resident" means someone who can provide documentation of this status from the U.S. Citizenship and Immigration Services (USCIS). "Other Eligible Non-Citizen" includes individuals who can provide documentation from the USCIS that they are in the U.S. for a purpose that is not temporary, with the intention of becoming a citizen or permanent resident. This category includes refugees, persons granted asylum, Cuban-Haitian entrants, temporary residents under the Immigration Reform and Control Act of 1986, and others.

**NOTE:** If your citizenship status is not one of the categories described above, you are not eligible to receive a Federal PLUS Loan.

**Item 9:** Enter the name and address of the lender from which you wish to borrow. If you do not have a lender, contact the school's financial aid office, a bank or other financial institution, or the guarantor or program listed on this form for information on lenders willing to make Federal PLUS Loans.

**Item 10:** Enter the lender code, if known. Otherwise, leave this item blank.

**Item 11:** *It is important that the lender is able to reach you during the process of making your loan and during repayment.* Enter your employer's name and address (including number, street, suite number, city, state, and zip code). If you are self-employed, enter the name and address of your business. If you are not employed, enter N/A.

**Item 12:** Enter your work telephone number (or the number of your work cellular telephone or other wireless device). If you are self-employed, enter the telephone number of your business (or the number of your business cellular telephone or other wireless device). If you are not employed, enter N/A.

**Item 13:** Enter reference information for two adults with different addresses who do not live with you

and who have known you for at least three years. References with addresses outside the U.S. are not acceptable. If you are a parent borrower, do not list the student as a reference. If a reference does not have a telephone number or e-mail address or does not wish to provide an e-mail address, enter N/A. If you provide an e-mail address for a reference, the lender or holder of your loan(s) may use it to communicate with the reference. All items must be completed or your loan will be delayed.

**Student Information Section**

***Complete this section only if you are a parent borrowing for a dependent undergraduate student.***

**Item 14:** Enter the student's last name, first name, and middle initial.

**Item 15:** Enter the student's Social Security Number.

**Item 16:** Enter the date of the student's birth. Be careful not to enter the current year.

**Borrower Request, Certifications, and Authorizations**

**Item 17:** Each time you request Federal PLUS Loan funds, the school will notify you of the amount of funds you are eligible to borrow. You may decline a loan or request a lower amount by contacting your lender or the school. You should apply only for what you will need to pay your or the student's educational costs each year. Additional information is included under "Loan Cancellation" in the Borrower's Rights and Responsibilities Statement.

**Items 18 and 19:** *Read these items carefully.*

**Promise to Pay**

**Item 20:** Read the entire MPN carefully. Then complete Items 21 and 22.

**Item 21:** Sign your legal name, including your first name, middle initial, and last name.

**Item 22:** Enter the date you are signing this MPN.

Exhibit 2<br>Page 57

**Important Notices**

**Privacy Act Notice**

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §421 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1071 et seq.), and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the Federal Family Education Loan Program (FFELP) and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the FFELP, to permit the servicing of your loan(s) and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) becomes delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

**Financial Privacy Act Notice**

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401-3421), the U.S. Department of Education will have access to financial records in your student loan file maintained by the lender in compliance with the administration of the Federal Family Education Loan Program.

**Paperwork Reduction Notice**

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845-0069. The time required to complete this information is estimated to average 1.0 hours (60 minutes) per response, including the time to review instructions, search existing data resources, gather and maintain the data needed, and complete and review the information collection. **If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to:**

U.S. Department of Education
Washington, DC 20202-4537

**If you have any comments or concerns regarding the status of your individual submission of this form, contact the lender, guarantor, or program identified in the upper right-hand corner of this form.**

Exhibit 2
Page 58

# Borrower's Rights and Responsibilities Statement

***Important Notice:*** *The Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of loans you receive under the Federal PLUS Loan Application and Master Promissory Note (MPN). Please keep a copy of this statement because it applies to present and subsequent loans received under the MPN. You may contact your lender at any time for another copy of this statement.*

The Federal Family Education Loan Program (FFELP) includes the following loans:

■ Subsidized Federal Stafford Loan (formerly known as Guaranteed Student Loan [GSL]),
■ Unsubsidized Federal Stafford Loan,
■ Federal Insured Student Loan (FISL),
■ Federal Supplemental Loans for Students (SLS), also known as ALAS,
■ Federal PLUS Loan,
■ Federal Consolidation Loan.

The FFELP is authorized by Title IV, Part B of the Higher Education Act of 1965, as amended.

**1. Governing Law** — Loans disbursed under this MPN are subject to the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.) and applicable U.S. Department of Education regulations (collectively referred to as the "Act"). **NOTE: Any change to the Act applies to loans in accordance with the effective date of the change.**

**2. Use of This MPN** — I may receive more than one loan under this MPN over a period not to exceed 10 years. If I am a graduate or professional student, I may receive loans under this MPN for myself. If I am a parent, I may receive loans for the dependent student identified on the MPN. I may receive loans under this MPN from the original lender or from a lender who assumes the right to offer loans under this MPN, even if I (or the student) change schools and even if the guarantor changes. I may request in writing that no further loans be disbursed under my MPN. If I wish to use a new lender, I must sign a new MPN. I must also sign a new MPN before receiving a new loan, if requested to do so by my lender.

**3. Maximum Program Loan Amounts** — I may borrow amounts under this MPN not to exceed the cost of attendance minus any financial aid that has been or will be awarded for the period of enrollment. The school determines the cost of attendance based on federal guidelines.

**4. Use of Loan Money** — I must use the loan money for authorized educational costs incurred by me or, if I am a parent borrower, by the student for attendance at the school that certified my eligibility for the time period shown on my disclosure statement. Authorized costs include the following:

■ Tuition,
■ Room,
■ Board,
■ School fees,
■ Books,
■ Supplies,
■ Equipment,
■ Dependent child care,
■ Transportation,
■ Commuting costs,
■ Rental or purchase of a personal computer,
■ Origination fee and federal default fee, and/or
■ Other documented, authorized costs.

**5. Loan Fees** — I may be charged an origination fee and/or a federal default fee for each loan made under this MPN. Neither fee may exceed the rate specified in the Act. If I am charged these fees, they will be deducted proportionately from each disbursement.

**6. Disbursement of Loan Money** — My loan money will be disbursed to the school by electronic funds transfer (EFT), master check (one check covering multiple students), or individual check. If my loan money is disbursed by individual check, the check will be copayable to me and the school and sent to the school.

Generally, my loan money will be disbursed in multiple installments based on the academic terms at the school. If the school does not have academic terms or does not have academic terms that meet certain requirements, my loan money will generally be disbursed in at least two installments, one at the beginning and one at the midpoint of the enrollment period for the applicable loan.

If my loan money exceeds the amount owed to the school, the school will forward the remainder of my loan money to me. If I am a parent borrower, I may authorize the school to forward the remainder to the student.

If I (or the student) am enrolled in a foreign school, the loan money will be disbursed directly to the foreign school by a check made copayable to me and the foreign school.

If I am a graduate or professional student and I have not previously received a Federal PLUS Loan or Direct PLUS Loan, I must receive entrance counseling before the school delivers the first disbursement of my Federal PLUS Loan.

**7. Change of Status** — I must notify my lender or any subsequent holder of my loan(s) if any of the following occurs:

■ I change my address, telephone number, or e-mail address,
■ I change my name (for example, maiden name to married name),
■ I (or the student) fail to enroll at least half time for the loan period at the school that certified my eligibility for a PLUS Loan,
■ I (or the student) withdraw from school or begin attending less than half time,
■ I (or the student) transfer to another school,
■ I (or the student) graduate, or the expected graduation date changes,
■ I change my employer or my employer's address or telephone number changes, or
■ I have any other change in status that would affect my loan status (for example, the loss of eligibility for an unemployment deferment by obtaining a job).

**8. Effect of Federal Loans on Other Student Aid** — Receipt of a Federal PLUS Loan may affect eligibility for other financial aid. Therefore, it may be beneficial to contact the school to determine eligibility for grants, work-study funds, subsidized loans, and other forms of student assistance before applying for a Federal PLUS Loan(s). A graduate or professional student must complete a Free Application for Federal Student Aid (FAFSA) and the school must determine the student's eligibility for the maximum annual amount of a Federal Stafford Loan (subsidized and unsubsidized) before the student applies for a Federal PLUS Loan.

**9. Interest Rates** — The interest rate on a Federal PLUS Loan is a fixed rate of 8.5 percent. If I qualify under the Servicemembers Civil Relief Act, the interest rate on my loans obtained prior to military service may be limited to 6% during my military service. To receive this benefit, I must contact my

loan holder for information about the documentation I must provide to show that I qualify.

**10. Payment of Interest** — I am responsible for payment of all interest that accrues on the unpaid principal amount of my loan(s) from the date of disbursement until the loan(s) is paid in full.

Under certain circumstances (for example, during deferment) I will not be required to make principal payments, but interest on my Federal PLUS Loan(s) will accrue. I may pay this interest as it accrues (for example, during an in-school deferment), or it may be capitalized (added to the principal of my loan(s)). If I inform my lender that I wish to pay interest as it accrues, but I do not submit the payments, my lender may capitalize that interest. If I inform my lender that I do not wish to pay interest as it accrues, my lender may capitalize that interest.

Capitalized interest increases the principal balance of my loan(s) and the total amount of interest I must pay.

Interest on my loan(s) may be capitalized to the extent permitted by the Act. Generally, capitalization may occur no more frequently than quarterly. (See the chart entitled, "Capitalization of Federal PLUS Loan Interest," for further information on capitalization.) The charts entitled, "Repaying Your Loans" allow me to estimate the cost of capitalization and the effect it will have on my monthly payments. If my loan amount is not shown on the charts, I understand I must add two or more amounts together to estimate more closely my monthly interest and my monthly payment.

I may be able to claim a federal income tax deduction for interest payments I make on my FFELP loans. For further information, I may refer to the IRS Publication 970, available at http://www.irs.gov.

**11. Loan Cancellation** — I understand that the terms of a full or partial loan cancellation depend on when I request the cancellation.

■ At any time before my loan money is disbursed, I may decline all or part of my loan money by notifying my lender or the school. No origination fee, federal default fee, or interest will be charged on the loan amount that is declined.

■ If the school receives the money by EFT or master check and has obtained my written confirmation of the types and amounts of federal student loans that I want to receive before crediting the loan funds to my or the student's account, I may cancel all or a part of that loan by informing the school within 14 days after the date the school notifies me of my right to cancel the loan, or by the first day of the school's payment period, whichever is later. (The school can tell me the first day of the payment period.) If my school has not obtained my written confirmation of the loans I want to receive, I may cancel all or part of the loan by informing the school within 30 days of the date the school notifies me of my right to cancel the loan. If I cancel all or a portion of a loan as described in this paragraph, the school will return the cancelled amount to my lender, and the loan fees will be eliminated or reduced in proportion to the amount returned.

■ At any time within 120 days of disbursement, I may pay back all or a part of that loan. The loan

Exhibit 2
Page 59

fees will be reduced or eliminated in proportion to the amount returned.

**12. Repayment** — All of my loans made under this MPN must be repaid.

The repayment period for each loan made under this MPN begins on the date of the final disbursement for that loan. This means that each loan I receive under this MPN will start repayment on a different date. Unless I receive a deferment or forbearance, the first payment on each loan will be due within 60 days of the final disbursement of that loan. My lender will notify me of the date my first payment is due. My repayment schedule may include all of my FFELP loans that are owned by the lender.

I am obligated to make payments on my loan(s) even if I do not receive a billing statement or repayment notice. My minimum annual payment required on all my FFELP loans will not, unless the lender otherwise agrees, be less than $600, except during a portion of the repayment period as provided in a graduated or income-sensitive repayment plan, in an extended repayment plan with graduated payments, or in an income-based repayment plan. Notwithstanding the preceding sentence, my minimum annual scheduled payments will not be less than the amount of interest due and payable, except as provided under an income-based repayment plan.

My repayment period for each loan generally lasts at least 5 years but may not exceed 10 years (except under an extended or income-based repayment plan). The maximum period for repaying a loan does not include periods of deferment or forbearance.

I will be given the opportunity to choose one of the following repayment plans:

■ **Standard Repayment Plan** — If I choose this plan, I will make fixed monthly payments and repay my loan(s) in full within 10 years from the date the loan(s) entered repayment. Payments must be at least $50 a month and will be more if necessary to repay the loan(s) within the required time period.

■ **Graduated Repayment Plan** — If I choose this plan, I will usually make lower monthly payments at first, and my payments will increase over time. No single payment will be more than three times greater than any other payment.

■ **Extended Repayment Plan** — If I choose this plan, I will make monthly payments based on fixed annual or graduated repayment amounts over a period not to exceed 25 years. If I make fixed payments, payments must be at least $50 a month and will be more if necessary to repay the loan(s) within the required time period. I am only eligible for this plan if **(i)** at the time I obtain a loan under this MPN I have no outstanding balance on a FFELP loan made before October 7, 1998, and **(ii)** I accumulate outstanding FFELP loans exceeding $30,000.

■ **Income-Sensitive Repayment Plan** — If I choose this plan, my monthly payments will be adjusted annually, based on my expected total monthly gross income from all sources. I may contact my lender at any time for more information about this repayment plan option.

■ **Income-Based Repayment Plan** (effective July 1, 2009; for graduate and professional student PLUS borrowers only) — If I choose this plan, my required monthly payment amount will be based on my income during any period when I have a partial financial hardship. My monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If I choose this plan and meet certain requirements over a 25-year period, I may qualify for cancellation of any outstanding balance on my loans. I may contact my lender at any time for more information about this repayment plan.

If I am a graduate or professional student, these repayment plans will be explained in more detail during my exit counseling session.

Under each plan, the number or amount of payments may need to be adjusted to reflect capitalized interest and/or new loans made to me.

If I do not choose an income-sensitive, income-based, graduated, or extended repayment plan within 45 days after notification of my repayment choices, or if I choose an income-sensitive repayment plan but do not provide the required documentation within the lender-specified time frame, my lender will require that I repay the loan(s) under a standard repayment plan. If I choose an income-based repayment plan but do not provide the required documentation within the time frame specified by the lender, I will be required to repay the loan(s) under a schedule provided by the lender in accordance with the Act. I may change the repayment plan on my loan(s) once a year, except that I may end an income-based repayment plan at any time to repay under the standard repayment plan.

There will be no penalty for prepaying any portion of my loan(s).

Except as provided by the Act for payments made under the income-based repayment plan, all payments and prepayments may be applied in the following order: late charges, fees, and collection costs first, outstanding accrued interest second, and outstanding principal last.

If I fail to make any part of an installment payment within 15 days after it becomes due, I may owe a late charge. This charge may not exceed six cents for each dollar of each late installment.

**13. Sale or Transfer of Loan(s)** — The lender may sell or otherwise transfer one or all of my loans without my consent. If ownership of a loan is transferred and the entity to which I must make payments changes, I will be notified of that entity's name, address and telephone number, the effective date of the sale or transfer, and the date when I must begin sending payments to that entity. Sale or transfer of my loan(s) does not affect my rights and responsibilities under such loan(s). If the lender sells my loan(s) to another originating lender, the lender may also transfer the right to offer subsequent loans under the MPN to such purchaser. I always have the right to terminate a lender's ability to make loans to me under this MPN by written notice to the lender.

**14. Loan Discharge** — My loan(s) will be discharged if acceptable documentation of my death or the death of the student for whom I acquired a loan is submitted to my lender.

My loan(s) may also be discharged if I become totally and permanently disabled as defined by the Act and meet certain other requirements.

My loan(s) will not automatically be discharged in bankruptcy. In order to discharge a loan(s) in bankruptcy, I must prove undue hardship in an adversary proceeding before the bankruptcy court.

In certain cases, the Act provides for loan discharge if I (or the student) could not complete a course of study because the school closed, if my loan eligibility was falsely certified by the school, or if a loan in my name was falsely certified as a result of a crime of identity theft. The Act also provides for loan discharge in the amount of any required refund that the school did not make to my loan holder on my behalf.

Neither the lender, the guarantor, nor the Department of Education vouches for the quality or suitability of the academic programs offered by participating schools. Unless I qualify for loan discharge under the Act, I must repay the loan(s) even if I (or the student)

---

**Capitalization of Federal PLUS Loan Interest**

**What is Capitalization?**

Capitalization is a process whereby a lender adds unpaid interest to the principal balance of a loan(s). I am responsible for paying the interest due on my Federal PLUS Loan(s) from the date the lender disburses the loan funds until the loan(s) is paid in full.

If I am granted a deferment or forbearance and I choose to defer and capitalize interest charges, the principal balance of my loan(s) will increase each time my lender capitalizes unpaid interest. As a result, I will pay more interest charges over the life of the loan(s). When I resume repaying my loan(s), my monthly payment amount may be higher or, if my loan(s) is subject to the $50 minimum payment, I may be required to make more payments.

I should contact my lender if I have any questions or need more information.

This chart compares the monthly payments on a loan(s) where interest is paid while the loan is in a deferment or forbearance status and a loan(s) where the interest is capitalized. This example uses an interest rate of 8.5% and represents the loan amount outstanding when the borrower first enters repayment. This is an estimate only. The actual interest capitalized will depend on factors such as disbursement date, number of disbursements, and the frequency of capitalization. The estimate of interest capitalized in these examples is based on quarterly capitalization over a 12-month period.

| Treatment of Interest | Loan Amount | Capitalized Interest for 12 Months | Principal to Be Repaid | Monthly Payment | Number of Payments | Total Amount Repaid |
|---|---|---|---|---|---|---|
| When you pay the interest | $15,000 | $0 | $15,000 | $186 | 120 | $23,593* |
| When you don't pay the interest | $15,000 | $1,316 | $16,316 | $202 | 120 | $24,276 |

\* Total amount repaid includes $1,275 of interest paid by the borrower during the 12-month period of deferment or forbearance.

**Results:** During repayment, you may pay $16 less per month and $683 less over the lifetime of your loan(s) when you pay the interest as it is charged.

Exhibit 2
Page 60

do not complete the education paid for with the loan(s), am unable to obtain employment in the field of study for which the school provided training, or am dissatisfied with, or do not receive, the education paid for with the loan(s).

For additional information, I should contact my lender or guarantor.

**15. Consequences of Default** — Default is defined in detail in my MPN. If I default, the entire unpaid balance and collection fees on the applicable loan(s) will become immediately due and payable. Failure to repay any loan made under this MPN may result in any or all of the following:

■ Loss of federal and state income tax refunds,
■ Loss of other federal or state payments,
■ Legal action against me,
■ Collection charges (including attorney fees) being assessed against me,
■ Loss of my professional license,
■ An increase in my interest rate,
■ Loss of eligibility for other student aid and assistance under most federal benefit programs,
■ Loss of eligibility for loan deferments,
■ Negative credit reports to consumer reporting agencies,
■ Assignment of my loan to the Department, and/or
■ My employer withholding part of my wages to give them to my guarantor or the Department (administrative wage garnishment).

**16. Consumer Reporting Agency Notification** — Information concerning the amount, disbursement, and repayment status (current or delinquent) of my loan(s) will be reported by my lender to one or more national consumer reporting agencies on a regular basis. My loan(s) will be identified as an education loan(s). If I default on any loan(s) made under this MPN, the default will also be reported by the guarantor to all national consumer reporting agencies. Before any guarantor reports such a default, it will give me at least 30 days notice that default information will be disclosed to the consumer reporting agencies unless I enter into a repayment arrangement within 30 days of the date on the notice. The guarantor will give me a chance to ask for a review of the debt(s) before the default is reported. My lender or guarantor, as applicable, must provide a timely response to a request from any consumer reporting agency regarding objections I might raise with that agency about the accuracy and completeness of information reported by the lender or guarantor.

**17. Special Repayment Arrangements** — A Federal Consolidation Loan Program is available under which I may consolidate federal education loans received from different lenders, the same lender, and/or under different federal education loan programs into one loan. Depending on the amount I borrow, this program may result in an extension of my repayment period. Consolidation permits multiple debts to be combined into one monthly payment. For additional information, I should contact my lender or guarantor.

I may consolidate my FFELP loans into the Direct Loan Program to take advantage of the public service loan forgiveness program.  This program provides for the cancellation of the remaining balance due on eligible Direct Loan Program loans after I have made 120 payments (after October 1, 2007) on those loans under certain repayment plans while employed in certain public service jobs.

I may also consolidate my FFELP loans first disbursed on or after October 1, 2008 (including Federal Consolidation Loans that repaid FFELP or Direct Loan Program loans first disbursed on or after

October 1, 2008) into the Direct Loan Program to take advantage of the no accrual of interest benefit for active duty service members. No interest will be charged on the portion of my Direct Consolidation Loan that repaid FFELP or Direct Loan Program loans first disbursed on or after October 1, 2008 during periods of qualifying active duty military service (for up to 60 months).

The Act may provide for certain loan forgiveness or repayment benefits on my loans in addition to the benefits described in this MPN. If other forgiveness or repayment options become available, my loan holder will provide information about these benefits.

Under certain circumstances, military personnel may have their federal education loan(s) repaid by the Secretary of Defense. This will address any questions to the local service recruiter. This is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. I should contact the agency's human resources department for more information.

**18. Deferments** — Under certain circumstances, I have a right to defer (postpone) repayment. The types of deferments that are available to me generally depend on when I first obtained a FFELP loan. Upon request, my lender will provide me with a deferment application that explains the eligibility requirements. If I am in default on a loan, I am not eligible for a deferment on that loan.

Deferment of repayment for loans made under this MPN is available:

■ While I am enrolled at least half time at an eligible school,
■ During the 6-month period after I cease to be enrolled at least half time,
■ While the student for whom I obtained a loan is enrolled at least half time at an eligible school,
■ During the 6-month period after the student for whom I obtained a loan ceases to be enrolled at least half time,
■ While I am engaged in a full‐time course of study in a graduate fellowship program,
■ While I am engaged in a full‐time rehabilitation training program for individuals with disabilities (if the program is approved by the Department of Education),
■ While I am conscientiously seeking, but unable to find, full‐time employment (for up to three years),
■ While I am experiencing an economic hardship as determined by federal law (for up to three years),
■ While I am serving on active duty during a war or other military operation or national emergency or performing qualifying National Guard duty during a war or other military operation or national emergency and, if I was serving on or after October 1, 2007, for an additional 180-day period following the demobilization date for my qualifying service, or
■ If I am a member of the National Guard or other reserve component of the U.S. Armed Forces (current or retired) and I am called or ordered to active duty while I am enrolled at least half time at an eligible school or within 6 months of having been enrolled at least half time, during the 13 months following the conclusion of my active duty service, or until I return to enrolled student status on at least a half-time basis, whichever is earlier.

For in‐school deferments based on my enrollment status and (if I am a graduate or professional student) for the 6-month period after I cease to be

enrolled at least half time, my lender will process the deferment based on **(i)** my request along with documentation verifying my eligibility, or **(ii)** the lender's receipt of a school certification of eligibility in connection with a new loan, or **(iii)** the lender's receipt of student status information indicating that I am enrolled on at least a half‐time basis. If my lender processes a deferment based on **(ii)** or **(iii)**, I will be notified of the deferment and will have the option of canceling the deferment and continuing to make payments on my loan(s).

For all other deferments, I must provide my lender with a deferment request (or, for a deferment based on active duty or qualifying National Guard duty during a war or other military operation or national emergency, a representative may request the deferment on my behalf). I must also provide information and documentation that establishes my eligibility, except in certain circumstances when my lender may establish my eligibility by confirming I have received a deferment on another FFELP loan or on a Direct Loan.

**NOTE:** If at the time I obtain a loan under this MPN I have an outstanding balance on a FFELP loan disbursed before July 1, 1993, information on deferment conditions that apply will be found in my earlier promissory note materials.

**19. Forbearance** — If I am unable to make any scheduled loan payment(s), the lender may allow me to reduce my payment amount, to extend the time for making payments, or to temporarily stop making payments as long as I intend to repay my loan(s). Allowing me to temporarily delay or reduce loan payments is called a forbearance. Interest continues to accrue during a forbearance period.

The lender may grant me a forbearance due to poor health or other acceptable reasons.

My lender is generally not required to grant a forbearance and may require me to provide my reasons for the request and other information.

The lender may grant me a forbearance to eliminate a delinquency that persists even though I am making scheduled installment payments. My lender may grant me an administrative forbearance for up to 60 days in order to collect and process documentation supporting my request for a deferment, forbearance, change in repayment plan, consolidation, or discharge.

Circumstances that require my lender to grant me a forbearance, if I provide appropriate documentation, include:

■ Serving in a medical or dental internship or residency program, if I meet certain criteria.
■ Serving in a national service position for which I receive a national service award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service.
■ Qualifying for partial repayment of my loans under the Student Loan Repayment Program, as administered by the Department of Defense.
■ Having a monthly debt burden for Title IV loans that collectively equals or exceeds 20% of my total monthly gross income (for up to three years).
■ Being called to active duty in the U.S. Armed Forces.

For additional information, I should contact my lender.

*Repayment information follows*

Exhibit 2
Page 61

**Repaying Your Loans**

Follow these steps to estimate your loan payment.

---

### Step 1: Calculate Your Monthly Interest Charges

Round your Federal PLUS Loan balance up to the nearest $500. If your loan amount is not on the table, follow the example below to estimate your monthly accrued interest.

