## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN MANETTA, SERGIO PEREIRA, ESTHER SYGAL-PEREIRA, MATTHEW MARKOSIAN, NAIMISH BAXI, HARVEY MINANO, SYDNEY PECK, MAHMUD IBRAHIM, and GEORGE AMORES, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>NAVIENT CORPORATION, NAVIENT SOLUTIONS, LLC f/k/a NAVIENT SOLUTIONS, INC. f/k/a SALLIE MAE, INC., and SLM CORPORATION,<br><br>                Defendants. | CIVIL ACTION<br><br>No. 2:20-cv-07712-SDW-LDW<br><br><br>**JOINT DISCOVERY PLAN** |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   Plaintiffs' Statement:

   Plaintiffs are student loan borrowers who have (or have had) loans serviced by Defendants. Plaintiffs allege that Defendants have improperly serviced their loans by, among other things, (i) misallocating payments disproportionately towards interest rather than principal, (ii) allocating payments towards loans with lower interest rates rather than higher interest rates, (iii) improperly capitalizing interest, (iv) charging inflated minimum interest payments, and (v) hindering cosigners on loans to be released.

   Plaintiffs have asserted the following claims: (i) Common Law Fraud, (ii) Violation of the New Jersey Consumer Fraud Act, (iii) Violation of the Delaware Consumer Fraud Act, (iv) Violation of the Florida Deceptive and Unfair Trade Practices Act, and (v) Violation of the New York Consumer Protection From Deceptive Acts and Practices.

   Defendants' Statement:

   Defendant Navient Corporation ("Navient Corp.") is a holding company and the parent of defendant Navient Solutions, LLC ("NSL"). Navient Corp. does not engage in the

       servicing of student loans.  NSL denies all of plaintiffs' allegations.  NSL serviced plaintiffs' loans in accord with federal law and regulations and the governing promissory notes.

2.     Have settlement discussions taken place?   Yes_____ No X_____

       If so, when?   N/A
       (a)     What was plaintiff's last demand?

              (1)     Monetary demand: N/A
              (2)     Non-monetary demand: N/A

       (b)     What was defendant's last offer?

              (1)     Monetary offer:   N/A
              (2)     Non-monetary offer: N/A

3.     The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). The Parties will exchange information required by Fed. R. Civ. P. 26(a)(1) on or before October 11, 2021

4.     Describe any discovery conducted other than the above disclosures. None.

5.     Generally, dispositive Motions cannot be filed until the completion of discovery.  Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.

       Plaintiffs' Motions:

       Plaintiffs may seek to file a (i) Motion to Amend, (ii) Motion for Appointment of Interim Class Counsel, and (iii) Motion for Class Certification and Appointing Class Counsel

       Defendants' Motions:

       Defendants may seek to file a Motion for Summary Judgment after taking plaintiffs' depositions.

6.     The parties propose the following:

       (a)    Discovery is needed on the following subjects:

       Plaintiffs will seek discovery on the following subjects:

- Loan and payment records of borrowers.
- Defendants' loan records.
- Defendants' procedures/methods/policies for servicing loans.
- Defendants' procedures/methods/policies for application of payments by

       borrowers.
- Defendants' procedures/methods/policies for capitalization of interest.
- Defendants' procedures/methods/policies for assessing late fees.

<u>Defendants will seek discovery on the following subjects</u>:

    Plaintiffs' allegations with respect to the supposed improper servicing.

(b) Should discovery be conducted in phases? <u>No.</u> If so, explain. <u>N/A</u>

(c) Number of Interrogatories by each party to each other party: <u>25</u>

(d) Number of Depositions to be taken by each party: The Parties disagree on the amount of Fact Depositions.

    Plaintiffs seek <u>10</u> Fact Depositions.

    Defendants seek to take the depositions of named plaintiffs, and plaintiffs should be limited to 3 Fact Depositions.

(e) Plaintiffs' expert report due on <u>November 1, 2022</u>.

(f) Defendants' expert report due on <u>December 1, 2022</u>.

(g) Motions to Amend or to Add Parties to be filed by <u>December 15, 2021</u>.

(h) Dispositive motions to be served within <u>45</u> days of completion of discovery.

(i) Factual discovery to be completed by <u>September 30, 2022</u>.

(j) Expert discovery to be completed by <u>January 15, 2023</u>.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    Plaintiffs anticipate entering into (i) a Discovery Confidentiality Order and (ii) an Order Establishing Protocol for Discovery of Electronically Stored Information.

(l) A pretrial conference may take place on _____

(m) Trial by jury or non-jury Trial? <u>Trial by jury.</u>

(n) Trial date: _____ .

7. Do you anticipate any discovery problem(s)? Yes_____ No <u>X</u>
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions,

problems with out-of state witnesses or documents, etc.)?  <u>Due to the presence of out-of-state fact and expert witnesses and COVID-related issues, Plaintiffs may seek to have some depositions completed via video. Defendants concur with this.</u>

9. State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> <u>201.1</u> or otherwise), mediation (pursuant to <u>L. Civ. R.</u> <u>301.1</u> or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).  <u>None at this time.</u>

10. Is this case appropriate for bifurcation? Yes_____ No <u>X</u>_____

11. We <u>do not</u> consent to the trial being conducted by a Magistrate Judge.

s/ Xavier M. Bailliard
Attorney(s) for Plaintiff(s)


s/ Lisa Simonetti
Attorney(s) for Defendant(s)

4