**GT GreenbergTraurig**

Rebecca Zisek, Esq.
Tel 973.443.3242
Fax 973.301.8410
zisekr@gtlaw.com

Lisa Simonetti, Esq.
Tel 310.586.7824
Fax 310.586.7800
simonettil@gtlaw.com

March 28, 2022

**VIA ECF**
The Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: Case No. 2:20-cv-07712, *Manetta, et. al. v. Navient Corporation, et al.*

Dear Judge Wettre:

Pursuant to the Text Order (Dkt 56) dated February 23, 2022, defendants Navient Corporation and Navient Solutions, LLC ("NSL") submit this status update. As the Court may recall, NSL is a servicer of student loans and, in this action, plaintiffs purport to challenge certain aspects of the servicing on their loans. As discussed below, the parties continue to meet and confer regarding plaintiffs' discovery requests, with a further session set for Thursday, March 31, 2022, and NSL has noticed plaintiffs' depositions on a final, firm schedule.

**Current Status**

On October 25, 2021, plaintiffs Brian Manetta, Sergio Pereira, Esther Sygal-Pererira, Matthew Markosian, Naimish Baxi, Harvey Minano, Sydney Peck,

**Greenberg Traurig, LLP | Attorneys at Law**

1840 Century Park East | Suite 1900 | Los Angeles, California 90067-2121 | T +1 310.586.7700 | F +1 310.586.7800

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; ªA separate UK registered legal entity; ʳGreenberg Traurig, S.C.; ᵝGreenberg Traurig Santa Maria; ᵒᵒGreenberg Traurig LLP Foreign Legal Consultant Office; ᴬA branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ˜Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

www.gtlaw.com

Hon. Leda Dunn Wettre, U.S.M.J.
March 28, 2022
Page 2

Mahmud Ibrahim, and George Amores served 296 discovery requests on defendants, including 125 Requests for Production of Documents. Given very significant issues with many of these requests, defendants requested a meet and confer process in advance of serving responses. The parties engaged in email conferrals and, on December 7, 2021, conducted a telephone discussion. During that conversation, defendants identified substantial, overarching issues with the requests, including:

- Through the discovery requests, plaintiffs expressly seek documents and information about literally every aspect of NSL's student loan servicing operation. Indeed, on its face, Request for Production ("Request") No. 42 seeks: "All documents that refer or relate to [d]efendants' loan servicing processes for the years 2000 through the present." NSL services millions of federal student loan accounts, covering many different business processes, and plaintiffs' claims do not (nor could they conceivably) have an operation-wide scope. Rather, plaintiffs' claims are narrow. Plaintiffs primarily allege that NSL: (1) misapplies payments on their student loans towards interest instead of principal; (2) misdirects payments towards loans with lower interest rates; (3) charges artificially inflated minimum interest payments; and/or (4) improperly imposes capitalized interest. With respect to the discovery, it should be noted that Request No. 42 is only an example of the problem. Many of the discovery requests are objectionable on various grounds, such as overbreadth, burden, and relevance.

- Compounding the problem discussed above, plaintiffs' requests for production generally are framed to seek "all documents" or "all communications" regarding a subject (or even multiple subjects). "Courts have long held that requests for 'any and all' documents are generally improper." *Agerbrink v. Model Serv. LLC,* 2017 WL 933095, at *2 (S.D.N.Y. Mar. 8, 2017) (citing *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014)).

- The timeframe for plaintiffs' requests – from 2000 to the present – is improper. Based on the longest applicable limitations period, the relevant timeframe is June 24, 2014 to the present.

- Plaintiffs seek broad categories of documents and information regarding non-party student loan borrowers, including account records. *See, e.g.*, Request for Production No. 34: "All documents that refer or relate to [d]efendants' investigation of inquiries made by any of student loan borrower regarding or

Hon. Leda Dunn Wettre, U.S.M.J.
March 28, 2022
Page 3

concerning the allocation of regular payments to principal versus interest"; *see also* Request for Production Nos. 35-29. This raises significant privacy concerns (along with burden).

However, there also are specific issues with some of plaintiffs' other discovery requests. At this juncture, the parties have exchanged letters regarding these various disputes and, as noted, a further discussion is set for this Thursday. It is important that the parties make meaningful progress in that discussion.

Meanwhile, to this point, defendants have produced more than 12,000 pages of documents, including the account records and call recordings for plaintiffs' loans, along with pertinent policies, procedures, and contracts. In addition, NSL has set plaintiffs' depositions to take place before the discovery cutoff on Tuesday, May 31, 2022. NSL first noticed these on December 21, 2021, but they have been continued several times at the request of plaintiffs' counsel. NSL has advised plaintiffs that, given other commitments and the cutoff, there is very little room for change to the current schedule.

\*   \*   \*

We look forward to discussing this matter with the Court.

Respectfully submitted,

*/s/ Lisa Simonetti*
Lisa Simonetti

cc: All counsel of record (via ECF)