**GT GreenbergTraurig**

Rebecca Zisek, Esq.
Tel 973.443.3242
Fax 973.301.8410
zisekr@gtlaw.com

Lisa Simonetti, Esq.
Tel 310.586.7824
Fax 310.586.7800
simonettil@gtlaw.com

August 4, 2022

<u>**VIA ECF**</u>
The Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re: Case No. 2:20-cv-07712,
      *Manetta, et al. v. Navient Corporation, et al.*

Dear Judge Wettre:

      Pursuant to the Amended Scheduling Order ("Order") (Dkt. 68) dated June 28, 2022, defendants Navient Corporation ("Navient Corp.") and Navient Solutions, LLC ("NSL") submit this status letter.

      As instructed by the Court, plaintiffs Brian Manetta, Sergio Pereira, Esther Sygal-Pererira, Matthew Markosian, Naimish Baxi, Harvey Minano, Sydney Peck, Mahmud Ibrahim, and George Amores (collectively, "Plaintiffs") served Amended Document Requests ("Amended Requests") to Navient Corp. and NSL on July 8, 2022. Plaintiffs also served a notice of Rule 30(b)(6) deposition on July 8, 2022. From NSL's perspective, the Amended Requests remain problematic.[1]

**Greenberg Traurig, LLP | Attorneys at Law**

1840 Century Park East | Suite 1900 | Los Angeles, California 90067-2121 | T +1 310.586.7700 | F +1 310.586.7800

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ¬Greenberg Traurig Germany, LLP; ^A separate UK registered legal entity; ⁺Greenberg Traurig, S.C.; ᵝGreenberg Traurig Santa Maria; ∞Greenberg Traurig LLP Foreign Legal Consultant Office; ᴬA branch of Greenberg Traurig, P.A., Florida, USA; ¤GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho; ˜Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

www.gtlaw.com

Hon. Leda Dunn Wettre, U.S.M.J.
August 4, 2022
Page 2

The Court has already sustained NSL's objections to document requests seeking "all documents" on a given subject.[2] Yet, Plaintiffs' Amended Requests include 40 requests explicitly seeking "all documents." Additionally, each of the 61 Amended Requests seeks "all documents" even where those words do not appear, based on Plaintiffs' definition of "Documents" as identified in the Definitions of the Amended Requests.

Further, Plaintiffs included a new Instruction 25 in their Amended Requests, which states:

> Plaintiffs' claims (the "claims") in this matter are: (1) that Defendants systematically misallocate payments disproportionately to interest instead of principal; (2) that Defendants systematically allocate monthly payments to loans with lower interest rates as opposed to loans with higher interest rates; (3) that Defendants systematically charge artificially inflated minimum interest payments; (4) that Defendants deliberately misapplied capitalized interest; (5) that Defendants' repayment system and customer service is designed to hinder repayment and impede discovery of errors; (6) that Defendants conceal information regarding Plaintiffs' loans; and (7) that Defendants issue monthly statements that are deceptive and misleading.. [sic] Unless otherwise noted, the within Requests should be interpreted as seeking documents reasonably relating to one or more of the claims and/or Defendants' defenses thereto.

Plaintiffs then incorporate this instruction into 17 of the Amended Requests, which renders them circular and confusing. For instance, Request No. 9 seeks "[a]ll documents related to the claims and/or Defendants' defenses thereto as identified in Instruction 25, including correspondence, regarding any analysis, determination,

---

[1] Navient Corp. is a holding company, which does not engage in loan servicing activity. Thus, the burden of discovery here falls on NSL.

[2] This issue was discussed extensively by the parties during the previous meet and confers, and by the Court on June 22, 2022. *See* June 22, 2022 Tr., 7:9-14; 20:23-25; 21:1-4.

Hon. Leda Dunn Wettre, U.S.M.J.
August 4, 2022
Page 3

investigation, strategy, policy, directive, and/or decision by Defendants concerning the manner by which payments by a student loan borrower are allocated by Defendants towards principal versus interest (whether past, present, or future)." The allocation issue, the subject of Request No. 9 in the last phrase, is also referenced in Instruction 25 with all of the other claims. Meanwhile, Plaintiffs have not yet provided a proposal regarding a limited sample size for "all unnamed borrowers." Thus, NSL lacks information to ascertain what a reasonable "sample size" means or requires in terms of responding to Request Nos. 4, 15, and 18, which seek promissory notes, payment histories, and transaction histories of all "unnamed borrowers."

Against this background, NSL is gathering, and will timely produce additional documents within a reasonable scope in response to many of the Amended Requests. Beyond that, the parties engaged in a meet and confer on August 2, 2022. Plaintiffs proposed to address NSL's concerns by proceeding with the 30(b)(6) deposition, stating that this will clarify what documents exist. NSL agrees that the deposition will do so, and has suggested in the past that Plaintiffs take such a deposition (as has the Court). Given time constraints for the parties and counsel, that deposition is set for September 28, 2022.

NSL has also noticed the depositions of two third parties, Maulik Sanghavi, and his wife, Michelle Robalino-Sanghavi, to take place on September 12 and 13, 2022. NSL also will take the deposition of plaintiff Matthew Markosian on September 22, 2022; this deposition was previously continued due to illness. NSL otherwise has completed its discovery, and will proceed toward dispositive motions.

The discovery cutoff currently is September 30, 2022. In connection with the completion of Plaintiffs' discovery, NSL asks for the Court's consideration on timing. The Court has expressed concern for the schedule at prior conferences, but NSL would need time to handle additional discovery, if any, pursued after the deposition.

\*   \*   \*

We thank the Court for assisting with this matter.

Hon. Leda Dunn Wettre, U.S.M.J.
August 4, 2022
Page 4

                                                  Respectfully submitted,

                                                  */s/ Lisa Simonetti*
                                                    Lisa Simonetti

cc:  All counsel of record (via ECF)