# GT | GreenbergTraurig

Rebecca Zisek, Esq.
Tel 973.443.3242
Fax 973.301.8410
rebecca.zisek@gtlaw.com

Lisa Simonetti, Esq.
Tel 310.586.7824
Fax 310.586.7800
simonettil@gtlaw.com

September 21, 2022

**VIA ECF**
The Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: Case No. 2:20-cv-07712,
*Manetta, et al. v. Navient Corporation, et al.*

Dear Judge Wettre:

Defendant Navient Solutions, LLC ("NSL") respectfully submits this response to the letter filed by plaintiffs Brian Manetta, Sergio Pereira, Esther Sygal-Pererira, Matthew Markosian, Naimish Baxi, Harvey Minano, Sydney Peck, Mahmud Ibrahim and George Amores' (collectively, "Plaintiffs") on September 19, 2022, which requests a 90-day extension of the September 30 fact-discovery deadline (Dkt. 77) ("Extension Request").[1]  For the reasons set forth herein and previously articulated by the Court, Plaintiffs' Extension Request should be denied.

---

[1] Defendant Navient Corporation ("Navient Corp.") is a holding company, which does not engage in loan servicing activity.  Plaintiffs are not currently seeking discovery from Navient Corp.

**Greenberg Traurig, LLP | Attorneys at Law**
1840 Century Park East  |  Suite 1900  |  Los Angeles, California 90067-2121  |  T +1 310.586.7700  |  F +1 310.586.7800

Albany. Amsterdam. Atlanta. Austin. Berlin. Boston. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London. Los Angeles. Mexico City. Miami. Milan. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv. Tokyo. Warsaw. Washington, D.C. West Palm Beach. Westchester County.

Operates as: ˜Greenberg Traurig Germany, LLP, ˚A separate UK registered legal entity; ˜Greenberg Traurig, S.C.; ˜Greenberg Traurig Santa Maria; ˜˜Greenberg Traurig LLP Foreign Legal Consultant Office; ˚A branch of Greenberg Traurig, P.A., Florida, USA;  ≠GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubegoshi Jimusho;  ˜Greenberg Traurig Nowakowska-Zimoch Wysokiński sp.k.

www.gtlaw.com

Hon. Leda Dunn Wettre, U.S.M.J.
September 21, 2022
Page 2

In their Extension Request, Plaintiffs ignore clear rulings, comments and instructions from the Court, especially those expressed at the status conference conducted on August 11, 2022.  At that conference, the Court stated that Plaintiffs were to first proceed with the Federal Rule of Civil Procedure 30(b)(6) deposition set for September 28, 2022, and *then*, after taking that deposition, Plaintiffs may seek leave from the Court to pursue tailored, specific, "clean up" requests after the discovery cutoff (September 30, 2022 (Dkt. 68)).  Nevertheless, Plaintiffs prematurely seek a 90-day extension of time now, before having taken any depositions, and with no targeted purpose.  This simply does not acknowledge the Court's directions.  Further, as explained below, NSL adamantly denies Plaintiffs' suggestions that it has delayed the discovery process.

To the contrary, NSL has taken appropriate action to move this matter forward in accordance with the Court's deadlines and instructions. Specifically, NSL has taken the depositions of plaintiffs Brian Manetta, Sergio Pereira, Esther Sygal-Pererira, Naimish Baxi, Harvey Minano, Sydney Peck, Mahmud Ibrahim and George Amores, and will take the deposition of Matthew Markosian on September 22, 2022. NSL has also taken the partial deposition of non-party Maulik Sanghavi ("Sanghavi").  His deposition, unfortunately, will be the subject of separate correspondence to the Court, which NSL intends to submit by Friday, September 23, 2022.

Sanghavi and his wife, Michelle Robalino-Sanghavi ("Robalino-Sanghavi"), are pursuing "fraud" claims against NSL that, by his own description, are similar to those asserted by Plaintiffs here.  *See Sanghavi v. Navient Corporation, et al.*, United States District Court, District of New Jersey, Case No. 2:18-cv-00233.  Sanghavi is *pro per* and represents his wife.  Based on Plaintiffs' deposition testimony, Sanghavi was the catalyst for this litigation.

As the Court will recall, Plaintiffs *allege* that, in servicing their student loans, NSL engaged in a "fraud" that resulted in misallocation of payments and increased amounts of capitalized interest on their accounts. However, Plaintiffs' *deposition testimony* does not at all support the merits of the alleged claims. Plaintiffs themselves *cannot* describe *any* "fraud" perpetrated against them or *any* harm suffered from NSL's servicing of their loans. Instead, each of Plaintiffs tells a consistent story. Through friendship or work relationships, Plaintiffs are acquainted with Sanghavi and/or Robalino-Sanghavi. Sanghavi told Plaintiffs that there are "issues" with their own student loans serviced by NSL and referred

Hon. Leda Dunn Wettre, U.S.M.J.
September 21, 2022
Page 3

Plaintiffs to their counsel, who is a friend of Sanghavi. Notably, Plaintiffs testified almost uniformly that they: (1) do not review the monthly account statements provided by NSL, which contain detailed information about their loans, including precise allocation of payments and capitalized interest on a monthly and life-of-loan basis, initial loan terms, current balances, etc.; (2) have not read the disclosures included with those monthly account statements on various subjects, including payment application and allocation; (3) do not regularly review other types of correspondence or disclosures sent by NSL and, thus, do not know what they could have learned about the servicing of their loans; and (4) may have glanced at their promissory notes at the time of loan origination, but did not read the substantive provisions. And even though their monthly account statements reflect the amount of every payment made, along with its allocation between principal and interest, capitalized interest and fees, these highly educated persons -- doctors, lawyers, an educator, a business executive -- disavow the ability to review those statements and identify *any* improper transaction. Plaintiffs also disavow any ability to do so based on other information NSL provides on its website (including the thousands of pages of payment histories that have been downloaded and produced as evidence in support of their claims).