**Example:**
Federal PLUS Loan of $5,479 at 8.5% interest.
Round up to nearest $500   $5,500.

| | |
|---|---|
| $5,000 | $35.42/month |
| + 500 | $ 3.54/month |
| $5,500 | $38.96/month* |

Your monthly interest  $

#### Approximate Monthly Interest

| Loan Amount | 8.5% |
|---|---|
| $     500 | $    3.54 |
| $  1,000 | $    7.08 |
| $  3,000 | $  21.25 |
| $  5,000 | $  35.42 |
| $  6,000 | $  42.50 |
| $  7,000 | $  49.58 |
| $  9,000 | $  63.75 |
| $10,000 | $  70.83 |
| $15,000 | $106.25 |
| $20,000 | $141.67 |
| $25,000 | $177.08 |

---

### Step 2: Estimate Your Capitalized Interest

Complete this step only if you will capitalize interest on a Federal PLUS Loan. **This is an estimate only.** Actual interest capitalized will depend on factors such as disbursement dates, number of disbursements, and the frequency of capitalization.

| | Monthly Interest (From Step One) | | Number of Months in Deferment or Forbearance | | Estimate of Capitalized Interest |
|---|---|---|---|---|---|
| Example | $    38.96 | X | 22 | | $    857.12 |
| Your capitalized interest | $ | X | | | $ |

---

### Step 3: Estimate Your Monthly Payment

Round your loan balance up to the nearest $500. If your principal amount is not on the table, follow the example below to estimate your monthly payment. If you previously had interest capitalized, add it to the outstanding loan amount to get the new principal amount.

**Example:**
Federal PLUS Loan of $6,357.12 ($5,500.00 + $857.12) at 8.5% interest.
Round up to nearest $500   $6,500.

| | |
|---|---|
| $6,000 | $74.39/month |
| + 500 | $ 6.20/month |
| $6,500 | $80.59/month |

Estimated monthly payment   $80.59

*Minimum monthly payment   $50 or amount of interest accruing each month.

#### Estimated Monthly Payments (10-Year Term)

| Loan Amount | 8.5% |
|---|---|
| $     500 | $    6.20 |
| $  1,000* | $  12.40 |
| $  3,000* | $  37.20 |
| $  5,000 | $  61.99 |
| $  6,000 | $  74.39 |
| $  7,000 | $  86.79 |
| $  9,000 | $111.59 |
| $10,000 | $123.99 |
| $15,000 | $185.98 |
| $20,000 | $247.97 |
| $25,000 | $309.96 |

---

| | Loan Amount | | Estimate of Capitalized Interest (From Step Two) | New Principal Balance | Estimated Monthly Payment |
|---|---|---|---|---|---|
| Example | $    5,500 | + | $    857.12 | $    6,357.12 | $    80.59 |
| Your Monthly Payment | $ | + | $ | $ | $ |

Exhibit 2
Page 62

Exhibit 2
Page 63

# Federal Direct Consolidation Loan
# Application and Promissory Note

OMB No. 1845-0053
Form Approved
Exp. Date 02/28/2014

**WARNING:** Any person who knowingly makes a false statement or misrepresentation
on this form or any accompanying documentation is subject to penalties that may
include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

**Before You Begin**

Read the instructions for completing this Federal Direct Consolidation Loan Application and Promissory Note (Note). Print using blue or black ink or type. You must sign and date this form. If you cross out anything and write in new information, put your initials beside the change.

**NOTE: PAGES 1, 2, 3, 4, and 5 OF THIS NOTE MUST BE SUBMITTED FOR YOUR LOAN REQUEST TO BE PROCESSED.**

**Section A: Borrower Information**

| 1. Last Name | First Name | Middle Initial | 2. Social Security Number |
|---|---|---|---|
| PEREIRA | SERGIO | F | |

**3. Permanent Address** (if P.O. box or general delivery, see instructions)

**4. Area Code/Telephone Number**

| City | State | Zip Code |
|---|---|---|

**5. E-Mail Address (Optional)**

| 6. Former Name(s) | 7. Date of Birth (mm-dd-yyyy) | 8. Driver's License State and Number |
|---|---|---|
| | | State     Number |

**9. Employer's Name**
Mountainside Hospital

**10. Employer's Address**

1 Bay Avenue

| 11. Work Area Code/Telephone Number | City | State | Zip Code |
|---|---|---|---|
| (973)   4296000 | Montclair | NJ | 07042 |

**Section B: Reference Information**

**12. References:** List two persons with different U.S. addresses who do not live with you and who have known you for at least three years.

| Name | 1. |
|---|---|
| Permanent Address | |
| City, State, Zip Code | |
| E-Mail Address (optional) | |
| Area Code/ Telephone Number | |
| Relationship to Borrower | |

**Section C1: Education Loan Indebtedness ─ Loans You Want to Consolidate (continued on page 2)**

*Read the instructions before completing this section.* List each federal education loan that you want to consolidate, including any William D. Ford Federal Direct Loan (Direct Loan) Program loans that you want to include in your Direct Consolidation Loan. If you need more space to list additional loans, use the Additional Loan Listing Sheet included with this Note. List each loan separately. Please print. **IN THIS SECTION, LIST ONLY LOANS THAT YOU WANT TO CONSOLIDATE.**

We will send you a notice before we consolidate your loans. This notice will **(1)** provide you with information about the loans and payoff amounts that we have verified, and **(2)** tell you the deadline by which you must notify us if you want to cancel the Direct Consolidation Loan, or if you do not want to consolidate one or more of the loans listed in the notice. The notice will include information about loans eligible for consolidation that you listed in this section. It will also include information about additional loans eligible for consolidation that you did not list in this section, if you have additional eligible loans with a holder of a loan that you listed in this section. **See the instructions for more information about the notice we will send.**

**Submit pages 1, 2, 3, 4, and 5**

Page 1 of 17

Exhibit 2
Page 64

| Borrower's Name (please print) | SERGIO PEREIRA | Social Security Number | |
|---|---|---|---|

**Section C1: Education Loan Indebtedness – Loans You Want to Consolidate (continued from page 1)**

| 13. Loan Code (See Instructions) | 14. Loan Holder/Servicer Name, Address, and Area Code/Telephone Number (See Instructions) | 15. Loan Account Number | 16. Estimated Payoff Amount |
|---|---|---|---|
| A | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | ▮ | $4,659.00 |
| G | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $7,483.00 |
| S | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $19,130.00 |
| G | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $8,056.00 |
| A | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $4,823.00 |
| S | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $59,331.00 |
| A | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $9,646.00 |
| G | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $13,823.00 |
| G | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $7,110.00 |
| A | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | | $4,823.00 |
| | American Education Services<br>1200 North 7th Street<br>Harrisburg, PA 17105<br>1-800-233-9557 | ▮ | $13,929.33 |
| | | | |
| | | | |
| | | | |

| **17. Grace Period End Date.** If any of the loans you want to consolidate are in a grace period, you can have the processing of your Direct Consolidation Loan delayed until the end of your grace period by entering your expected grace period end date in the space provided. If you leave this item blank, we will begin processing your Direct Consolidation Loan as soon as we receive this Note and any other required documents and any loans listed in Section C1 that are in a grace period will enter repayment immediately upon consolidation. You will then lose the remaining portion of the grace period on these loans. | **Expected Grace Period End Date (month/year):**<br>**N/A** |
|---|---|

**Submit pages 1, 2, 3, 4, and 5**

Page 2 of 17

Exhibit 2
Page 65

| Borrower's Name (please print) | SERGIO PEREIRA | Social Security Number | |
|---|---|---|---|

**Section C2: Education Loan Indebtedness – Loans You Do Not Want to Consolidate**

*Read the instructions before completing this section.* List all education loans that you are not consolidating, but want to have considered when your maximum repayment period is calculated. Remember to include any Direct Loan Program loans that you do not want to consolidate. If you need more space to list additional loans, use the Additional Loan Listing Sheet included with this Note. List each loan separately. Please print. **IN THIS SECTION, LIST ONLY LOANS THAT YOU DO NOT WANT TO CONSOLIDATE.**

We will send you a notice before we consolidate your loans. This notice will **(1)** provide you with information about the loans and payoff amounts that we have verified, and **(2)** tell you the deadline by which you must notify us if you want to cancel the Direct Consolidation Loan, or if you do not want to consolidate one or more of the loans listed in the notice. The notice will **not** include information about any loans you listed in this section, and any loans listed in this section will **not** be consolidated. **See the instructions for more information about the notice we will send.**

| 18. Loan Code (See Instructions) | 19. Loan Holder/Servicer Name, Address, and Area Code/Telephone Number (See Instructions) | 20. Loan Account Number | 21. Current Balance |
|---|---|---|---|
| A | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | 1-02 | $4,369.96 |
| G | SALLIE MAE, INC.<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA 187060000 | 1-03 | $6,119.40 |
| A | DEPT OF ED/SALLIE MAE | | |
| G | DEPT OF ED/SALLIE MAE | | |
| S | DEPT OF ED/SALLIE MAE | | |
| A | DEPT OF ED/SALLIE MAE | | |
| G | DEPT OF ED/SALLIE MAE | | |
| S | DEPT OF ED/SALLIE MAE | | |
| S | DEPT OF ED/SALLIE MAE | | |
| G | DEPT OF ED/SALLIE MAE | | |
| A | DEPT OF ED/SALLIE MAE | | |
| | | | |
| | | | |
| | | | |

**Submit pages 1, 2, 3, 4, and 5**

**Page 3 of 17**

Exhibit 2
Page 66

| Borrower's Name (please print) | SERGIO PEREIRA | Social Security Number | |
|---|---|---|---|

## Section D: Repayment Plan Selection

To understand your repayment plan options, carefully read the repayment plan information in the Borrower's Rights and Responsibilities Statement on pages 7-10 of this Note and in any supplemental materials you receive with this Note. Then select a repayment plan for your Direct Consolidation Loan by completing the **Repayment Plan Selection** form that accompanies this Note.

• If you select the Income Contingent Repayment (ICR) Plan or the Income-Based Repayment (IBR) Plan, you must also complete additional forms and/or provide additional documentation as explained on the Repayment Plan Selection form. **Your selection of the ICR Plan or IBR Plan cannot be processed without the required additional forms or documentation.**

• You **must** select the ICR Plan or the IBR Plan for repayment of your Direct Consolidation Loan if **(1)** you want to consolidate a defaulted loan(s) and you have not made a satisfactory repayment arrangement with your current loan holder(s); or **(2)** you are consolidating a delinquent Federal Consolidation Loan that the lender has submitted to the guaranty agency for default aversion, and you are not consolidating any additional eligible loans.

## Section E: Borrower Understandings, Certifications, and Authorizations (continued on page 5)

22.  I understand that:

**A.**  My Direct Consolidation Loan will, to the extent used to pay off loans made under the Federal Family Education Loan (FFEL), Direct Loan, and Federal Perkins Loan (Perkins Loan) programs, count against the applicable aggregate loan limits under the Act. The term "the Act" is defined under "Governing Law" on page 6 of this Note.

**B.**  The amount of my Direct Consolidation Loan is the sum of the balances of my outstanding eligible loans that I have chosen to consolidate. My outstanding balance on each loan to be consolidated includes unpaid principal, unpaid accrued interest and late charges as defined by federal regulations and as certified by the loan holder. Collection costs may also be included. For a Direct Loan Program or FFEL Program loan that is in default, the amount of any collection costs that may be included in the payoff balances of the loans is limited to a maximum of 18.5% of the outstanding principal and interest. For any other defaulted federal education loans, all collection costs that are owed may be included in the payoff balances of the loans.

**C.**  Applying for a Direct Consolidation Loan does not obligate me to agree to take the Direct Consolidation Loan. The U.S. Department of Education (ED) will provide me with: **(1)** a notice containing information about the loans and payoff amounts that ED has verified with the holders of my loans or through ED's National Student Loan Data System (NSLDS) before the actual payoffs occur; and **(2)** the deadline by which I must notify ED if I want to cancel the Direct Consolidation Loan, or if I do not want to consolidate any of the loans that ED has verified. The notice that ED sends will include information about loans eligible for consolidation that I listed in Section C1 of this Note ("Education Loan Indebtedness – Loans You Want to Consolidate"). It may also include information about additional loans eligible for consolidation that I did not list in Section C1, if I have additional eligible loans with a holder of a loan listed in Section C1. If I do not inform ED otherwise by the deadline specified in the notice that ED sends to me, all of the loans listed in the notice will be consolidated.

**D.**  If the amount ED sends to my loan holders is more than the amount needed to pay off the balances of the selected loans, the holders will refund the excess amount to ED and this excess amount will be applied against the outstanding balance of my Direct Consolidation Loan. If the amount that ED sends to my holders is less than the amount needed to pay off the balances of the loans selected for consolidation, ED will include the remaining amount in my Direct Consolidation Loan.

**E.**  Unless I am: **(1)** consolidating a delinquent Federal Consolidation Loan that the lender has submitted to the guaranty agency for default aversion; **(2)** consolidating a defaulted Federal Consolidation Loan; **(3)** consolidating a Federal Consolidation Loan to use the Public Service Loan Forgiveness Program; or **(4)** consolidating a Federal Consolidation Loan to use the no accrual of interest benefit for active duty service members, I may consolidate an existing Federal Consolidation Loan or Direct Consolidation Loan only if I include at least one additional eligible loan in the consolidation.

**F.**  If I am consolidating a delinquent Federal Consolidation Loan that the lender has submitted to the guaranty agency for default aversion or a defaulted Federal Consolidation Loan, and I am not including another eligible loan, I must agree to repay my Direct Consolidation Loan under the ICR Plan or the IBR Plan.

**G.**  If I consolidate my loans, I may no longer be eligible for certain deferments, subsidized deferment periods, certain types of loan discharges or loan forgiveness, or reduced interest rates that were available on the loans I am consolidating.

**H.**  Any payments made prior to the date of consolidation on the loans I am consolidating will not count toward **(1)** the 25 years of repayment required for loan forgiveness under the IBR Plan or the ICR Plan (see Item 10 of the Borrower's Rights and Responsibilities Statement in this Note), or **(2)** the 120 qualifying payments required for Public Service Loan Forgiveness (see Item 17 of the Borrower's Rights and Responsibilities Statement).

**I.**  If I am consolidating a Perkins Loan: **(1)** I will no longer be eligible for interest-free periods while I am enrolled in school at least half time, in the grace period on my loan, and during deferment periods; and **(2)** I will no longer be eligible for full or partial loan cancellation under the Perkins Loan Program based on years of service in one of the following occupations: teacher in a low-income elementary or secondary school; staff member in a Head Start preschool program; special education teacher; member of the Armed Forces who qualifies for special pay; Peace Corps volunteer or volunteer under the Domestic Volunteer Service Act of 1973; law enforcement or corrections officer; attorney in an eligible defender organization; teacher of mathematics, science, foreign languages, bilingual education or any other high-need field; nurse or medical technician providing health care services; employee of a public or private nonprofit child or family service agency that services high-risk children from low-income families and their families; fire fighter; faculty member at a Tribal College or University; librarian; or speech language pathologist.

**J.**  If I am consolidating a Direct PLUS Loan or a Federal PLUS Loan that I obtained to help pay for my dependent child's undergraduate education, I will not be eligible to repay my Direct Consolidation Loan under the IBR Plan. However, I may repay my Direct Consolidation Loan under the ICR Plan.

**K.**  If I am consolidating any Direct Loan Program loans on which I received an up-front interest rebate, and I have not yet made the first 12 required on-time payments on those loans at the time the loans are consolidated, I must make the first 12 required monthly payments on my Direct Consolidation Loan on time to keep the interest rebate (see Item 9 of the Borrower's Rights and Responsibilities Statement).

23.  Under penalty of perjury, I certify that:

**A.**  The information that I have provided on this Note is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

**B.**  All of the loans selected for consolidation have been used to finance my education or the education of my dependent child(ren).

**C.**  All of the loans selected for consolidation are in a grace period or in repayment ("in repayment" includes loans in deferment or forbearance).

**D.**  If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science and Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements with the holder to repay the amount owed.

**E.**  If I am in default on any loan I am consolidating (except as provided above in Item 22.F.), I have either made a satisfactory repayment arrangement with the holder of that defaulted loan, or I will repay my Direct Consolidation Loan under the ICR Plan or the IBR Plan.

**F.**  If I have been convicted of, or pled *nolo contendere* or guilty to, a crime involving fraud in obtaining federal student aid funds under the Act, I have completed the repayment of those funds to ED, or to the loan holder in the case of a Title IV federal student loan.

**Submit pages 1, 2, 3, 4, and 5**

**Page 4 of 17**

Exhibit 2
Page 67

| Borrower's Name (please print) | SERGIO PEREIRA | Social Security Number | |
|---|---|---|---|

**Section E: Borrower Understandings, Certifications, and Authorizations (continued from page 4)**

24. I make the following authorizations:

**A.** I authorize ED to contact the holders of the loans selected for consolidation to determine the eligibility for consolidation and the payoff amounts of the loans listed in Section C1 of this Note and any of my other federal education loans that are held by a holder of a loan listed in Section C1. I further authorize release to ED or its agent of any information required to consolidate my education loans in accordance with the Act.

**B.** I authorize ED to issue the proceeds of my Direct Consolidation Loan to the holders of the selected loans to pay off the debts.

**C.** I authorize ED to investigate my credit record and report information about my loan status to persons and organizations permitted by law to receive that information.

**D.** I authorize my school(s) and ED to release information about my Direct Consolidation Loan to the references on the loan and to members of my immediate family, unless I submit written directions otherwise.

**E.** I authorize my school(s), ED, or their agents to verify my Social Security Number with the Social Security Administration (SSA) and, if the number on my loan record is incorrect, then I authorize SSA to disclose my correct Social Security Number to these parties.

**F.** I authorize my schools, ED, and their respective agents and contractors to contact me regarding my loan request or my loan, including repayment of my loan, at the current or any future number that I provide for my cellular telephone or other wireless device using automated dialing equipment or artificial or prerecorded voice or text messages.

**Section F: Promissory Note (continued on page 6) – to be completed and signed by the borrower.**

25. **Promise to Pay.** I promise to pay to the ED all sums disbursed under the terms of this Note to pay off my prior loan obligations, plus interest and other charges and fees that may become due as provided in this Note. Unless I make interest payments, interest that accrues on my loan during forbearance periods and on the unsubsidized portion of my loan during deferment periods may be added, as provided under the Act, to the principal balance of my loan. If I do not make payments on this Note when due, I will also pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees.

If ED accepts my application, I understand that ED will send funds to the holders of the loans that I want to consolidate to pay off those loans. I further understand that the amount of my Direct Consolidation Loan will equal the sum of the payoff balances on the loans selected for consolidation. My signature on this Note serves as my authorization to pay off the balances of the loans selected for consolidation as provided by the holders of the loans.

The payoff amount may be greater than or less than the estimated total balance I have indicated in Section C1. Further, I understand that if any collection costs are owed on the loans selected for consolidation, these costs may be added to the principal balance of my Direct Consolidation Loan.

I will not sign this Note before reading the entire Note, even if I am told not to read it. I am entitled to an exact copy of this Note and the Borrower's Rights and Responsibilities Statement. My signature certifies that I have read, understand, and agree to the terms and conditions of this Note, including the Borrower Understandings, Certifications, and Authorizations in Section E, and the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT THIS IS A LOAN THAT I MUST REPAY.**

| **26. Borrower's Signature** | Sergio F Pereira | **Today's Date (mm-dd-yyyy)** | 06/29/2012 |
|---|---|---|---|

**Repayment Plan Selection**

| **Your Selected Repayment Option:** | Income-Based Repayment Plan |
|---|---|

**Parent PLUS Repayment Plan Selection**

| **Your Selected Parent PLUS Repayment Option:** | |
|---|---|

Exhibit 2
Page 68

## Promissory Note – continued from page 5

### Governing Law

The terms of this Federal Direct Consolidation Loan Application and Promissory Note (Note) will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (ED's) regulations, as they may be amended in accordance with their effective date, and other applicable federal laws and regulations (collectively referred to as the "Act"). Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

### Disclosure of Loan Terms

This Note applies to a Federal Direct Consolidation Loan (Direct Consolidation Loan). Under this Note, the principal amount that I owe, and am required to repay, will be equal to all sums disbursed to pay off my prior loan obligations, plus any unpaid interest that is capitalized and added to the principal amount.

My Direct Consolidation Loan may have up to two separate loan identification numbers depending on the loans I choose to consolidate. These loan identification numbers will represent prior subsidized loans and prior unsubsidized loans. Each applicable loan identification number is represented by this Note.

When the loans that I am consolidating are paid off, a disclosure statement will be provided to me. The disclosure will identify the amount of my Direct Consolidation Loan, the associated loan identification number(s), and additional terms of the loan, such as the interest rate and repayment schedule. If I have questions about the information disclosed, I may contact my servicer. Important additional information is also contained in the Borrower's Rights and Responsibilities Statement. The Borrower's Rights and Responsibilities Statement and any disclosure I receive in connection with the loan made under this Note are hereby incorporated into this Note.

I understand that ED may use a servicer to handle billing and other communications related to my loan.

### Interest

Interest will be calculated using a formula provided for by the Act. Unless ED notifies me in writing of a lower rate, the interest rate on my Direct Consolidation Loan will be based on the weighted average of the interest rates on the loans being consolidated, rounded to the nearest higher one-eighth of one percent, but will not exceed 8.25%. This is a fixed interest rate, which means that the rate will remain the same throughout the life of the loan.

I agree to pay interest on the principal amount of my Direct Consolidation Loan from the date of disbursement until the loan is paid in full or discharged, except for interest ED does not charge me during a deferment period on the subsidized portion of my Direct Consolidation Loan. ED may add interest that accrues but is not paid when due to the unpaid principal balance of this loan, as provided under the Act. This is called capitalization.

### Late Charges and Collection Costs

ED may collect from me: **(1)** a late charge of not more than six cents for each dollar of each late payment if I fail to make any part of a required installment payment within 30 days after it becomes due, and **(2)** any other charges and fees that are permitted by the Act related to the collection of my Direct Consolidation Loan. If I default on my loan, I will pay reasonable collection costs, plus court costs and attorney fees.

### Repayment

I must repay the full amount of the Direct Consolidation Loan made under this Note, plus accrued interest. I will repay my loan in monthly installments during a repayment period that begins on the date of the first disbursement of the loan, unless it is in a deferment or forbearance period. Payments made by me or on my behalf will be applied first to late charges and collection costs that are due, then to interest that has not been paid, and finally to the principal amount of the loan, except during periods of repayment under the Income-Based Repayment (IBR) Plan. Under the IBR Plan, payments will be applied

first to interest that is due, then to fees that are due, and then to the principal amount.

ED will provide me with a choice of repayment plans. Information on these plans is included in the Borrower's Rights and Responsibilities Statement. I must select a repayment plan. If I do not select a repayment plan, ED will choose a plan for me in accordance with the Act.

ED will provide me with a repayment schedule that identifies my payment amounts and due dates. My first payment will be due within 60 days of the first disbursement of my Direct Consolidation Loan unless it is in a deferment or forbearance period. If I am unable to make my scheduled loan payments, ED may allow me to temporarily stop making payments, reduce my payment amount, or extend the time for making payments, as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called forbearance.

ED may adjust payment dates on my Direct Consolidation Loan or may grant me forbearance to eliminate a delinquency that remains even though I am making scheduled installment payments.

I may prepay any part of the unpaid balance on my loan at any time without penalty. After I have repaid my Direct Consolidation Loan in full, ED will send me a notice telling me that I have paid off my loan.

### Acceleration and Default

At ED's option, the entire unpaid balance of the Direct Consolidation Loan will become immediately due and payable (this is called "acceleration") if either of the following events occurs: **(1)** I make a false representation that results in my receiving a loan for which I am not eligible; or **(2)** I default on the loan.

The following events will constitute a default on my loan: **(1)** I fail to pay the entire unpaid balance of the loan after ED has exercised its option under the preceding paragraph; **(2)** I fail to make installment payments when due, provided my failure has persisted for at least 270 days; or **(3)** I fail to comply with other terms of the loan, and ED reasonably concludes that I no longer intend to honor my repayment obligation. If I default, ED may capitalize all outstanding interest. This will increase the principal balance, and the full amount of the loan, including the new principal balance and collection costs, will become immediately due and payable.

If I default, the default will be reported to national consumer reporting agencies and will significantly and adversely affect my credit rating. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, I may be required to repay the loan (including potential collection of amounts in excess of the principal and interest) under the Income Contingent Repayment (ICR) Plan or the IBR Plan in accordance with the Act.

### Legal Notices

Any notice required to be given to me will be effective if sent by first class mail to the most recent address that ED has for me, by electronic means to an address I have provided, or by any other method of notification permitted or required by applicable statute or regulation. I will immediately notify ED of a change of contact information or status, as specified in the Borrower's Rights and Responsibilities Statement.

If ED fails to enforce or insist on compliance with any term on this Note, this does not waive any right of ED. No provision of this Note may be modified or waived except in writing by ED. If any provision of this Note is determined to be unenforceable, the remaining provisions will remain in force.

Information about my loan will be submitted to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific purposes as authorized by ED.

Exhibit 2
Page 69

## Borrower's Rights and Responsibilities Statement

***Important Notice:*** *This Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of the loan you will receive under the accompanying Federal Direct Consolidation Loan (Direct Consolidation Loan) Application and Promissory Note (Note).* ***Please keep a copy of the Note and this Borrower's Rights and Responsibilities Statement for your records.***

*In this document, the words "we," "us," and "our" refer to the U.S. Department of Education.*

**1. The William D. Ford Federal Direct Loan Program.** The William D. Ford Federal Direct Loan (Direct Loan) Program includes the following types of loans, known collectively as "Direct Loans":

- Federal Direct Stafford/Ford Loans (Direct Subsidized Loans)
- Federal Direct Unsubsidized Stafford/Ford Loans (Direct Unsubsidized Loans)
- Federal Direct PLUS Loans (Direct PLUS Loans)
- Federal Direct Consolidation Loans (Direct Consolidation Loans)

The Direct Loan Program is authorized by Title IV, Part D, of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 *et seq.* (HEA).

Direct Loans are made by the U.S. Department of Education. We contract with servicers to service, answer questions about, and process payments on Direct Loans. We will provide you with the address and telephone number of the servicer for your loan.

**2. Laws that apply to this Note.** The terms and conditions of loans made under this Note are determined by the HEA and other applicable federal laws and regulations. These laws and regulations are referred to as "the Act" throughout this Borrower's Rights and Responsibilities Statement. State law, unless it is preempted by federal law, may provide you with certain rights, remedies, and defenses in addition to those stated in the Note and this Borrower's Rights and Responsibilities Statement.