Based on Plaintiffs' testimony, NSL obviously needs to hear from Sanghavi and Robalino-Sanghavi. In his deposition, Sanghavi admitted to having identified improper transactions on his and Robalino-Sanghavi's loans.  He did so prior to retaining an unnamed "consultant," who also purportedly can do so.  Nevertheless, throughout his deposition, Sanghavi asserted blanket, unsupported privilege objections to further, fundamental questioning, and Plaintiffs joined in a supposed common interest privilege.  So, at this point, none of Plaintiffs can, and Sanghavi refuses to, discuss the identification of supposed improper transactions.  This leads NSL to the very concerning conclusion that all of these purported fraud claims are, and always have been, utterly baseless.

Then, with respect to their pursuit of discovery here, Plaintiffs greatly overstate the efforts.  On October 25, 2021, Plaintiffs served 296 discovery requests on defendants, including 125 Requests for Production of Documents. Given significant issues with many of these requests, defendants requested a meet and confer process in advance of serving responses. While the parties engaged in meet and confer discussions between December 2021 and April 2022, NSL produced more than 28,000 pages of documents, including the account records and

Hon. Leda Dunn Wettre, U.S.M.J.
September 21, 2022
Page 4

call recordings for Plaintiffs' loans, along with pertinent policies, procedures and contracts.

The Court conducted several discovery conferences on the original discovery requests, which ultimately resulted in an order directing Plaintiffs to serve amended requests – *i.e.*, to essentially start over. (Dkt. 68.)  Plaintiffs served the Amended Document Requests ("Amended Requests") on July 8, 2022, along with the notice of deposition (setting the deposition for August 12, 2022).[2] However, from NSL's perspective, the Amended Requests remained problematic. For example, the Court has already sustained NSL's objections to document requests seeking "all documents" on a given subject. Yet, Plaintiffs' Amended Requests include 40 requests explicitly seeking "all documents." Additionally, each of the 61 Amended Requests seeks "all documents" even where those words do not appear, based on Plaintiffs' definition of "Documents" as identified in the Definitions of the Amended Requests.[3]

Accordingly, at the August 11, 2022 conference, the Court stated its concerns about the progress of discovery and reiterated its positions on, for instance, "all documents" requests.  The Court also found that Plaintiffs are entitled to a sample of account documents for unnamed plaintiffs.  On August 24, 2022, Plaintiffs reached out to discuss sampling via email, when NSL's counsel was on vacation; NSL's counsel nevertheless had the call on August 31, 2022. Plaintiffs proposed a sample size of 1,000 borrower accounts, without explanation as to why it was chosen.  Since then, the burden of compiling the sample has been investigated, and NSL counter-proposed a sampling of 100. Plaintiffs take the position, again without explanation, that only 500 will suffice.  NSL believes that some explanation should be provided as to why this number is justified, but a

---

[2] NSL and the Court repeatedly urged Plaintiffs to take the depositions necessary to streamline the document discovery.  *See* Transcript of June 22, 2022 Discovery Hearing (Dkt. No. 77-1) at Tr. 21:12-13 ("You can and should, Plaintiffs, take depositions; take 30(b)(6) depositions."); *see id.*, 25:5-7 ("So don't be afraid, Mr. Bailliard, to take exploratory depositions, because I think it can save you and the defendants a lot of time and money."); *see also* Dkt. Nos. 62 and 66 (joint letters regarding discovery issues, dated April 20, 2022 and May 25, 2022, respectively). Further, Plaintiffs have known the name of the witness with relevant knowledge, John Zemetro, since defendants disclosed him on January 28, 2021.  To this day, Plaintiffs have not served a notice for him.  Finally, the noticed date for the Rule 30(b)(6) deposition was continued to September 28, 2022 due to various calendar conflicts.
[3] In fact, again in their Extension Request, Plaintiffs continue to attempt to justify this. *See* Dkt. 77, FN 4.  The Court has rejected the position repeatedly.

Hon. Leda Dunn Wettre, U.S.M.J.
September 21, 2022
Page 5

sampling of 500 online accounts can be prepared.  NSL is looking into how long this would take.

Given all of this, the Court should deny Plaintiffs' Extension Request at this time and adhere to the plan articulated at the August 11, 2022 conference. Plaintiffs should proceed with the 30(b)(6) deposition on September 28, 2022, and then seek leave from the Court to pursue any necessary, proposed, "clean up" requests. The Court should not simply extend the discovery period for wide-open discovery at this time.

*          *          *

We thank the Court for assisting with this matter.

Respectfully submitted,

_/s/ Lisa Simonetti_
Lisa Simonetti

cc:  All counsel of record (via ECF)