**NOTE: Any change to the Act applies to loans in accordance with the effective date of the change.**

**3. Direct Consolidation Loan identification numbers.** Depending on the type(s) of federal education loan(s) that you choose to consolidate, your Direct Consolidation Loan may have up to two individual loan identification numbers. However, you will have only one Direct Consolidation Loan and will receive only one bill.

**3a.** The subsidized portion of your Direct Consolidation Loan ("Direct Subsidized Consolidation Loan") will have one loan identification number representing the amount of the following types of loans that you consolidate:

- Subsidized Federal Stafford Loans
- Direct Subsidized Loans
- Subsidized Federal Consolidation Loans
- Direct Subsidized Consolidation Loans
- Federal Insured Student Loans (FISL)
- Guaranteed Student Loans (GSL)

**3b.** The unsubsidized portion of your Direct Consolidation Loan ("Direct Unsubsidized Consolidation Loan") will have one identification number representing the amount of the following types of loans that you consolidate:

- Unsubsidized and Nonsubsidized Federal Stafford Loans
- Direct Unsubsidized Loans
- Unsubsidized Federal Consolidation Loans
- Direct Unsubsidized Consolidation Loans
- Federal PLUS Loans (for parents or for graduate and professional students)
- Direct PLUS Loans (for parents or for graduate and professional students)
- Direct PLUS Consolidation Loans
- Federal Perkins Loans
- National Direct Student Loans (NDSL)
- National Defense Student Loans (NDSL)
- Federal Supplemental Loans for Students (SLS)

- Parent Loans for Undergraduate Students (PLUS)
- Auxiliary Loans to Assist Students (ALAS)
- Health Professions Student Loans (HPSL)
- Health Education Assistance Loans (HEAL)
- Nursing Student Loans (NSL)
- Loans for Disadvantaged Students (LDS)

**4. Adding eligible loans to your Direct Consolidation Loan.** You may add eligible loans to your Direct Consolidation Loan by submitting a request to us within 180 days of the date your Direct Consolidation Loan is made. (Your Direct Consolidation Loan is "made" on the date we pay off the first loan that you are consolidating.) After we pay off any loans that you add during the 180-day period, we will notify you of the new total amount of your Direct Consolidation Loan and of any adjustments that must be made to your monthly payment amount and/or interest rate.

If you want to consolidate any additional eligible loan(s) after the 180-day period, you must apply for a new Direct Consolidation Loan.

**5. Loans that may be consolidated.** *General.* Only the federal education loans listed in Items 3a.and 3b. of this Borrower's Rights and Responsibilities Statement may be consolidated into a Direct Consolidation Loan. You may only consolidate loans that are in a grace period or in repayment (including loans in deferment or forbearance). At least one of the loans that you consolidate must be a Direct Loan Program loan or a Federal Family Education Loan (FFEL) Program loan.

*Defaulted loans.* You may consolidate a loan that is in default if **(a)** you first make satisfactory repayment arrangements with the holder of the defaulted loan, or **(b)** you agree to repay your Direct Consolidation Loan under the Income Contingent Repayment (ICR) Plan or the Income-Based Repayment (IBR) Plan (see Item 10).

*Existing consolidation loans.* Generally, you may consolidate an existing Direct Consolidation Loan or Federal Consolidation Loan into a new Direct Consolidation Loan only if you include at least one additional eligible loan in the consolidation. However, you may consolidate a Federal Consolidation Loan into a new Direct Consolidation Loan without including an additional loan if the Federal Consolidation Loan is delinquent and has been submitted by the lender to the guaranty agency for default aversion, or if the Federal Consolidation Loan is in default. In such cases, you must agree to repay the new Direct Consolidation Loan under the ICR Plan or the IBR Plan. You may also consolidate a single Federal Consolidation Loan into a new Direct Consolidation Loan to use the Public Service Loan Forgiveness program described in Item 17 of this Borrower's Rights and Responsibilities Statement, or the no accrual of interest benefit for active duty service members described in Item 8.

**6. Information you must report to us.** Until your loan is repaid, you must notify your servicer if you:

- Change your address or telephone number;
- Change your name (for example, maiden name to married name);
- Change your employer or your employer's address or telephone number changes; or
- Have any other change in status that would affect your loan (for example, if you receive a deferment while you are unemployed, but you find a job and therefore no longer meet the eligibility requirements for the deferment)

**7. Interest rate.** The interest rate on your Direct Consolidation Loan will be **the lesser of** the weighted average of the interest rates on the loans being consolidated, rounded to the nearest higher one-eighth of one percent, OR 8.25%. We will send you a notice that tells you the interest rate on your loan.

The interest rate on a Direct Consolidation Loan is a fixed rate. This means that the interest rate will remain the same throughout the life of your loan.

If you qualify under the Servicemembers Civil Relief Act, the interest rate on your loans obtained prior to military service may be limited to 6% during your military service. To receive this benefit, you must contact your servicer for information about the documentation you must provide to show that you qualify.

Exhibit 2
Page 70

**8. Payment of interest.** Except as provided below for borrowers who serve in the military, interest accrues on a Direct Consolidation Loan from the date the loan is made until it is paid in full or discharged, including during periods of deferment or forbearance. You are responsible for paying all interest that accrues, except for interest that accrues on the subsidized portion of a Direct Consolidation Loan ("Direct Subsidized Consolidation Loan" – see Item 3a.) during deferment periods.

If you do not pay the interest as it accrues during the periods described above, we will add the interest to the unpaid principal amount of your loan at the end of the deferment or forbearance period. This is called "capitalization." Capitalization increases the unpaid principal balance of your loan, and interest will then accrue on the increased principal amount.

The chart below shows the difference in the total amount you would repay on a $15,000 Direct Unsubsidized Consolidation Loan if you pay the interest as it accrues during a 12-month deferment or forbearance period, compared to the amount you would repay if you do not pay the interest and it is capitalized.

|  | If you pay the interest as it accrues... | If you do not pay the interest and it is capitalized... |
|---|---|---|
| **Loan Amount** | $15,000 | $15,000 |
| **Capitalized Interest for 12 Months (at the maximum rate of 8.25%)** | $0 | $1,238 |
| **Principal to be Repaid** | $15,000 | $16,238 |
| **Monthly Payment (Standard Repayment Plan)** | $146 | $158 |
| **Number of Payments** | 180 | 180 |
| **Total Amount Repaid** | $26,209 | $28,359 |

In this example, you would pay $12 less per month and $2,150 less altogether if you pay the interest as it accrues during a 12-month deferment or forbearance period.

You may be able to claim a federal income tax deduction for interest payments you make on Direct Loans. For further information, refer to IRS Publication 970, which is available at http://www.irs.ustreas.gov.

Under the no interest accrual benefit for active duty service members, during periods of qualifying active duty military service interest does not accrue on the portion of a Direct Consolidation Loan that repaid a Direct Loan Program or FFEL Program loan first disbursed on or after October 1, 2008 (for up to 60 months).

**9. Repayment incentive programs.** A repayment incentive is a benefit that we offer to encourage you to repay your loan on time. Under a repayment incentive program, the interest rate we charge on your loan may be reduced. Some repayment incentive programs require you to make a certain number of payments on time to keep the reduced interest rate. For Direct Consolidation Loans, the following repayment incentive program may be available to you:

*Interest Rate Reduction for Automatic Withdrawal of Payments*

Under the automatic withdrawal option, your bank automatically deducts your monthly loan payment from your checking or savings account and sends it to us. Automatic withdrawal helps to ensure that your payments are made on time. In addition, you receive a 0.25% interest rate reduction while you repay under the automatic withdrawal option. We will include information about the automatic withdrawal option in your first bill. You can also get this information on your servicer's web site, or by calling your servicer. Your servicer's web site address and toll-free telephone number are provided on all correspondence that your servicer sends you.

Your servicer can provide you with more information on other repayment incentive programs that may be available.

**Note:** Another repayment incentive program, the up-front interest rebate, is available on Direct Subsidized Loans, Direct Unsubsidized Loans, and Direct PLUS Loans that were first disbursed before July 1, 2012. The rebate is equal to a percentage of the loan amount, and is the same amount that would result if the interest rate on the loan were lowered by a specific percentage. To permanently keep an up-front interest rebate, a borrower must make each of the first 12 required monthly payments on time when the loan enters repayment. If you consolidate a Direct Loan on which you received an up-front interest rebate before you permanently earn the rebate (the correspondence you received about your loan will tell you if you received a rebate), you will have to make the first 12 required monthly payments on your Direct Consolidation Loan on time to keep the interest rebate. "On time" means that we must receive each payment no later than 6 days after the due date. You will lose the rebate if you do not make all of your first 12 required monthly payments on your Direct Consolidation Loan on time. If you lose the rebate, we will add the rebate amount back to the principal balance on your loan account. This will increase the amount that you must repay.

**10. Repaying your loan.** Unless you receive a deferment or forbearance on your loan (see Item 16), your first payment will be due within 60 days of the first disbursement of your Direct Consolidation Loan. Your servicer will notify you of the date your first payment is due.

You must make payments on your loan even if you do not receive a bill or repayment notice.

Generally, you must repay all of your Direct Loans under the same repayment plan. You may choose one of the following repayment plans to repay any Direct Consolidation Loan:

• **Standard Repayment Plan** – Under this plan, you will make fixed monthly payments and repay your loan in full within 10 to 30 years (not including periods of deferment or forbearance) from the date the loan entered repayment, depending on the amount of your Direct Consolidation Loan and the amount of your other student loan debt (not to exceed the amount you are consolidating) as listed in Section C2 of your Note (see the chart below). Your payments must be at least $50 a month ($600 a year) and will be more, if necessary, to repay the loan within the required time period.

• **Graduated Repayment Plan** – Under this plan, your payments will be lower at first and will then increase over time, usually every two years. You will repay your loan in full within 10 to 30 years (not including periods of deferment or forbearance) from the date the loan entered repayment, depending on the total amount of your Direct Consolidation Loan and the amount of your other student loan debt (not to exceed the amount you are consolidating) as listed in Section C2 of your Note (see the chart below). No single payment under this plan will be more than three times greater than any other payment.

| Maximum Repayment Periods Under the Standard and Graduated Repayment Plans | |
|---|---|
| **Total Education Loan Indebtedness** | **Maximum Repayment Period** |
| Less than $7,500 | 10 years |
| $7,500 to $9,999 | 12 years |
| $10,000 to $19,999 | 15 years |
| $20,000 to $39,999 | 20 years |
| $40,000 to $59,999 | 25 years |
| $60,000 or more | 30 years |

• **Extended Repayment Plan** – You may choose this plan only if: (1) you had no outstanding balance on a Direct Loan Program loan as of October 7, 1998, or on the date you obtained a Direct Loan Program loan on or after October 7, 1998; and (2) you have an outstanding balance on Direct Loan Program Loans that exceeds $30,000. Under this plan, you may choose to make either fixed or graduated monthly payments and will repay your loan in full over a repayment period not to exceed 25 years (not including periods of deferment or forbearance) from the date your loan entered repayment. If you choose to make fixed monthly payments,

Exhibit 2
Page 71

your payments must be at least $50 a month ($600 a year) will be more, if necessary, to repay the loan within the required time period. If you choose to make graduated monthly payments, your payments will start out lower and will then increase over time, generally every two years. Under a graduated repayment schedule, your monthly payment must at least be equal to the amount of interest that accrues each month, and no single payment will be more than three times greater than any other payment.

• **Income Contingent Repayment (ICR) Plan** – Under this plan, your monthly payment amount will be based on your adjusted gross income (and that of your spouse if you are married), your family size, and the total amount of your Direct Loans. Until we obtain the information needed to calculate your monthly payment amount, your payment will equal the amount of interest that accrues monthly on your loan unless you request a forbearance. As your income changes, your payments may change. If you do not repay your loan after 25 years under this plan, the unpaid portion will be forgiven. You may have to pay income tax on any amount forgiven.

In addition to the repayment plans listed above, you may also choose the following repayment plan to repay a Direct Consolidation Loan if you are not consolidating a parent Direct PLUS Loan or a parent Federal PLUS Loan (see Note below):

• **Income-Based Repayment (IBR) Plan** – Under this plan, your required monthly payment amount will be based on your income. To initially qualify for this plan and to continue to make income-based payments, you must have a partial financial hardship. Your monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If your loan is not repaid in full after you have made the equivalent of 25 years of qualifying payments and at least 25 years have elapsed, you may qualify for forgiveness of any outstanding balance on your loans. You may have to pay income tax on any amount forgiven.

**NOTE:** A parent PLUS loan is a PLUS loan that you obtained to help pay for your dependent child's undergraduate education. Direct Consolidation Loans that repaid parent Direct PLUS Loans or parent Federal PLUS Loans may not be repaid under the IBR Plan. However, such loans may be repaid under the ICR Plan.

If you can show to our satisfaction that the terms and conditions of these repayment plans are not adequate to meet your exceptional circumstances, we may provide you with an alternative repayment plan.

If you do not choose a repayment plan, we will choose a plan for you in accordance with the Act.

You may change repayment plans at any time after you have begun repaying your loan. There is no penalty if you make loan payments before they are due, or pay more than the amount due each month.

Except for payments made under the IBR Plan, we apply your payments in the following order: **(1)** late charges and collection costs, **(2)** outstanding interest, and **(3)** outstanding principal. For payments made under the IBR Plan, we apply your payments in the following order: **(1)** outstanding interest, **(2)** late charges and collection costs, and **(3)** outstanding principal.

When you have repaid your loan in full, your servicer will send you a notice telling you that you have paid off your loan. You should keep this notice in a safe place.

**11. Transfer of loan.** We may transfer one or all of your loans to another servicer without your consent. If the address to which you must send payments or correspondence changes, you will be notified of the new servicer's name, address and telephone number, the effective date of the transfer, and the date when you must begin sending payments or directing communications to that servicer. Transfer of a loan to a different servicer does not affect your rights and responsibilities under that loan.

**12. Late charges and collection costs.** If you do not make any part of a payment within 30 days after it is due, we may require you to pay a late charge. This charge will not be more than six cents for each dollar of each late payment. If you do not make payments as scheduled, we may also require you to pay other charges and fees involved in collecting your loan.

**13. Demand for immediate repayment.** The entire unpaid amount of your loan becomes due and payable (this is called "acceleration") if you:

• Make a false statement that causes you to receive a loan that you are not eligible to receive; or

• Default on your loan.

**14. Defaulting on your loan.** Default (failing to repay your loan) is defined in detail under "Acceleration and Default" on page 6 of this Note. If you default:

• You will be required to immediately repay the entire unpaid amount of your loan.

• We may sue you, take all or part of your federal tax refund or other federal payments, and/or garnish your wages so that your employer is required to send us part of your wages to pay off your loan.

• You will be required to pay reasonable collection fees and costs, plus court costs and attorney fees.

• You will lose eligibility for other federal student aid and assistance under most federal benefit programs.

• You will lose eligibility for loan deferments.

• We will report your default to national consumer reporting agencies (see Item 15).

**15. Consumer reporting agency notification.** We will report information about your loan to each national consumer reporting agency on a regular basis. This information will include the disbursement dates, amount, and repayment status of your loan (for example, whether you are current or delinquent in making payments). Your loan will be identified as an education loan.

If you default on a loan, we will report the default to national consumer reporting agencies. We will notify you at least 30 days in advance that we plan to report default information to a consumer reporting agency unless you resume making payments on the loan within 30 days of the date of the notice. You will be given a chance to ask for a review of the debt before we report it.

If a consumer reporting agency contacts us regarding objections you have raised about the accuracy or completeness of any information we have reported, we are required to provide the consumer reporting agency with a prompt response.

**16. Deferment and forbearance (postponing payments).** If you meet certain requirements, you may receive a **deferment** that allows you to temporarily stop making payments on your loan. If you cannot make your scheduled loan payments, but do not qualify for a deferment, we may give you a **forbearance.** A forbearance allows you to temporarily stop making payments on your loan, temporarily make smaller payments, or extend the time for making payments.

**Deferment**

You may receive a deferment:

• While you are enrolled at least half time at an eligible school;

• While you are in a full-time course of study in a graduate fellowship program;

• While you are in an approved full-time rehabilitation program for individuals with disabilities;

• While you are unemployed (for a maximum of three years; you must be diligently seeking, but unable to find, full-time employment); or

• While you are experiencing an economic hardship (including Peace Corps service), as determined under the Act (for a maximum of three years).

• While you are serving on active duty during a war or other military operation or national emergency, or performing qualifying National Guard duty during a war or other military operation or national emergency, and if you were serving on or after October 1, 2007, for an additional 180-day period following the demobilization date for your qualifying service; or

• If you are a member of the National Guard or other reserve component of the U.S. Armed Forces (current or retired) and you are called or ordered to active duty while enrolled at an eligible school, or within 6 months of having been enrolled at least half time, you are eligible for a deferment during the 13 months following the conclusion of the active duty service, or until you return to enrolled student status on at least a half-time basis, whichever is earlier.

You may be eligible to receive additional deferments if, at the time you received your first Direct Loan, you had an outstanding balance on a loan made under the Federal Family Education Loan (FFEL) Program before July 1, 1993. If you meet this requirement, contact your servicer about additional deferments that may be available.

You may receive a deferment while you are enrolled in school on at least a half-time basis if: **(1)** you submit a deferment request form to your servicer

Exhibit 2
Page 72

along with documentation of your eligibility for the deferment; or (2) your servicer receives information from the school you are attending that indicates you are enrolled at least half time. If your servicer processes a deferment based on information received from your school, you will be notified of the deferment and will have the option of canceling the deferment and continuing to make payments on your loan.

For all other deferments, you (or, for a deferment based on active military duty or qualifying National Guard duty during a war or other military operation or national emergency, your representative) must submit a deferment request form to your servicer, along with documentation of your eligibility for the deferment. In certain circumstances, you may not be required to provide documentation of your eligibility if your servicer confirms that you have been granted the same deferment for the same period of time on a FFEL Program loan. Your servicer can provide you with a deferment request form that explains the requirements for the type of deferment you are requesting. You may also obtain deferment request forms and information on deferment eligibility requirements from your servicer's web site.

If you are in default on your loan, you are not eligible for a deferment. You are responsible for paying the interest that accrues on a Direct Unsubsidized Consolidation Loan during a deferment period. You are not responsible for paying the interest that accrues on a Direct Subsidized Consolidation Loan during a deferment period.

**Forbearance**

We may give you a forbearance if you are temporarily unable to make your scheduled loan payments for reasons including, but not limited to, financial hardship and illness.

We will give you a forbearance if:

• You are serving in a medical or dental internship or residency program, and you meet specific requirements;
• The total amount you owe each month for all of the student loans you received under Title IV of the Act is 20% or more of your total monthly gross income (for a maximum of three years);
• You are serving in a national service position for which you receive a national service education award under the National and Community Service Act of 1990 (AmeriCorps). In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service;
• You qualify for partial repayment of your loans under the Student Loan Repayment Program, as administered by the Department of Defense;
• You are performing service that would qualify you for loan forgiveness under the teacher loan forgiveness program that is available to certain Direct Loan and FFEL program borrowers; or
• You are a member of the National Guard who qualifies for a post-active duty student deferment but not for a military service deferment or other deferment, and you are engaged in active state duty for a period of more than 30 consecutive days.

To request a forbearance, contact your servicer. Your servicer can provide you with a forbearance request form that explains the requirements for the type of forbearance you are requesting. You may also obtain forbearance request forms and information on forbearance eligibility requirements from your servicer's web site. Under certain circumstances, we may also give you a forbearance without requiring you to submit a request or documentation. These circumstances include, but are not limited to, the following:

• Periods necessary for us to determine your eligibility for a loan discharge;
• A period of up to 60 days for us to collect and process documentation related to your request for a deferment, forbearance, change in repayment plan, or consolidation loan (we do not capitalize interest charged during this period); or
• Periods when you are involved in a military mobilization or are affected by a local or national emergency.

You are responsible for paying the interest that accrues on your entire Direct Consolidation Loan during a forbearance period.

**17. Discharge (having your loan forgiven).** We will discharge (forgive) your Direct Consolidation Loan if:

• Your servicer receives acceptable documentation of your death. We will also discharge the portion of a Direct Consolidation Loan that repaid one or more Direct PLUS Loans or Federal PLUS Loans obtained on behalf of a student who dies.

• Your loan is discharged in bankruptcy. However, federal student loans are not automatically discharged if you file for bankruptcy. To have your loan discharged in bankruptcy, you must prove to the bankruptcy court in an adversary proceeding that repaying the loan would cause undue hardship.
• You become totally and permanently disabled (as defined in the Act) and meet certain other requirements.

In certain cases, we may also discharge all or a portion of your Direct Consolidation Loan if:

• One or more Direct Loan Program, FFEL Program, or Federal Perkins Loan Program loans that you consolidated was used to pay for a program of study that you (or the dependent student for whom you borrowed a PLUS loan) were unable to complete because the school closed;
• Your eligibility (or the eligibility of the dependent student for whom you borrowed a PLUS loan) for one or more of the Direct Loan Program or FFEL Program loans that you consolidated was falsely certified by the school;
• Your eligibility for one or more of the Direct Loan Program or FFEL Program loans that you consolidated was falsely certified as a result of a crime of identity theft; or
• The school did not pay a required refund of one or more Direct Loan Program or FFEL Program loans that you consolidated.

We may forgive a portion of your Direct Consolidation Loan that repaid Direct Subsidized or Direct Unsubsidized Loans you received after October 1, 1998, or subsidized or unsubsidized Federal Stafford Loans you received under the FFEL program after October 1, 1998 if you: (1) teach full time for five consecutive years in certain elementary and/or secondary schools or educational service agencies that serve low-income families; (2) meet certain other qualifications; and (3) did not owe a Direct Loan or a FFEL Program loan as of October 1, 1998, or as of the date you obtain a loan after October 1, 1998.

A Public Service Loan Forgiveness program is available that provides for the cancellation of the remaining balance due on your eligible Direct Loan Program loans after you have made 120 full, on-time, scheduled monthly payments (after October 1, 2007) on those loans under certain repayment plans while you are employed full-time by certain public service organizations.

The Act may provide for certain loan forgiveness or repayment benefits on your loans in addition to the benefits described above. If other forgiveness or repayment options become available, your servicer will provide information about these benefits.

To request a loan discharge based on one of the conditions described above (except for discharges due to death or bankruptcy), you must complete an application that you may obtain from your servicer.

In some cases, you may assert, as a defense against collection of your loan, that the school did something wrong or failed to do something that it should have done. You can make such a defense against repayment only if the school's act or omission directly relates to your loan or to the educational services that the loan was intended to pay for, and if what the school did or did not do would give rise to a legal cause of action against the school under applicable state law. If you believe that you have a defense against repayment of your loan, contact your servicer.

We do not guarantee the quality of the academic programs provided by schools that participate in federal student financial aid programs. You must repay your loan even if you do not complete your education, are unable to obtain employment in your field of study, or are dissatisfied with, or do not receive, the education you paid for with the loan.

**18. Department of Defense and other federal agency loan repayment.** Under certain circumstances, military personnel may have education loans repaid by the Secretary of Defense. This benefit is offered as part of a recruitment program that does not apply to individuals based on their previous military service or to those who are not eligible for enlistment in the U.S. Armed Forces. For more information, contact your local military service recruitment office.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. Contact the agency's human resources department for more information.

***END OF BORROWER'S RIGHTS AND RESPONSIBILITIES STATEMENT***

Page 10 of 17

Exhibit 2
Page 73

## IMPORTANT NOTICES

### Gramm-Leach-Bliley Act Notice

In 1999, Congress enacted the Gramm-Leach-Bliley Act (Public Law 106-102). This Act requires that lenders provide certain information to their customers regarding the collection and use of nonpublic personal information.

We disclose nonpublic personal information to third parties only as necessary to process and service your loan and as permitted by the Privacy Act of 1974. See the Privacy Act Notice below. We do not sell or otherwise make available any information about you to any third parties for marketing purposes.

We protect the security and confidentiality of nonpublic personal information by implementing the following policies and practices. All physical access to the sites where nonpublic personal information is maintained is controlled and monitored by security personnel. Our computer systems offer a high degree of resistance to tampering and circumvention. These systems limit data access to our staff and contract staff on a "need-to-know" basis, and control individual users' ability to access and alter records within the systems. All users of these systems are given a unique user ID with personal identifiers. All interactions by individual users with the systems are recorded.

### Privacy Act Notice

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §451 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1087a et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §484(a)(4) of the HEA (20 U.S.C. 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the William D. Ford Federal Direct Loan (Direct Loan) Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan Program, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) become delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

### Financial Privacy Act Notice

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401-3421), ED will have access to financial records in your student loan file maintained in compliance with the administration of the Direct Loan Program.

### Paperwork Reduction Notice

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless the collection displays a valid OMB control number. Public reporting burden for this collection of information is estimated to average 1.0 hour (60 minutes) per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this collection is required to obtain a benefit in accordance with 34 CFR 685.201(c)(1). Send comments regarding the burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Education, 400 Maryland Ave., SW, Washington, DC 20210-4537 or e-mail ICDocketMgr@ed.gov and reference OMB Control Number 1845-0053. **Note: Please do not return the completed Federal Direct Consolidation Loan Application and Promissory Note to this address.**

**If you have any questions regarding the status of your individual submission of this form, write directly to:**

**U.S. Department of Education**

**Consolidation Department**
**P.O. Box 242800**

**Louisville, KY 40224-2800**

Exhibit 2
Page 74

**Federal Direct Consolidation Loan**

**Instructions for Application and Promissory Note**

OMB No. 1845-0053
Form Approved
Exp. Date 02/28/2014

### Before You Begin

Gather all of your education loan records, account statements, and bills so that you will have all the information needed to complete the Federal Direct Consolidation Loan Application and Promissory Note (Note).

Print using a blue or black ballpoint pen. Enter dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: June 24, 1982 = 06-24-1982.

Some of the items in Sections A and C may have been completed for you. If so, review these items carefully to make sure the information is correct. Cross out any information that is incorrect and enter the correct information. Put your initials next to any information that you change.

**Incorrect or incomplete information may delay processing.**

### Section A: Borrower Information

**Item 1:** Enter your last name, then your first name and middle initial.

**Item 2:** Enter your nine-digit Social Security Number.

**Item 3:** Enter your permanent address (number, street, apartment, or rural route number and box number, then city, state, and zip code). If your mailing address is a post office box or general delivery, you must list **both** your permanent address and your mailing address. If you do not have a permanent street address or rural route number and box number, provide the physical location of your residence.

**Item 4:** Enter the area code and telephone number at which you can most easily be reached. (Do not list your work telephone number here.) If you do not have a telephone, enter N/A.

**Item 5 (optional):** Enter your preferred e-mail address for receiving communications. You are not required to provide this information. If you do, we may use your e-mail address to communicate with you. If you do not have an e-mail address or do not wish to provide one, enter N/A.

**Item 6:** Enter any former names (such as a maiden name) under which one or more of your loans may have been made. If none, enter N/A.

**Item 7:** Enter your date of birth.

**Item 8:** Enter the two-letter abbreviation for the state that issued your driver's license, followed by your driver's license number. If you do not have a driver's license, enter N/A.

**Item 9:** Enter your employer's name. If you are self-employed, enter the name of your business. If you are not employed, enter N/A.

**Item 10:** Enter your employer's address or, if you are self-employed, the address of your business (street, city, state, zip code).

**Item 11:** Enter your work area code and telephone number. If you are self-employed, enter the area code and telephone number.

### Section B: Reference Information

**Item 12:** Enter the requested information for two adults with different U.S. addresses who do not live with you and who have known you for at least three years. References who live outside the United States are not acceptable. If a reference does not have a telephone number or e-mail address, or does not wish to provide an e-mail address, enter N/A. If you provide an e-mail address for a reference, we may use it to communicate with the reference.

### Section C1: Education Loan Indebtedness – Loans You Want to Consolidate
### Section C2: Education Loan Indebtedness – Loans You Do Not Want to Consolidate

Section C1 asks for information about your federal education loans that you want to consolidate.

Section C2 asks for information about your education loans that you are not consolidating, but want to have considered when we determine your maximum repayment period.

If you need more space to list loans in Section C1 or C2, use the Additional Loan Listing Sheet included with your Note. To find the information you will need to complete Sections C1 and C2, you can look at the last monthly billing statement you received, your quarterly interest statement or annual statement, your coupon book, or the Internet site of your loan holder or servicer. You may also obtain information about your loans by accessing the National Student Loan Data System (NSLDS) at www.nslds.ed.gov.

**Items 13-16:** Enter the requested information for all of your federal education loans that you want to consolidate, including any Direct Loans that you have a want to consolidate. **You must consolidate at least one Direct Loan or FFEL Program loan.**

**Item 13:** Enter the code that corresponds to the loan type from the chart provided in these instructions ("Loan Types and Their Codes"). If you are not sure about the loan type, leave this item blank.

**Item 14:** Enter the full name and mailing address of the holder of the loan or the loan holder's servicer. (This is the address to which you are or will be sending your payments.) You must provide at least the name, city, and state of the loan holder or servicer.

**Item 15:** Enter the account number for each loan (the number should be on your statement or in your payment book). If you cannot find the account number, leave this item blank.

**Item 16:** Enter the estimated amount needed to pay off the loan, including any unpaid interest, late fees, and collection costs.

**Item 17:** If you are in your grace period on any of the loans you wish to consolidate and you want to delay processing of your Direct Consolidation Loan until you have completed your grace period, enter the month and year of your expected grace period end date. If you provide this information, processing of your Direct Consolidation Loan will be delayed until approximately 30-60 days before the end of your grace period, and your consolidation loan will not enter repayment until after your grace period ends. If you leave Item 17 blank, processing of your consolidation loan will begin as soon as we receive your completed Note and any other required documents, and any loans listed in Section C1 that are in a grace period will enter repayment immediately upon consolidation. You will then lose the remaining portion of the grace period on these loans.

**Items 18-21:** Enter the requested information for all of your education loans that you do not want to consolidate or that are not eligible for consolidation, but that you want considered when we determine the maximum repayment period for your Direct Consolidation Loan.

**Item 18:** Follow the instructions for Item 13.

**Item 19:** Follow the instructions for Item 14.

**Item 20:** Follow the instructions for Item 15.

**Item 21:** Enter the current balance for each loan. Use the amount on your last statement or give us an approximate amount.

### Section D: Repayment Plan Selection

See the instructions provided in this section.

### Section E: Borrower Understandings, Certifications, and Authorizations

**Items 22-24:** Carefully read these items.

### Section F: Promissory Note

**This is a legally binding contract.**

**Item 25:** Carefully read the Promise to Pay and the entire Note, including the Borrower Understandings, Certifications, and Authorizations in Section E, the terms and conditions on page 6, and the Borrower's Rights and Responsibilities Statement on pages 7-10.

**Item 26:** Sign and date the Note. If you do not sign the Note, your application cannot be processed.

### Final Notes

Review all the information on your Note. When complete, make a copy for your records and mail the original pages 1, 2, 3, 4 and 5 to us in the envelope provided, along with the completed Repayment Plan Selection form and any required additional forms or documentation. If you no longer have the envelope, mail the Note to the address shown below.

As soon as we receive your completed Note and supporting documents, we will begin processing (unless you have entered your expected grace period end date in Section C1, Item 17). During this time, we might call you with questions.

In the meantime, if you currently are required to make payments on your loans, continue to do so. You will need to continue making payments until you receive written notification that your loans have been successfully consolidated and it is time to start paying your Direct Consolidation Loan. If you are having difficulty making payments on your loans, contact your loan holder or servicer at the correspondence address or telephone number on your current loan statements to find out ways you might be able to postpone loan payments; ask specifically about your "deferment" and "forbearance" options.

**IMPORTANT:** We will send you a notice before we pay off your loans. This notice will **(1)** provide you with information about the loans and payoff amounts that we have verified with your loan holder(s) or through NSLDS, and **(2)** tell you the deadline by which you must notify us if you want to cancel the Direct Consolidation Loan, or if you do not want to consolidate one or more of the loans listed in the notice.

The notice that we send will include information about loans eligible for consolidation that you listed in Section C1 ("Education Loan Indebtedness – Loans You Want to Consolidate"). It will also include information about additional loans eligible for consolidation that you did not list in Section C1, if you have additional eligible loans with a holder of a loan that you listed in Section C1. For example, if you have two Subsidized Federal Stafford Loans with Loan Holder A, but you listed only one of these loans in Section C1, the notice that we send will include information about both of your Subsidized Federal Stafford Loans that are with Loan Holder A. The notice will **not** include information about any loans that you listed in Section C2, if you have already told us that you **do not want to consolidate**") **and those loans will not be consolidated**.

*If you do not tell us by the specified deadline that you do not want to consolidate one or more of the loans listed in the notice, all of the listed loans will be consolidated.*

**Loan Types and Their Codes** (use these codes to complete Sections C1 and C2)

| | | |
|---|---|---|
| **A** Subsidized Federal Stafford Loans | **O** Subsidized Federal Consolidation Loans |
| **B** Guaranteed Student Loans (GSL) | **P** Auxiliary Loans to Assist Students (ALAS) |
| **C** Federal Insured Student Loans (FISL) | **Q** Health Professions Student Loans (HPSL) |
| **D** Direct Subsidized Loans | **R** Health Education Assistance Loans (HEAL) |
| **E** Direct Subsidized Consolidation Loans | |
| **F** Federal Perkins Loans | **S** Federal PLUS Loans for Graduate/Professional Students |
| **G** Unsubsidized Federal Stafford Loans (including Nonsubsidized Stafford Loans) | **T** Federal PLUS Loans for Parents |
| **H** Federal Supplemental Loans for Students (SLS) | **U** Direct PLUS Loans for Parents |
| | **V** Direct PLUS Consolidation Loans |
| **I** Direct PLUS Loans for Graduate/Professional Students | **Y** Nursing Student Loans (NSL) |
| **J** Unsubsidized Federal Consolidation Loans | **Z** Loans for Disadvantaged Students (LDS) |
| **K** Direct Unsubsidized Consolidation Loans | |
| **L** Direct Unsubsidized Loans | **W** Education loans ineligible for consolidation |
| **M** National Direct Student Loans (NDSL) | |
| **N** National Defense Student Loans (NDSL) | |

**For help completing this form, call 1-800-557-7392.**

**For the hearing impaired, the TDD number is 1-800-557-7395.**

**Mail your completed Application and Promissory Note and any other required forms (see Final Notes, above) to the following address:**

**U.S. Department of Education**
**Consolidation Department**
**P.O. Box 242800**
**Louisville, KY 40224-2800**

Exhibit 2
Page 75

## Addendum to the Federal Direct Consolidation Loan Application
## and Promissory Note for Special Direct Consolidation Loans
## William D. Ford Federal Direct Loan Program

This Addendum relates to Special Direct Consolidation Loans. Some of the terms and conditions of Special Direct Consolidation Loans are different from the terms and conditions of regular Direct Consolidation Loans as described in the accompanying Federal Direct Consolidation Loan Application and Promissory Note (Note) and the Borrower's Rights and Responsibilities Statement. Special Direct Consolidation Loans are only available to borrowers who submit an application before July 1, 2012.

This Addendum describes the terms and conditions of Special Direct Consolidation Loans that differ from the terms and conditions in the accompanying Note and Borrower's Rights and Responsibilities Statement. This Addendum also provides different instructions for certain parts of the Application and Promissory Note, the Additional Loan Listing Sheet, the Request to Add Loans, and the Repayment Plan Selection form referenced in Section D of the Note. The changes explained in this Addendum are incorporated into and made a part of the accompanying Note that you sign, the Borrower's Rights and Responsibilities Statement, and any accompanying materials you may receive. Special Direct Consolidation Loans are governed by these amended terms and conditions. You should print and keep a copy of the Note, the Borrower's Rights and Responsibilities Statement, and this Addendum.

1.  **General.**  The term "Direct Consolidation Loan" as used throughout the accompanying Note and Borrower's Rights and Responsibilities Statement refers to a Special Direct Consolidation Loan made under the William D. Ford Federal Direct Loan (Direct Loan) Program. Although you will have only one Special Direct Consolidation Loan with a single monthly payment, different parts of that loan that correspond to the amounts of different loans repaid by the Special Direct Consolidation Loan may have different terms and conditions, as explained in this Addendum.

2.  **Instructions for Application and Promissory Note and instructions for Request to Add Loans, Final Notes.**  In the instructions for the Application and Promissory Note, the last three paragraphs are replaced by the following:

    "**IMPORTANT:**  Upon submitting your completed Note, you will receive instructions on how to notify your servicer if you want to cancel your application for a Special Direct Consolidation Loan, or if you do not want to consolidate one or more of the loans listed in Section C1 of the Note ("Education Loan Indebtedness – Loans You Want to Consolidate.")"

    In the instructions for Request to Add Loans, the last three paragraphs are replaced by the following:

    "**IMPORTANT:**  After submitting your completed Request to Add Loans, you will receive instructions on how to notify your servicer if you do not want to consolidate one or more of the loans that you listed in Section B of the Request to Add Loans (Education Loan Indebtedness – Loans You Want to Consolidate)."

3.  **Application and Promissory Note, Section C1: Education Loan Indebtedness – Loans You Want to Consolidate; Instructions for Application and Promissory Note, general instructions for Items 13-16 in Section C1; Request to Add Loans, Section B: Education Loan Indebtedness – Loans You Want to Consolidate; and Instructions for Request to Add Loans, general instructions for Items 3-6 in Section B.**  The instructional language in Section C1 of the Application and Promissory Note and the Additional Loan Listing Sheet is revised to read as follows:

    "*Read the instructions before completing this section.* Using information from the U.S. Department of Education's National Student Loan Data System (NSLDS), we have pre-filled this section with a listing of your loans that appear to be eligible for consolidation into a Special Direct Consolidation Loan.

    "If you have eligible loans you want to consolidate that are not listed in Section C1, provide the required information for each of those loans. If you need more space to list additional loans, use the Additional Loan Listing Sheet included with this Note.  List each loan separately. **The only loans you may consolidate into a Special Direct Consolidation Loan are FFEL Program loans that are not already held by the U.S. Department of Education and that are (1) in a grace period or in repayment status (including deferment or forbearance) and (2) not in default or loans you are seeking to have discharged in bankruptcy through an adversary proceeding. Loans that are in an in-school status may not be consolidated.**"

    "You are not required to consolidate all of the loans listed in Section C1. If you do not want to consolidate one or more of the listed loans, delete each loan that you do not want to consolidate."

    In the Instructions for the Application and Promissory Note, the general instructions for completing Items 13-16 in Section C1 of the Note are revised to read as follows:

    "**Items 13-16.** We have pre-filled these items with information about your loans that appear to be eligible for consolidation into a Special Direct Consolidation Loan. Enter the requested information for any other eligible Federal Family Education Loan (FFEL) Program loans not already listed in Section C1 that you want to consolidate. **The only loans you may consolidate into a Special Direct Consolidation Loan are FFEL Program loan types A, B, C, G, H, J, O, P, S, and T (see "Loan Type and Their Codes" later in these instructions) that are not already held by the U.S. Department of Education and that are (1) in a grace period or in repayment status (including deferment or forbearance) and (2) not in default or loans you are seeking to have discharged in bankruptcy through an adversary proceeding. Loans that are in an in-school status may not be consolidated.**"

    The instructional language in Section B of the Request to Add Loans is revised to read as follows:

Exhibit 2
Page 76

### Addendum to the Federal Direct Consolidation Loan Application
### and Promissory Note for Special Direct Consolidation Loans
### William D. Ford Federal Direct Loan Program

"*Read the instructions before completing this section.* The only loans you may consolidate into a Special Direct Consolidation Loan are FFEL Program loans that are not already held by the U.S. Department of Education and that are (1) in a grace period or in repayment status (including deferment or forbearance) and (2) not in default or loans you are seeking to have discharged in bankruptcy through an adversary proceeding. Loans that are in an in-school status may not be consolidated."

In the Instructions for the Request to Add Loans, the general instructions for completing Items 3-6 in Section B are revised to read as follows:

"**Items 3-6:** Enter the requested information for each of the federal education loans that you want to add to your Special Direct Consolidation Loan (or to the Note you have submitted). **The only loans you may consolidate into a Special Direct Consolidation Loan are FFEL Program loan types A, B, C, G, H, J, O, P, S, and T (see "Loan Types and Their Codes" later in these instructions) that are not already held by the U.S. Department of Education and that are (1) in a grace period or in repayment status (including deferment or forbearance) and (2) not in default or loans you are seeking to have discharged in bankruptcy through an adversary proceeding. Loans that are in an in-school status may not be consolidated."**

4.  **Application and Promissory Note, Section C1, Item 17: Grace Period End Date, and the instructions for completing this item in the Instructions for Application and Promissory Note.** This item does not apply to Special Direct Consolidation Loans. If you consolidate a loan that is in a grace period, you do not have the option of delaying the processing of your Special Direct Consolidation Loan until the end of the grace period. We will begin processing your Special Direct Consolidation Loan application as soon as we receive your Note and any other required documentation. The full amount of the Special Direct Consolidation Loan will enter repayment immediately upon consolidation; you will lose the remaining portion of the grace period on any loans that you consolidate while they are in the grace period. If a loan listed in Section C1 is currently in the grace period and you do not want to lose the remaining portion of the grace period, you may wish to remove that loan from the list (see Item 2 of this Addendum) and consolidate it at a later date, near the end of the grace period or after the grace period has ended. You may add these and other loans that are eligible for consolidation into a Special Direct Consolidation Loan by submitting a request to your servicer within 180 days of the date the loans listed in Section C1 of the Note are consolidated.

5.  **Application and Promissory Note, Section C2: Education Loan Indebtedness – Loans You Do Not Want to Consolidate, and all references to Section C2 elsewhere in the Application and Promissory Note, the Borrower's Rights and Responsibilities Statement, and the Instructions for Application and Promissory Note.** The instructional language in Section C1 of the Application and Promissory Note and the Additional Loan Listing Sheet is revised to read as follows:

    "*Read the instructions before completing this section.* Using information from NSLDS, we have pre-filled this section with a listing of your federal education loans, if any, that are **not** eligible for consolidation into a Special Direct Consolidation Loan. This section may not list all of your ineligible loans. For example, if you have Health Education Assistance Loans (HEAL), Health Professions Student Loan (HPSL), Nursing Student Loans (NSL), Loans for Disadvantaged Students (LDS), or private education loans, these types of ineligible loans will not be shown in Section C2.

    "Section C2 will also include any eligible loans originally listed in Section C1 (Education Loan Indebtedness – Loans You Want to Consolidate) that you removed from Section C1. If you remove a loan from Section C1, the information for that loan will automatically be entered in Section C2."

    References to the inclusion of student loan debt listed in Section C2 in determining the maximum repayment period under the Standard Repayment Plan or Graduated Repayment plan do not apply to Special Direct Consolidation Loans.

6.  **Application and Promissory Note, Section D: Repayment Plan Selection, and instructions for completing Section 2 of the Repayment Plan Selection form.** Follow the instructions in Section D to select a repayment plan for your Special Direct Consolidation Loan. You may select only one repayment plan for your new Special Direct Consolidation Loan unless you are consolidating both: (1) parent Federal PLUS Loans that you obtained to help pay for your dependent child's undergraduate education and/or Federal Consolidation Loans that repaid parent Federal PLUS Loans or parent Direct PLUS Loans (these loans are not eligible for repayment under the IBR plan) and (2) other loans that are eligible for repayment under IBR (all other types of FFEL Program loans, including student Federal PLUS Loans made to graduate and professional students). If you are consolidating both loans that are ineligible for IBR and loans that are eligible for IBR, you may select the IBR Plan for the part of your Special Direct Consolidation Loan that repaid IBR-eligible loans (check the IBR box for "Direct Consolidation Loans that did not repay any parent PLUS loans" in Section 2 of the Repayment Plan Selection form), and a different plan for the part of your Special Direct Consolidation Loan that repaid loans not eligible for repayment under IBR (select one of the available repayment plans listed for "Direct Consolidation Loans made on or after July 1, 2006 that repaid one or more parent PLUS loans").

    If you do not select a repayment plan, we will contact you before processing your Special Direct Consolidation Loan application to discuss your repayment plan options. In some cases we may also contact you to provide additional instructions if you select the ICR Plan or the IBR Plan.

**Page 14 of 17**

Exhibit 2
Page 77

## Addendum to the Federal Direct Consolidation Loan Application
## and Promissory Note for Special Direct Consolidation Loans
## William D. Ford Federal Direct Loan Program

7. **Application and Promissory Note, Section E: Borrower Understandings, Certifications, and Authorizations, Items 22B, 22E, 22F, and 23E.** Information related to the consolidation of defaulted loans does not apply. You may not consolidate a defaulted loan into a Special Direct Consolidation Loan.

8. **Application and Promissory Note, Section E: Borrower Understandings, Certifications, and Authorizations, Item 22C.** This item is revised to read as follows:

   "**C.** Applying for a Special Direct Consolidation Loan does not obligate me to accept the loan. Upon submitting my completed Note, I will receive instructions on how to notify my servicer if I want to cancel my application for a Special Direct Consolidation Loan, or if I do not want to consolidate one or more of the loans listed in Section C1 of the Note ("Education Loan Indebtedness – Loans You Want to Consolidate.")"

9. **Application and Promissory Note, Section E: Borrower Understandings, Certifications, and Authorizations, Item 22H.** This item is revised to read as follows:

   "Any payments made under the IBR Plan on a loan I am consolidating prior to the date of consolidation will count toward the 25 years of repayment required for loan forgiveness under the IBR Plan for the part of my Special Direct Consolidation Loan that repaid the loan on which payments were made under the IBR Plan."

10. **Application and Promissory Note, Section E: Borrower Understandings, Certifications, and Authorizations, Item 22J.** This item is revised to read as follows:

    "If I am consolidating a Federal PLUS Loan that I obtained to help pay for my dependent child's undergraduate education, or a Federal Consolidation Loan that repaid a parent Federal PLUS Loan or parent Direct PLUS Loan, I will not be eligible to select the IBR Plan to repay the part of my Special Direct Consolidation Loan that repaid that Federal PLUS loan or Federal Consolidation Loan. However, I may repay that part of my Special Direct Consolidation loan under the ICR Plan."

11. **Application and Promissory Note, Section F: Promissory Note (continuation from page 5), Disclosure of Loan Terms.** The second and third paragraphs under "Disclosure of Loan Terms" are revised to read as follows:

    "The Special Direct Consolidation Loan that I receive will have one or more loan identification numbers corresponding to each FFEL Program loan that I consolidate. Each applicable loan identification number is represented and governed by this Note.

    "When the loans that I am consolidating are paid off, a disclosure statement will be provided to me. The disclosure will identify the amount of my Special Direct Consolidation Loan, the associated loan identification number(s), and additional terms of the Special Direct Consolidation Loan, such as the interest rate(s) and repayment schedule(s). If I have questions about the information disclosed, I may contact my servicer. Important additional information is also contained in the Borrower's Rights and Responsibilities Statement. The Borrower's Rights and Responsibilities Statement and any disclosure(s) I receive in connection with the loan made under this Note are hereby incorporated into this Note."

12. **Application and Promissory Note, Section F: Promissory Note (continuation from page 5), Interest, and Borrower's Rights and Responsibilities Statement, Item 7 (Interest rate).** The first paragraph of the Interest section in Section F (continued from page 5 of the Application and Promissory Note) is revised to read as follows:

    "In some circumstances, there may be different interest rates on different parts of the Special Direct Consolidation Loan that I receive. The interest rate on each part of my Special Direct Consolidation Loan will be the current interest rate on the loan repaid by that part of the Special Direct Consolidation Loan as of the date the loan is consolidated, reduced by 0.25%. The rate will not exceed 8.25%. This will be a fixed interest rate, which means that the rate will remain the same throughout the life of the loan."

    The first paragraph of Item 7 (Interest rate) in the Borrower's Rights and Responsibilities Statement is revised to read as follows:

    "**7. Interest rate.** If you consolidate more than one loan into a Special Direct Consolidation Loan, you may have a different interest rate on different parts of the new Special Direct Consolidation Loan. The interest rate on each part of your Special Direct Consolidation Loan that is attributable to a different loan you consolidate will be the current interest rate on that loan as of the date it is consolidated, reduced by 0.25%. The rate will not exceed 8.25%. We will send you a notice that tells you the interest rate on the different parts of your loan."

13. **Application and Promissory Note, Section F: Promissory Note (continuation from page 5), Repayment, and Borrower's Rights and Responsibilities Statement, Item 10 (Repaying your loan).**

    For each loan that you consolidate into a Special Direct Consolidation Loan, all references to the beginning date of the repayment period or the date the loan entered repayment mean the date that each loan repaid by the Special Direct Consolidation Loan originally entered repayment prior to consolidation. Time in repayment on an eligible loan prior to consolidation will count toward the maximum repayment period available for the part of your Special Direct Consolidation Loan that repaid that eligible loan. The maximum repayment period varies depending on the repayment plan that you choose. For example, if you consolidate two Federal Stafford Loans that have been in repayment for five years at the time of consolidation, and one Federal Stafford Loan that has been in repayment for two years, and you choose to repay your Special Direct Consolidation Loan under the Standard Repayment Plan

Exhibit 2
Page 78

## Addendum to the Federal Direct Consolidation Loan Application
## and Promissory Note for Special Direct Consolidation Loans
## William D. Ford Federal Direct Loan Program

(maximum 10-year repayment period), you will have five years remaining to repay the part of your Special Direct Consolidation Loan that repaid the first two loans, and eight years remaining to repay the part that repaid the third loan. Periods of deferment or forbearance, either prior to or after consolidation, do not count toward the maximum repayment period.

14. **Borrower's Rights and Responsibilities Statement, Item 3 (Loan identification numbers).** This item is revised to read as follows:

"**3. Direct Consolidation Loan identification numbers.** Your Special Direct Consolidation Loan will have one or more loan identification numbers corresponding to each FFEL Program loan that you consolidate. However, you will have a single monthly payment for your Special Direct Consolidation Loan."

The information in Items 3a and 3b of the Borrower's Rights and Responsibilities Statement does not apply to Special Direct Consolidation Loans.

In this item and elsewhere in the Note and Borrower's Rights and Responsibilities Statement, the term "subsidized portion of your Direct Consolidation Loan (Direct Subsidized Consolidation Loan) refers to the part of your Special Direct Consolidation Loan that repaid the following loan types:

- Subsidized Federal Stafford Loans
- Subsidized Federal Consolidation Loans
- Federal Insured Student Loans (FISL)
- Guaranteed Student Loans (GSL)

The term "unsubsidized portion of your Direct Consolidation Loan (Direct Unsubsidized Consolidation Loan)" refers to the part of your Special Direct Consolidation Loan that repaid the following loan types:

- Unsubsidized Federal Stafford Loans (including Nonsubsidized Federal Stafford Loans)
- Unsubsidized Federal Consolidation Loans
- Federal PLUS Loans (for parents or for graduate and professional students)
- Federal Supplemental Loans for Students (SLS)
- Auxiliary Loans to Assist Students (ALAS)

15. **Borrower's Rights and Responsibilities Statement, Item 4 (Adding eligible loans to your Direct Consolidation Loan).** The last sentence in this item is revised to read as follows:

"After we pay off any loans that you add during the 180-day period, we will notify you of the new total amount of your Special Direct Consolidation Loan and of any change to your monthly payment amount. We will also notify you of the interest rate of each part of your Special Direct Consolidation Loan that is attributable to the loans that you add."

16. **Borrower's Rights and Responsibilities Statement, Item 5 (Loans that may be consolidated).** This item is revised to read as follows:

"*General.* The only loans that may be consolidated into a Special Direct Consolidation Loan are FFEL Program loans that are not currently held by the U.S. Department of Education and that are **(1)** in a grace period or in repayment status (including deferment or forbearance) and **(2)** not in default or loans you are seeking to have discharged in bankruptcy through an adversary proceeding. Loans that are in an in-school status may not be consolidated. The following loan types that meet these requirements may be consolidated:

- Subsidized Federal Stafford Loans
- Unsubsidized Federal Stafford Loans (including Nonsubsidized Federal Stafford Loans)
- Federal PLUS Loans (for parents or for graduate and professional students)
- Subsidized Federal Consolidation Loans
- Unsubsidized Federal Consolidation Loans
- Federal Insured Student Loans (FISL)
- Guaranteed Student Loans (GSL)
- Federal Supplemental Loans for Students (SLS)
- Auxiliary Loans to Assist Students (ALAS)

"*Defaulted loans.* You may not consolidate a loan that is in default into a Special Direct Consolidation Loan.

"*Existing consolidation loans.* Generally, you may consolidate an existing Federal Consolidation Loan only if you include at least one additional loan in the consolidation. However, you may consolidate a Federal Consolidation Loan without including an additional loan for the purpose of using the Public Service Loan Forgiveness program described in Item 17 of this Borrower's Rights and Responsibilities Statement, or the no accrual of interest benefit for active duty service members described in Item 8."

**Page 16 of 17**

Exhibit 2
Page 79

## Addendum to the Federal Direct Consolidation Loan Application
## and Promissory Note for Special Direct Consolidation Loans
## William D. Ford Federal Direct Loan Program

17. **Borrower's Rights and Responsibilities Statement, Item 9 (Repayment incentive programs).** Special Direct Consolidation Loans are eligible for the *Interest Rate Reduction for Automatic Withdrawal of Payments* repayment incentive program as described in this item. The "Note" at the end of Item 9 is not applicable to Special Direct Consolidation Loans.

18. **Borrower's Rights and Responsibilities Statement, Item 10 (Repaying your loan), and the descriptions of the Standard and Graduated repayment plans for Direct Consolidation Loans in any other materials you may receive.** For any loan you consolidate other than a Subsidized or Unsubsidized Federal Consolidation Loan, the descriptions of the Standard Repayment Plan and the Graduated Repayment Plan are revised to read as follows:

    "**Standard Repayment Plan** – Under this plan, you will make fixed monthly payments and repay your loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment prior to consolidation. If the loans repaid by your Special Direct Consolidation Loan entered repayment on different dates prior to consolidation, the amount of time remaining under the maximum 10-year repayment period will vary for different parts of your Special Direct Consolidation Loan. Your payments must be at least $50 a month ($600 a year) and will be more, if necessary, to repay the loan within the required time period.

    "**Graduated Repayment Plan** – Under this plan, you will usually make lower payments at first, and your payments will gradually increase over time. You will repay your loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment, prior to consolidation. If the loans repaid by your Special Direct Consolidation Loan entered repayment on different dates prior to consolidation, the amount of time remaining under the maximum 10-year repayment period will vary for different parts of your Special Direct Consolidation Loan. No single payment will be more than three times greater than any other payment."

    If you are consolidating a Subsidized or Unsubsidized Federal Consolidation Loan, the terms and conditions of the Standard Repayment Plan and the Graduated Repayment Plan are the same as described in the Borrower's Rights and Responsibilities Statement, except that references to the date the loan entered repayment mean the date the loan entered repayment prior to consolidation, and the maximum repayment period remains the same as determined at the time the loan entered repayment.

19. **Borrower's Rights and Responsibilities Statement, Item 16 (Deferment and forbearance).** Item 16 is revised by adding the following paragraphs at the end:

    "If a loan that you consolidate into a Special Direct Consolidation Loan is in a period of deferment or forbearance at the time of consolidation, that period of deferment or forbearance will automatically be continued on your new Special Direct Consolidation Loan, and will end on the originally scheduled ending date of the deferment or forbearance that was granted prior to consolidation. If you continue to meet the eligibility requirements for the deferment or forbearance, you may apply for an extension of the deferment or forbearance at the end of the current deferment or forbearance period. For example, if you were granted an economic hardship deferment on a loan for a one-year period, and you consolidate that loan into a Special Direct Consolidation Loan four months after the deferment began, your new Direct Consolidation Loan will automatically be placed in economic hardship deferment status for an additional eight months beginning on the date of consolidation. At the end of that eight-month period, you may apply for an extension of the economic hardship deferment if you continue to meet the eligibility requirements.

Exhibit 2
Page 80

Exhibit 2
Page 81

*ReApproval  1532614*

# 2007-2008

Correction fluid may not be used on the application.

## Tuition Answer™ Loan Application

### Borrower Information

| PEREIRA | SERGIO | F | | 18 |
|---|---|---|---|---|
| Last name | First name | MI  Suffix (Jr., III) | Social Security number | |

Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.)   Apt   Years at address

| | | | | | STUDENT |
|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth | Relationship to student |

Physical street address (If different from permanent address.)   Apt

| | | | US | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | |

| Country Prefix  Area Code  Telephone Number   Extension | Country Prefix  Area Code  Telephone Number   Extension |
|---|---|
| Permanent telephone number | Mobile/cellular telephone number |

E-mail address

STUDENT - FULL TIME
Name of employer

| UNEMPLOYED | 00  00 | 1 | 000 | 000-0000 | | $ 0 |
|---|---|---|---|---|---|---|
| Occupation | Years  Months at present employer | Country Prefix  Work telephone number | Area Code | Telephone Number  Extension | | Gross annual salary or retirement income (Documentation required, see page 2.) |

How often paid?  ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☒ monthly    Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.   $ 0  Additional income   Source of additional income

Monthly payment amount

$ 800   $
Rent   or  Mortgage   Name of mortgage holder

### Borrower Citizenship Information

☒ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident   (See page 1, Who is eligible for Tuition Answer?)

### Student Information

| PEREIRA | SERGIO | F | | |
|---|---|---|---|---|
| Last name | First name | MI  Suffix (Jr., III) | Social Security number | |

Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.)   Apt

| | | | | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth |

Physical street address (If different from permanent address)   Apt

| | | | US | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | |

| Country Prefix  Area Code  Telephone Number   Extension | Country Prefix  Area Code  Telephone Number   Extension |
|---|---|
| Permanent telephone number | Mobile/cellular telephone number |

E-mail address

### College Information

| ROSS UNIV SCH OF MED - EDISON | EDISON | NJ |
|---|---|---|
| College name | College city | State |

For the academic period from 01  2008 to  12  2008   Anticipated graduation date 05  2010   Enrollment: ☒ Full time  ☐ Half time  ☐ Less than half time
Month Year   Month Year   Month Year

Grade Level
Undergraduate  ☐ Freshman  ☐ Sophomore  ☐ Junior  ☐ Senior  ☐ 5th Year and beyond   Graduate  ☐ 1st Year  ☐ 2nd Year  ☒ 3rd Year  ☐ Beyond 3rd Year

APPLICATION PAGE ONE   Continue to page two ➔➔➔

Tuition Answer Loan Application and Promissory Note 2007-2008

Mail to: Sallie Mae, Private Loan Processing, P.O. Box 859243, Braintree, MA 02185

Exhibit 2
Page 82

*Pre-approval 1532614*

**Reference Information** *Reference must be relatives, other co-signer, etc. who is not related to loan. Student, borrower, or co-signer cannot be listed as a reference.*

**Reference 1:**

| City | State | Zip Code | Country Code | Relationship to borrower |

**Reference 2:**

| City | State | Zip Code | Country Code | Relationship to borrower |

**Cosigner Information** *If no cosigner, leave this section blank.*

City | State | Zip Code | Country Code | Bank or BIN | Routing Number

*SAME AS ABOVE*
Physical street address (if different from permanent address) _____ Apt ___

US

| City | State | Zip Code | Country Code |

Country Prefix  Area Code  Telephone Number   Extension      Country Prefix  Area Code  Telephone Number   Extension
Permanent telephone number                                  Mobile/cellular telephone number

E-mail address

*DAYS INN HOTEL*
Name of employer

*H/K SUPERVISOR 17 6*      *1*   *(201) 3483600*   *1220*   $ *32,240.00*
Occupation     Years Months      Country Prefix  Area Code  Telephone Number   Extension    Gross annual salary or retirement income
               at present        Work telephone number                                      (Documentation required, see page 2)
               employer

How often paid?  ☐ weekly  ☑ bi-weekly  ☐ twice monthly  ☐ monthly   Alimony, child support, or separate   $_____   Source of
                                                                     maintenance income need not be revealed  Additional income   additional income
                                                                     if you do not wish to have it considered
                                                                     as a basis for repaying this loan.

Monthly payment amount

$ *0* ____ $ ____
Rent    or  Mortgage    Name of mortgage holder

**Cosigner Citizenship Information**

☒ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  (If is prop 1, Who is eligible for Tuition Answer?)

APPLICATION PAGE TWO    Continue to page three to complete application and sign  →→→

*Tuition Answer Loan Application and Promissory Note 2007-2008*

Exhibit 2
Page 83

*Pre-Approval 1532614*

## Loan Amount Requested

$30,000.00 _____    Amount may be from $1,000 up to $40,000, (depending on the type of school, and may not exceed the estimated cost of attendance). The lender will sell the supplemental fee to your requested loan amount. If anyone changes the loan amount, the borrower and cosigner must initial this field.

Anticipated use of Tuition Answer Loan funds: (dollar allocation)    $20,000.00  Tuition, Fees, Room, Board (paid directly to school)    $10,000.00  Other Expenses (educational expenses not paid directly to the institution)

## Loan Options

Repayment options check one    ☐ Pay principal and interest while in school    ☐ Pay only interest while in school    ☒ Defer principal and interest while in school
If you do not make a choice, you will pay only interest while in school. Deferment of payments will result in higher fees. Loan repayment option may not be changed after disbursement.

## Signatures   All borrowers must sign below.

I understand that I am not required to fax my signature on this Application/Promissory Note to the Lender. If I choose to fax my signature on this Application/Promissory Note to the Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial code.

Notice to CUSTOMER
(a) Do not sign this before you read the Promissory Note even if otherwise advised.
(b) Do not sign this if it contains any blank spaces.
(c) You are entitled to an exact copy of any agreement you sign.
(d) You have the right at any time to pay in advance the unpaid balance due under this agreement without penalty and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief, I have read and agree to the terms of the Promissory Note accompanying this application.

I, THE COSIGNER HAVE READ THE APPLICABLE COSIGNER NOTICE(S).

Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

| Borrower signature | SERGIO F. PEREIRA | 12/7/07 Date |
|---|---|---|
| Cosigner signature | Please print full name | 12/7/07 Date |

Lender use only

| TA_WEB | 022460 | 1532614 | |
|---|---|---|---|
| Source code | School code | Pre-approval code | |

Sallie Mae Bank, Murray, UT    c/o Sallie Mae, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184
Originating lender

Cosigner: Please read your state-specific notice, then, if applicable, sign, date and return it to:
Sallie Mae, Tuition Answer Loan Processing, P.O. Box 859243, Braintree, MA 02185.
Retain a copy for your records.

Wisconsin Borrower and Cosigner: If you are married, your spouse must read the notice to married
Wisconsin residents and sign, date and return it to:
Sallie Mae, Tuition Answer Loan Processing, P.O. Box 859243, Braintree, MA 02185.
Retain a copy for your records.

APPLICATION PAGE THREE

Exhibit 2
Page 84

# Promissory Note

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the borrower and the cosigner(s) who signed the application, unless the language specifically refers to only one or the other. "You", "your" and "yours" mean the Lender as listed on page three of the application and any subsequent holder of this Note. "School" means the school named in the College Information section on page one of the application.

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fee (together the "Loan Amount"); other interest, fees and charges accrued or Capitalized on the Loan Amount, as described in this Note; and, in the event of Default, as described in this Note, reasonable attorneys' fees, court costs and collection agency fees to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period - If there is one (see Section D. Terms of Repayment), the "Interim Period" will begin on my Disbursement Date. My Interim Period will end on the earlier of:
a) 4 1/2 years after the Disbursement Date;
b) Six months after the student graduates from School; or
c) Six months after the student ceases to be enrolled in at least half-time study, unless the student re-enrolls in another school eligible for the Tuition Answer Loan program within that six-month period and also meets the enrollment requirements approved for that school.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends, or earlier if elected (see Section D. Terms of Repayment) and will continue until my loan is paid in full.
3. Capitalized Interest, Fees and Other Amounts - Interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan, as provided in this Note. This addition is called "capitalizing" and such amounts are considered to be "Capitalized." **Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.**
4. Default - You may declare my loan in default following an event described in Section K. Whole Loan Due except as follows:
– IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents), or if the prospect of my payment or performance is significantly impaired (for Iowa residents, if, following an event described in Section K. Whole Loan Due, the prospect of my payment is materially impaired). The burden of establishing the prospect of such impairment is on you.
– WISCONSIN RESIDENTS ONLY: I will be in default:
a) if I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or
b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date –If my loan proceeds are disbursed by check, the date shown on the Loan check. If my loan proceeds are disbursed by automated clearing house (ACH) credit to a deposit account, the date the funds are sent to me. If my loan proceeds are disbursed by loading them on to a prepaid debit card, the date the card is sent to me.
6. Disclosure Statement - The Truth in Lending Disclosure that will be sent at the time of my disbursement and which is hereby incorporated into this Note.
7. Additional Terms - The terms "Interest", "Late Charge", "Supplemental Fees", "Payment Return Fee", "Forbearance Fee", "Collection Costs", "Variable Rate", "Index", "Prime Rate", and "Margin" are defined in the Note Sections and paragraphs so titled.

## C. INTEREST

1. Accrual of Interest – Interest on this Note will accrue at the Variable Rate described in paragraph 2 beginning on the Disbursement Date, on the principal balance advanced and Capitalized Interest, Fees and Other Amounts, until the principal balance and all accrued interest are paid in full.
2. Variable Rate - I will pay interest at a Variable Rate equal to the Index plus or minus the percentage identified on my Disclosure Statement (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). The Index will be determined monthly on the next to the last New York business day before the end of the prior month. Any change to my Variable Rate will take effect on the first of the month. The Index is the highest U.S. Prime Rate as published in *The Wall Street Journal* under the "Money Rates" section, or any successor section or table for the purposes of displaying such rate.
A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Index for January will be determined on the preceding December 30th if both the 30th and 31st are New York business days.
3. Substitute Index - If *The Wall Street Journal* is not published on the date to be used for the Index, then the Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Index ceases to be available, you will choose a comparable substitute.
4. Interest after Default - I will pay interest after Default at a rate equal to the Variable Rate for this loan plus up to 6.5%.
5. Capitalization - Unpaid accrued interest will be Capitalized as follows. If I defer principal and interest payments while the student is in school, receive an In School Deferment, or receive a Hardship or Other Forbearance, then during that period unpaid accrued interest will be Capitalized quarterly and, as applicable, at the start of my Repayment Period, at the end of any In School Deferment, and at the end of any Forbearance Period.
Statements that show the unpaid accrued interest on this loan will be sent to the borrower on at least a quarterly basis and to the cosigner on at least an annual basis. Information about the unpaid accrued interest on this loan will also be available online at www.manageyourloans.com.

## D. TERMS OF REPAYMENT

1. Payment Due Date, Payment in U.S. Dollars, Statements - My loan payments are due on the date specified by you. All pay-

V07.05.01

Exhibit 2
Page 85

ments must be made in U.S. dollars at the address specified by you.  You will send me statements showing the payment due dates and the amounts of my monthly payments based on my repayment election and the repayment schedule for my loan, as provided in this Section D.

2. Repayment Election: Pay Principal and Interest While In School - If I elected to pay principal and interest while the student is in school, I agree to repay this loan in consecutive monthly payments of principal and interest beginning within 45 days from the Disbursement Date.  There is no Interim Period and the Repayment Period begins immediately.

3. Repayment Election: Pay Only Interest While In School - If I elected to pay only interest while the student is in school or if I did not make a choice, I will pay only interest on my loan during my Interim Period. If the Variable Rate changes during the Interim Period, my monthly payment amount will change.  My new payment amount will be shown on my monthly statement.  I must begin to pay principal and interest in consecutive monthly install-ments at the beginning of my Repayment Period.

4. Repayment Election: Defer Principal and Interest While In School - If I elected to defer principal and interest payments while the student is in school, I agree to repay this loan in con-secutive monthly installments of principal and interest starting at the beginning of my Repayment Period.  Interest that accrues on my loan will be Capitalized as provided in paragraph 5 of Section C.

5. Initial Principal Repayment Period - I agree to repay my loan within the initial principal repayment period, which begins at the start of my Repayment Period and includes any interest-only pay-ment period during that time (see paragraph 7 of this Section). The initial principal repayment period  is based on the principal amount of my loan at the start of my Repayment Period, includ-ing all Supplemental Fees and interest capitalized at that time, and is determined as follows:

> Principal amount/Initial principal repayment period
> $500 to $2,999/up to 4 years (see paragraph 10 of this Section)
> $3,000 to $3,999/6 years
> $4,000 to $7,499/10 years
> $7,500 to $9,999/15 years
> $10,000 to $39,999/20 years
> $40,000 to $59,999/25 years
> $60,000 and above/30 years

6. Maximum Repayment Period and Payment Amount - The maximum Repayment Period is 30 years.  If the Variable Rate changes, my monthly payment amount will stay the same, but I will be required to make more or fewer payments than would otherwise be required. If the Variable Rate increases so that my monthly payment is not enough to pay my principal and interest within 30 years or within twice the initial principal repayment period, whichever is less, you will increase my monthly payment to an amount that will do so.

7. Interest-Only Payments, Other Repayment Options - After the Interim Period begins, I may ask to make interest-only payments for the first 48 months of the Repayment Period, or to exercise another repayment option, if available. If I wish to do so, I will notify you in writing. If you agree, you will notify me in writing of my new repayment terms.  If the interest rate changes during the Interest-Only portion of the Repayment Period, my monthly pay-ment amounts will change as provided in paragraph 3 of this Section.

8. Consecutive Monthly Payments - I will make consecutive monthly payments during the Repayment Period in the amounts,

and on or before the payment due dates, shown on my state-ments until I have paid all of the principal and interest and other fees, charges, and costs I may owe under this Note.

9. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

10. Minimum Payment - Notwithstanding any other paragraphs of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Tuition Answer Loans combined.

11. Application of Payments - Payments will be applied first to applicable fees, charges, and costs then to accrued interest; and the remainder to principal (including Capitalized Interest) as permitted by applicable law. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my monthly payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

12. Payment in Full - **If I wish to make a payment in satis-faction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

### E.  DEFERMENT AND DEFERMENT FEES, FORBEARANCE AND FORBEARANCE FEES

1. In School Deferment - If after the beginning of the Repayment Period the student returns to a school that is eligible for the Tuition Answer Loan Program, I may request and you, at your sole discretion, may grant, an In School Deferment under which I may defer regularly scheduled payments. Even if I do not request an In School Deferment, if you are notified that the student has returned to a school that is eligible for the Tuition Answer Loan Program, you, at your sole discretion, may grant  an In School Deferment. I understand that no fee is assessed for an In School Deferment. You will capitalize unpaid accrued interest as provid-ed in paragraph 5 of Section C.

2. Hardship or Other Forbearance - I may request and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments after the beginning of the Repayment Period. If I request such Forbearance, I agree to pay a Forbearance Fee, even if the Forbearance is not granted. The Forbearance Fee will be disclosed to me prior to the Forbearance Fee being assessed. You will capitalize unpaid accrued interest as provided in paragraph 5 of Section C.

### F.  LATE CHARGES

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

### G.  SUPPLEMENTAL FEE

1. Supplemental Fee at Disbursement - You may charge me a Supplemental Fee, and add it to the Loan Amount, at disburse-ment of my loan. The amount of the Supplemental Fee, if charged, will be included in the amount identified on my

**5**

V07.05.01

Exhibit 2
Page 86

Disclosure Statement as the Supplemental Fee paid (prepaid finance charge) and will be a percentage of the principal balance of my loan.

2. When Earned - I understand and agree that the Supplemental Fee, if any, is earned when assessed, is due even if the amounts on which it is assessed are later refunded, and is not subject to rebate if I prepay my loan.

**H. PAYMENT RETURN FEE**

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.  Such Payment Return Fee may be Capitalized.

**I. CHARGES FOR OPTIONAL SERVICES**

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services.  The fee will be disclosed to me before I accept any such service and will not exceed the amount then set by the Lender for such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

**J. RIGHT TO PREPAY**

**I have the right to prepay all or any part of my loan at any time without penalty.  If I prepay my loan I am not entitled to a refund of any finance charge.**

**K. WHOLE LOAN DUE**

Subject to applicable law, and the requirements of Section B.4 above, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in paragraph 2 of Section M. on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me or I assign any of my assets to or for the benefit of my creditors and such proceeding has not been dismissed within 60 days; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate (see paragraph 2 of Section C) applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

**L. COLLECTION COSTS**

Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

**M. NOTICES**

1. Joint and Several Liability - Each borrower and cosigner is jointly and severally responsible for repaying the full amount owed under this Note.
2. Change in Information - I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.
3. Communications and Notices from You - Any communication between you and any borrower or cosigner will be binding on all borrowers and cosigners. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
4. Reports to Credit Bureaus - **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
5. Not Negotiable - This is a non-negotiable consumer note.
6. Not Dischargeable - **This loan may not be dischargeable in bankruptcy.**
7. Federal Notices - I understand that the following notice is required by law when a new account is opened.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me.  You may also ask to see my driver's license or other identifying documents.

I understand that the following notice is also required by federal law and that for purposes of this notice, the words "you" and "yours" mean the cosigners who signed the application.

**NOTICE TO COSIGNER:**
**You are being asked to guarantee this debt.  Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**

**You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.**

**The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.**

**This notice is not the contract that makes you liable for the debt.**

I understand that the following notice is permitted by federal law and that for purposes of this notice, the word "we" means the

V07.05.01

Exhibit 2
Page 87

Lender, its agents and any subsequent holder of this Note and the word "you" means the borrower and cosigners.

> **NOTICE:**
> **If you believe that any information about your loan that we have reported to a credit bureau is inaccurate, write to us at P.O. Box 9500 Wilkes Barre, PA 18706-9700.**

8. State-specific notices: I understand that the following notices are required by or are necessary under state law and that these notices may not describe all of the rights that I have under state or federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they signed the application and to borrowers and cosigners who are residents of that state.

– CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.
– CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.
– IOWA and KANSAS RESIDENTS ONLY: For purposes of this notice, the word "you" means the borrower and cosigner(s). NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.
– MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.
– MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.
– MISSOURI RESIDENTS ONLY: **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**
– NEVADA RESIDENTS ONLY: This is a loan for study.
– NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

– NEW YORK, RHODE ISLAND and VERMONT RESIDENTS ONLY: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.
– OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.
– UTAH RESIDENTS ONLY:  This Note is the final expression of the agreement between me and you and it may not be contradicted by evidence of an alleged oral agreement.
– VERMONT RESIDENTS ONLY: For purposes of this notice, the word "you" means the cosigner(s). **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**
– WISCONSIN RESIDENTS ONLY: If I am a married Wisconsin resident: (1) My signature confirms that this loan obligation is being incurred in the interest of my marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of Wisconsin Statute §766.56(3)(b), as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that I received with this Note.

**N. WHEN BOUND; RIGHTS TO CANCEL**
1. When Bound - I understand that when you accept the attached application, you are not agreeing to lend me money and I am not bound by these credit terms, and there will be no such agreement until the later of the time the disbursement of the loan is made or my right to cancel in paragraph 2 of this section has expired.
2. My Right to Cancel this Note - Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and my disbursement. To cancel this Note, I will call you at 1-800-749-9100 within 5 business days of the date of the Disclosure and I will not cash any loan check, access (or allow anyone else to access) any loan proceeds sent by ACH credit to a deposit account, or use (or allow anyone else to use) any prepaid debit card on which the funds were loaded.  If I received loan proceeds by ACH credit or by prepaid debit card, I will follow your instructions regarding the return of the funds.  If I received loan proceeds by prepaid debit card, I will follow your instructions regarding the return or disposition of the card.

7

3. <u>Your Right to Cancel this Note</u> - I agree that you may cancel this Note and my disbursement without advance notice to me if
a) the Disclosure is returned as undeliverable, for any reason,
b) in your sole discretion, whether based on information provided by the School or otherwise, you reasonably conclude that the student will not attend the School or that the proceeds of the loan are no longer needed to meet the education costs of the student.
c) the student ceases to be enrolled at least half time, or
d) the School ceases to be eligible to participate in the Tuition Answer Loan Program. The reasons that the school may cease to be eligible to participate include, but are not limited to, voluntary agreement with you to that effect, loss of eligibility to participate in one or more federally guaranteed student loan programs, and a default rate on federally guaranteed student loans, sometimes referred to as a "cohort default rate," deemed by you, in your sole discretion, to be excessive. I may go to https://tuitionanswer.salliemae.com/TA/welcome.asp to determine whether my School participates at the time I access this web page.

**O. ADDITIONAL AGREEMENTS**
1. <u>Amount Lent</u> - You have the right to lend an amount less than the Loan Amount Requested.
2. <u>Rights of Assignee of Lender</u> - You have the right to assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.
3. <u>Governing Law</u> - **I understand that the lender is located in the State of Utah and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of laws rules.**
4. <u>Conflict Between Disclosure and Note</u> - I understand and agree that if the information in my Disclosure Statement conflicts with the information in this Note, the information in the Disclosure Statement shall apply with respect to items required to be disclosed under federal law.
5. <u>Failure to Receive Statement</u> - My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.
6. <u>Waivers by Borrower and Cosigner; Consents; Responsibility for Repayment</u> - I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note. I consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.
7. <u>Severability</u> - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

8. <u>Modification</u> - Any provision of this Note may be modified if jointly agreed upon in writing by you and any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.
9. <u>Communications Under Federal Bankruptcy Code</u> - Any communication with you required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to Sallie Mae P.O. Box 9400, Wilkes-Barre, PA 18773-9400.
10. <u>Receipt of Copy of Note</u> - I acknowledge that I have received a true and exact copy of this Note.
11. <u>No Assignment by Borrower or Cosigner; Estate Bound</u> - I may not assign this Note or any of its benefits or obligations. The obligations of this Note will be binding on my estate.
12. <u>Waivers by You</u> - By accepting past due payments you do not waive or affect any right to accelerate this Note. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.
13. <u>Suretyship</u> - I hereby waive all my defenses to this Note based on suretyship.
14. <u>Use of Automated Telephone Dialing Equipment; Calls to Cellular Telephones</u> - **I consent to your use of automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application, even if that number is a cellular telephone number.**
15. <u>Limits on Interest, Fees, Charges, or Costs</u> - If a law which applies to this loan and which sets maximum limits on interest, fees, charges, or costs is finally interpreted so that the interest, fees, charges, or costs collected  or to be collected in connection with this loan exceed permitted limits, then:
a) any such interest, fees, charges, or costs shall be reduced by the amount necessary to comply with the permitted limits; and
b) any sums already collected from me which exceed permitted limits will be refunded to me. You may choose to make this refund by reducing the amounts I owe under this Note.
16. <u>Photocopy, Facsimile, Electronic or Other Copy</u> - A photocopy, facsimile, electronic or other copy of the Disclosure Statement, this Note or any Cosigner Notice shall have the same effect for all purposes as the original and a photocopy, facsimile, electronic or other copy of my signature on the Disclosure Statement, this Note or any Cosigner Notice shall be binding on me.

**P. CERTIFICATIONS, AUTHORIZATIONS AND CONSENT TO INFORMATION SHARING**
1. <u>Certification</u> - I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed on the attached application. To transmit the proceeds of my loan to me, at my election, you may issue a check payable to me, you may transmit the loan proceeds by ACH credit to the deposit account that I have designated for that purpose, or you may load the proceeds of my loan onto a prepaid debit card that you will send to me. I understand that if I elect to receive a prepaid debit card, my use of the debit card will be governed by a separate agreement. I also understand that, except as otherwise provided herein, neither the student's failure to complete the

**8**

educational program that he or she has undertaken, nor the student's dissatisfaction with the educational program that he or she has undertaken, relieves me of any obligation under this Note.

2. <u>Authorization</u> - I authorize the School and any custodian of the School's records to release to you, the U.S. Department of Education, the guarantor, if any, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan.  I authorize you, your agents, and the guarantor or its agents, if any, to check my credit and employment history for this loan, or any future loans that may be offered to me, for any updates, renewals or extensions of this loan or any future loans that may be offered to me, and for any review or collection of this loan or any future loans that may be offered to me. I also authorize you, your agents, and the guarantor or its agents, if any, to answer questions about your and their credit experience with me, and to release the results of the credit review process to the School or its agents.  I further authorize you to release any other information on this loan to the School or its agents, to other schools I have attended for which I have taken out a student loan or their agents, to any subsequent holder of this Note, or its agents, and to the guarantor or its agents, if any.

3. <u>Borrower and Cosigner Consent to Information Sharing</u> - I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.

I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. <u>What I Have Read</u> - I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing".

### Q. CORRECTION OF ERRORS

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, this Note, the Disclosure Statement, and any applicable cosigner notices or spousal notices. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

### R. BORROWER/COSIGNER RELEASE

1. <u>Release of Cosigner</u> - I agree that, if a cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the borrower and any other cosigner applicant, as applicable, then you may release said cosigner applicant from liability hereunder, but this Note will still bind the borrower and any remaining cosigner, as applicable.

### S. ARBITRATION AGREEMENT

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate - and require the other party to arbitrate - any Claim under the following terms and conditions. This Arbitration Agreement is part of the Tuition Answer Loan Promissory Note (**"Note"**).

1. <u>RIGHT TO REJECT</u> - I may reject this Arbitration Agreement by mailing a rejection notice to P.O. Box 147027 Gainesville, FL 32608 within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number.

2. <u>IMPORTANT WAIVERS AND WARNING</u> - If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE CLASS MEMBER OR OTHERWISE, OR ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION (THE "<u>CLASS ACTION WAIVER</u>"); (3) join or consolidate Claim(s) with claims involving any other person; or (4) obtain information except as provided herein. Other rights are more limited in arbitration than in court or are not available in arbitration.

3. <u>DEFINITIONS</u> - In this Arbitration Agreement, the following definitions will apply:

"**I**," "**me**" and "**my**" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "**You**," "**your**" and "**yours**" mean the Lender; any other subsequent holder of this note: Sallie Mae, Inc.; SLM Financial Corporation; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, and successors of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "**Administrator**" means, as applicable, the **American Arbitration Association**, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the **National Arbitration Forum**, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. The party bringing a Claim selects the Administrator. You expect to routinely select national Arbitration Forum for collection actions you bring.

4. "**Claim**" means any legal claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) fees, charges, or other provisions of the Note; (2) any application, disclosure or other document relating in any way to the Note or the transactions evidenced by the Note; (3) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (4) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitra-

bility or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **Also, "Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

5. **STARTING AN ARBITRATION** - To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and I agree otherwise.

6. **LOCATION AND COSTS** - Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration. Despite the foregoing, you will pay any fees you are required to bear; (1) under applicable law; or (2) in order to enforce this Arbitration Agreement.

7. **DISCOVERY; GETTING INFORMATION** - Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

8. **EFFECT OF ARBITRATION AWARD** - Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (2) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above, the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

9. **GOVERNING LAW -** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

10. **SURVIVAL, SEVERABILITY, PRIMACY -** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any Forbearance or Modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; And any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid regarding any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

V07.05.01

Exhibit 2
Page 91

## SALLIE MAE
## Truth in Lending Disclosure Notice

Loan Type:       Tuition Answer
Loan Number:
Student:         SERGIO F. PEREIRA
School:          ROSS UNIV SCH OF MED - EDISON

SERGIO F. PEREIRA

**Questions?**     **(800) 749-9100**



A Sallie Mae Education Loan

December 29, 2007

We are pleased to inform you that your Sallie Mae Tuition Answer Loan has been scheduled for disbursement. This means that loan funds will be sent to the Payee(s) as indicated on the attached Truth in Lending Disclosure. This is not a request for payment. Your statement of account and request for payment will be mailed separately.

**What should you do?**

1. Thoroughly review the enclosed Truth in Lending Disclosure to familiarize yourself with the terms of your loan.

2. Keep the Disclosure in a safe place with your Promissory Note and other financial records.

3. Take control of your education loans in repayment and enroll in Manage Your Loans$^{SM}$.

4. If you have any questions about this Notice, please call Sallie Mae.

Sallie Mae is currently setting up your Manage Your Loans account, and within 30 days, you will have round the clock, secure online access to your student loans in repayment for as long as you have an active account with us. Visit www.salliemae.com/manage to make loan payments online, track account information, apply for forbearance or deferment, and more.

**Notice to Borrowers Regarding Availability of Borrower Benefits**

**Please note that** your student loans may be sold while the loans are outstanding. Such a sale will not result in any change to the loan terms or the loss of any advertised borrower benefits, which will continue subject to their original terms and conditions. However, student loan terms and advertised borrower benefits may change if you choose to consolidate your loans.

50 Braintree Hill Park, Suite 300
Braintree, Massachusetts 02184
Phone 800-749-9100
fax 800-392-4856
www.salliemae.com

*Sallie Mae Bank in Murray, Utah is the originating lender for Sallie Mae Tuition Answer Loans.*

Exhibit 2
Page 92

SALLIE MAE EDUCATION LOAN PROGRAM
TRUTH IN LENDING DISCLOSURE STATEMENT

Loan Number: █████████

SERGIO F. PEREIRA
Name of Primary Borrower

**Lender Name and Address:**
Sallie Mae Bank
5217 South State Street
Murray, UT 84107 US

████████████
Name of Cosigner

SERGIO F. PEREIRA
Name of Student

December 29, 2007
Date

This disclosure statement relates to your Sallie Mae Education Loan to be disbursed on 01/07/08 .

This loan's interest rate is equal to the Index plus a margin, rounded to the nearest one-fourth of one percent (0.25%). The current Index is  7.500 % . The margin is  1.500 % . Your current interest rate is  9.000 % . In no event will the interest rate exceed the maximum rate allowed by law.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 9.179 % (e) | $  55,471.72  (e) | $  30,000.00 | $  85,471.72  (e) |

Your payment schedule will be:

| Number of payments:  (e) | Amount of payments:  (e) | Payments are due monthly on the 28 day of each month:  (e) |
|---|---|---|
| 239 | $  356.14 | 12/28/2010 |
| 1 | $  354.26 | 11/28/2030 |

**MONTHLY VARIABLE RATE**: The interest rate, based on an Index and a Margin, may increase if the Index increases. The Index is the highest U.S. Prime Rate published in the "Money Rates" section of the Wall Street Journal on the next to the last New York business day of the month. Any change to the interest rate will take effect on the first day of the following month, but no more frequently.

   During any period when principal and interest payments are deferred, any increase in the Index will result in a higher amount of interest capitalized and added to the principal, resulting in higher payments once repayment of principal and interest begins. For example, if your loan were $9,000 with an initial rate of 11% payable over 15 years, and you deferred payments for two years prior to repayment, and the Index increased by one percent after one year and remained at that level for the remainder of the deferral period and through the repayment term, your interest rate would increase to 12%, and your monthly payments would increase by $8.42.

   During any period when principal payments are deferred but interest payments are being made, any increase in the Index will result in higher payments. For example, if your loan were $9,000 with an initial rate of 11% payable over 16 years, with interest-only payments for the first year and principal and interest payments for the next 15 years, and the Index increased by one percent after one month and remained at that level for the remaining term, your interest rate would increase to 12%, your monthly payments for the remainder of the first year would increase by $7.50 and for the next 15 years by $5.73.

   During any period when principal and interest payments are being made, any increase in the Index will result in more payments of the same amount (or the balance due, whichever is less). For example, if your loan were $9,000 with an initial rate of 11% payable over 15 years, and the Index increased by one percent after one year and remained at that level for the remaining term, your interest rate would increase to 12% and you would make 26 additional payments of the regular monthly payment amount. However, if, because of an increase in the rate, the regular monthly payment amount is not sufficient to repay your loan in full over the maximum repayment period, then your monthly payment amount will be increased to the minimum amount necessary to do so.

**LATE CHARGES**: If payment is more than 15 days late, you may be charged $15.00 or 5% of the amount that is late, whichever is less, and the interest rate may increase by 6.5% (for example, from an interest rate of 11% to 17.5%).

**PREPAYMENT**: If you pay off early, you will not have to pay a penalty; however, you will not receive a refund of part of the

Exhibit 2
Page 93

finance charge.

Please see your promissory note for information about nonpayment, default, the right to accelerate the maturity of the obligation, prepayment rebates and penalties.

(e) means an estimate

**Itemization of Amount Financed:**
Total amount financed:                                          $    30,000.00
Supplemental fee paid (prepaid finance charge):                $    600.00

Amount(s) disbursed to Payee(s):

| Payee(s) | Date | Loan Amount | Supplemental Fee | Amount Disbursed |
|---|---|---|---|---|
| PEREIRA SERGIO F | 01/07/08 | $   30,600.00 | $    600.00 | $ 30,000.00 |

School Enrolled in:                                            ROSS UNIV SCH OF MED - EDISON
Principal Amount of Note  (amount financed plus supplemental fee):  $    30,600.00

**CANCELLATION:**  If after reviewing this disclosure statement, you are not satisfied with the terms of your loan as approved, you may cancel the promissory note and all disbursements.  To cancel, you must contact us within 5 business days of the date of this disclosure statement and you must return the funds to us.  To contact us to cancel, call 1-800-749-9100. You are not bound to the credit terms of this loan, and there will be no such agreement, until the later of the disbursement date, as set forth on the first page, or the date your right to cancel has expired, as set forth herein.

To make repayment manageable, your monthly payments are based on a minimum of $50 per Loan Program, rather than per loan. This means that the minimum payment for your first loan will be $50.  If this is not your first loan, the minimum payment for this loan and for your other loans has been adjusted accordingly, which may change the payment schedules for your prior loans. While this will lower your monthly payments, it will increase the total interest that you pay.  If you want to increase your monthly payment, to pay less interest, please call us at 1-888-2SALLIE after you begin repayment.

Exhibit 2
Page 94

Exhibit 2
Page 95

# Signature Student Loan®

*Application and Promissory Note*

**For Loan Applications Received by May 31, 2008**

A M S

**1-800-890-9794**

App Code 1DEV0702
Prom Note Code 3XSP0702

XS   9009010000

## Section A: Borrower Information   Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix PEREIRA | | First Name SERGIO | | MI F |
|---|---|---|---|---|---|

| Permanent Address (No P.O. Boxes) | City | | State | ZIP Code |
|---|---|---|---|---|

| Permanent Phone Number | Cellular Phone Number | Email Address |
|---|---|---|

| Prior Address (if you have been at your permanent address less than one year please provide Prior Address) 586 Chase Avenue | City | State | ZIP Code |
|---|---|---|---|

| Address While in School 551 Third Ave | Apt P | City Lyndhurst | State | ZIP Code |
|---|---|---|---|---|

| Phone Number While in School | Date of Birth (mm/dd/yy) | Have you ever defaulted on a student loan? (check one) Yes ☐  No ☒   If yes, see instructions for required action |
|---|---|---|

**Citizenship (check one)**
a) U.S. Citizen ☒    b) Non-Citizen Permanent Resident ☐    c) Foreign Resident ☐    d) Foreign Resident not eligible for a Social Security Number ☐    Note: For options b, c or d see instructions

| Total Loan Amount Requested $ 15,000.00 | We encourage you to borrow conservatively, but try to borrow the full amount you need so you will not have to submit another application. (see instructions) | Enrollment Period for which you want to borrow money (cannot exceed 12 months) | From (mm/yy) 07/07 | To (mm/yy) 06/08 |
|---|---|---|---|---|

| School Name ROSS UNIVERSITY SCHOOL OF MEDICINE | City EDISON | State NJ |
|---|---|---|

| Grade Level (refer to instructions) C | Course of Study (refer to instructions) OTH | Current Outstanding Student Loan Education Debt (refer to instructions) $ 120,000.00 |
|---|---|---|

**References—You must provide two (2) adult references other than the cosigner. One of them should be a relative.**

| 1) Last Name and Suffix | First Name | MI | Relationship to Borrower |
|---|---|---|---|
| Address (No P.O. Boxes) | City | State | Zip Code | Permanent Phone Number |

| 2) Last Name and Suffix | First Name | MI | Relationship to Borrower |
|---|---|---|---|
| Address (No P.O. Boxes) | City | State | Zip Code | Permanent Phone Number |

## Section B: Cosigner Information   Please read instructions before completing this section.

| Social Security Number | Last Name and Suffix | First Name | | MI |
|---|---|---|---|---|

| Address (No P.O. Boxes) | City | State | ZIP Code |
|---|---|---|---|

| Permanent Phone Number | Cellular Phone Number | Email Address |
|---|---|---|

| Prior Address (No P.O. Boxes) | City | State | ZIP Code |
|---|---|---|---|

**Citizenship (check one)**
a) U.S. Citizen ☐    b) Non-Citizen Permanent Resident ☐    Note: For option b, see instructions

| Date of Birth (mm/dd/yy) | Cosigner's Job Title |
|---|---|

| Present Employer Name | Employer Address (City, State, ZIP Code) | Work Phone Number |
|---|---|---|

| Gross Monthly Income (see instructions) Note: You do not have to reveal alimony, child support or separate maintenance income unless you wish it to be considered as a basis for loan repayment Salary $    Other $    Source | Monthly Mortgage/Rent Amount (check one) $    Own ☐  Rent ☐ | Have you ever defaulted on a student loan? (check one) Yes ☐   No ☐   If yes, see instructions for required action |
|---|---|---|

**References—You must provide two (2) adult references other than the borrower. One of them should be a relative.**

| 1) Last Name and Suffix | First Name | MI | Relationship to Cosigner |
|---|---|---|---|
| Address (No P.O. Boxes) | City | State | ZIP Code | Permanent Phone Number |

| 2) Last Name and Suffix | First Name | MI | Relationship to Cosigner |
|---|---|---|---|
| Address (No P.O. Boxes) | City | State | ZIP Code | Permanent Phone Number |

## Section C: Borrower and Cosigner Signature

| CAUTION IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT. I, THE COSIGNER, HAVE READ THE APPLICABLE COSIGNER NOTICE(S). | Notice to Customer (a) Do not sign this before you read the Promissory Note even if otherwise advised. (b) Do not sign this if it contains any blank spaces. (c) You are entitled to an exact copy of any agreement you sign. (d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge. | I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and each applicable Notice to Cosigner and agree to the terms therein. Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other fees, charges, and costs that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us. |
|---|---|---|

Borrower Signature Sergio             F Pereira       946-5E4EFF8D633DA27D29AC35B3D5EF2948 (seal)   Date 05/31/2008

Cosigner Signature (if applicable) _____ (seal)   Date _____

## Section D: School Certification   Must be completed by an authorized school official.

| School Name ROSS UNIVERSITY SCHOOL OF MEDICINE | School Code/Branch 0224600000 | | Disbursement Date (mm/dd/yy) | Disbursement Amount |
|---|---|---|---|---|
| For the Enrollment Period (not to exceed 12 months) From Date (mm/dd/yy) 07/01/2007   To Date (mm/dd/yy) 06/30/2008 | Grade Level (check one) Please refer to instructions. Undergraduate ☐ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5 | 1. | | 1. $ |
| | Graduate ☐ A ☐ B ☒ C ☐ D | 2. | | 2. $ |
| Enrollment Status (check one) Full-time ☐   Half-time ☐ | Course of Study (refer to instructions) OTH | Anticipated Graduation Date (mm/dd/yy) | 3. | | 3. $ |
| | | | 4. | | 4. $ |
| | | | Total Certified Amount: $ | |

As an authorized representative of the school identified above, I hereby certify the following: (i) the borrower is eligible for a Signature Student Loan; (ii) the information completed in this school certification is accurate; (iii) the Total Certified Amount does not exceed the student's cost of attendance minus any other financial aid; (iv) that school will notify Sallie Mae if the borrower withdraws from the school; (v) that if applicable, then prior to certification the school has complied with the disclosure requirements in Section 626(1) and all other provisions of the NY SLATE ACT, Law of New York Chapter 41, Article 13-B, Sections 620-632 (the "SLATE ACT"); (vi) as permitted under applicable law, that the school will provide information requested by Sallie Mae related to the borrower, including without limitation contact information; and (vii) that the information provided in Sections A and B is true, complete and correct to the best of my knowledge and belief.

| Authorized school official Sign and date: | Print or type Name and title: | Phone |
|---|---|---|

ONWLD_SWIS         Return Application To: Sallie Mae · P.O. Box 147023 · Gainesville, FL 32614-7023 (Copyright © Sallie Mae 2000-2007)

Exhibit 2
Page 96

# Signature Student Loan Promissory Note 3XSP0702

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner(s) who signed the application, unless the language specifically refers to only one or the other. "You," "your," and "yours" mean the lender as listed below and any subsequent holder of this Note. "School" means the school named in Section D of the application.

Lender:

## A.   PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, court costs and collection agency fees to the extent permitted by law.

## B.   DEFINITIONS

1.  Interim Period - The "Interim Period" will begin on the day of my first disbursement and will end on the following applicable date:

    (a) Six months after the student borrower graduates from the School;

    (b) If the School is approved for half-time enrollment only, six months after the student borrower ceases to be enrolled in at least half-time study, unless the student borrower re-enrolls in another school eligible for the Signature Student Loan Program within that six-month period and also meets the enrollment requirements approved for that school; or

    (c) If the School is approved for less than half-time enrollment, six months after the student borrower ceases to be enrolled in at least half-time study, and also ceases to meet the requirements for less than half-time study, unless the student borrower re-enrolls in another school eligible for the Signature Student Loan Program within that six-month period and also meets the enrollment requirements approved for that school.

The portion of the Interim Period while the student borrower is in school is the "School Period" and the remaining portion of the Interim Period is the "Grace Period." Requirements for less than half-time study may include, but are not limited to, a limit on the maximum number of months or the maximum number of sequential terms (quarter, trimester, semester, or academic year) for less than half-time enrollment.

To find out if a school is approved for less than half-time enrollment, and, if so, the requirements for less than half-time study at the school, call 1-800-695-3317.

2.  Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and, depending on my loan balance, will continue for up to 360 months, not counting any Deferment or Forbearance periods. If my loan is made six months or more after the student borrower graduates, drops below half-time enrollment, if required, or ceases to meet the requirements for less than half-time enrollment, if applicable, then there is no Interim Period and my Repayment Period begins on the day of my first disbursement.

3.  Capitalized Interest, Fees and Other Amounts - Interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan, as provided in this Note. This addition is called "capitalizing." **Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.**

4.  Default - You may declare my loan in default following an event described in Section K except as follows: <u>IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY:</u> I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired (for Iowa residents, if, following an event described in Section K, the prospect of my payment is materially impaired). The burden of establishing the prospect of such impairment is on you. <u>WISCONSIN RESIDENTS ONLY:</u> I will be in default:

    (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date: or

    (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5.  Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to the School.

6.  Disclosure - The Truth in Lending Disclosure that will be sent at the time of my first disbursement and which is hereby incorporated into this Note.

7.  Additional Terms - The terms "Interest," "Forbearance Fee," "Deferment Fee," "Late Charge," "Supplemental Fee," "Payment Return Fee," and "Collection Costs" are defined in the Note sections so titled. "Variable Rate," "Index," and "Margin" are defined under Section C, Interest, of this Note.

## C.   INTEREST

1.  Accrual of Interest - Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest, Fees and Other Amounts, until the principal balance and all accrued interest are paid in full.

2.  Variable Rate - I will pay interest at a Variable Rate equal to the "Index", plus or minus the percentage identified on my Disclosure (the "Margin") for the School Period, Grace Period, or Repayment Period, as applicable, rounded to the nearest one-eighth of one percent (0.125%). The Variable Rate may change monthly on the first day of each month if the Index changes, the Margin changes, or both change. The Index is the highest U.S. Prime Rate published in *The Wall Street Journal* "Money Rates" section, or any successor section or table for the purposes of displaying such rate, on the next to the last New York business day before the end of the prior month. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Index for January will be determined by the highest U.S. Prime Rate published in *The Wall Street Journal* on the preceding December 30th if both the 30th and 31st are New York business days.

3.  Substitute Index - If *The Wall Street Journal* is not published on the date to be used for the Index, then the Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Index ceases to be available, you will choose a comparable substitute.

## D.   TERMS OF REPAYMENT

1.  No Required Payments During Interim Period - I am not required to make payments during the Interim Period. However, unpaid accrued interest will be capitalized at the beginning of the Repayment Period. Statements that show the unpaid accrued interest on the loan will be sent to the student borrower on at least a quarterly basis and to the cosigner on at least an annual basis. Information about the unpaid accrued interest on the loan will also be available online at www.manage yourloans.com.

2.  Repayment Schedule - You and I agree that the repayment schedule will be established as follows: Subject to paragraph 4 of this Section, prior to the start of the Repayment Period you will send me a statement setting forth an initial repayment schedule that provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over a Repayment Period of up to 180 months. You will also send me statements showing the amounts and payment due dates of my monthly payments.

3.  Revisions to the Repayment Schedule - Subject to paragraph 4 of this Section, you will revise the repayment schedule so that it provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and

Copyright © 2000-2007 Sallie Mae 3XSP0702

Exhibit 2
Page 97

November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.

4. Interest-Only Payments, Extended Repayment Term, Other Repayment Options - After the Interim Period begins, I may ask to make interest-only payments for the first 48 months of the Repayment Period, or to exercise another repayment option, if available. If I wish to do so, I will notify you in writing. If you agree, you will notify me in writing of my new repayment terms, and, if I am making interest-only payments:

(a) During any month when there is a decrease in the interest rate, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase in the interest rate, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any such excess interest that remains unpaid will accrue, but will not be capitalized; and

(b) You will revise the repayment schedule so that I will repay any unpaid accrued interest and interest at the Variable Rate then in effect over the number of months remaining in the interest-only payment period, with the payment amount changing in the months of February, May, August and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly interest-only payments.

5. Consecutive Monthly Payments - I will make consecutive monthly payments during the Repayment Period in the amounts, and on or before the payment due dates, shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

6. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

7. Minimum Payment - Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Signature Student Loans combined.

8. Application of Payments - Payments will be applied first to applicable fees, charges, and costs then to accrued interest; and the remainder to principal, as permitted by applicable law. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my monthly payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. Payment in Full - **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

## E. FORBEARANCE AND FORBEARANCE FEES, DEFERMENT AND DEFERMENT FEES

1. In School Forbearance - If I return to school I may request Forbearance under which I may defer regularly scheduled payments after the beginning of the Repayment Period. As long as the school is eligible for the Signature Student Loan Program, you will automatically grant the Forbearance. Even if I do not request Forbearance, if you are notified that I have returned to a school that is eligible for the Signature Student Loan Program, you will automatically grant a Forbearance. I understand that no Forbearance Fee is assessed for an In School Forbearance. You will capitalize unpaid accrued interest every six months and at the end of any such Forbearance period or at the end of any such Forbearance period of less than six months.

2. Residency or Internship Deferment - If I am an eligible health student enrolled in a residency or internship program, I may request a Deferment under which I may defer regularly scheduled payments after the beginning of the Repayment Period. As long as the residency or internship program is an approved program, you will automatically grant the Deferment. I understand that no Deferment Fee is assessed for a Residency or Internship Deferment. You will capitalize unpaid accrued interest every 12 months and at the end of any such Deferment period or at the end of any such Deferment period of less than 12 months.

3. Hardship or Other Forbearance - I may request and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments after the beginning of the Repayment Period. If I request such forbearance, I agree to pay a Forbearance Fee, even if the Forbearance is not granted. The Forbearance Fee will be disclosed to me prior to the Forbearance Fee being assessed. You will capitalize unpaid accrued interest at the end of any such Forbearance Period.

## F. LATE CHARGE

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

## G. SUPPLEMENTAL FEES

1. Supplemental Fee at Disbursement - You may charge me a Supplemental Fee, and add it to the Loan Amount, at disbursement of my loan. If there is more than one disbursement, at the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee. The amount of the Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Disbursement or

Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. Supplemental Fee at Repayment - You may charge me a Supplemental Fee, which will be identified on my Disclosure, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section K, whichever is earlier. The amount of this Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Repayment or Prepaid Finance Charge and will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. When Earned - I understand and agree that the Supplemental Fees, if any, are earned when assessed, are due even if the amounts on which they are assessed are later refunded, and are not subject to rebate if I prepay my loan.

## H. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## I. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## J. RIGHT TO PREPAY

**I have the right to prepay all or any part of my loan at any time without penalty.**

## K. WHOLE LOAN DUE

Subject to applicable law, and the requirements of Section B.4 above, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any payment to you when due; or

2. I fail to provide a notice required in paragraph 2 of Section M on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or

5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or

6. The student borrower dies or any cosigner dies; or

7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

Copyright © 2000-2007 Sallie Mae 3XSP0702

Exhibit 2
Page 98

If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

**L.  COLLECTION COSTS**

Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

**M.  NOTICES**

1. Joint and Several Liability - Each borrower and cosigner is jointly and severally responsible for repaying the full amount owed under this Note.

2. Change in Information - I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.

3. Communications and Notices from You - Any communication between you and any borrower or cosigner will be binding on all borrowers and cosigners. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

4. Reports to Credit Bureaus - **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**

5. Not Negotiable - This is a non-negotiable consumer note.

6. Not Dischargeable - **This loan may not be dischargeable in bankruptcy.**

7. Federal Notices - I understand that the following notice is required by federal law when a new account is opened:

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

I understand that the following notice is also required by federal law and that for purposes of this notice, the words "you" and "yours" mean the cosigner(s) who signed the application.

---

**NOTICE TO COSIGNER:**

**You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**

**You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.**

**The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.**

**This notice is not the contract that makes you liable for the debt.**

---

I understand that the following notice is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

---

**NOTICE:**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

I understand that the following notice is permitted by federal law and that for purposes of this notice, the word "we" means the Lender, its agents and any subsequent holder of this Note and the word "you" means the undersigned Borrower and Cosigner(s).

---

**NOTICE:**

**If you believe that any information about your loan that we have reported to a credit bureau is inaccurate, write to us at P.O. Box 9500 Wilkes Barre, PA 18706-9700.**

---

8. State Notices - I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they signed the application and to borrowers and cosigners who are residents of that state.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.

CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am

---

hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

IOWA and KANSAS RESIDENTS ONLY: For purposes of this notice, the word "you" means the borrower and cosigner(s) NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

MISSOURI RESIDENTS ONLY: **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MIS-UNDERSTANDING OR DISAPPOINT-MENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

NEVADA RESIDENTS ONLY: This is a loan for study.

NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in

Copyright © 2000-2007 Sallie Mae 3XSP0702

Exhibit 2
Page 99

connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

UTAH RESIDENTS ONLY: This Note is the final expression of the agreement between me and you and it may not be contradicted by evidence of an alleged oral agreement.

VERMONT RESIDENTS ONLY: For purposes of this notice, the word "you" means the Cosigner(s). **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR PAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

WISCONSIN RESIDENTS ONLY: If I am a married Wisconsin resident: (1) My signature confirms that this loan obligation is being incurred in the interest of my marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) My spouse has actual knowledge that this credit is being extended to me and has waived requirements of Wisconsin Statute Section 766.56(3)(b), as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that I received with this Note.

9. **Notice to Borrowers of Available Financing Options Under Title IV of the Federal Higher Education Act**

Title IV of the Federal Higher Education Act of 1965, as amended (20 U.S.C. 1001 et seq.), provides borrowers with federal financial aid options to pay for or finance their higher education expenses. Usually, the terms of loans available under these federal programs are more advantageous to the borrower than the terms available under private loan programs. Borrowers should therefore maximize their use of these federal loan programs before obtaining private loans. All borrowers are advised to discuss federal financing options and programs and their potential eligibility with their school before applying for a private student loan. Not all federal financing options are available to all borrowers, and loan amounts available to borrowers may vary based upon the year in school and the amounts previously borrowed. For further information on federal financial aid options, visit the U.S. Department of Education website at www.ed.gov. Financing options under Title IV of the Federal Higher Education Act include the following options below, as of August 31, 2007. Borrowers are urged to

contact their schools to determine whether these financing options have since been modified.

(a) **Grants** Financial aid that does not need to be repaid.

(b) **Federal Work-Study Programs**

(c) **The Federal Family Education Loan Program (FFELP)**

FFELP loans include the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and your FFELP lender for more information.

– Subsidized Federal Stafford Loan
  •Fixed interest rate of 6.8%
  •6-month grace period following at least half-time enrollment
  •Deferment and forbearance options
  •Interest subsidized by the government during in-school, grace, and deferment periods
  •10-year repayment plan

– Unsubsidized Federal Stafford Loan
  •Fixed interest rate of 6.8%
  •6-month grace period following at least half-time enrollment
  •Deferment and forbearance options
  •10-year repayment plan

– Federal PLUS Loan
  •Fixed interest rate of 8.5%
  •Deferment and forbearance options
  •10-year repayment plan

– Federal Consolidation Loan
  •Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
  •Deferment and forbearance options
  •Repayment period based on the amount of the Consolidation Loan

(d) **William D. Ford Federal Direct Loan Program**

The Federal Direct Loan Program includes the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and the U.S. Department of Education for more information.

– Federal Direct Stafford Loan
  •Fixed interest rate of 6.8%
  •6-month grace period following at least half-time enrollment
  •Deferment and forbearance options
  •Interest subsidized by the government during in-school, grace, and deferment periods
  •10-year repayment plan

– Federal Direct Unsubsidized Stafford Loan
  •Fixed interest rate of 6.8%
  •6-month grace period following at least half-time enrollment
  •Deferment and forbearance options
  •10-year repayment plan

– Federal Direct PLUS Loan
  •Fixed interest rate of 7.9%
  •Deferment and forbearance options
  •10-year repayment plan

– Federal Direct Consolidation Loan
  •Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
  •Deferment and forbearance options
  •Repayment period based on the amount of the Consolidation Loan

(e) **Federal Perkins Loans**
  •Fixed interest rate of 5%
  •9-month grace period following at least half-time enrollment
  •Deferment and forbearance options, with a 6-month grace period following deferment
  •Interest does not accrue during in-school, grace, and deferment periods
  •10-year repayment plan
  •Origination fees do not apply

10. **Notice to Borrowers Regarding Availability of Borrower Benefits**

I understand that my student loans may be sold while the loans are outstanding. Such a sale will not result in any change to the loan terms or the loss of any advertised borrower benefits, which will continue subject to their original terms and conditions. However, student loan terms and advertised borrower benefits may change if I choose to consolidate my loans.

**N.WHEN BOUND; RIGHTS TO CANCEL**

1. **When Bound** - I understand that when you accept the attached application, you are not agreeing to lend me money and I am not bound by these credit terms, and there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 2 of this section has expired.

2. **My Right to Cancel this Note** - Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will call you at 1-888-2SALLIE within 5 business days of the date of the Disclosure and I will not cash any loan checks, or if funds are transmitted electronically or by master check, I will instruct the School, within 5 business days of the date of the Disclosure, to return the funds to you.

3. **Your Right to Cancel this Note** - I agree that you may cancel this Note and all disbursements without advance notice to me if the Disclosure is returned as undeliverable, for any reason, or if, in your sole discretion, whether based on information provided by the School or otherwise, you reasonably conclude that the student borrower will not attend the School or that the proceeds of the loan are no longer needed to meet the education costs of the student borrower at the School.

4. **Your Right to Cancel Future Disbursements** - You also have the right to cancel any future disbursement, without advance notice to me, if:

(a) the student borrower ceases to be enrolled at least half time, if required, or to meet the restrictions for less than half-time enrollment, if applicable;

(b) an event occurs as described in Section K;

(c) the student borrower or any cosigner notifies you that he or she has arranged for other financing for the education costs to be paid for by this loan or that he or she no longer wants to repay the amount not yet disbursed;

Copyright © 2000-2007 Sallie Mae 3XSP0702

Exhibit 2
Page 100

**(d) the classes in which the student borrower has enrolled have been cancelled or delayed: or**

**(e) the School ceases to be eligible to participate in the Signature Student Loan Program.**

**O. ADDITIONAL AGREEMENTS**

1. Amount Lent - You have the right to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance.

2. Rights of Assignee of Lender - You have the right to assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. Governing Law - **I understand that the Lender is located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.**

4. Conflict Between Disclosure and Note - I understand and agree that if the information in my Disclosure conflicts with the information in this Note, the information in my Disclosure shall apply with respect to items required to be disclosed under federal law.

5. Failure to Receive Statement - My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

6. Waivers by Borrower and Cosigner; Consents; Responsibility for Repayment - I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note. I consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

7. Severability - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

8. Modification - Any provision of this Note may be modified if jointly agreed upon in writing by you and any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

9. Communications Under Federal Bankruptcy Code – Any communication with you required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to Sallie Mae, P.O. Box 9400, Wilkes-Barre, PA 18773-3800.

10. Receipt of Copy of Note - I acknowledge that I have received a true and exact copy of this Note.

11. No Assignment by Borrower or Cosigner; Estate Bound - I may not assign this Note or any of its benefits or obligations. The obligations of this Note will be binding on my estate.

12. Waivers by You - By accepting past due payments you do not waive or affect any right to accelerate this Note. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

13. Suretyship - I hereby waive all my defenses to this Note based on suretyship.

14. Use of Automated Telephone Dialing Equipment; Calls to Cellular Telephones - **I consent to your use of automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provided in the application.**

15. Limits on Interest, Fees, Charges, or Costs - If a law which applies to this loan and which sets maximum limits on interest, fees, charges, or costs is finally interpreted so that the interest, fees, charges, or costs collected or to be collected in connection with this loan exceed permitted limits, then:

   (a) any such interest, fees, charges, or costs shall be reduced by the amount necessary to comply with the permitted limits; and

   (b) any sums already collected from me which exceed permitted limits will be refunded to me. You may choose to make this refund by reducing the amounts I owe under this Note.

**P. CERTIFICATIONS, AUTHORIZATIONS AND CONSENT TO INFORMATION SHARING**

1. Certification - I certify that the information contained in Sections A, B and C of the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School, and if the School is closed, any third party, such as a custodian, receiver, bankruptcy trustee, trustee for a performance bond or a tuition recovery fund, to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that cannot reasonably be attributed to meeting the educational expenses of the student borrower related to attendance at the School and I hereby authorize the School at its discretion to refund any portion of my loan that exceeds direct institutional charges. At your option, and in accordance with the disbursement schedule established by you and the School, you may either electronically transmit funds to the School to be applied to my account, or if you issue checks, you may issue a master check, payable to the School, and send it to the School, or you may issue a

check jointly payable to me and the School, and send it to the School. If funds are electronically transmitted, I hereby authorize the School to transfer the funds to my account at the School. I understand that, except as otherwise provided herein, neither the student borrower's failure to complete the educational program that he or she has undertaken, nor the student borrower's dissatisfaction with the educational program that he or she has undertaken, relieves me of any obligation under this Note.

2. Authorization - **I authorize the School and any custodian of the School's records to release to you, the U.S. Department of Education, the guarantor, if any, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, and the guarantor or its agents, if any, to check my credit and employment history for this loan, for any future loans that may be offered to me, for any updates, renewals or extensions of this loan or any future loans that may be offered to me, and for any review or collection of this loan or any future loans that may be offered to me. I also authorize you, your agents, and the guarantor or its agents, if any, to answer questions about your and their credit experience with me, and to release the results of the credit review process to the School or its agents. I further authorize you to release any other information on this loan to the School or its agents, to other schools I have attended for which I have taken out a student loan or their agents, to any subsequent holder of this Note, or its agents, and to the guarantor or its agents, if any.**

3. Borrower and Cosigner Consent to Information Sharing - **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. What I Have Read - I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing."

**Q. CORRECTION OF ERRORS**

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note and Disclosure. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

Copyright © 2000-2007 Sallie Mae 3XSP0702

Exhibit 2
Page 101

**R. COSIGNER/BORROWER RELEASE**

1. Release of Cosigner Applicant - I agree that, if any cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the borrower and/or any other cosigner applicant, then you may release said cosigner applicant from the application and from any liability hereunder, but this Note will still bind the borrower and any remaining cosigner

2. Release of Borrower - As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

**S. ARBITRATION AGREEMENT**

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate – and require the other party to arbitrate – any Claim under the following terms and conditions. This Arbitration Agreement is part of the Signature Student Loan Promissory Note (**"Note"**).

1. **RIGHT TO REJECT: I may reject this Arbitration Agreement by mailing a rejection notice to P.O. Box 147027 Gainesville FL, 32608 within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number.**

2. **IMPORTANT WAIVERS: If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE, OR ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION (THE "CLASS ACTION WAIVER"); (3) join or consolidate Claim(s) with claims involving any other person; or (4) obtain information except as provided herein. Other rights are more limited in arbitration than in court or are not available in arbitration.**

3. **DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:

   **"I," "me"** and **"my"** mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. **"You," "your"** and **"yours"** mean the Lender; any other subsequent holder of this note; Sallie Mae, Inc.; SLM Financial Corporation; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors, employees, agents and representatives thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any

of the School's financial aid offices or officers. **"Administrator"** means, as applicable, the **American Arbitration Association**, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the **National Arbitration Forum**, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. The party bringing a Claim selects the Administrator. You expect to routinely select National Arbitration Forum for collection actions you bring.

4. **"CLAIM"** means any legal claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) fees, charges or other provisions of the Note; (2) any application, disclosure or other document relating in any way to the Note or the transactions evidenced by the Note; (3) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (4) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. Also, **"Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

5. **STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and I agree otherwise.

6. **LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration. Despite the

foregoing, you will pay any fees you are required to bear: (1) under applicable law; or (2) in order to enforce this Arbitration Agreement.

7. **DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

8. **EFFECT OF ARBITRATION AWARD:** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (2) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above, the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

9. **GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

10. **SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any Forbearance or Modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid regarding any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

Copyright © 2000-2007 Sallie Mae 3XSP0702

Exhibit 2
Page 102

Exhibit 2
Page 103

# GLOBAL HEALTH RESIDENCY RELOCATION

**SallieMae | International**
877-456-6221

Customer ID Number: 9906327948
Application: 1RRL0902
Prom Note: 3RRL0902

*Application and Promissory Note*

## Section A: Borrower Information   Please read instructions before completing this application.

MX   IH   9009090000

| Social Security Number | Last Name and Suffix PEREIRA | | First Name SERGIO | | MI F |
|---|---|---|---|---|---|

Permanent Address (Street Address Only - No P.O. Boxes Allowed) — City — State — ZIP Code

Length of Time at Permanent Address: Years 1 Months 5 — Permanent Phone Number — Cellular Phone Number — Email Address

Prior Address (if you have been at your permanent address less than one year please provide prior address) — City — State — ZIP Code

Current Mailing Address (where all loan correspondence and your disbursement check will be sent) — City — State — ZIP Code

Current Phone Number — Date of Birth (mm/dd/yyyy) — Have you ever defaulted on an education loan? (select one) ☐ Yes ☒ No   (if yes, see instructions for required action)

Citizenship (select one)
☒ U.S. Citizen ☐ Non-Citizen Permanent Resident ☐ Foreign Resident (for Non-Citizen Permanent Resident or Foreign Resident see instructions)

School Name: ROSS UNIVERSITY SCHOOL OF MEDICINE — City NORTH BRUNSWICK — State NJ

GPA: 3.5 — Scale: ☒ 4.0 ☐ 5.0 ☐ 6.0 ☐ Other — Course of Study (see instructions) MED — Anticipated Graduation Date: 05/31/2010 — Current Outstanding Student Loans Federal: $78,180.00 Non-Federal/Private: $150,000.00

Total Requested Loan Amount: Total $8,000.00 — Disbursement 1 $8,000.00 / Disbursement 1 Date: 09/15/2009 — Disbursement 2 $ / Disbursement 2 Date:

References: You must provide two (2) adult references, one of which should be a relative. You may not list any cosigner or anyone listed as a reference as a reference by a cosigner.

1) Last Name and Suffix — First Name — MI — Relationship to Borrower

Address (No P.O. Boxes) — City — State — ZIP Code — Permanent Phone Number (605) 490-0440 — Alternate Phone Number

2) Last Name and Suffix — First Name — MI — Relationship to Borrower

Address (No P.O. Boxes) — City — State — ZIP Code — Permanent Phone Number — Alternate Phone Number

## Section B: Cosigner Information

| Social Security Number | Last Name and Suffix | | First Name | | MI | Relationship to Student |
|---|---|---|---|---|---|---|

Permanent Address (Street Address only - No P.O. Boxes Allowed) — City — State — ZIP Code 07071

Length of Time at Permanent Address: Years 1 Months 6 — Date of Birth (mm/dd/yyyy) — Permanent Phone Number — Cellular Phone Number — Email Address

Prior Address (if you have been at your permanent address less than one year, please provide prior address) — City — State — ZIP Code

Citizenship
☒ U.S. Citizen ☐ Non-Citizen Permanent Resident (for Non-Citizen Permanent Resident see instructions)

Have you ever defaulted on an education loan? (select one) ☐ Yes ☒ No (if yes, see instructions for required action)

Employment Status (see instructions) Employed — Present Employer Name DAYS INN — Work Phone Number (201) 348-3600 Extension — Length of Time at Present Employer Years 18 Months 0 — Occupation (see instructions) Hospitality/Culinary professional

You do not need to reveal alimony, child support or maintenance income if you do not wish to have it considered as a basis for loan repayment.

Cosigner's Gross Income from Primary Source: (see instructions) 36,000.00 — Per: (see instructions) Year — Source of Primary Income: — Additional Income: — Per: (see instructions) — Source of Additional Income: — Total Household Income: 58,000.00 — Per: (see instructions) Year

Ownership of Accounts:
Do you have one or more of the accounts listed below? ☒ Yes ☐ No — Residence Type ☐ Own ☒ Rent ☐ Live with parent(s) ☐ Other — If own, Approximate Home Value $ — Monthly Mortgage/Rent Amount $1,000.00

Checking: $3,000.00 — Savings, CDs, Money Market, Retirement or Investment: $0.00

References: You must provide two (2) adult references, one of which should be a relative. You may not list any borrower or anyone listed as a reference by a borrower.

1) Last Name and Suffix — First Name — MI — Relationship to Cosigner

Address (No P.O. Boxes) — City — State — ZIP Code — Permanent Phone Number — Alternate Phone Number

2) Last Name and Suffix — First Name — MI — Relationship to Cosigner

Address (No P.O. Boxes) — City — State — ZIP Code — Permanent Phone Number — Alternate Phone Number

## Section C: Borrower and Cosigner Signature

**CAUTION   IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**NOTICE TO CUSTOMER** (a) DO NOT SIGN THIS BEFORE YOU READ THE PROMISSORY NOTE EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and each applicable Notice to Cosigner and agree to the terms therein. I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other fees, charges, and costs that may become due. The terms and conditions set forth in the Promissory note constitute the entire agreement between us.

Borrower Signature SERGIO   F PEREIRA   (seal) Date 09/10/2009
34U-651B6B7A420DE0250B133C4F015CA630

Cosigner Signature _____   (seal) Date 09/10/2009
J7B D1F6AA5B6B9AADF25EBE3A8C94913B88

ONWLD_SWIS

(Copyright Sallie Mae 2000-2009)

Exhibit 2
Page 104

# Sallie Mae Residency and Relocation Loan Promissory Note 3RRL0902

**See Section N below for important federal law notices, including a federal Notice to Cosigner, important state law notices, including a Notice to Consumer for Iowa and Kansas residents and a Vermont Notice to Cosigner, and important notices regarding Available Financing Options Under Title IV of the Federal Higher Education Act and regarding the Availability of Borrower Benefits. See Section T below for an important Arbitration Agreement, including a notice regarding the right to reject arbitration. See also an important disclosure for students attending Iowa schools that is attached with this Promissory Note.**

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner(s) who signed the application, unless the language specifically refers to only one or the other. "You," "your," and "yours" mean the lender as listed below and any subsequent holder of this Note. "School" means the school I identified in the loan application.

Lender: SALLIE MAE BANK

MURRAY                        UT

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, and collection agency, court and other collection costs, to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the day of my first disbursement and will end on the earliest of the following applicable dates:

   (a) If I do not graduate from the School, nine months after I cease to be enrolled at least half-time unless I re-enroll in another school eligible for the Sallie Mae Residency and Relocation Loan Program within that nine-month period; or

   (b) Thirty-six months after I graduate from an eligible school.

   The portion of the Interim Period while the student borrower is in school is the "School Period" and the remaining portion of the Interim Period is the "Grace Period."

2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and, depending on my loan balance, will continue for up to 240 months, not counting any Deferment or Forbearance periods. If my loan is made six months or more after the student borrower graduates, drops below half-time enrollment, if required, or ceases to meet the requirements for less than half-time enrollment, if applicable, then there is no Interim Period and my Repayment Period begins on the day of my first disbursement.

3. Capitalized Interest, Fees and Other Amounts - Interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan, as provided in this Note. This addition is called "capitalizing." **Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.**

4. Default - You may declare my loan in default following an event described in Section K except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired (for Iowa residents, if, following an event described in Section K, the prospect of my payment is materially impaired). The burden of establishing the prospect of such impairment is on you.

   WISCONSIN RESIDENTS ONLY: I will be in default: (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date; or (b) if I fail to observe any other provision of this Note,

the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to the School.

6. Disclosure - The Truth in Lending Disclosure that will be sent on or before the time of my first disbursement and which is hereby incorporated into this Note.

7. Additional Terms - The terms "Interest," "Forbearance Fee," "Deferment Fee," "Late Charge," "Supplemental Fee," "Payment Return Fee," and "Collection Costs" are defined in the Note sections so titled. "Variable Rate," "Index," and "Margin" are defined under Section C, Interest, of this Note.

## C. INTEREST

1. Accrual of Interest - Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest, Fees and Other Amounts, until the principal balance and all accrued interest are paid in full. The Variable Rate will be used to calculate interest during the entire term of this Note, and following the maturity of, or any default under, this Note; there is no initially discounted, premium or other rate that will be used to calculate interest under this Note.

2. Variable Rate - I will pay interest at a Variable Rate equal to the "Index", rounded up to the nearest one-eighth of one percent (0.125%), plus or minus the percentage identified on my Disclosure (the "Margin") for the School Period, Grace Period, or Repayment Period, as applicable. The Variable Rate may change monthly on the Change Date if the Index changes, the Margin changes, or both change. The Change Date is the twenty-fifth day of each month, or if the twenty-fifth day of the month is not a New York business day, the next New York business day. The Index is the one-month London Interbank Offered Rate ("LIBOR"), which is the average of interbank offered rates for one-month U.S. dollar-denominated deposits in the London market, as published by Reuters on its Reuters Screen LIBOR01 Page, or any successor page used for the purpose of displaying that rate. The Index is determined on the most recent business day that is at least two New York and two London business days prior to the Change Date. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York, New York are authorized or ordered by law to close. A London business day is defined as any day on which commercial banks in London, England carry on interbank dealings in the London market. For example, if January 22, 23, and 24 are New York business days, but only January 22 and 23 are London business days, then the Index for the rate as of January 25 would be determined by the one-month LIBOR on January 22.

3. Substitute Source and Substitute Index - If the Reuters Screen LIBOR01 Page is unavailable, then the Index will be determined by you using another source for the one-month LIBOR, such as another Reuters service that displays that rate, should one continue to do so; any substantially similar service that displays that rate, such as Bloomberg, should it continue to do so; or any substantially similar source that displays that rate, such as the Money Rates section of *The Wall Street Journal*, should it continue to do so. As an alternative to using another source, you may decide to calculate the rate using a methodology that is substantially similar to that used to determine the rate when it was published by Reuters. If no substitute source is available, or provides the rate on a timely basis, and if you are unable to calculate the rate, or decide not to do so, then you will choose a comparable substitute Index.

Copyright © 2000-2009 Sallie Mae 3RRL0902

Exhibit 2
Page 105

**D. TERMS OF REPAYMENT**

1. <u>No Required Payments During Interim Period</u> - I am not required to make payments during the Interim Period. However, unpaid accrued interest will be capitalized at the beginning of the Repayment Period. Statements that show the unpaid accrued interest on the loan will be sent to the student borrower on at least a quarterly basis and to the cosigner on at least an annual basis. Information about the unpaid accrued interest on the loan will also be available online at www.manageyourloans.com.

2. <u>Repayment Schedule</u> - You and I agree that the repayment schedule will be established as follows: Subject to paragraph 4 of this Section, prior to the start of the Repayment Period you will send me a statement setting forth an initial repayment schedule that provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over a Repayment Period of up to 240 months. You will also send me statements showing the amounts and payment due dates of my monthly payments.

3. <u>Revisions to the Repayment Schedule</u> - Subject to paragraph 4 of this Section, you will revise the repayment schedule so that it provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.

4. <u>Interest-Only Payments, Extended Repayment Term, Other Repayment Options</u> - After the Interim Period begins, I may ask to make interest-only payments for the first 24 months or first 48 months of the Repayment Period or to exercise another repayment option, if available. If I wish to do so, I will notify you. If you agree, you will notify me in writing of my new repayment terms, and, if I am making interest-only payments:

   (a) During any month when there is a decrease in the interest rate, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase in the interest rate, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any such excess interest that remains unpaid will accrue, but will not be capitalized; and

   (b) You will revise the repayment schedule so that I will repay any unpaid accrued interest and interest at the Variable Rate then in effect over the number of months remaining in the interest-only payment period, with the payment amount changing in the months of February, May, August and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly interest-only payments.

5. <u>Consecutive Monthly Payments</u> - I will make consecutive monthly payments during the Repayment Period in the amounts, and on or before the payment due dates, shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

6. <u>Amounts Owing at the End of the Repayment Period</u> - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

7. <u>Minimum Payment</u> - Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Sallie Mae Residency and Relocation Loans combined.

8. <u>Application of Payments</u> - Payments will be applied first to applicable fees, charges, and costs then to accrued interest; and the remainder to principal, as permitted by applicable law. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my monthly payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. <u>Payment in Full</u> - **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

**E. DEFERMENT AND DEFERMENT FEES; FORBEARANCE AND FORBEARANCE FEES**

1. <u>In School Deferment</u> - If I return to school I may request a Deferment under which I may defer regularly scheduled payments after the beginning of the Repayment Period for a maximum period of time set by you. As long as the school is eligible for the Sallie Mae Residency and Relocation Loan Program, you will automatically grant the Deferment. Even if I do not request a Deferment, if you are notified that I have returned to a school that is eligible for the Sallie Mae Residency and Relocation Loan Program, you will automatically grant a Deferment. I understand that no Deferment Fee is assessed for an In School Deferment. You will capitalize unpaid accrued interest every six months and at the end of any such Deferment period or at the end of any such Deferment period of less than six months.

2. <u>Residency or Internship Deferment</u> - If at any time during the Repayment Period I am enrolled in a residency or internship program, I may request and you at your sole discretion may grant me a Deferment, for a maximum period of time set by you. As long as the residency or internship program is an approved program, you will automatically grant the Deferment. I understand that no Deferment Fee is assessed for a Residency or Internship Deferment. You will capitalize unpaid accrued interest every 12 months and at the end of any such Deferment period or at the end of any such Deferment period of less than 12 months.

3. <u>Hardship or Other Forbearance</u> - I may request and you, at your sole discretion, may grant me a Forbearance, for a maximum period of time set by you. If I receive a Forbearance during the Repayment Period, then I may defer regularly scheduled payments after the beginning of the Repayment Period. If I request such a Forbearance, I agree to pay a Forbearance Fee, even if the Forbearance is not granted. The Forbearance Fee will be disclosed to me prior to the Forbearance Fee being assessed. You will capitalize unpaid accrued interest at the end of any such Forbearance Period.

**F. LATE CHARGE**

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

**G. SUPPLEMENTAL FEES**

1. <u>Supplemental Fee at Disbursement</u> - You may charge me a Supplemental Fee, and add it to the Loan Amount, at disbursement of my loan. If there is more than one disbursement, at the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee. The amount of the Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Disbursement or Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. <u>Supplemental Fee at Repayment</u> - You may charge me a Supplemental Fee, which will be identified on my Disclosure, and add it to the Loan Amount, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section K, whichever is earlier. The amount of this Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Repayment or Prepaid Finance Charge and will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. <u>When Earned</u> - I understand and agree that the Supplemental Fees, if any, are earned when assessed, are due even if the amounts on which they are assessed are later refunded, and are not subject to rebate if I prepay my loan.

**Copyright © 2000-2009 Sallie Mae 3RRL0902**

Exhibit 2
Page 106

**H.  PAYMENT RETURN FEE**

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

**I.  CHARGES FOR OPTIONAL SERVICES**

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

**J.  RIGHT TO PREPAY**

**I have the right to prepay all or any part of my loan at any time without penalty. If I prepay my loan, I am not entitled to a refund of any finance charge.**

**K.  DEFAULT; WHOLE LOAN DUE;
        INTEREST RATE AFTER DEFAULT**

Subject to applicable law, and the requirements of Section B.4 above, you may declare my loan in default if:

1. I fail to make any payment to you when due; or

2. I fail to provide a notice required in paragraph 3 of Section N on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors, and such proceeding has not been dismissed in 60 days; or

5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or

6. The student borrower dies or any cosigner dies; or

7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.

If you do so, then after you provide me with such notices and cure periods as are required by applicable law, if any, the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note will become due and payable at once and you may cease to make any further disbursements to me. After default, interest will accrue at the Variable Rate applicable to this loan prior to default and the Variable Rate will be subject to adjustment in the same manner as before.

**L.  COLLECTION COSTS**

Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

**M.  NOTICE OF CLAIM; RIGHT TO RESOLVE:**

Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding a legal dispute or claim that in any way arises from or relates to this Note (as more fully defined in the Arbitration Agreement below, "Claim"), the party asserting the Claim shall give the other party written notice of the Claim and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any claim notice I send must include my name, address, telephone number and loan or account number. Any claim notice must explain the nature of the Claim and the relief that is demanded. I may only submit a claim notice on my own behalf and not on behalf of any other party. The party giving a claim notice must reasonably cooperate in providing any information about the Claim that the other party reasonably requests.

**N.  NOTICES**

1. **JURY TRIAL WAIVER: YOU AND I ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT BUT MAY BE WAIVED IN CERTAIN CIRCUMSTANCES. TO THE EXTENT PERMITTED BY LAW, YOU AND I KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS NOTE. THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION THE ARBITRATION AGREEMENT SET FORTH BELOW, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.**

2. **Joint and Several Liability - Each borrower and cosigner is jointly and severally responsible for repaying the full amount owed under this Note.**

3. Change in Information - I will send written notice to you, within 10 days after any change in my name, address, email address, permanent phone number, cellular phone number, or, if this Note is executed by more than one person, the status (i.e. death) of any other person (i.e. the Borrower or any Cosigner), or within 10 days after any change in the School enrollment status of the Student, which includes, but is not limited to, non-attendance.

4. Communications and Notices from You - Any communication between you and any borrower or cosigner will be binding on all borrowers and cosigners. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

5. Reports to Credit Bureaus - **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**

6. Not Negotiable - This is a non-negotiable consumer note.

7. Not Dischargeable - **This loan may not be dischargeable in bankruptcy.**

8. Federal Notices - I understand that the following notice is required by federal law when a new account is opened:

---

**IMPORTANT INFORMATION ABOUT PROCEDURES
FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me:  In applying for this education loan, you will ask for my name, address, date of birth, Social Security Number, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

I understand that the following notice is also required by federal law and that for purposes of this notice, the words "you" and "yours" mean the cosigner(s) who signed the application.

---

**NOTICE TO COSIGNER**

**You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**

**You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.**

**The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.**

**This notice is not the contract that makes you liable for the debt.**

---

Copyright © 2000-2009 Sallie Mae 3RRL0902

Exhibit 2
Page 107

I understand that the following notice is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

---

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

I understand that the following notice is permitted by federal law and that for purposes of this notice, the word "we" means the Lender, its agents and any subsequent holder of this Note and the word "you" means the undersigned Borrower and Cosigner(s).

---

**NOTICE**

**If you believe that any information about your loan that we have reported to a credit bureau is inaccurate, or if you believe that you have been the victim of identity theft in connection with any other Sallie Mae loan made by us, write to us at P.O. Box 9500 Wilkes Barre, PA 18706-9500. In your letter, (i) provide your name and the loan or account number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report.**

---

9. **State Notices** - I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they signed the application and to borrowers and cosigners who are residents of that state.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.

CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

IOWA and KANSAS RESIDENTS ONLY: For purposes of this notice, the word "you" means the borrower and cosigner(s). NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

MISSOURI RESIDENTS ONLY: **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

NEVADA RESIDENTS ONLY: This is a loan for study.

NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

UTAH RESIDENTS ONLY: This Note is the final expression of the agreement between me and you and it may not be contradicted by evidence of an alleged oral agreement.

VERMONT RESIDENTS ONLY: For purposes of this notice, the word "you" means the Cosigner(s). **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

WISCONSIN RESIDENTS ONLY: If I am a married Wisconsin resident: (1) My signature confirms that this loan obligation is being incurred in the interest of my marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of § 766.56(3)(b) of the Wisconsin Statutes, as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that I received with this Note.

10. **Notice to Borrowers of Available Financing Options Under Title IV of the Federal Higher Education Act**

Title IV of the Federal Higher Education Act of 1965, as amended (20 U.S.C. 1001 et seq,), provides borrowers with federal financial aid options to pay for or finance their higher education expenses. Usually, the terms of loans available under these federal programs are more advantageous to the borrower than the terms available under private loan programs. Borrowers should therefore maximize their use of these federal loan programs before obtaining private loans. All borrowers are advised to discuss federal financing options and programs and their potential eligibility with their school before applying for a private student loan. Not all federal financing options are available to all borrowers, and loan amounts available to borrowers may vary based upon the year in school and the amounts previously borrowed. For further information on federal financial aid options, visit the U.S. Department of Education website at www.ed.gov. Financing options under Title IV of the Federal Higher Education Act include the following options below, as of May 1, 2008. Borrowers are urged to contact their schools to determine whether these financing options have since been modified.

Copyright © 2000-2009 Sallie Mae 3RRL0902

Exhibit 2
Page 108

(a) **Grants** - Financial aid that does not need to be repaid.
(b) **Federal Work-Study Programs**
(c) **The Federal Family Education Loan Program (FFELP)**
FFELP loans include the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and your FFELP lender for more information.
– Subsidized Federal Stafford Loan
  · Fixed interest rate for undergraduate students as follows:
    - 5.6% for loans first disbursed July 1, 2009 - June 30, 2010
    - 4.5% for loans first disbursed July 1, 2010 - June 30, 2011
    - 3.4% for loans first disbursed July 1, 2011 - June 30, 2012
  · Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
  · 6-month grace period following at least half-time enrollment
  · Deferment and forbearance options
  · Interest subsidized by the government during in-school, grace, and deferment periods
  · Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
– Unsubsidized Federal Stafford Loan
  · Fixed interest rate of 6.8%
  · 6-month grace period following at least half-time enrollment
  · Deferment and forbearance options
  · Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
– Federal PLUS Loan
  · Fixed interest rate of 8.5%
  · Deferment and forbearance options
  · Flexible repayment plans such as graduated, income-sensitive and extended repayment options
– Federal Consolidation Loan
  · Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
  · Deferment and forbearance options
  · Repayment period based on the total amount of the Consolidation Loan and the unpaid balance on other student loans
(d) **William D. Ford Federal Direct Loan Program**
The William D. Ford Federal Direct Loan Program includes the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and the U.S. Department of Education for more information.
– Federal Direct Stafford/Ford Loan
  · Fixed interest rate for undergraduate students as follows:
    - 5.6% for loans first disbursed July 1, 2009 - June 30, 2010
    - 4.5% for loans first disbursed July 1, 2010 - June 30, 2011
    - 3.4% for loans first disbursed July 1, 2011 - June 30, 2012
  · Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
  · 6-month grace period following at least half-time enrollment
  · Deferment and forbearance options
  · Interest subsidized by the government during in-school, grace, and deferment periods
  · Flexible repayment plans such as graduated, income-contingent, and extended repayment options
– Federal Direct Unsubsidized Stafford/Ford Loan
  · Fixed interest rate of 6.8%
  · 6-month grace period following at least half-time enrollment
  · Deferment and forbearance options
  · Flexible repayment plans such as graduated, income-contingent, and extended repayment options
– Federal Direct PLUS Loan
  · Fixed interest rate of 7.9%
  · Deferment and forbearance options

· Flexible repayment plans such as graduated, income-contingent, and extended repayment options
– Federal Direct Consolidation Loan
  · Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
  · Deferment and forbearance options
  · Repayment period based on the total amount of the Consolidation Loan and the unpaid balance on other student loans
(e) **Federal Perkins Loan Program**
  · Fixed interest rate of 5%
  · 9-month grace period following at least half-time enrollment
  · Deferment and forbearance options, with a 6-month grace period following deferment
  · Interest does not accrue during in-school, grace, and deferment periods
  · 10-year repayment plan
  · Origination fees do not apply

11. **Notice to Borrowers Regarding Loan Sales and Availability of Borrower Benefits**
I understand that my student loans may be sold while the loans are outstanding. I further understand that you have an agreement to sell to an affiliate of Sallie Mae, Inc. no less than 80% of the volume of private loans that you make that are originated and disbursed through Sallie Mae, Inc., and that as a result, my loan may be included in the loans that are sold to that entity. Any such sale will not result in any change to the loan terms or the loss of any advertised borrower benefits, which will continue subject to their original terms and conditions. However, student loan terms and advertised borrower benefits may change if I choose to consolidate my loans.

**O.  WHEN BOUND; RIGHTS TO CANCEL**

1. **When Bound - I understand that when you accept the attached application, you are not agreeing to lend me money and I am not bound by these credit terms, and there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 2 of this section has expired.**

2. **My Right to Cancel this Note - Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will call you at 1-888-2SALLIE within 10 business days of the date of the Disclosure and I will not cash any loan checks, or if funds are transmitted electronically or by master check, I will instruct the School, within 10 business days of the date of the Disclosure, to return the funds to you.**

3. **Your Right to Cancel this Note - I agree that you may cancel this Note and all disbursements without advance notice to me if the Disclosure is returned as undeliverable, for any reason, or if, in your sole discretion, whether based on information provided by the School or otherwise, you reasonably conclude that the student borrower will not attend the School or that the proceeds of the loan are no longer needed to meet the education costs of the student borrower at the School.**

4. **Your Right to Cancel Future Disbursements - You also have the right to cancel any future disbursement, without advance notice to me, if:**
   **(a) the student borrower ceases to be enrolled at least half time, if required, or to meet the restrictions for less than half-time enrollment, if applicable:**
   **(b) an event occurs as described in Section K:**
   **(c) the student borrower or any cosigner notifies you that he or she has arranged for other financing for the education costs to be paid for by this loan or that he or she no longer wants to repay the amount not yet disbursed;**
   **(d) the classes in which the student borrower has enrolled have been cancelled or delayed: or**
   **(e) the School ceases to be eligible to participate in the Sallie Mae Residency and Relocation Loan Program.**

Copyright © 2000-2009 Sallie Mae 3RRL0902

Exhibit 2
Page 109

**P.   ADDITIONAL AGREEMENTS**

1. Use of Loan Proceeds; Acceptance of Borrower or Cosigner; Amount Lent - The proceeds of this loan will be used to pay educational expenses at the School, including living expenses. You have the right to accept or reject any Cosigner(s) or my application and/or to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance or balance due or if you have reason to believe that that the cost of attendance is less than the amount certified by the school.

2. Rights of Assignee of Lender - You have the right to assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. Governing Law - **I understand that the Lender is located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.**

4. Late Payments, Partial Payments and Payments in Full: Waivers - Without losing any of your rights under this Note, you may accept late payments, or, as permitted by law, partial payments, even if marked "payment in full", "without recourse: or similar language. **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send the payment to P.O. Box 3800, Wilkes Barre, PA 18773-3800 with a letter of explanation.** You may delay exercising, fail to exercise, or waive any of your rights on any future occasion without losing your entitlement to exercise any right at any future time or on any future occasion. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any person liable on this loan or any other loans I have outstanding with you, or any waiver or modification that may be granted by you, all without affecting or releasing any other person liable on this loan.

5. Conflict Between Disclosure and Note - I understand and agree that if the information in my Disclosure conflicts with the information in this Note, the information in my Disclosure shall apply with respect to items required to be disclosed under federal law.

6. Failure to Receive Coupon Book or Statement - My failure to receive a coupon book or statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

7. Waivers by Borrower and Cosigner; Consents; Responsibility for Repayment - I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note. I consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

8. Severability - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

9. Modification - Any provision of this Note may be modified if jointly agreed upon in writing by you and the borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

10. Communications Under Federal Bankruptcy Code - Any communication with you required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to Sallie Mae, P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

11. Receipt of Copy of Note - I acknowledge that I have received a true and exact copy of this Note.

12. Assignments; Estate Bound - I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

13. Waivers by You - By accepting past due payments you do not waive or affect any right to accelerate this Note. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

14. United States Dollars - All dollar amounts stated in this Note are in United States dollars. I will make all payments in United States dollars with no deduction for currency exchange.

15. Failure to Attend or Dissatisfaction with Education Program - Except as otherwise provided herein, if the Student does not attend or is dissatisfied with the education program paid for with this loan, the Borrower and Cosigner(s) are not relieved of any obligation within or pursuant to this Note.

16. Suretyship - I hereby waive all my defenses to this Note based on suretyship.

17. Communicating with Me - **To the extent permitted by applicable law, and without limiting any other rights you may have, I consent to your communicating with me, in connection with the application or my loan, using any phone number or email address that I provided in the application, or using any phone number or email address that I provided in the future. You may communicate with me using any current or future means of communication, including, but not limited to, automated telephone dialing equipment, artificial or pre-recorded voice messages, SMS text messages, email directed to me at a mobile telephone service, or email otherwise directed to me. YOU MAY USE SUCH MEANS OF COMMUNICATION EVEN IF I WILL INCUR COSTS TO RECEIVE SUCH PHONE MESSAGES, TEXT MESSAGES, OR EMAILS.**

18. Limits on Interest, Fees, Charges, or Costs - If a law which applies to this loan and which sets maximum limits on interest, fees, charges, or costs is finally interpreted so that the interest, fees, charges, or costs collected or to be collected in connection with this loan exceed permitted limits, then:

   (a) any such interest, fees, charges, or costs shall be reduced by the amount necessary to comply with the permitted limits; and

   (b) any sums already collected from me which exceed permitted limits will be refunded to me. You may choose to make this refund by reducing the amounts I owe under this Note.

**Q.   CERTIFICATIONS, AUTHORIZATIONS AND CONSENT TO INFORMATION SHARING**

1. Certification - I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. If this loan is being obtained through the Financial Aid Office of the School, then I also certify that a Financial Aid Officer at the School made all disclosures to the student borrower, regarding the available financing options under Title IV of the Federal Higher Education Act, that are required by applicable law. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School, and if the School is closed, any third party, such as a custodian, receiver, bankruptcy trustee, trustee for a performance bond or a tuition recovery fund, to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that cannot reasonably be attributed to meeting the educational expenses of the student borrower related to attendance at the School and I hereby authorize the School at its discretion to refund any portion of my loan that exceeds direct institutional charges. At your option, and in accordance with the disbursement schedule established by you and the School, I authorize you to transmit funds directly to the School on my behalf. You may transmit such funds electronically, by a master check payable to the School where my funds are grouped together with other student borrower funds, by a check jointly payable to me and the School, or by a check made payable to the Borrower. Once the funds have been received, whether by electronic transmission or by proper endorsement and payment of any master check, joint check, or individual check, I authorize the School to transfer the funds to my account at the School. I understand that, except as otherwise

Copyright © 2000-2009 Sallie Mae 3RRL0902

Exhibit 2
Page 110

provided herein, neither the student borrower's failure to complete the educational program that he or she has undertaken, nor the student borrower's dissatisfaction with the educational program that he or she has undertaken, relieves me of any obligation under this Note.

2. <u>Authorization</u> - **I authorize the School and any custodian of the School's records to release to you, the U.S. Department of Education, the guarantor, if any, or their agents, any requested information pertinent to this loan (*e.g.*, employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to check my credit and employment history, and to request and receive from others credit-related information about me, for this loan, for any future loans that may be offered to me, for any updates, renewals or extensions of this loan or any future loans that may be offered to me, for any hardship forbearance of this loan or any future loans that may be requested by me, and for any review or collection of this loan or any future loans that may be offered to me. I also authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to answer questions about your and their credit experience with me, and to release the results of the credit review process to the School or its agents. I further authorize you to release any other information on this loan to the School or its agents, to other schools I have attended for which I have taken out a student loan or their agents, to any subsequent holder of this Note, or its agents, and to the guarantor or its agents, if any. Finally, to the extent permitted by applicable law, I authorize you and your affiliates to share credit and other information about me, as well as copies of the application, this Note, and the Disclosure, with each other, consumer reporting agencies, and other third parties. I understand that I will receive a privacy policy, and, when required, an affiliate-sharing policy, that will advise me of my rights under applicable law.**

3. <u>Borrower and Cosigner Consent to Information Sharing</u> - **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. <u>What I Have Read</u> - I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, and the terms of this Note, including this Section Q.

**R.   CORRECTION OF ERRORS**

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, Note, Disclosure, any Notice to Cosigner, and any Notice to Married Wisconsin Residents. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

**S.   COSIGNER/BORROWER RELEASE**

1. <u>Release of Cosigner Applicant</u> - I agree that, if any cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the borrower and/or any other cosigner applicant, then you may release said cosigner applicant from the application and from any liability hereunder, but this Note will still bind the borrower and any remaining cosigner.

2. <u>Release of Borrower</u> - As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

**T.   ARBITRATION AGREEMENT**

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate - and require the other party to arbitrate - any Claim under the following terms and conditions. This Arbitration

Agreement is part of the Sallie Mae Residency and Relocation Loan Promissory Note (**"Note"**).

1. **RIGHT TO REJECT: I may reject this Arbitration Agreement by mailing a signed rejection notice to P.O. Box 9480, Wilkes-Barre, PA 18773-9480 within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number.**

2. **IMPORTANT WAIVERS: If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; (3) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (4) JOIN OR CONSOLIDATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON IN COURT OR IN ARBITRATION. Other rights are more limited in arbitration than in court or are not available in arbitration. The waivers in subsections (2)-(4) above are called the "Class Action and Multi-Party Waivers." The arbitrator shall have no authority to conduct any arbitration inconsistent with the Class Action and Multi-Party Waivers.**

3. **DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:

   **"I," "me"** and **"my"** mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. **"You," "your"** and **"yours"** mean the Lender; any other subsequent holder of this note; Sallie Mae, Inc.; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors, employees, agents and representatives thereof. These terms also include any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. **"Claimant"** means the party who first asserts a Claim in a lawsuit or arbitration proceeding. **"Administrator"** means, as applicable, the **American Arbitration Association**, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the **National Arbitration Forum**, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement. The National Arbitration Forum will be the Administrator unless: (a) you and I agree otherwise; (b) I am the Claimant and I initiate an arbitration before the American Arbitration Association; or (c) I assert a Claim in court, you elect to arbitrate the Claim and I give you written notice that I am selecting the American Arbitration Association as Administrator within 20 days thereafter (or, if I dispute your right to require arbitration of my Claim, I select the American Arbitration Association as Administrator within 20 days after that dispute is finally resolved).

4. **"CLAIM"** means any legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through you in connection with this Note, and any associated fees or charges; (5) your methods of soliciting my business; and (6) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence

Copyright © 2000-2009 Sallie Mae 3RRL0902

Exhibit 2
Page 111

or other torts, or violation of statute, regulation or common law. It includes disputes involving requests for injunctions, other equitable relief or declaratory relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **Also, "Claim" does not include any challenge to the validity and effect of the Class Action and Multi-Party Waivers, which must be decided by a court.**

If there is an arbitration agreement in place (a "Prior Arbitration Agreement") governing a prior promissory note to you (a "Prior Note"), "Claim" also includes all disputes relating to the Prior Note. If I do not reject this Arbitration Agreement, any such Claim will be governed by this Arbitration Agreement rather than the Prior Arbitration Agreement. If I reject this Arbitration Agreement, the Claim will be governed by the Prior Arbitration Agreement, provided that, if I never had the chance to reject the Prior Arbitration Agreement and no demand for arbitration has been previously made, my rejection of this Arbitration Agreement will also serve as my rejection of the Prior Arbitration Agreement.

5. **STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and I agree otherwise.

6. **LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. Each party must normally pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration. Despite the foregoing, you will pay all such fees if I prevail in an arbitration where I am the Claimant (even if you are not required to pay such fees under applicable law) and will pay all such fees you are required to bear: (a) under applicable law; or (b) in order to enforce this Arbitration Agreement.

7. **DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any relevant information the arbitrator determines should in fairness be made available.

8. **EFFECT OF ARBITRATION AWARD:** Any state or federal court with jurisdiction and venue may enter an order enforcing this Arbitration Agreement, enter judgment upon the arbitrator's award and/or take any action authorized under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"). For any arbitration-related proceedings in which courts are authorized to take actions under the FAA, each party hereto expressly consents to the non-exclusive jurisdiction and venue of any state court of general jurisdiction or any state court of equity that is reasonably convenient to me, *provided* that the parties to any such judicial proceeding shall have the right to initiate such proceeding in federal court or remove the proceeding to federal court if authorized to do so by applicable federal law. The arbitrator's award will be final and binding, except for: (1) appeal right under the FAA; and (2) Claims involving more than $50,000. For Claims involving more than $50,000

(including claims where the cost of any requested injunctive or declaratory relief would potentially exceed $50,000), any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider *de novo* any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided in Paragraph 6 above, the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

9. **GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

10. **SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any Forbearance or Modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement (other than this sentence) shall be null and void with respect to any Claim asserted on a class, representative or multi-party basis if the Class Action and Multi-Party Waivers are held to be invalid, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

11. **NOTICE OF CLAIM; RIGHT TO RESOLVE; SPECIAL PAYMENT:** Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding any Claim, the Claimant shall give the other party written notice of the Claim (a "Claim Notice") and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any Claim Notice I send must include my name, address, telephone number and loan or account number. Any Claim Notice must explain the nature of the Claim and the relief that is demanded. I may only submit a Claim Notice on my own behalf and not on behalf of any other party. The Claimant must reasonably cooperate in providing any information about the Claim that the other party reasonably requests. If: (i) I submit a Claim Notice in accordance with this paragraph on my own behalf (and not on behalf of any other party); (ii) you refuse to provide the relief I request; and (iii) an arbitrator subsequently determines that I was entitled to such relief (or greater relief), the arbitrator shall award me at least $5,100 (not including any arbitration fees and attorneys' fees and costs to which I may be entitled under this Arbitration Agreement or applicable law).

Copyright © 2000-2009 Sallie Mae 3RRL0902

Exhibit 2
Page 112